# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JM SMITH CORPORATION d/b/a Smith Drug Company, individually and on behalf of all others similarly situated,** | Civil Action No. 1:15-CV-07488-CM |
| *Plaintiffs* | JURY TRIAL DEMANDED |
| v. | |
| **ACTAVIS, PLC, FOREST LABORATORIES, LLC, MERZ GMBH & CO. KGAA, MERZ PHARMACEUTICALS GMBH & CO. KGAA, and MERZ PHARMACEUTICALS GMBH** | |
| *Defendants* | |
| **ROCHESTER DRUG COOPERATIVE, INC., individually and on behalf of all others similarly situated,** | Civil Action No. 1:15-CV-10083-CM |
| *Plaintiffs* | JURY TRIAL DEMANDED |
| v. | |
| **ACTAVIS, PLC, FOREST LABORATORIES, LLC, MERZ GMBH & CO. KGAA, MERZ PHARMACEUTICALS GMBH & CO. KGAA, and MERZ PHARMACEUTICALS GMBH** | |
| *Defendants* | |

## MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL AND INTERIM LIAISON COUNSEL

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT.................................................................................................................. 1

    A.    The Direct Purchasers' Counsel Have Worked Collaboratively on Behalf of the Class in the Past and Will Do So Here. ....................................................................................... 1

    B.    Garwin and Berger Are Qualified to Serve as Lead Counsel and Are More Than Able to Represent the Interests of the Class. ........................................................................... 2

        1.    Garwin and Berger conducted an extensive factual and legal investigation into the claims at issue. ................................................................................................................. 2

        2.    Garwin and Berger possess the experience necessary to best represent the interests of the class. ........................................................................................................................ 3

        3.    Garwin and Berger possess knowledge of the law applicable to pharmaceutical antitrust litigation. ........................................................................................................... 6

        4.    Garwin and Berger have the resources necessary to prosecute this action................... 7

    C.    To Aid the Court and the Parties, Garwin Should Be Appointed as Liaison Counsel. .... 7

III.  CONCLUSION............................................................................................................... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Wachovia Corp. Erisa Litig.*,
    2008 U.S. Dist. LEXIS 106939 (S.D.N.Y. Dec. 24, 2008) ..................................................... 2

## FEDERAL STATUTES

Federal Rule of Civil Procedure 23 ................................................................................ 1, 2, 7, 8

## SECONDARY SOURCES

Manual for Complex Litigation, § 21.272 (Federal Judicial Center 4th ed. 2004)..................... 1, 8

## I.      INTRODUCTION

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, direct purchaser plaintiffs JM Smith Corporation d/b/a Smith Drug Company and Rochester Drug Co-Operative, Inc. (together, "Plaintiffs"), submit this memorandum in support of their motion to appoint the following as counsel for the proposed class of direct purchasers: Garwin Gerstein & Fisher LLP ("Garwin") as interim liaison counsel and interim co-lead class counsel, and Berger & Montague, P.C. ("Berger") as interim co-lead class counsel. Defendants take no position on Plaintiffs' request for appointment of interim lead and liaison counsel.

This Court previously consolidated the two direct purchaser actions, which are now pending. ECF No. 65. The direct purchaser parties and their counsel have conferred and reached consensus on appointment for interim liaison counsel and interim co-lead counsel.

## II.     ARGUMENT

Garwin and Berger have ample experience managing complex antitrust litigation and will fairly and adequately represent the interests of the class.

### A.  The Direct Purchasers' Counsel Have Worked Collaboratively on Behalf of the Class in the Past and Will Do So Here.

The most common means of selecting class counsel is the private ordering approach, whereby involved counsel jointly come to a consensus regarding representation of the class and submit their recommendation for approval. *See* Manual for Complex Litigation ("Manual"), § 21.272 (Federal Judicial Center 4th ed. 2004) ("The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."). Courts encourage the private ordering process of lead counsel selection, particularly where the litigation will require substantial work by Plaintiffs' counsel and significant resources to finance the expenses of the litigation. *See id*. at § 10.22.

Here, where the Plaintiffs, represented by experienced pharmaceutical antitrust practitioners, have reached consensus on a proposed leadership structure, the Court may give the parties' private ordering substantial weight.

Garwin is highly experienced in representing classes in antitrust cases involving competition in the pharmaceutical industry, serving as sole lead counsel or co-lead counsel at least twenty times. *See infra* at 3-4. Likewise, Berger has served in leadership positions (including as co-lead counsel) on numerous occasions. Garwin and Berger have often worked together in this capacity, and are serving together as co-lead counsel in a number of similar pending pharmaceutical class actions. These firms are therefore skilled at avoiding disputes and duplication that can arise within cases with multiple law-firms and plaintiffs.

