UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JM SMITH CORPORATION d/b/a Smith Drug Company, individually and on behalf of all others similarly situated,**<br><br>*Plaintiffs*<br><br>   v.<br><br>**ACTAVIS, PLC, FOREST LABORATORIES, LLC, MERZ GMBH & CO. KGAA, MERZ PHARMACEUTICALS GMBH & CO. KGAA, and MERZ PHARMACEUTICALS GMBH**<br><br>*Defendants* | 1:15-CV-07488-CM |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF ESI PROTOCOL**</u>

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT..............................................................................................................1

    A. Redactions for Relevance or Responsiveness from Otherwise Responsive Documents Are Not Warranted. ..........................................................................1

    B. Responsive Documents Should Be Produced in Their Entirety. ......................6

    C. The Parties Should Identify Which Withheld Communications Were Shared with Third Parties. ................................................................................................6

III. CONCLUSION .........................................................................................................7

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                                                   Page(s)

*Allied Ir. Banks, Pub. Ltd. v. Bank of Am., N.A.*,
   240 F.R.D. 96 (S.D.N.Y. 2007) ............................................................................................... 7

*Arcelormittal Cleveland Inc. v. Jewell Coke Co.*,
   2010 U.S. Dist. LEXIS 133263 (N.D. Ohio Dec. 16, 2010) ................................................... 2

*Bev. Distribs. v. Miller Brewing Co.*,
   2010 U.S. Dist. LEXIS 50732 (S.D. Ohio Apr. 28, 2010) ...................................................... 5

*Evon v. Law Offices of Sidney Mickell*,
   2010 U.S. Dist. LEXIS 20666 (E.D. Cal. Feb. 3, 2010) ......................................................... 4

*Flynn v. Goldman, Sachs & Co.*,
   1991 U.S. Dist. LEXIS 15785 (S.D.N.Y. Nov. 1, 1991) ......................................................... 4

*Great Lakes Gas Transmission L.P. v. Essar Steel Minn., L.L.C.*,
   2011 U.S. Dist. LEXIS 42549 (D. Minn. Apr. 19, 2011) ....................................................... 5

*HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*,
   2010 U.S. Dist. LEXIS 121921 (D. Kan. Nov. 17, 2010) ....................................................... 5

*In re FedEx Ground Package Sys.*,
   2007 U.S. Dist. LEXIS 1865 (N.D. Ind. Dec. 5, 2007) .......................................................... 2

*In re 28 U.S.C. § 1782*,
   249 F.R.D. 96, 101 (S.D.N.Y. 2008) ...................................................................................... 7

*In re Medeva Sec. Litig.*,
   1995 U.S. Dist. LEXIS 21895 (C.D. Cal. May 30, 1995) ...................................................... 2

*In re PenthouseExec. Club Comp. Litig.*,
   2012 U.S. Dist. LEXIS 61688 (S.D.N.Y. Apr. 30, 2012) ....................................................... 5

*In re State St. Bank & Tr. Co, Fixed Income Funds Invs. Litig., No.*,
   2009 U.S. Dist. LEXIS 34967 (Apr. 8, 2009) ......................................................................... 1

*Jewels v. Casner*,
   2016 U.S. Dist. LEXIS 66405 (E.D.N.Y. May 20, 2016) ................................................... 2, 3

*John Wiley & Sons v. Book Dog Books, L.L.C.*,
   298 F.R.D. 184 (S.D.N.Y. 2014) ............................................................................................ 2

*Live Nation Merch., Inc. v. Miller*,
   2014 U.S. Dist. LEXIS 65174 (N.D. Cal. May 9, 2014) ........................................................ 5

*Medtronic Sofamor Danek, Inc. v. Michelson*,
   2002 U.S. Dist. LEXIS 27981 (W.D. Tenn. Dec. 29, 2002) ............................................... 2, 6

*Mercator Corp. v. United States*,
   318 F.3d 379 (2d Cir. 2002) ............................................................................................... 6-7

*Orion Power Midwest, L.P. v. Am. Coal Sales Co.*,
   2008 U.S. Dist. LEXIS 76366 (W.D. Pa. Sept. 30, 2008) ................................................. 2, 6

*In re Prograf Antitrust Litig.*,
   2013 U.S. Dist. LEXIS 63594 (D. Mass. May 3, 2013) .................................................... 3-4

*Reyes-Santiago v. JetBlue Airways Corp.*,
   932 F. Supp. 2d 291 (D.P.R. 2013) ....................................................................................... 2

