UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J M SMITH CORPORATION d/b/a, SMITH DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br> v.<br><br>ACTAVIS, PLC, FOREST LABORATORIES, LLC, MERZ GMBH & CO. KGAA, MERZ PHARMA GMBH & CO. and MERZ PHARMACEUTICALS GMBH<br><br>                Defendants. | Civil Action No. 15-cv-7488<br><br>CLASS ACTION |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
DEFENDANTS' PROPOSED ESI PROTOCOL ORDER PROVISIONS**

Defendants [1] have met and conferred with Direct Purchaser Plaintiffs ("DPPs" or "Plaintiffs") regarding a protocol for production of electronically stored information and the parties have reached agreement on substantially all aspects of the 21-page proposed Order Regarding the Protocol for Production of Electronically Stored Information and Hard Copy Documents ("ESI Protocol"). The parties are at an impasse, however, on three discrete, but important, issues—each addressed below. DPPs seek, in these three provisions, to impose unnecessary review and production burdens on Defendants that will further complicate Defendants' efforts to comply with any forthcoming deadlines. Defendants' proposed ESI Protocol is attached to the Notice of Motion as Exhibit A.

The disputed issues are: (1) Plaintiffs would remove an oft-used provision that allows the

---

[1] Defendants here are Actavis, plc, Forest Laboratories, LLC, Merz GmbH & Co. KGaA, Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH.

redaction of non-responsive information that is also highly confidential, competitive business information (¶ 3.9); (2) Plaintiffs would remove the provision allowing parties to slip sheet and not produce wholly non-responsive attachments (¶ 3.10); and (3) Plaintiffs would impose additional, burdensome and non-standard privilege logging requirements.

Plaintiffs' proposal should be rejected as anticompetitive in its careless treatment of business sensitive information. And Plaintiffs' positions impose unnecessary, unduly burdens certain to exacerbate the challenges of meeting discovery deadlines in a timely fashion. In fact, in another pharmaceutical antitrust case involving Allergan and some of the same Plaintiffs, the District of Massachusetts recently ruled in favor of Defendants and entered an ESI protocol, substantially verbatim to that proposed here in Exhibit A, rejecting the burdensome provisions urged by many of the same DPPs here on the same three issues. Amended Joint Stipulated Order, *In re Asacol Antitrust Litig.*, 15-cv-12730, DE 202 (D. Mass. Nov. 22, 2016).

## ARGUMENT

1. **The Court Should Permit the Parties to Protect Non-Responsive but Highly Confidential Information Through Redaction**

Plaintiffs propose to jettison the commonly ordered practice of redacting ***non-responsive*** information that is also business-sensitive Highly Confidential Material (as defined in the Stipulated Protective Order). *See* ESI Protocol at 11, ¶ 3.9. Redaction of such non-responsive Highly Confidential Materials is critical to protect competitively sensitive and trade secret information of the Parties in this complex pharmaceutical antitrust case involving customers and counterparties. This includes information about drugs not at issue in the litigation, including their stages of development or commercialization, which could impact commercial discussions if

divulged to customers or competitors.[2]  Such provisions are common in pharmaceutical litigation. Courts routinely allow protection of **non-responsive**, highly-sensitive information through redaction, including in at least six other recent pharmaceutical antitrust cases: *Aggrenox*, *Asacol, Celebrex*, *Doryx, Effexor*, and *Lipitor*.[3]  Indeed, in both *Aggrenox* and *Asacol*, courts ordered such redaction over the fully-briefed objections of many of the same Plaintiffs' counsel here.  See *Asacol*, Direct Purchaser Plaintiffs' Memorandum in Support, Dkt. No. 168 (D. Mass. Oct. 5, 2016); Ex. A to Defendants' Memorandum, Dkt. No. 169-1 (D. Mass. Oct. 5, 2016) (attaching *Aggrenox*, Tr. of Telephone Status Conference at 36:7-40-24 (D. Conn. Sept. 10, 2014)).

In parallel with the entry over time of the six ESI protocols cited above—which contain language like paragraph 3.9 here—the Federal Rules of Civil Procedure were amended in 2015 in a way that further confirms this routine and sensible approach.  As amended, Rule 26(b)(1) permits only discovery that is both (1) proportional to the needs of the case and (2) **relevant** to any party's claim or defense.  See Fed. R. Civ. P. 26(b)(1).  Non-responsive and highly sensitive information (including about other drugs) is not relevant.  And of course, Rule 26 expressly provides that courts protect against disclosure of trade secrets and confidential research, development, or commercial information.  See Fed. R. Civ. P. 26(c)(1)(G).[4]  Plaintiffs' proposal to delete the ESI Protocol provision allowing parties to redact highly sensitive, non-responsive Highly Confidential

---

[2]  Generic competitors are commonly subpoenaed and often deposed in these cases.  Defendants anticipate generic competitors, including but not limited to co-Defendants in the stayed IPP matter, will be subpoenaed in this action.

[3]  *See* ESI Protocols in *Aggrenox*, Dkt. No. 235, Case No. 3:14-md-02516 (D. Conn.) (ordering redactions over Plaintiffs' objection); *Asacol*, Dkt. No. 202, Case No. 15-cv-12730 (D. Mass.) (same); *Celebrex*, Dkt. No. 88, Case No. 2:14-cv-00395 (E.D. Va.) (agreed by Plaintiffs); *Effexor*, Dkt. No. 245, Case No. 3:11-cv-05479 (D.N.J.) (same); *Lipitor*, Dkt. No. 416, Case No. 3:12-cv-02389 (D.N.J.) (same); *Doryx*, Dkt. No. 94, Case No. 2:12-cv-03824 (E.D. Pa.) (same).

