**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions |

**Civil Action No.: 1:15-CV-07488-CM-JCF**

**FILED UNDER SEAL**

<u>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DIRECT PURCHASER**</u>
<u>**CLASS PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**</u>

Plaintiffs submit this supplemental brief in further support of their motion to compel[1] Forest[2] to produce redacted versions of currently-withheld documents in order to reveal *factual* information related to topics that Forest has said it plans to raise in its Disclosure Pursuant to the May 19, 2017 Memorandum and Order (the "Subjective-Intent disclosure").

As explained in Plaintiffs' earlier briefs, even if Forest's defenses do not place at issue its legal analysis, Forest's defenses can still place at issue Forest's internal, subjective beliefs about *factual* propositions, such as the cost, value and purpose of the amendments to ████████ ██████████████████████, which Plaintiffs contend was a vehicle that Forest used to make a "reverse payment" to Mylan as part of the Namenda patent settlement. For example, Forest's Affirmative Defenses in its Answer to Plaintiffs' complaint assert that:

- [A]ll actions or practices of Forest that are the subject of the Complaint were lawful, pro-competitive, cost-justified or otherwise economically justified under the rule of reason, and resulted from an independent, good-faith effort to meet competition or market conditions." (4th Affirmative Defense)

- "[Forest] acted in good faith in furtherance of its legitimate business interests . . ." (12th Affirmative Defense)

- "[T]he agreements at issue were bona fide agreements . . ." (29th Affirmative Defenses)

- "[T]he agreements at issue were for 'fair value.'" (13th Affirmative Defense)

- "[A]ny alleged payment deemed in excess of fair value from Forest to a generic would not qualify as "large and unjustified" within the Supreme Court's decision in *FTC v. Actavis*, 133 S. Ct. 2223 (2013)" (32nd Affirmative)

- "[A]ny alleged payment in excess of fair value reflects saved litigation costs and attorney fees." (33rd Affirmative Defense)

*See* Answer, ECF No. 107 at 55-60. Similarly, Forest's recent Subjective-Intent disclosure states

---

[1] ECF No. 267.

[2] Forest refers to, collectively, Defendants Forest Laboratories, Inc., Forest Laboratories, LLC, Forest Laboratories Holdings Ltd., and Actavis plc.

that Forest intends to raise the following subjective-intent arguments at trial:

**A. Business Justifications for the Mylan and Orchid Business Agreements**

Forest intends to rely, in part, upon evidence from its current or former business executives or employees to rebut any argument that its business deals, including the Lexapro Amendment with Mylan and the Ceftaroline Binding Term Sheet with Orchid, were allegedly motivated by illegitimate or anti-competitive justifications. **For example, Forest anticipates presenting evidence from its current or former executives or employees concerning the business considerations, rationales, and reasons for entering into the agreements with Mylan and Orchid**, including evidence of their independence from the then-pending patent litigations and respective settlement agreements.

Subjective Intent disclosure, Exhibit A to Plaintiffs' June 15, 2017 Memorandum in Support of Direct Purchaser Plaintiffs' Motion to Compel Production of Documents. (Emphasis added).

These defenses place at issue what Forest's management actually believed about the value and purpose of the deals with Mylan and Orchid (another patent defendant alleged to have received a reverse payment). To the extent factual information about such beliefs are contained in attorney-client communications or attorney-created documents, those documents should be produced in redacted form.

The purpose of this supplement is not for Plaintiffs or Forest to raise new legal arguments or repeat existing ones.[3] Plaintiffs file this supplement because since filing its reply brief, Plaintiffs have discovered in Forest's recent productions concrete examples of Forest using privilege claims to withhold *factual information* that is the subject of their affirmative defenses and the instant waiver. For example, Forest produced (and then clawed back) a draft slide presentation created for a Mylan settlement meeting (FRX-AT-03882414). Because it was clawed back, Plaintiffs cannot submit the document and there are limits on how much we can describe it. However,

---

[3] Plaintiffs believe the law was adequately addressed in the parties' prior briefs, and Plaintiffs draw the Court's attention to the legal discussion on pages 5-9 of Plaintiffs opening brief (ECF No. 265) and pages 7-10 of Plaintiffs' reply brief (ECF No. 315).

