**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION** | **Case No. 1:15-CV-07488-CM-JCF** |

**MEMORANDUM OF LAW IN SUPPORT OF DIRECT PURCHASER CLASS PLAINTIFFS' MOTION TO COMPEL THIRD PARTIES MACLEODS PHARMACEUTICALS LTD. AND MACLEODS PHARMA USA, INC. TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA REQUEST NOS. 1-2**

**I. INTRODUCTION AND BACKGROUND**

Direct Purchaser Class Plaintiffs ("Plaintiffs") submit this memorandum in support of their Motion to Compel Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc. ("Macloeds") to Produce Documents Responsive to Subpoena Request Nos. 1-2. On August 14, 2017, Plaintiffs served a subpoena (the "Subpoena") on third parties Macleods. *See* Declaration of Dan Litvin ("Litvin Decl."), Exh. A. The Subpoena contained only two requests, seeking (1) transactional sales data concerning Macleod's sales of generic memantine hydrochloride and (2) a legend or data dictionary to help interpret that data. The requests were as follows:

1. Your sales data for generic versions of Namenda in electronic format, at the transaction level, showing for each transaction the following:

    a. date (of invoice, credit memo, accrual, or other appropriate date);
    b. transaction type (sale, return, adjustment, reversal, free goods, chargeback, chargeback reversal, rebate, rebate reversal, etc.);
    c. customer name;
    d. bill-to customer information;
    e. ship-to customer information;
    f. dosage strength;
    g. package size;
    h. NDC code;
    i. units (including the correct sign, positive or negative);
    j. dollar amount (including the correct sign, positive or negative);
    k. if the transaction is a chargeback, detail concerning the purchases in respect of which the chargeback is being paid or accrued, including the customer name, invoice date, package size, dosage strength, NDC code, units, dollar amount, and the contract price; and,
    l. if the transaction is a rebate, explanation of the purchases in respect of which the rebate is being paid.

    For this request, you are obligated to produce documents, including ESI, that were created on or before the present day.

2. With respect to the data produced in response to Request 1 above, documents, such as a data dictionary or legend, sufficient to (a) define any codes or fields contained in the data whose meaning is not obvious; (b) explain whether quantity values for each transaction type should be included

>in calculating net quantity sold, or should be ignored because they do not affect net quantity sold; (c) explain how You determine accrued rebates and/or chargebacks, and how You reconcile accrued rebates and/or chargebacks with actual rebates and/or chargebacks; and, (d) if necessary, explain how to apportion or allocate rebates attributable to purchases of generic Namenda relative to purchases of other drugs. For this request, you are obligated to produce documents, including ESI, that were created on or before the present day.

On August 21, 2017, Macleods responded to the subpoena setting forth its objections but offering to produce Namenda sales information, including "product name, package sizes, dosage strengths, quantity sold of each dosage strength, and the net sales price," on the condition that Plaintiffs not seek any further information from Macleods. *See* Litvin Decl. Exh. B.

However, in meet and confer conversations and correspondence, it became clear that the offer from Macleods did not include transactional sales data. *See* Litvin Decl. Ex. C, Email from Samuel Ruggio, dated August 23, 2017 (stating Macleods would produce dataset with "total amounts"). In response, Plaintiffs reiterated their need for transactional data. *See* Litvin Decl. Ex. C, Email from Daniel Simons to Samuel Ruggio, dated Aug. 23, 2017. Plaintiffs explained that such data would be used to assess injury and damages to the class, and noted that generics' transactional sales data had been used (and produced) in prior cases. *See, e.g.*, *In re Neurontin Antitrust Litig.*, No. 02-1390, 2011 WL 286118, at *7 (D.N.J. Jan. 25, 2011) (proof of harm included "transactional data reflecting that the generics' actual market entry did in fact reduce the cost of gabapentin dramatically"); *In re Wellbutrin XL Antitrust Litig.*, No. CIV. A. 08-2431, 2011 WL 3563385, at *12 (E.D. Pa. Aug. 11, 2011); *In re Relafen Antitrust Litig.*, 218 F.R.D. 337, 343 (D. Mass. 2003). Plaintiffs also asked Macleods to detail any burdens, including potential cost and personnel hours. *See* Litvin Decl. Ex. C, Email from Daniel Simons to Samuel Ruggio, dated Aug. 23, 2017.

