UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Civil Action No.: 1:15-CV-07488-CM-JCF<br><br>**FILED UNDER SEAL** |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DIRECT PURCHASER CLASS PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON THE BASIS OF PRIVILEGE**

**I.     INTRODUCTION**

The business day after the due date for Plaintiffs' reply brief in support of their Motion to Compel Production of Documents Withheld on the Basis of Privilege (ECF No. 361) (the "Motion"), Forest clawed back two documents that Plaintiffs believe are subject to waiver under the fairness doctrine. Plaintiffs hereby request that Forest submit these two documents for *in camera* review, along with the balance of the documents on which the parties have reached impasse (with their opposition to Plaintiffs' Motion, Forest self-selected a presumably flattering "sample" of the universe of documents Plaintiffs requested for *in camera* review).

**II.    BACKGROUND**

On August 29, 2017, Plaintiffs filed their Motion and supporting materials, arguing that Forest's affirmative factual assertions and legal arguments triggered an "at issue" waiver regarding, among other things, Forest's reasons for entering into side deals with two challengers to its Namenda patent in connection with their settlement of Hatch-Waxman litigation. Specifically, Plaintiffs argued that Forest waived privilege regarding its reasons and justifications for an amended Lexapro authorized generic agreement (the "Lexapro Amendment") with Mylan, and a binding term sheet with Orchid regarding supply of ceftaroline. Plaintiffs also argued that Forest has withheld under the guise of privilege, documents discussing business matters. Prior to Plaintiffs filing their motion, the parties concluded an extensive meet-and-confer process in accordance with the Court's instructions in its August 2, 2017 Order that no motion should be filed "prior to a meaningful meet-and-confer." *In re Namenda Direct Purchaser Antitrust Litig.*, 2017 U.S. Dist. LEXIS 121946, at *15-16 (S.D.N.Y. Aug. 2, 2017). Plaintiffs requested that Forest provide for the Court for *in camera* review the documents upon which the parties reached an impasse (listed in Exhibit A to the Opening Decl. of Dan Litvin).

Forest opposed Plaintiffs' Motion on September 6, 2017 (ECF No. 370). In doing so Forest ignored the list of documents upon which the parties reached an impasse after the meet-and-confer process concluded. Instead Forest self-selected a presumably flattering "sample" of documents for the Court's consideration.[1]

Plaintiffs filed a reply memorandum on September 8, 2017 (ECF No. 372) ("Pls.' Reply") and a corrected reply memorandum on September 11, 2017 (ECF No. 373).

The evening of September 11, 2017, Forest clawed back two additional documents that were first produced in early July, 2017. *See* Exhibit A hereto, Letter from Heather Burke to Dan Litvin, dated September 11, 2017.

### III. ARGUMENT

Plaintiffs are constrained from detailing the specific content of the documents Forest clawed back, but the two documents relate to the waiver Plaintiffs contend applies in light of Forest's affirmative assertions and arguments. For example, Forest has asserted that the Lexapro Amendment with Mylan was not a payment for Forest to settle the patent litigation, but a *bona-fide*, arm's-length deal that stood on its merits. Forest's and Mylan's 30(b)(6) designees however, testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The wrongfully obtained patent term extension was also one of Mylan's patent defenses. *See* Pls.' Reply at 4-5. FRX-AT-04321784 pertains to negotiations regarding this issue and may help shed light on Forest's reasons for the Lexapro Amendment.

---

[1] During a telephone call on September 8, 2017, Forest's counsel maintained that they submitted only a sample because, Plaintiffs requested on page 3 of their Opening Br. that "the Court review [documents] (or a sample of them) *in camera*." But as demonstrated on page 13 of that brief, the reference to the sample was an election Plaintiffs invited ***the Court*** to make. *See* Opening Br. at 13 ("Plaintiffs request that Forest submit for *in camera* review all (or a sampling ***depending on the Court's preference***), of the documents . . ."). (Emphasis added.)

2

FRX-AT-04248669 appears to pertain to the drafting of the settlement agreements at issue in this litigation, likely including the Mylan and Orchid agreements. It may also be relevant to Forest's reasons for settling with its generic competitors, including Mylan and Orchid.

Plaintiffs respectfully request that the Court require Forest to submit these two documents (and all attachments thereto) for *in camera* review, along with the balance of the documents upon which the parties have reached impasse (as listed in Exhibit A to the Opening Decl. of Dan Litvin), rather than the self-selected "sample" Defendants chose for the Court's consideration.

## IV. CONCLUSION

In addition to the relief requested in Plaintiffs' Opening Br., Plaintiffs hereby respectfully request that the Court require Forest to submit for *in camera* review (1) *all* of the documents upon which the parties reached impasse after an extensive meet-and-confer; and (2) FRX-AT-04248669 and FRX-AT-04321784, which Forest clawed back the business day after the due date for Plaintiffs' reply brief, and all attachments thereto.

Dated: September 13, 2017

_____
Dan Litvin

**Rochester Drug Co-Operative, Inc. and the Proposed Class**

**JM Smith Corporation d/b/a Smith Drug Company and the Proposed Class**

David F. Sorensen
Daniel C. Simons
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (fax)
dsorensen@bm.net
dsimons@bm.net

Bruce E. Gerstein
Joseph Opper
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com

3

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
(215) 277-5770
(215) 277-5771 (fax)
pkohn@faruqilaw.com
jlukens@faruqilaw.com

dlitvin@garwingerstein.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com

Russ Chorush
Miranda Jones
Heim Payne & Chorush, LLP
1111 Bagby St. Ste. 2100
Houston, TX 77002
Tel:  (713) 221-2000
Fax:  (713) 221-2021
rchorush@hpcllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2017, I served the foregoing on counsel of record via email.

Respectfully submitted,

_____
Dan Litvin