IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Namenda Direct Purchaser Antitrust Litigation<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Case No. 1:15-cv-07488-CM (RL) |

**FOREST'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION TO STRIKE PLAINTIFFS' AFFIRMATIVE STATEMENT OF MATERIAL FACTS <u>IN OPPOSITION TO FOREST'S MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ......................................................................................... ii

I.    INTRODUCTION .............................................................................................. 1

II.   ARGUMENT ...................................................................................................... 2

     A.    Rule 56.1 Does Not Permit Plaintiffs to Submit an Affirmative Statement of
           Undisputed Facts in Opposition to Forest's Motion for Summary Judgment ......... 3

     B.    Plaintiffs' Affirmative Statement of Facts is Riddled with Improper Legal
           Conclusions and Argument .......................................................................... 4

III.  CONCLUSION .................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Cruz v. Duane Reade Pharmacy Co.*,
  No. 03 Civ. 3418, 2005 U.S. Dist. LEXIS 10186 (S.D.N.Y. May 25, 2005)............................5

*Deleon v. Putnam Valley Bd. of Educ.*,
  No. 03 Civ. 10274 (CM), 2006 U.S. Dist. LEXIS 3337 (S.D.N.Y. Jan. 26, 2006)..........1, 2, 4

*Durant v. A.C.S. State & Local Sols.*,
  *Inc.*, 460 F. Supp. 2d 492 (S.D.N.Y. 2006) ...............................................................2

*Funnekotter v. Agric. Dev. Bank of Zimb.*,
  13 Civ. 1917 (CM), 2015 U.S. Dist. LEXIS 73221 (S.D.N.Y. June 3, 2015)..........................5

*HB v. Monroe Woodbury Cent. Sch. Dist.*,
  No. 11-cv-5881 (CS), 2012 U.S. Dist. LEXIS 141252 (S.D.N.Y. Sep. 27, 2012)....................1

*Holz v. Rockefeller & Co., Inc*,
  258 F.3d 62 (2d Cir. 2001)..................................................................................2

*Schwapp v. Town of Avon*,
  118 F.3d 106 (2d Cir. 1997)................................................................................5

*Union Carbide Corp. v. Montell N.V.*,
  179 F.R.D. 425 (S.D.N.Y. 1998) .....................................................................2, 3, 4

*Wojcik v. 42nd St. Dev. Project*,
  386 F. Supp. 2d 442 (S.D.N.Y. 2005)....................................................................5

### FEDERAL RULES

Local Civ. R. 56.1 ........................................................................................... passim

## I.     INTRODUCTION

In opposing Forest's pending motion for summary judgment, Plaintiffs submitted a set of responses to Defendants' Statement of Undisputed Facts in support of the motion  ("Forest's Statement" or "DSUF"), as required by Rule 56.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  Rather than stopping there, Plaintiffs (who did not cross-move for summary judgment) went beyond what Rule 56.1 permits and submitted an entirely separate Affirmative Statement of Material Facts (the "Affirmative Statement" or "PASOF"), with *405 paragraphs* of additional "facts," many of which consist of nothing more than improper legal argument, re-characterizations of facts appearing in Forest's Statement, or facts that are irrelevant to Forest's motion.  Moreover, the Affirmative Statement is not keyed to Forest's Statement, and it is unclear whether Plaintiffs contend that the "facts" listed are disputed or undisputed.  As this Court has held, such a submission "ignore[s] both the letter and the spirit of the rule." *Deleon v. Putnam Valley Bd. of Educ.*, No. 03 Civ. 10274 (CM), 2006 U.S. Dist. LEXIS 3337, at *3-5 (S.D.N.Y. Jan. 26, 2006) (McMahon, J.).

Rule 56.1 is intended to streamline summary judgment briefing and allow the Court to efficiently evaluate the merits of a summary judgment motion.  *Id*. at *4.  Plaintiffs' statement does just the opposite — complicating the briefing in an apparent attempt to evade the page limits ordered by the Court. *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881 (CS), 2012 U.S. Dist. LEXIS 141252, at *17 (S.D.N.Y. Sep. 27, 2012) (instructing that such evasions are improper).  Under the operative schedule, Forest must respond to Plaintiffs' opposition briefing no later than December 29, 2017.  Due to the short time frame and Plaintiffs' refusal to withdraw their Affirmative Statement, Forest has been forced to seek emergency relief from this Court, striking Plaintiffs' Affirmative Statement.

## II.    ARGUMENT

Rule 56.1 requires that the party *moving* for summary judgment submit a "statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civ. R. 56.1 (a).  With respect to the non-movant, Rule 56.1 contemplates only that the non-movant provide a response "to each numbered paragraph in the statement of the moving party, and *if necessary*, additional paragraphs containing a separate, short and concise statement of *additional material facts* as to which it is contended that *there exists a genuine issue to be tried.*"  Local Civ. R. 56.1(b) (emphasis added).

