# Exhibit 137
# (Filed Under Seal)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., ) <br> FOREST LABORATORIES HOLDINGS, ) <br> LTD., MERZ PHARMA GMBH & CO. ) <br> KGAA, and MERZ PHARMACEUTICALS ) <br> GMBH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> APOTEX INC. and APOTEX CORP., ) <br> ) <br> Defendants. ) | C.A. No. _____ |

## COMPLAINT

Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH (collectively "Plaintiffs") for their Complaint against Defendants Apotex Inc. and Apotex Corp. (collectively "Defendants") hereby allege as follows:

## PARTIES

1.  Plaintiff Forest Laboratories, Inc. ("Forest Labs") is a Delaware corporation having a principal place of business at 909 Third Avenue, New York, New York 10022.

2.  Plaintiff Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Milner House, 18 Parliament Street, Hamilton JM11, Bermuda (referred to herein, together with Forest Laboratories, Inc., as "Forest").

3. Plaintiff Merz Pharma GmbH & Co. KGaA is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany.

4. Plaintiff Merz Pharmaceuticals GmbH is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany (referred to herein, together with Merz Pharma GmbH & Co. KGaA, as "Merz").

5. Upon information and belief, Defendant Apotex Corp. ("Apotex USA") is a Delaware corporation, and the wholly-owned subsidiary and agent of Defendant Apotex Inc., having a principal place of business at 2400 N. Commerce Parkway, Weston, Florida, 33326.

6. Upon information and belief, Defendant Apotex Inc. ("Apotex") is a Canadian corporation having a principal place of business at 150 Signet Drive, Toronto, Ontario, Canada, M9L 1T9. Upon information and belief, Defendant Apotex, itself and through its wholly-owned subsidiary and agent Defendant Apotex USA, manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

## NATURE OF THE ACTION

7. This is a civil action for infringement of United States Patent No. 5,061,703 ("the '703 patent") (Exhibit A). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 100 et seq.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over each of the Defendants by virtue of the fact that, inter alia, each Defendant has committed, or aided, abetted, contributed to and/or

2

participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, including Plaintiff Forest Labs, a Delaware corporation. This Court has personal jurisdiction over each of the Defendants for the additional reasons set forth below and for other reasons that will be presented to the Court if such jurisdiction is challenged.

10. This Court has personal jurisdiction over Defendant Apotex USA by virtue of the fact that, *inter alia*, Apotex USA is a Delaware corporation.

11. This Court has personal jurisdiction over Defendant Apotex by virtue of, *inter alia*: (1) its presence in Delaware through its subsidiary and agent Apotex USA; and (2) its systematic and continuous contacts with Delaware, including through its subsidiary and agent Apotex USA.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

13. On October 29, 1991, the '703 patent, titled "Adamantane Derivatives in the Prevention and Treatment of Cerebral Ischemia," was duly and legally issued by the United States Patent and Trademark Office ("PTO"). Merz has been, and continues to be, the sole assignee of the '703 patent since its issuance.

14. Forest is the exclusive licensee of the '703 patent in the United States. Forest holds New Drug Application ("NDA") No. 21-487 for Namenda® brand memantine hydrochloride tablets. The '703 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for Namenda®.

15. Forest is the exclusive distributor of Namenda® in the United States.

3

16. On August 18, 2004, Merz submitted a request to the PTO for reexamination of the '703 patent. The PTO issued a reexamination certificate (Exhibit B) for the '703 patent on November 7, 2006.

## ACTS GIVING RISE TO THIS ACTION

### Infringement Of The '703 Patent By Defendants Apotex And Apotex USA

17. Upon information and belief, Defendant Apotex, through its subsidiary and agent Apotex USA, submitted ANDA No. 90-244 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). That ANDA seeks FDA approval for the commercial manufacture, use and sale of generic tablet products containing 5 milligrams and 10 milligrams of memantine hydrochloride ("the Apotex Generic Products"). ANDA No. 90-244 specifically seeks FDA approval to market the Apotex Generic Products prior to the expiration of the '703 patent.

18. Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, Apotex alleged in ANDA No. 90-244 that the claims of the '703 patent are invalid, unenforceable and/or not infringed by the commercial manufacture, use or sale of the Apotex Generic Products. Plaintiffs received written notification of ANDA No. 90-244 and its § 505(j)(2)(A)(vii)(IV) allegation on or about April 23, 2008.

19. Apotex's submission of ANDA No. 90-244 to the FDA, through its subsidiary and agent Apotex USA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '703 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Apotex commercially manufactures, uses, offers to sell, sells, or imports any of the Apotex Generic Products, or induces or contributes to any such conduct, it would further infringe the '703 patent under 35 U.S.C. § 271(a), (b) and/or (c).

4

20. Apotex USA is jointly and severally liable for any infringement of the '703 patent. Upon information and belief, Apotex USA participated in, contributed to, aided, abetted and/or induced Apotex's submission of ANDA No. 90-244 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

21. Apotex USA's participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA No. 90-244 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA constitutes infringement of the '703 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Apotex USA commercially manufactures, uses, offers to sell, sells, or imports any of the Apotex Generic Products, or induces or contributes to any such conduct, it would further infringe the '703 patent under 35 U.S.C. § 271(a), (b) and/or (c).

22. Apotex and Apotex USA were aware of the '703 patent prior to filing ANDA No. 90-244.

23. Apotex's and Apotex USA's actions render this an exceptional case under 35 U.S.C. § 285.

24. Plaintiffs will be irreparably harmed by Apotex's and Apotex USA's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. That Apotex and Apotex USA have infringed the '703 patent;

B. That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Apotex's and Apotex USA's ANDA No. 90-244 identified in this Complaint shall not be earlier than the expiration date of the '703 patent, including any extensions;

5

C. That Apotex and Apotex USA, their officers, agents, servants and employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, selling, or importing any of the proposed generic versions of Plaintiffs' Namenda® brand product identified in this Complaint and any other product that infringes or induces or contributes to the infringement of the '703 patent, prior to the expiration of the '703 patent, including any extensions;

D. That this case is exceptional under 35 U.S.C. § 285;

E. That Plaintiffs be awarded the attorney fees, costs and expenses that they incur prosecuting this action; and

F. That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP

*signature*

Jack B. Blumenfeld (# 1014)
Maryellen Noreika (# 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

*Of Counsel:*

John Desmarais
Gerald J. Flattmann, Jr.
Melanie R. Rupert
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
(212) 446-4800

F. Dominic Cerrito
Daniel L. Malone
Eric C. Stops
JONES DAY
222 East 41st Street
New York, NY 10017
(212) 326-3939

June 5, 2008

6