# Exhibit 151
# (Filed Under Seal)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FOREST LABORATORIES, INC., *et al.*, )
)
Plaintiffs, ) C.A. No. 08-021 (GMS) (LPS) (Consolidated)
)
vs. )
)
COBALT LABORATORIES, INC., *et al.*, )
)
Defendants. )

## STIPULATION AND ORDER

The Court, upon the consent and request of Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings Ltd., Merz Pharma GmbH & Co. KGaA and Merz Pharmaceuticals GmbH (collectively, "Plaintiffs") and Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"), hereby acknowledges the following Stipulation and issues the following Order.

### STIPULATION

1. This Court has subject matter jurisdiction over this patent infringement action (the "Action") and personal jurisdiction over Plaintiffs and Apotex. Venue is proper in this Court as to Plaintiffs and Apotex.

2. In this Action, Plaintiffs have charged Apotex with infringement of United States Patent No. 5,061,703 ("the '703 Patent") in connection with Apotex's submission of Abbreviated New Drug Application ("ANDA") No. 90-244 directed to generic tablets containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet to the U.S. Food and Drug Administration ("FDA").

3. In response to Plaintiffs' charges of patent infringement, Apotex has alleged certain defenses and counterclaims, including that the '703 Patent is invalid and/or not infringed by the generic tablet products containing 5 milligrams or 10 milligrams of memantine hydrochloride that are the subject of ANDA No. 90-244 and/or the use of those generic tablet products. No decision has been obtained by either party from this Court regarding these charges of infringement or these defenses and counterclaims.

4. Apotex as of the date of this settlement has not rebutted the statutory presumption that the '703 Patent is valid and enforceable in this Action. This admission is without prejudice to Apotex's defenses and counterclaims that the '703 Patent is invalid and/or not infringed.

2

5.  Apotex admits that the submission of ANDA No. 90-244 to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use and/or sale of generic tablets containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet within the United States before the expiration of the '703 Patent was a technical act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A). This admission, however, is wholly without prejudice to Apotex's defenses and counterclaims that the '703 Patent is invalid and/or that the product described by ANDA No. 90-244, and/or the use of that product, does not infringe that patent.

6.  Apotex has agreed that each of the defenses and counterclaims set forth in its Second Amended Answer, Defenses And Counterclaims, including the allegations and averments contained therein, should be dismissed, without prejudice.

## ORDER

Accordingly, pursuant to the above Stipulation, and upon the consent and request of Plaintiffs and Apotex, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The filing of ANDA No. 90-244 was a technical act of infringement of the '703 Patent under 35 U.S.C. § 271(e)(2)(A). No decision of the Court, however, has been obtained by either party regarding the presumptive validity of the '703 Patent and/or whether the product described by ANDA No. 90-244, and/or the use of that product, infringes that patent.

2.  Apotex's invalidity and non-infringement defenses and counterclaims with respect to the '703 Patent are hereby dismissed, without prejudice.

3.  Apotex, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell or

3

selling within the United States, or importing into the United States, the generic tablet products containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet that are the subject of ANDA No. 90-244 during the life of the '703 Patent, including any extensions and pediatric exclusivities, absent a license agreement or other authorization by Plaintiffs, unless all of the claims of the '703 Patent are found invalid or unenforceable by a court decision from which no appeal has been or can be taken, other than a petition for a writ of certiorari to the U.S. Supreme Court.

4. Plaintiffs and Apotex each expressly waive any right to appeal or otherwise move for relief from this Stipulation And Order.

5. This Court retains jurisdiction over Plaintiffs and Apotex for purposes of enforcing this Stipulation And Order.

6. This Stipulation And Order shall finally resolve this Action between Plaintiffs and Apotex.

7. The Clerk of the Court is directed to enter this Stipulation And Order forthwith.

**SO ORDERED:**
This __11th__ day of __Sept.__, 2009

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

4

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
| /s/ Maryellen Noreika | /s/ David E. Moore |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com | Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| *Attorneys for Plaintiffs* | *Attorneys for Apotex Inc. and Apotex Corp.* |