# Exhibit 155
# (Filed Under Seal)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., *et al.*, | ) |
| Plaintiffs, | ) C.A. No. 08-021 (GMS) (LPS) (Consolidated) |
| vs. | ) |
| COBALT LABORATORIES, INC., *et al.*, | ) |
| Defendants. | ) |

**STIPULATION AND ORDER**

The Court, upon the consent and request of Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings Ltd., Merz Pharma GmbH & Co. KGaA and Merz Pharmaceuticals GmbH (collectively, "Plaintiffs") and Defendant Sun India Pharmaceutical Industries Limited (a/k/a Sun Pharmaceutical Industries Limited) ("Sun"), hereby acknowledges the following Stipulation and issues the following Order.

## STIPULATION

1. This Court has subject matter jurisdiction over this patent infringement action (the "Action") and personal jurisdiction over Plaintiffs and Sun. Venue is proper in this Court as to Plaintiffs and Sun.

2. In this Action, Plaintiffs have charged Sun with infringement of United States Patent No. 5,061,703 ("the '703 Patent") in connection with Sun's submission of Abbreviated New Drug Application ("ANDA") No. 90-058 directed to generic tablets containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet to the U.S. Food and Drug Administration ("FDA").

3. In response to Plaintiffs' charges of patent infringement, Sun has alleged certain defenses and counterclaims, including that the '703 Patent is invalid and/or not infringed by the generic tablet products containing 5 milligrams or 10 milligrams of memantine hydrochloride that are the subject of ANDA No. 90-058, or by the use thereof. No decision has been obtained by either party from this Court regarding these charges of infringement or these defenses and counterclaims.

4. Sun has not rebutted the statutory presumption that the '703 Patent is valid and enforceable in this Action. This admission is without prejudice to Sun's defenses and counterclaims that the '703 Patent is invalid and/or not infringed.

5. Sun admits that the submission of ANDA No. 90-058 to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use and/or sale of generic tablets containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet within the United States before the expiration of the '703 Patent was a technical act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A). This admission is without prejudice to Sun's defenses and counterclaims that the '703 Patent is invalid and/or that the product described by ANDA No. 90-058, or the use thereof, does not infringe that patent.

6. Both parties have agreed that all other claims, defenses and counterclaims set forth in Plaintiffs' and Sun's pleadings against each other, including the allegations and averments contained therein, should be dismissed, without prejudice.

## ORDER

Accordingly, pursuant to the above Stipulation, and upon the consent and request of Plaintiffs and Sun, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The filing of ANDA No. 90-058 was a technical act of infringement of the '703 Patent under 35 U.S.C. § 271(e)(2)(A). No decision of the Court has been obtained by either party regarding the presumptive validity of the '703 Patent and/or whether the product described by ANDA No. 90-058 infringes that patent.

2. All other claims, defenses and counterclaims set forth in Plaintiffs' and Sun's pleadings against each other, including the allegations and averments contained therein, are hereby dismissed, without prejudice.

3. Sun, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, the generic tablet products

3

containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet that are the subject of ANDA No. 90-058 during the life of the '703 Patent, including any extensions and pediatric exclusivities, absent a license agreement or other authorization by Plaintiffs, unless all of the asserted claims of the '703 Patent are found invalid or unenforceable by a court decision from which no appeal has been or can be taken, other than a petition for a writ of certiorari to the U.S. Supreme Court.

4. Plaintiffs and Sun each expressly waive any right to appeal or otherwise move for relief from this Stipulation And Order.

5. This Court retains jurisdiction over Plaintiffs and Sun for purposes of enforcing this Stipulation And Order.

6. This Stipulation And Order shall finally resolve this Action between Plaintiffs and Sun.

7. The Clerk of the Court is directed to enter this Stipulation And Order forthwith.

SO ORDERED:
This 15th day of Oct., 2009

HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

4