# Exhibit 158
# (Filed Under Seal)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

FOREST LABORATORIES, INC., et al.,

    Plaintiffs,

vs.

COBALT LABORATORIES, INC., et al.,

    Defendants.

C.A. No. 08-021 (GMS) (LPS)
(Consolidated)

## STIPULATION AND ORDER

The Court, upon the consent and request of Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH (collectively, "Plaintiffs") and Defendant Teva Pharmaceuticals USA, Inc. ("Teva") (collectively, the "Parties," or each separately, a "Party"), hereby acknowledges the following Stipulation and issues the following Order.

## STIPULATION

1. This Court has subject matter jurisdiction over this patent infringement action (the "Action") and personal jurisdiction over Plaintiffs and Teva. Venue is proper in this Court as to Plaintiffs and Teva.

2. In this Action, Plaintiffs have charged Teva with infringement of United States Patent No. 5,061,703 ("the '703 Patent") in connection with Teva's submission of Abbreviated New Drug Application ("ANDA") No. 90-052 directed to generic tablets containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet to the U.S. Food and Drug Administration ("FDA").

3. In response to Plaintiffs' charges of patent infringement, Teva has alleged certain defenses, including that the '703 Patent is invalid and/or not infringed by the generic tablet products containing 5 milligrams or 10 milligrams of memantine hydrochloride that are the subject of ANDA No. 90-052. No decision has been obtained by either party from this Court regarding these charges of infringement or these defenses.

4. Teva admits that the submission of ANDA No. 90-052 to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use and/or sale of generic tablets containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet within the United States before the expiration of the '703 Patent was a technical act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A). This admission is without prejudice

to Teva's defenses that the '703 patent is invalid and/or that the product described by ANDA No. 90-052 does not infringe that patent.

5. Both Parties agree that all other claims and defenses set forth in their pleadings against each other, including the allegations and averments contained therein, should be dismissed, without prejudice.

## ORDER

Accordingly, pursuant to the above Stipulation, and upon the consent and request of Plaintiffs and Teva, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The filing of ANDA No. 90-052 was a technical act of infringement of the '703 Patent under 35 U.S.C. § 271(e)(2)(A). No decision of the Court has been obtained by either Party regarding the presumptive validity of the '703 Patent and/or whether the product described by ANDA No. 90-052 infringes that patent.

2. All other claims and defenses set forth in Plaintiffs' and Teva's pleadings against each other, including the allegations and averments contained therein, are hereby dismissed, without prejudice.

3. Except to the extent permitted by 35 U.S.C. §271(e)(1), Teva, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, the generic tablet products containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet that are the subject of ANDA No. 90-052 during the life of the '703 Patent, including any extensions and pediatric exclusivities, absent a license agreement or other authorization by Plaintiffs, unless all of the asserted claims of the '703

3

Patent are found invalid or unenforceable by a court decision from which no appeal has been or can be taken, other than a petition for a writ of certiorari to the U.S. Supreme Court.

4. Plaintiffs and Teva each expressly waive any right to appeal or otherwise move for relief from this Stipulation And Order.

5. This Court retains jurisdiction over Plaintiffs and Teva for purposes of enforcing this Stipulation And Order.

6. This Stipulation And Order shall finally resolve this Action between Plaintiffs and Teva.

7. The Clerk of the Court is directed to enter this Stipulation And Order forthwith.

**SO ORDERED:**

This _____ day of _____, 2009

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

4

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
| /s/ Maryellen Noreika | /s/ Richard L. Horwitz |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com | Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| *Attorneys for Plaintiffs* | *Attorneys Teva Pharmaceuticals USA, Inc.* |