### B. Garwin and Berger Are Qualified to Serve as Lead Counsel and Are More Than Able to Represent the Interests of the Class.

In appointing lead counsel, the Court should consider: (a) the work counsel has done in identifying or investigating potential claims in the action; (b) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (c) counsel's knowledge of the applicable law; and (d) the resources counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(C)(i); *In re Wachovia Corp. Erisa Litig.*, 2008 U.S. Dist. LEXIS 106939, at *5-6 (S.D.N.Y. Dec. 24, 2008) (evaluating factors and appointing lead counsel). As set forth below, the exceptional qualifications of Garwin and Berger demonstrate that they satisfy all of the requirements set forth in Rule 23(g)(1)(C)(i), and are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2)(B).

> 1. *Garwin and Berger conducted an extensive factual and legal investigation into the claims at issue.*

Before filing complaints, Garwin, Berger and their co-counsel investigated the facts and thoroughly researched and analyzed the complex legal issues that they anticipate will arise in this case. Because counsel thoroughly investigated the facts and legal issues relevant to this litigation, their appointment is appropriate.

   2. *Garwin and Berger possess the experience necessary to best represent the interests of the class.*

Garwin and Berger have extensive and specialized experience in Hatch-Waxman antitrust cases, and in pharmaceutical antitrust cases in general. They have consistently directed the course of direct purchaser pharmaceutical antitrust cases, and together with other firms, have contributed significantly to the critical work in those cases, including: (a) writing and arguing dispositive motions and briefs; (b) taking and defending the depositions of key fact and expert witnesses; and (c) successfully negotiating multi-million dollar settlements for the benefit of class members. To provide additional detail as to each firm's qualifications, Garwin and Berger submit their firm resumes as exhibits A and B, respectively, hereto.

Garwin has served or is serving as court-appointed sole lead or co-lead counsel in at least twenty direct purchaser antitrust actions resulting in outstanding results for the classes it represents, including

- *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D.Del.) (serving as co-lead counsel in a case that ultimately settled on behalf of the direct purchaser class for $250 million);

- *In re Buspirone Antitrust Litig.,* No. 1-7951 (S.D.N.Y.) ($220 million; co-lead counsel);

- *In re Neurontin Antitrust Litig.,* No. 02-1830 (D. N.J.) ($191 million; co-lead counsel);

- *In re Relafen Antitrust Litig.,* No. 01-12239 (D. Mass.) ($175 million; co-lead counsel);

- *In re Prograf Antitrust Litig.*, No. 11-2242 (D. Mass.) ($98 million; co-lead counsel);

3

- *In Re Hypodermic Products Direct Purchaser Antitrust Litig.*, No. 05-01602 (D. N.J.) ($45 million; sole-lead counsel);

- *Meijer, Inc. et al. v. Abbott Laboratories*, No. 07-5985 (N.D. Ca.) ($52 million; co-lead counsel);

- *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-1317 (S.D. Fla.) ($74 million; co-lead counsel);

- *In re Remeron Antitrust Litig.*, No. 02-02007(D. N.J.) ($75 million; co-lead counsel);

- *In re Cardizem Antitrust Litig.,* No. 99-1278 (E.D. Mich.) ($110 million; co-lead counsel);

- *In re Aggrenox Antitrust Litig.*, No. 14-2516 (D. Conn.) (pending, sole lead);

- *In re Lamictal Antitrust Litig.*, No. 12-995 (D. N.J.) (pending, sole lead);

- *In re Androgel Antitrust Litig. (II)*, No. 09-2084 (N.D. Ga.) (pending, co-lead counsel);

- *In re Niaspan Antitrust Litig.*, No. 13-2460 (E.D. Pa.) (pending, co-lead counsel with Berger);

- *In re Suboxone (Buprenorphine Hydrochloride and Nalaxone) Antitrust Litig.*, No. 13-02445 (E.D. Pa.) (pending, co-lead counsel);

- *In re Lidoderm Antitrust Litig.*, No. 14-02521 (N.D. Ca.) (pending, co-lead counsel);

- *In re Opana ER Antitrust Litig.*, No. 14-10150 (N.D. Ill.) (pending, co-lead counsel with Berger);

- *In re Lipitor Antitrust Litig.*, No. 12-233 (D. N.J.) (pending, co-lead counsel with Berger);

- *In re K-Dur Antitrust Litig.*, No. 01-1652 (D. N.J.) (pending, sole lead counsel);

- *In re Asacol Antitrust Litig.*, 1:15-cv-12730 (D. Mass.) (pending, co-lead counsel); and

- *King Drug Company of Florence, Inc. et al v. Cephalon, Inc., et al.*, No. 06-1797 (E.D. Pa.) (pending, sole lead. Partial settlement with three out of five defendants of $512 million on behalf of the direct purchaser class, the largest ever settlement of a direct purchaser Hatch-Waxman antitrust class action.).