*Sexual Minorities of Uganda v. Lively*,
   2015 U.S. Dist. LEXIS 104636 (D. Mass. Aug. 10, 2015) ................................................ 4, 5

*Tween Brands Inv., L.L.C. v. Bluestar All., L.L.C.*,
   2015 U.S. Dist. LEXIS 152399 (S.D. Ohio Nov. 10, 2015) ............................................... 4, 5

*United States v. Davis*,
   1988 U.S. Dist. LEXIS 10344 (S.D.N.Y. Sept. 12, 1988) .................................................. 1, 2

*United States v. McGraw-Hill Cos.*,
   2014 U.S. Dist. LEXIS 183599 (C.D. Cal. Sept. 24, 2014) ................................................... 5

**FEDERAL RULES**

Fed. R. Civ. P. 34 ........................................................................................................................ 3, 7

**SECONDARY SOURCES**

The Sedona Conference Glossary: E-Discovery & Digital Information Management 14 (S. Harris
et al. eds., 4th ed. 2014)……………………………………………………………………….6

*Mercator Corp. v. United States*,
   318 F.3d 379 (2d Cir. 2002) ............................................................................................... 6-7

*Orion Power Midwest, L.P. v. Am. Coal Sales Co.*,
   2008 U.S. Dist. LEXIS 76366 (W.D. Pa. Sept. 30, 2008) ................................................. 2, 6

*In re Prograf Antitrust Litig.*,
   2013 U.S. Dist. LEXIS 63594 (D. Mass. May 3, 2013) .................................................... 3-4

*Reyes-Santiago v. JetBlue Airways Corp.*,
   932 F. Supp. 2d 291 (D.P.R. 2013) ....................................................................................... 2

*Sexual Minorities of Uganda v. Lively*,
   2015 U.S. Dist. LEXIS 104636 (D. Mass. Aug. 10, 2015) ................................................ 4, 5

*Tween Brands Inv., L.L.C. v. Bluestar All., L.L.C.*,
   2015 U.S. Dist. LEXIS 152399 (S.D. Ohio Nov. 10, 2015) ............................................... 4, 5

*United States v. Davis*,
   1988 U.S. Dist. LEXIS 10344 (S.D.N.Y. Sept. 12, 1988) .................................................. 1, 2

*United States v. McGraw-Hill Cos.*,
   2014 U.S. Dist. LEXIS 183599 (C.D. Cal. Sept. 24, 2014) ................................................... 5

**FEDERAL RULES**

Fed. R. Civ. P. 34 ........................................................................................................................ 3, 7

**SECONDARY SOURCES**

The Sedona Conference Glossary: E-Discovery & Digital Information Management 14 (S. Harris et al. eds., 4th ed. 2014)……………………………………………………………………….6

## I.     INTRODUCTION

The parties have largely agreed on a Proposed ESI Protocol, but ask the Court to resolve three disputes. *First*, Defendants propose to redact material they deem to be irrelevant from otherwise responsive documents, a practice that is against the requirements of the Federal Rules and unnecessary in actions subject to a protective order. *Second*, Defendants propose to withhold attachments to responsive documents based on similar unilateral relevancy determinations, which is problematic for additional reasons. *Third*, Defendants refuse to disclose which documents withheld for privilege were divulged to third parties even though privilege is waived on disclosure to third parties. Defendants take this position even though the withholding party necessarily must assess whether privilege applies to a particular document *before* claiming privilege, and even though the withholding party has an obligation to provide sufficient information to "enable other parties to assess the claim."

Plaintiffs have appended a proposed ESI Protocol as Exhibit A to their Motion. Plaintiffs' Proposed ESI Protocol is not subject to disagreement by the Parties except as outlined herein.

## II.     ARGUMENT

**A.     Redactions for Relevance or Responsiveness from Otherwise Responsive Documents Are Not Warranted.**

Plaintiffs are opposed to redactions for relevance or responsiveness from otherwise responsive documents, a "generally unwise" practice with no basis in the Rules. *In re State St. Bank & Tr. Co, Fixed Income Funds Invs. Litig.*, No. 08 md 1945, 2009 U.S. Dist. LEXIS 34967, at *6 (S.D.N.Y. Apr. 8, 2009). Redactions for relevance and/or responsiveness "breed suspicions, and they may deprive the reader of context." *Id.*[1] They inevitably lead to discovery disputes and

---

[1] *See also United States v. Davis,* No. 85-CV-6090, 1988 U.S. Dist. LEXIS 10344, at *6 (S.D.N.Y. Sept. 13, 1988) (rejecting argument that defendant "has a unilateral right under Rule 26(b)(1),

delay, and are obviated in cases with a protective order in place.