[4]  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ."  Fed. R. Civ. P. 26(c)(1)(G).

Material, including proprietary information about other drugs in development and not involved in this case, would unnecessarily and gratuitously put non-responsive trade secret and competitively sensitive information into the case, contrary to amended Rule 26(c).

Notwithstanding the Protective Order, these additional protections are necessary to shield such information from potential disclosure (including in hearings and depositions) to competitors, customers, and industry experts who may also work for competitors. Allowing the parties to segregate non-responsive, confidential information at the outset is more effective than trying to require parties to compartmentalize information once it is inserted into the case.

### 2. Producing Wholly Non-Responsive Attachments Is Overly Burdensome, Wasteful, and Injects Potentially Highly Confidential, Irrelevant Information That Should Be Protected

Paragraph 3.10 of Defendants' proposed ESI Protocol permits the Parties to omit non-responsive, irrelevant email attachments. ESI Protocol at 12, ¶ 3.10. Again, slip sheeting wholly irrelevant attachments has been ordered in numerous complex pharmaceutical antitrust cases like this one, including *Aggrenox*, *Asacol*, *Celebrex*, *Doryx, Effexor*, and *Lipitor*, and has worked well with little or no need for motion practice or court intervention.

Paragraph 3.10 of the ESI Protocol makes particular sense in a case of this size. In the earlier NYAG litigation, Defendants produced 1.7 million pages. Here, with Plaintiffs also seeking damages information, Defendants anticipate producing additional materials. Allowing producing parties to focus review on relevant documents containing hits on negotiated and agreed-upon search terms creates efficiencies by removing the need to review multiple duplicate copies and speeding up a responding party's review. In contrast, DPPs' proposal greatly increases the review burden on all parties, requiring the review of all duplicate copies of a potentially relevant document and all their family members, even if that encompasses hundreds of thousands

of pages.[5]

Further, any concerns about the omission of responsive attachments are addressed through safeguards in the ESI Protocol. First, under paragraph 3.10 of Defendants' proposed ESI Protocol, parent emails must be produced (even if they contain no search term hits) and the family relationship remains intact as non-responsive attachments are slip sheeted. Second, to allay concerns about the omission of responsive attachments, the ESI Protocol requires that (1) any reference in a parent email to the attachment remain unredacted, and (2) the metadata for the non-responsive attachment be provided. If the receiving party has a concern that a certain attachment may be responsive, the parties can meet and confer regarding that attachment. ESI Protocol at 12, ¶ 3.10.[6]

### 3. Plaintiffs' Additional Privilege Log Burdens Are Unnecessary, Exceed the Federal Rules, and Will Only Slow Production and Logging

Paragraph 3.11 of the ESI Protocol requires the Parties within a short period produce a privilege log. ESI Protocol at 12-13, ¶ 3.11. The ESI Protocol already provides that the privilege log will be "in conformity with the Federal Rules" and will list "Bates range", "Privilege Asserted", "Document Date", "Document Author", "Recipient(s)", and "Redacted/Withheld." Under Defendants' proposed ESI Protocol, the log will "enable other parties to assess the claim" and will include a "Privilege Description." Yet, Plaintiffs seek to engraft on this very standard privilege log provision additional and burdensome obligations. In addition to the existing

---

[5] For example, a typical situation would be an email stating "please see attached" and circulating copies of brand plans or status reports for every brand drug. Under Defendants' proposed ESI Protocol, the parent email and any responsive attachments relevant to Namenda®, Namenda® XR, and Namzaric® would be produced while reports relating solely to other non-responsive drugs (and containing potentially highly confidential business information) would not be produced.

[6] Paragraph 3.10 is also consistent with amended Rule 26(b)(1) in that it focuses on the discovery of *relevant* information, protects irrelevant highly confidential information, reduces the need for Court intervention, and allows the parties to more efficiently review and produce discovery.

4

Case 1:15-cv-07488-CM-RWL   Document 122   Filed 12/08/16   Page 6 of 7

requirement that the parties identify all individuals involved in the logged communications or documents, Plaintiffs now would additionally require the log to separately identify in an additional field which, if any, individuals are "third parties," including consultants. To do so, Plaintiffs propose that Defendants identify email addresses or generate a list of all third parties included in the log. This burdensome provision goes beyond the requirements of Rule 26(b)(5)(ii) and Local Rule 26.2(a)(2)(A). Plaintiffs' proposed additional provision would impose a substantial additional burden on Defendants, who under the provision agreed upon by both parties must produce their privilege logs—usually hundreds of pages long in these complex cases—in short order (30 or 45 days). ESI Protocol at 12, ¶ 3.11(a). This exact proposal by Plaintiffs was recently rejected in the *Asacol* antitrust litigation. Amended Joint Stipulated Order, *In re Asacol Antitrust Litig.*, 15-cv-12730, DE 202 (D. Mass. Nov. 22, 2016).

## CONCLUSION

Accordingly, Defendants respectfully request that the Court order the ESI Protocol proposed by Defendants.

Dated:  December 8, 2016                                          Respectfully Submitted,

**Actavis plc and Forest Laboratories, LLC**

By its counsel,

/s/ Heather K. McDevitt
Heather K. McDevitt
Martin M. Toto
Jack E. Pace III
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

J. Mark Gidley
Peter J. Carney

5

WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Respectfully Submitted,

**Merz GmbH & Co. KGaA, Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH**

By its counsel,

/s/ Heather K. McDevitt
Heather K. McDevitt
Martin M. Toto
Jack E. Pace III
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

J. Mark Gidley
Peter J. Carney
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355