Plaintiffs hereby request that Defendants submit it for *in camera* review.  The Court will see that the document contains **<u>no</u>** legal analysis, and instead discusses the financial benefit to Mylan from settling instead of competing.  In *FTC v. Actavis, Inc.*, 133 S. Ct. 2223, 2235 (2013), the Supreme Court noted that if a brand company pays a generic more than the generic could earn if it won the patent suit, that may provide strong evidence that the two companies are seeking to split monopoly profits at the consumers' detriment.  So if Forest's documents contain calculations (or textual discussions) about the value to Mylan from settling instead of competing, those documents may be relevant to assessing Forest and Mylan's purpose for the deal.  By raising defenses that put at issue its beliefs about the value and purpose of the amendments to the Lexapro agreement, Forest has waived any protections for these, and other similar, factual discussions regarding the transaction.

Similarly, Forest appears to be withholding charts and spreadsheets ███████████████ ██████████████████████████████████████.  We know about the content of these documents because one version (FRX-AT-04340635) was produced in full ███████ ████████████████████████████████, while a second apparently identical version (FRX-AT-4407590) had the attachments withheld on privilege grounds. Plaintiffs have notified Forest of the produced versions of these materials, but because Forest has not clawed them back, Plaintiffs submit them as Exhibits A[4] (produced version) and B (withheld version) hereto.  ██████ ████████ █████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

---

[4] Exhibit references are to the Declaration of Dan Litvin, filed contemporaneously herewith.

████████████████████████████████████████████████████████
████████████

████████. Such information may be directly relevant to whether Forest's apparent, at minimum

████████ payment to Mylan was truly fair value for what Forest received, or instead a

pretextual payment for delay.  **Plaintiffs have found that there are at least ███ instances where**

**Forest has asserted privilege claims for spreadsheets or charts.** It is difficult to assess how

many of these entries may contain similar spreadsheets that contain factual information which is

directly relevant to the value and purpose of the amendment of the Lexapro Agreement.

Finally, Plaintiffs recently discovered an email from a former Forest in-house lawyer (Eric

Agovino) to Forest business executives describing ████████████████████

████████████████████

████████████████████
████████████████████
████████████████████
████████████████████
████████████████████

████████████

Exhibit C, FRX-AT-04290777 at 78.

As discussed above, one of Forest's subjective-belief defenses will be to "rebut any

argument that its business deals, including ████████████████████

████████████████, were allegedly motivated by illegitimate or anti-

competitive justifications."  Forest says that it anticipates presenting evidence regarding its reasons

for entering into ████████████ and evidence of its "independence from the then-

pending patent litigations and respective settlement agreements."  Clearly, the foregoing factual

information of what Forest said to Orchid in those discussions is relevant.

While Plaintiffs do not believe that these factual business discussions are privileged in the

first instance, Plaintiffs will address that in a broader, omnibus privilege motion that they plan to

4

file in the next couple of weeks.  However, the Court not need rule on that issue with respect to these (and many other documents) because Forest has waived any protection for the factual portions of the documents related to its subjective-belief defenses above.

## CONCLUSION

For the reasons set forth herein and in their prior papers in support of their motion to compel, Plaintiffs hereby respectfully request that the Court order Forest to produce factual information that has to date been withheld pertaining to Forest's Subjective Intent disclosure. Plaintiffs respectfully request oral argument in connection with their motion.

Dated: July 24, 2017

Respectfully,

Dan Litvin

**Rochester Drug Co-Operative, Inc. and the Proposed Class**

**JM Smith Corporation d/b/a Smith Drug Company and the Proposed Class**

David F. Sorensen
Daniel C. Simons
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (fax)
dsorensen@bm.net
dsimons@bm.net

Bruce E. Gerstein
Joseph Opper
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
dlitvin@garwingerstein.com

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
(215) 277-5770
(215) 277-5771 (fax)
pkohn@faruqilaw.com
jlukens@faruqilaw.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com

Russ Chorush
Miranda Jones
Heim Payne & Chorush, LLP
600 Travis, Suite 6710
Houston, TX  77002
Tel:  (713) 221-2000
Fax:  (713) 221-2021
rchorush@hpcllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017, I served the above on counsel of record via this Court's CM/ECF system.

Respectfully submitted,

Dan Litvin