Counsel for Macleods then offered to determine what information Macleods was willing to produce and asked to know whether Plaintiffs would compensate Macleods for its costs in producing transactional data. Plaintiffs requested more information concerning Macleod's expected expenses.  *See* Litvin Decl. Ex. D, Emails Between Daniel Simons and Shashank Upadhye.  Counsel for Macleods stated that it was "working on seeing what info is available and the burdens."  *See* Litvin Decl. Ex. D, Email from Shashank Upadhye to Daniel Simons, dated August 30, 2017.  However, despite promising to do so, Macleods never provided Plaintiffs with details of the burdens and expenses that Macleods claimed.

Rather, on September 5, 2017, Macleods produced a single page containing a summary of Macleod's sales. Plaintiffs immediately informed counsel for Macleods that their production was deficient.  *See* Ex. E, Email from Daniel Simons to Samuel Ruggio dated Sept. 5, 2017.

## **II. ARGUMENT**

Relevant information is discoverable if it is "proportional to the needs of the case," taking into account factors such as "whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). The need for liberal discovery extends to information sought from third parties. *See During v. City Univ.,* No. 05-cv-6992, 2006 WL 2192843 at *2 (S.D.N.Y. 2006). Courts do not apply a different standard of relevance when discovery is sought from a non-party. *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.,* 813 F.2d 1207, 1210 (Fed. Cir. 1987) ("Nothing in the rules, however, makes controlling a distinction between parties and non-parties in respect to the type of information sought "); *Centurion Indust., Inc. v. Warren Steurer & Assoc.,* 665 F. 2d 323, 325 (10th Cir. 1981) (ordering disclosure of third party's trade secrets in patent litigation).

Courts have ordered disclosure of transactional sales data similar to the information that Macleods refuses to produce here over protests of irrelevance, burden, and/or confidentiality. *See Direct Purchaser Class Plaintiffs v. Apotex Corp. (In re Celebrex (Celocoxib) Antitrust Litig.*, No. 16-62492-MC (S.D. Fla. May 15, 2017) ("*Celebrex*") (Litvin Decl. Ex. F); *In re K-Dur Antitrust Litig.,*No. 03-21589, 2003 WL 27375780 (S.D. Fla. Aug. 21, 2003) (enforcing subpoena compelling non-party to produce electronic sales data over relevancy objection and concern about confidentiality). In *Celebrex*, like here, plaintiffs' subpoena sought transactional data and a legend or dictionary for terms within the dataset. As the court noted, the data was relevant to "determining damages in the Antitrust Litigation," and was thus relevant. *Celebrex*, slip op. at 7-8. Decisions in Hatch-Waxman antitrust litigation confirm that transactional sales datasets are helpful to assess classwide antitrust injury and damages. *See, e.g., Neurontin*, 2011 WL 286118, at *7-8 (transactional data is evidence of antitrust impact common to class members).

Although Plaintiffs requested details concerning supposed burdens, and despite promises by Macleods that it would supply any such information, no details have been provided to date. Yet, it is Macleods that bears the burden of demonstrating the subpoena poses an undue burden by providing costs estimates or "detailing the volume of documents at issue or the number of personnel hours that would be necessary to produce the [requested] documents." *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15CIV7488-CM-JCF, 2017 WL 3822883, at *6 (S.D.N.Y. Aug. 30, 2017). Plaintiffs made only two requests: for a single transactional dataset and explanatory documents or data dictionaries. Given the specific request, there is no need to search through Macloeds' paper and electronic files for potentially voluminous responsive documents.