The purpose of Rule 56.1 is to "'streamline the consideration of summary judgment motions by freeing district courts of the need to hunt through voluminous records without guidance from the parties.'"  *Deleon*, 2006 U.S. Dist. LEXIS 3337, at *4 (quoting *Holz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001)).  "In other words, the rule exists so that busy trial courts . . . can (1) easily ascertain whether the parties agree about the existence of particular material facts, (2) readily compare alleged disputed issues of fact to determine whether they in fact clash (which is why responsive statements must be keyed to the movant's original statement), and (3) check the evidence in support of each side's clashing assertions to ascertain whether a disputed issue of fact exists." *Id.*

This Court may strike submissions filed in contravention of Rule 56.1.  *See Durant v. A.C.S. State & Local Sols., Inc.*, 460 F. Supp. 2d 492, 494 (S.D.N.Y. 2006) (striking plaintiff's counter-statement of material facts because it was "simply a counter-statement of fact, containing no response whatsoever to defendants' Rule 56.1 statement" and failed to comply with court rules requiring "correspondingly numbered paragraphs responding to each numbered paragraph in the statement of the moving party"); *Union Carbide Corp. v. Montell N.V.*, 179

F.R.D. 425, 428 (S.D.N.Y. 1998) (refusing to consider non-movant's separate statement — "a detailed account of defendants' alleged conduct" — because it was an "outrageous[ly]" long "compendium of arguments plaintiffs plan[ned] to make at trial, rather than a short and concise statement of *facts*," in violation of Local Rule 56.1) (emphasis in original).

### A. Rule 56.1 Does Not Permit Plaintiffs to Submit an Affirmative Statement of Undisputed Facts in Opposition to Forest's Motion for Summary Judgment

The Affirmative Statement goes far beyond the limits and spirit of Rule 56.1. Instead of providing the Court with a concise list of facts as to which Plaintiffs "conten[d] that there *exists* a genuine issue to be tried," Plaintiffs submitted *405 paragraphs* of purported facts — both facts that they appear to contend are disputed and facts that they appear to contend are not in dispute. This Affirmative Statement is unjustifiably long, perhaps because in many instances Plaintiffs have simply restated or reworded propositions that already appear in Forest's Statement. *See, e.g.*, PASOF ¶¶ 1, 2, 3, 5, 10, 11, 12, 15, 16, 18, 19, 206, 216, 217, 219, 221, 227, 254, 259, 270, 278, 284 (all citing to several paragraphs in Forest's Statement as support for the affirmative propositions being offered); *compare, e.g.*, PASOF ¶¶ 128, 131, 140, 145, 155, 157, 167, 172, 188, 191, *with* DSUF ¶¶ 438-447; *compare, e.g.*, PASOF ¶¶ 120, 135, 149, 161, 181, *with* DSUF ¶¶ 75, 76, 281, 282; *compare, e.g.*, PASOF ¶ 123, *with* DSUF ¶¶ 82, 83; *compare, e.g.*, PASOF ¶ 139, *with* DSUF ¶ 96, 97; *compare, e.g.*, PASOF ¶ 154, *with* DSUF ¶¶ 102, 103; *compare, e.g.*, PASOF ¶ 166, *with* DSUF ¶¶ 107, 108; *compare, e.g.*, PASOF ¶ 185, *with* DSUF ¶¶ 117, 118; *compare, e.g.*, PASOF ¶¶ 202-213, *with* DSUF ¶¶ 82-144; *compare, e.g.*, PASOF ¶ 218, *with* DSUF ¶¶ 184-190; *compare, e.g.*, PASOF ¶ 221, *with* DSUF ¶ 236; *compare, e.g.*, PASOF ¶ 289, *with* DSUF ¶¶ 267-273; *compare, e.g.*, PASOF ¶¶ 302-308, *with* DSUF ¶¶ 380-390; *compare, e.g.*, PASOF ¶¶ 373-376, *with* DSUF ¶¶ 423-429.

Indeed, Plaintiffs go so far in their attempt to re-characterize undisputed facts in a light more favorable to their case that their Affirmative Statement actually reproduces facts Plaintiffs *deny* in their Responses and Objections to Defendants' Statement of Undisputed Facts ("PRSOF"). *Compare, e.g.*, PASOF ¶ 19 ("Forest launched Namenda XR in June 2013."), *with* PRSOF at 28-29 (objecting for nearly two pages and denying DSUF ¶ 52, which reads: "Forest launched Namenda XR in June 2013."); *compare generally*, PRSOF Responses to ¶¶ 82-144 (denying facts discussing terms of generics' settlement agreements with Forest), *with* PASOF ¶¶ 204-208 (paraphrasing terms of generics' settlement agreements with Forest). Thus, instead of permitting the Court to "readily compare alleged disputed issues of fact," the Affirmative Statement makes it difficult to determine whether Plaintiffs allege that a fact is even in dispute. *Deleon*, 2006 U.S. Dist. LEXIS 3337, at *4-5. And Plaintiffs make this problem even more severe because their Affirmative Statement "is not keyed to defendant's 56.1 Statement," in violation of "both the letter and the spirit of the rule." *Id.*