Likewise, Berger has served in a leadership capacity in numerous Hatch-Waxman antitrust lawsuits alleging delayed generic entry on behalf of classes of direct purchasers, including:

- *In re Opana ER Antitrust Litig.*, No. 14-10150 (N.D. Ill.) (co-lead counsel, with Garwin);

- *In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation,* 14-md-02503-DJC (D. Mass.) (co-lead counsel);

- *In re Nexium (Esomeprazole) Antitrust Litigation*, No.12-md-2409-WGY (D. Mass.) (co-lead counsel, with Garwin);

- *In re Loestrin 24 FE Antitrust Litigation*, No. 13-md-2472 (D. R.I) (co-lead counsel);

- *In re Lipitor Antitrust Litig.*, MDL No. 2332 (D. N.J.) (co-lead counsel, with Garwin);

- *In re K-Dur Antitrust Litigation*, No. 01-01652 (D. N.J.) (co-lead counsel with Garwin);

- *In re Niaspan Antitrust Litigation*, No. 2:13-md-2460 (E.D. Pa.) (liaison counsel and co-lead counsel with Garwin);

- *In re Effexor XR Antitrust Litigation*, No. 11-05479 (D. N.J.) (member of executive committee);

- *In re Wellbutrin XL Antitrust Litigation*, No. 08-2431 (E.D. Pa.) (co-lead counsel);

- *Mylan Pharmaceuticals, Inc. v. Warner Chilcott Public Limited Company*, No. 12-3824 (E.D. Pa.) (co-lead);

- *In re Prandin Antitrust Litigation*, No. 10-cv-12141-AC-DAS (E.D. Mich.) (co-lead);

- *In re Androgel Antitrust Litigation (II)*, MDL Docket No. 2084 (N.D. Ga.) (co-lead with Garwin);

- *Rochester Drug Co-Operative, Inc., v. Braintree Laboratories, Inc.*, No. 07- cv-0142 (D. Del.) ($17.25 million settlement) (co-lead with Garwin);

- *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, No. 06-52 (D. Del.) ($20 million settlement) (co-lead);

- *Meijer, Inc., et al., v. Abbott Laboratories*, Civil Action No. 07-cv-5985 (N.D. Ca.) ($52 million settlement) (co-lead with Garwin);

- *In re DDAVP Direct Purchaser Antitrust Litigation*, Civil Action No. 05-cv- 2237 (S.D.N.Y.) ($20.25 million settlement) (co-lead with Garwin);

- *In re OxyContin Antitrust Litigation*, MDL No. 04-md-1603 (S.D.N.Y.) ($16 million settlement) (co-lead with Garwin).

Berger has played key leadership roles in other cases as well, including:

- *King Drug Company of Florence, Inc. v. Cephalon, Inc., et al.*, No.06-cv-1797 (E.D. Pa.) (liaison counsel and executive committee member) (resulting in $512 million settlement with 3 of 5 defendants; the remainder of the case in ongoing);

- *In re Aggrenox Antitrust Litigation*, No. 14-md-2516-SRU (D. Conn.) (member of executive committee);

- *In re Nifedipine Antitrust Litigation*, MDL No. 1515 (D.D.C.) ($35 million settlement) (executive committee); and

- *In re Terazosin Hydrochloride Antitrust Litigation*, MDL Docket No. 1317 (S.D. Fla.) ($75 million settlement) (executive committee).

Garwin and Berger lawyers have a broad array of antitrust work.  They have handled complex and class action litigation for over 80 combined years, and were among the first firms to prosecute cases such as this seeking to recover overcharges for a class of direct purchasers caused by unlawfully delayed generic competition. Over the past decade, Garwin and Berger have played a principal role in obtaining hundreds of millions of dollars in settlements from drug companies alleged to have impeded the entry of generics and artificially inflated drug prices. They are routinely appointed by federal courts to serve in leadership roles in complex antitrust class action cases.