The Federal Rules provide no basis for redactions other than for privilege. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (recounting earlier order to produce non-redacted emails since "redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege."); *Jewels v. Casner,* No. 12-cv-1895, 2016 U.S. Dist. LEXIS 66405, at *13 (E.D.N.Y. May 20, 2016) ("the court has found no[ authority] upholding a party's right to redact from admittedly responsive and relevant documents information based on that party's unilateral determinations of relevancy.")[2] Rather, Fed. R. Civ. P. 34 "talks about production of 'documents,' as opposed to the relevant information contained in those documents," and provides no "express or implied support" for "a party [to] scrub responsive documents of non-responsive information." *Orion Power Midwest, L.P. v. American Coal Sales Co.*, 2008 U.S. Dist. LEXIS 76366, at *4 (W.D. Pa. Sept. 30, 2008). *See also Arcelormittal Cleveland Inc. v. Jewell Coke Co.*, 2010 U.S. Dist. LEXIS 133263, at *8 (N.D. Ohio Dec. 16, 2010) (Stating "[t]he Court is not persuaded that [defendant] is entitled to

---

F.R.Civ.P., to redact from *otherwise relevant* documents and files all references, notations, entries, dates, names, paragraphs, sentences and even words, it deems irrelevant to the case, even if by doing so it renders the 'relevant' fragments in the document or file utterly incoherent.") (emphasis in original); *Reyes-Santiago v. JetBlue Airways Corp.*, 932 F. Supp. 2d 291, 300 (D.P.R. 2013) (characterizing relevance redactions as a "dubious practice."); *In re Medeva Sec. Litig.*, 1995 U.S. Dist. LEXIS 21895, at *8 (C.D. Cal. May 30, 1995) (relevancy redactions "give[] rise to suspicion that relevant material harmful to the producing party has been obscured.").

[2] *See also Davis,* 1988 U.S. Dist. LEXIS 10344, at *7 (refusing to permit "broad redactions on relevancy claims of certain material, in connection with the production of concededly relevant, related material"); *In re FedEx Ground Package Sys., Inc. Emp't Practices Litig.*, 2007 U.S. Dist. LEXIS 1865, at *14 (N.D. Ind. Jan. 5, 2007) ("[T]he Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored."); *Medtronic Sofamor Danek, Inc. v. Michelson*, 2002 U.S. Dist. LEXIS 27981, at *19 (W.D. Tenn. Jan. 29, 2002) ("[t]he Federal Rules of Civil Procedure do not recognize irrelevance as a privilege or an objection that warrants redaction.").

redact information . . . it believes is irrelevant or non-responsive" since "the language of Rule 34 discusses production of 'documents,' rather than paragraphs or sentences.").

The Individual Practices and Procedures of this Court explain that "[i]t has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such." Since Plaintiffs share the Court's experience they now seek to avoid the inevitable disputes and delay inherent in relevancy redactions. In at least two recent reported cases, defendants produced both redacted and non-redacted copies of the same documents, leading to drawn out proceedings to address the discrepancies. In *Jewels v. Casner*, because defendant "produced certain documents twice – once . . . with limited redactions, and a second time . . . with more substantial redactions – it [wa]s possible to evaluate whether the redactions did in fact cover irrelevant material." *Jewels*, 2016 U.S. Dist. LEXIS 66405, at *15-16. The court determined that "plaintiff has established that . . . redactions covered plainly relevant material" (*id*.) and affirmed the magistrate's order for production of non-redacted documents, but the process took four-and-a-half months to resolve. *Id*. at *5. Such a delay here, which could push back deadlines and ultimate adjudication on the merits, would clearly be avoided without prejudice to any party (since a Protective Order will govern discovery) if relevance redactions were not permitted.

Similarly, in *In re Prograf Antitrust Litig.*, defendant produced redacted and non-redacted copies of the same documents. Plaintiffs' sought appointment of a special master on December 21, 2012.[3] The ultimate resolution took almost five months, included multiple briefs, close court scrutiny, and a complex process by which defendant canvassed its produced documents for what

---

[3] Direct and Indirect Purchaser Plaintiffs' Motion for Appointment of a Special Master, *In re Prograf Antitrust Litig.*, No. 1:11-md-02242-RWZ (D. Mass. Dec. 21, 2012), ECF. No. 131.