Macleods may also not avoid disclosure of its sales information by citing confidentiality concerns. The Protective Order in force in this action (*see* Exh. G, Email from Daniel Simons to

4

Shashank Upadhye, dated Aug. 25, 2017) already tightly safeguards any sensitive information. Accordingly, confidentiality issues are no basis to resist discovery. *See Truswal*, 813 F. 2d at 1211 ("The normal and expected reluctance of business firms to disclose sales information, however, is in itself an insufficient basis on which to deny discovery of that information under appropriate protection from divulgement to competitors"); *Celebrex*, slip op. at 11-12 (the "Protective Order will provide sufficient protection of Respondent Apotex Corp.'s sales data"); *K-Dur*, 2003 WL 27375780, at *2 (S.D. Fla. Aug. 21, 2003) (third party's confidentiality concern "is addressed by the implementation of an appropriate confidentiality order, which is already in place in this case, and to which Andrx has voiced no objection.").

### III. CONCLUSION

For these reasons, Plaintiffs request that their motion to compel Macleods to produce sales data should be granted.

Dated: September 15, 2017

Respectfully submitted:

***Rochester Drug Co-Operative, Inc. and the Proposed Class***

***JM Smith Corporation d/b/a Smith Drug Company and the Proposed Class***

*/s/ Dan Litvin, Esq.*

| | |
|---|---|
| David F. Sorensen | Bruce E. Gerstein |
| Daniel C. Simons | Joseph Opper |
| BERGER & MONTAGUE, P.C. | Dan Litvin |
| 1622 Locust Street | GARWIN GERSTEIN & FISHER LLP |
| Philadelphia, PA 19103 | 88 Pine Street, 10th Floor |
| Tel: (215) 875-4675 | New York, NY 10005 |
| Fax: (215) 875-4604 | Tel: (212) 398-0055 |
| Email: dsorensen@bm.net | Fax: (212) 764-6620 |
| dsimons@bm.net | Email: bgerstein@garwingerstein.com |
| | jopper@garwingerstein.com |
| Peter Kohn | khennings@garwingerstein.com |
| Joseph T. Lukens | dlitvin@garwingerstein.com |
| FARUQI & FARUQI, LLP | |
| 101 Greenwood Avenue, Suite 600 | David C. Raphael, Jr. |
| Jenkintown, PA 19046 | Erin R. Leger |

5

Tel: (215) 277-5770
Fax: (215) 277-5771
Email: pkohn@faruqilaw.com
        jlukens@faruqilaw.com

SMITH SEGURA & RAPHAEL, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
Email: draphael@ssrllp.com
       eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Dan Chiorean
ODOM & DES ROCHES, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
Email: stuart@odrlaw.com


Russ Chorush
Miranda Jones
HEIM PAYNE & CHORUSH, LLP
600 Travis, Suite 6710
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
Email: rchorush@hpcllp.com

Dated: September 15, 2017                                   Respectfully submitted:

***Rochester Drug Co-Operative, Inc. and the Proposed Class***

David F. Sorensen
Daniel C. Simons
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-4675
Fax: (215) 875-4604
Email: dsorensen@bm.net
         dsimons@bm.net

Peter Kohn
Joseph T. Lukens
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Tel: (215) 277-5770
Fax: (215) 277-5771
Email: pkohn@faruqilaw.com
         jlukens@faruqilaw.com

***JM Smith Corporation d/b/a Smith Drug Company and the Proposed Class***

*/s/ Dan Litvin, Esq.*
Bruce E. Gerstein
Joseph Opper
Dan Litvin
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
Email: bgerstein@garwingerstein.com
         jopper@garwingerstein.com
         khennings@garwingerstein.com
         dlitvin@garwingerstein.com

David C. Raphael, Jr.
Erin R. Leger
SMITH SEGURA & RAPHAEL, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
Email: draphael@ssrllp.com
         eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Dan Chiorean
ODOM & DES ROCHES, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
Email: stuart@odrlaw.com


Russ Chorush
Miranda Jones
HEIM PAYNE & CHORUSH, LLP
600 Travis, Suite 6710

                                                        Houston, TX 77002
                                                        Tel: (713) 221-2000
                                                        Fax: (713) 221-2021
                                                        Email: rchorush@hpcllp.com

**CERTIFICATION OF SERVICE**

I, Dan Litvin, hereby certify that on **September 15, 2017**, a copy of the foregoing document was served upon all parties to this action via the Court's ECF system, where it is available for viewing and downloading. Counsel for Macleods was served via email.

*/s/ Dan Litvin, Esq.*
**Dan Litvin**