As noted above, the Court has discretion to reject such an improper separate statement of facts. *Union Carbide*, 179 F.R.D. at 428. In order to conserve the significant time and resources of Forest and the Court in digging through Plaintiffs' 405-paragraph Affirmative Statement, Forest respectfully requests that the Court exercise such discretion here.

### B.    Plaintiffs' Affirmative Statement of Facts is Riddled with Improper Legal Conclusions and Argument

Beyond the fact that Rule 56.1 does not permit Plaintiffs to submit their own statement of facts, *Union Carbide Corp.*, 179 F.R.D. at 428, the Affirmative Statement is plagued with legal conclusions and other argument that cannot be properly included in a Rule 56.1 statement. *See, e.g.*, PASOF Table of Contents, ¶¶ 66-72, 89, 95, 96, 112, 197, 210, 215, 237, 252, 255, 256,

4

275, 294, 317, 369, 372.  Rule 56.1 statements should not contain legal arguments.  *Wojcik v. 42nd St. Dev. Project*, 386 F. Supp. 2d 442, 448 n.5 (S.D.N.Y. 2005);  *Cruz v. Duane Reade Pharmacy Co.*, No. 03 Civ. 3418, 2005 U.S. Dist. LEXIS 10186, at *12 (S.D.N.Y. May 25, 2005) (disregarding portions of Rule 56.1 statement of facts where they were "legal conclusions that are clearly improper under Local Rule 56.1"); *see also Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir. 1997) ("To satisfy Rule 56(e), affidavits must be based upon 'concrete particulars,' not conclusory allegations.  To the extent that these affidavits contain bald assertions and legal conclusions . . . the district court properly refused to rely on them.").

Moreover, to the extent that Plaintiffs seek to advance legal conclusions from the factual record, a memorandum of law, not an "affirmative statement of fact," is the appropriate mechanism through which to do so.  Indeed, Plaintiffs were afforded 65 pages to present legal arguments in their brief in opposition to Defendants' summary judgment motion.  Given the sheer volume of argument presented in Plaintiffs' Affirmative Statement, it appears that Plaintiffs are using their statements as an extension of their briefing, in violation of the page limits fixed by this Court.  This Court has rejected similar attempts to improperly present legal arguments in Rule 56.1 statements of fact.  *Funnekotter v. Agric. Dev. Bank of Zimb.*, 13 Civ. 1917 (CM), 2015 U.S. Dist. LEXIS 73221, at *25-26 (S.D.N.Y. June 3, 2015) (McMahon, J.) (refusing to deem admitted paragraphs in Rule 56.1 statement that stated legal conclusions rather than material facts).

## III.    CONCLUSION

Forest respectfully requests that this Court strike Plaintiffs' Affirmative Statement, and that it do so as soon as reasonably practicable so that Forest need not respond to the Affirmative Statement by December 29, 2017.

Dated:  December 13, 2017

WHITE & CASE LLP

By:   /s/ Michael E. Hamburger
Heather K. McDevitt
Martin M. Toto
John H. Chung
Ryan P. Johnson
William H. Bave, III
Michael E. Hamburger
Kristen O'Shaughnessy
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

J. Mark Gidley
Peter J. Carney
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300

Kevin C. Adam
WHITE & CASE LLP
75 State Street, Floor 24
Boston, MA 02109
Telephone: (617) 979-9300

**Counsel for Defendants Actavis plc,
Forest Laboratories, LLC, Forest
Laboratories, Inc., and Forest
Laboratories Holdings Ltd.**

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2017, true and correct copies of the following were

served upon all counsel of record by filing via the Court's CM/ECF system:

- Forest's Notice of Motion and Emergency Motion to Strike Plaintiffs' Affirmative Statement of Material Facts in Opposition to Forest's Motion for Summary Judgment;

- Forest's Memorandum of Law in Support of Its Emergency Motion to Strike Plaintiffs' Affirmative Statement of Material Facts in Opposition to Forest's Motion for Summary Judgment; and

- [Proposed] Order.

Dated: December 13, 2017        Respectfully submitted,
      New York, NY

                    */s/ Michael E. Hamburger*
                    Michael E. Hamburger
                    WHITE & CASE LLP
                    1221 Avenue of the Americas
                    New York, New York 10020
                    Telephone: (212) 819-8200
                    Facsimile: (212) 354-8113
                    michael.hamburger@whitecase.com

                    **Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd**.