> 3. *Garwin and Berger possess knowledge of the law applicable to pharmaceutical antitrust litigation.*

Having served in leadership capacities in the dozens of direct purchaser pharmaceutical antitrust class actions referenced above, Garwin and Berger are knowledgeable about the applicable antitrust, patent, and regulatory law. Garwin and Berger are also well-versed in the complex factual issues which arise in litigating direct purchaser pharmaceutical antitrust actions, including highly technical manufacturing, economic and causation issues.

    4.  *Garwin and Berger have the resources necessary to prosecute this action.*

Finally, Garwin and Berger the resources necessary to prosecute this action as they have in all of the cases detailed above, and will devote those resources to the prosecution of this action in the best interest of the class.

### C. To Aid the Court and the Parties, Garwin Should Be Appointed as Liaison Counsel.

To assist the Court, and consistent with Rule 23(g), counsel for the direct purchasers also recommend the appointment of Garwin as interim liaison counsel. Liaison counsel shall, with the approval of all co-lead counsel: (a) communicate with the Court on behalf of the direct purchaser class plaintiffs; (b) receive and distribute notices, orders, motions and briefs on behalf of and among the direct purchaser class co-lead counsel; (c) handle administrative and ministerial matters; (d) advise the direct purchaser co-lead counsel about developments in the case; and (e) perform any other function the Court or direct purchaser class co-lead counsel may request.[1]

## III. CONCLUSION

Garwin and Berger satisfy all of the requirements of Federal Rule of Civil Procedure 23(g)(1)(C)(i) and are undoubtedly able to represent the direct purchasers and the class of direct purchasers fairly and adequately as interim co-lead counsel. Appointment of interim co-lead

---

[1] Subject to the co-leads agreeing, the authority of proposed liaison counsel to perform the enumerated tasks is non-exclusive as to other proposed interim co-lead counsel.

counsel is consistent with Rule 23(g) and the goal of achieving "efficiency and economy" in this litigation. *See* Manual at § 10.221. To provide for the orderly and efficient conduct of this litigation, Plaintiffs respectfully ask the Court to enter an Order, substantially in the form of the proposed order appended to their motion as Exhibit 1, appointing Garwin and Berger as interim co-lead counsel in this case, and Garwin as interim liaison counsel.

Dated: November 2, 2016                                   Respectfully Submitted,

*s/ David F. Sorensen*                                    *s/ Bruce E. Gerstein*
David F. Sorensen                                         Bruce E. Gerstein
Daniel C. Simons                                          Joseph Opper
**Berger & Montague, P.C.**                               Kimberly M. Hennings
1622 Locust Street                                        Dan Litvin
Philadelphia, PA 19103                                    **Garwin Gerstein & Fisher LLP**
(215) 875-3000                                            88 Pine Street, 10th Floor
(215) 875-4604 (fax)                                      New York, NY 10005
dsorensen@bm.net                                          Tel: (212) 398-0055
dsimons@bm.net                                            Fax: (212) 764-6620
                                                          bgerstein@garwingerstein.com
                                                          jopper@garwingerstein.com
                                                          kennings@garwingerstein.com
                                                          dlitvin@garwingerstein.com

Peter Kohn                                                David C. Raphael, Jr.
Joseph T. Lukens                                          Erin R. Leger
**Faruqi & Faruqi, LLP**                                  **Smith Segura & Raphael, LLP**
101 Greenwood Avenue, Suite 600                           3600 Jackson Street, Suite 111
Jenkintown, PA 19046                                      Alexandria, LA 71303
(215) 277-5770                                            Tel: (318) 445-4480
(215) 277-5771 (fax)                                      Fax: (318) 487-1741
pkohn@faruqilaw.com                                       draphael@ssrllp.com
jlukens@faruqilaw.com

*Counsel for Rochester Drug Co-Operative, Inc. and the Proposed Class*

Stuart E. Des Roches
Andrew W. Kelly
**Odom & Des Roches, L.L.P.**
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com

Russ Chorush
Miranda Jones
**Heim Payne & Chorush, LLP**
600 Travis, Suite 6710
Houston, TX  77002
Tel:  (713) 221-2000
Fax:  (713) 221-2021
rchorush@hpcllp.com

*Counsel for Value Drug Company and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Bruce E. Gerstein, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: November 2, 2016                    **/s/ Bruce E. Gerstein**
                                           Bruce E. Gerstein

11