3

the court termed "overly conservative" redactions. No. 1:11-md-02242-RWZ, 2013 U.S. Dist. LEXIS 63594 at *4-5 (D. Mass. May 3, 2013).[4]

The far superior practice at the outset is for "doubts about relevance [to] be resolved in favor of production in the first instance" rather than learning later "that documents of unquestioned relevance have been withheld or redacted solely on the basis of defendant's unilateral and self-serving determinations of relevance." *Flynn v. Goldman, Sachs & Co.*, No. 91 Civ 0035, 1991 U.S. Dist. LEXIS 15785, at *7 (S.D.N.Y. Nov. 1, 1991); *Sexual Minorities of Uganda v. Lively*, No. 3:12-30051-MAP, 2015 U.S. Dist. LEXIS 104636, at *16 (D. Mass. Aug. 10, 2015) (ordering removal of all redactions other than those for privilege, after noting that "the court is concerned that Plaintiff has espoused an unduly narrow view of relevancy in other discovery disputes on which the court has ruled."). Such "unilateral assertion[s] that the redacted material is irrelevant to [Plaintiffs'] discovery requests leave[] too many open questions about [Defendants'] definition of 'relevant' and about whether additional relevant information was 'inadvertently' redacted." *Tween Brands Inv., LLC v. Bluestar All., LLC*, 2015 U.S. Dist. LEXIS 152399, at *5 (S.D. Ohio Nov. 10, 2015). *See also Evon v. Law Offices of Sidney Mickell*, 2010 U.S. Dist. LEXIS 20666, at n.1 (E.D. Cal. Feb. 3, 2010) ("a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case."). Since discovery will be subject to a Protective Order, Defendants cannot claim any prejudice even if some documents they subjectively believe to be non-responsive are produced.

---

[4] *In re Prograf* involved a dispute regarding redactions for privilege, but its lesson is apt here: challenges to redactions are time consuming and unwieldy. And while the potential for disputes of privilege redactions exists in this case, there is no reason to compound this potential by also permitting relevance redactions.

"[I]f materials are already shielded by a protective order, unilateral redactions do little more than breed suspicion between the parties, generate discovery disputes, and invite unnecessary intervention by the court." *United States v. McGraw-Hill Cos.*, No. CV 13-0779-DOC (JCGx), 2014 U.S. Dist. LEXIS 183599, at *7 (C.D. Cal. Sep. 24, 2014). Thus a protective order is a common and workable solution. *See, e.g.*, *In re Penthouse Exec. Club Comp. Litig.*, No. 10 CV 1145 (KMW), 2012 U.S. Dist. LEXIS 61688, at *6 (S.D.N.Y. Apr. 30, 2012) ("the production of unredacted spreadsheets is neither unduly burdensome nor unreasonably duplicative, and . . . any concerns about the sensitivity of the information are sufficiently addressed by the Protective Order"); *In re Solodyn (Minocycline Hydrochloride) Antitr. Litig.*, MDL No. 14-2503-DJC (ECF No. 360) (D. Mass. Sept. 19, 2016) ("redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive . . . The Stipulated Protective Order in this case protects any highly confidential material contained in the contracts.") (Internal quotation marks omitted.); *Tween Brands Inv.*, at *4-5 ("a protective order restricting [confidential information's] dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case."), quoting *Beverage Distribs., Inc.*, 2010 U.S. Dist. LEXIS 50732, at *4 (S.D. Ohio Apr. 28, 2010).[5]

---

[5] *Id.* at 4. *See also Sexual Minorities of Uganda*, 2015 U.S. Dist. LEXIS 104636, at *16 ("Redaction of documents that are responsive and contain some relevant information should be limited to redactions of privileged information when, as in this case, there is a protective order. . ."); *Live Nation Merch., Inc. v. Miller,* No. 13-cv-03936 CW (NC), 2014 U.S. Dist. LEXIS 65174, at *8 (N.D. Cal. May 9, 2014) ("redactions of otherwise discoverable documents here are unwarranted because [defendant's] concern about protecting privacy interests and confidential/proprietary information could be addressed through a protective order. As courts have recognized, this type of unilateral redaction is disfavored, and a protective order could ensure the confidentiality of sensitive information."); *Great Lakes Gas Transmission L.P. v. Essar Steel Minn., LLC*, 2011 U.S. Dist. LEXIS 42549, at *11 (D. Minn. Apr. 19, 2011) ("[T]he Protective Order currently in place provides adequate protection against dissemination of highly sensitive materials."); *accord HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 121921, at *19 (D. Kan. Nov. 17, 2010) ("the producing party is not harmed by producing irrelevant

5

**B.     Responsive Documents Should Be Produced in Their Entirety.**

For the same and additional reasons, the parties should produce all attachments to relevant emails. Defendants propose to withhold attachments they unilaterally determine to be irrelevant or non-responsive, but the Rules and generally accepted practices do not support that approach. *First*, The Sedona Conference Glossary defines a "document" as "[a] collection of pages or files . . . constituting a logical single communication of information, *but consisting of more than a single stand-alone record. Examples include a fax cover, the faxed letter, and an attachment to the letter* . . ." The Sedona Conference Glossary: E-Discovery & Digital Information Management 14 (S. Harris et al. eds., 4th ed. 2014) (emphasis added.). *Second*, Fed. R. Civ. P. 34(b)(2)(E)(i) requires a party to "produce documents as they are kept in the usual course of business." *Third*, "Rule 34 talks about production of 'documents,' as opposed to the relevant information contained in those documents." *Orion Power Midwest, L.P.*, 2008 U.S. Dist. LEXIS 76366, at *4. Under this definition of what constitutes a "document," Defendants' proposal is more troubling than mere redaction, as it would allow for the broad *withholding* (as opposed to mere redacting) of entire segments of documents. Any purported irrelevant or non-responsive attachments will also be protected from disclosure by a protective order.

**C.     The Parties Should Identify Which Withheld Communications Were Shared with Third Parties.**

"It is . . . well established that the party invoking a privilege bears the burden of establishing its applicability to the case at hand." *Mercator Corp. v. United States*, 318 F.3d

---

information or by producing sensitive information which is subject to a protective order restricting its dissemination and use. . ."); *Medtronic Sofamor Danek, Inc.*, 2002 U.S. Dist. LEXIS 27981, at *19 ("[I]nformation may not be redacted from a document because it is deemed irrelevant by the producing party, especially when a protective order is in place to govern production of confidential information.").

6

379, 384 (2d Cir. 2002). "Additionally, the party claiming the privilege bears the burden of establishing that it has not been waived," as when it has been disclosed to a third party. *Allied Ir. Banks, p.l.c. v. Bank of Am., N.A.*, 240 F.R.D. 96, 103 (S.D.N.Y. 2007). In the context of material shared with third parties and consultants, there is an exception for communications with third parties that "play[ed] an indispensable role in facilitating attorney-client communications." *In re 28 U.S.C. § 1782*, 249 F.R.D. 96, 101 (S.D.N.Y. 2008). But a party claiming this exception must establish its applicability beyond "conclusory and ambiguous statement[s]." Necessarily, the parties must make these non-"conclusory and ambiguous" assessments *before* concluding that a document is privileged. Therefore it should not be burdensome for the parties to disclose, at the time they exchange privilege logs, which documents were disclosed to third parties who "play[ed] an indispensable role in facilitating attorney-client communications." This is particularly true since Rule 26(b)(5)(A)(ii) requires a party asserting privilege to describe the withheld documents in a manner that "will enable other parties to assess the claim."

This approach is a superior method of determining potential waiver, and more in line with the parties' burdens, than requiring parties to stumble by happenstance upon documents disclosed to third parties.

### III. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court enter Plaintiffs' Proposed ESI protocol, appended to Plaintiffs' Notice of Motion as Exhibit A.

Dated: December 8, 2016

                Respectfully Submitted,

                **JM SMITH CORPORATION d/b/a Smith Drug Company and the Proposed Class**

7

*/s/ Bruce E. Gerstein*
Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
kennings@garwingerstein.com
dlitvin@garwingerstein.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, L.L.P.
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com

Russ Chorush
Miranda Jones
Heim Payne & Chorush, LLP
600 Travis, Suite 6710
Houston, TX  77002
Tel:  (713) 221-2000
Fax:  (713) 221-2021
rchorush@hpcllp.com

**Rochester Drug Co-Operative, Inc. and the Proposed Class**

*/s/ David F. Sorensen*
David F. Sorensen
Daniel C. Simons
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

8

(215) 875-3000
(215) 875-4604 (fax)
dsorensen@bm.net
dsimons@bm.net

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
(215) 277-5770
(215) 277-5771 (fax)
pkohn@faruqilaw.com
jlukens@faruqilaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 8, 2016, I electronically filed the above Notice of Motion by CM/ECF system.

                                Respectfully submitted

                                /s/ Bruce E. Gerstein
                                  Bruce E. Gerstein