# Exhibit 291
# (Filed Under Seal)

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is entered into this 24th day of November, 2015, by and between the Attorney General of the State of New York, (the "NYAG"), on behalf of itself, the State of New York, and any New York state agencies that purchase, reimburse, insure, or are in any way a direct or an indirect purchaser of the drug Namenda®, Namenda XR®, or Namzaric™ and Allergan plc (formerly known as Actavis plc), and its wholly-owned subsidiary Forest Laboratories, LLC (collectively "Allergan"). The NYAG and Allergan are sometimes collectively referred to herein as the "Parties" or individually as a "Party."

WHEREAS, in 2014, the NYAG commenced an investigation ("the Investigation") pursuant to New York General Business Law § 340 *et seq.*, and New York Executive Law § 63(12) into the practices, procedures and conduct of Allergan in connection with the marketing, development, and/or sale of various formulations of the drug Namenda® (also known as "Namenda IR", the immediate release twice-a-day version), Namenda XR® (the once-a-day version), and Namzaric™, the fixed-dose combination with donepezil;

WHEREAS, the NYAG regularly conducts investigations into potential violations of the antitrust laws, through its Antitrust Bureau, as it did in the Investigation;

WHEREAS, on September 15, 2014, the NYAG filed a Complaint in the Southern District of New York, Case No. 1:14-CV-7473(RWS), followed by an Amended Complaint filed on November 5, 2015 (the "Action") alleging, among other things, violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, the New York State Donnelly Act, General Business Law § 340 *et seq.*, and New York Executive Law § 63(12);

WHEREAS, the NYAG brought suit on behalf of New York State and state agencies that serve as a direct or indirect purchaser of Namenda IR and Namenda XR®, as well as on behalf of New York residents in the New York Attorney General's *parens patriae* capacity;

WHEREAS, the NYAG made a motion for a preliminary injunction and a hearing was held before the Honorable Judge Robert W. Sweet from November 10-14, 2014, at which testimony and evidence was presented by both sides;

WHEREAS, on December 11, 2014 and December 15, 2014, the District Court issued factual and legal findings, and issued an order preliminarily enjoining certain conduct by Allergan (the "Injunction");

WHEREAS, Allergan filed a notice of appeal and, following briefing by the Parties and argument held before a panel of the Second Circuit Court of Appeals on April 13, 2015, the panel issued a ruling on May 22, 2015 affirming the District Court's ruling and Injunction (the "Second Circuit Ruling");

WHEREAS, Allergan filed a petition for rehearing and for rehearing *en banc,* which was denied on August 7, 2015;

WHEREAS, Allergan filed a petition for *certiorari* to the Supreme Court on November 4, 2015 (the "Cert Petition"), which is pending as of the execution of this Agreement;

WHEREAS, the Injunction prevented Allergan from removing Namenda IR from the market, or limiting the distribution of Namenda IR, and during the Injunction term and afterwards Allergan has continued to manufacture and supply Namenda IR, thus permitting patient access at all times to Namenda IR in all 50 states, the District of Columbia, the Commonwealth of Puerto Rico, the U.S. Virgin Islands, and Guam;

2

WHEREAS, the Injunction remained in effect from December 15, 2014 and expired by its own terms on August 10, 2015;

WHEREAS, the NYAG is unaware of any violation of the Injunction by Allergan;

WHEREAS, the NYAG regularly collects complaints in the ordinary course of its operations through various areas of its website and otherwise;[1]

WHEREAS, the NYAG is aware that generic forms of Namenda IR launched as expected in July 2015 and October 2015;

WHEREAS, in December 2014 Allergan informed healthcare providers, pharmacists, patients, caregivers, and health plans of the Injunction and the continued availability of Namenda IR in the same or substantially similar manner in which it announced in February 2014 the potential plan to discontinue Namenda IR;

WHEREAS, Allergan did not impose a "medical necessity" requirement for patients to receive Namenda IR before, during, or after the Injunction;

WHEREAS, at no time before, during, or after the Injunction was Namenda IR made unavailable by Allergan or otherwise limited in distribution;

WHEREAS, NYAG has received no reports that any patient was denied access to Namenda IR by Allergan before or during the Injunction period, or had to comply with a "medical necessity" requirement, or that Allergan otherwise failed to comply with any term of the Injunction;

WHEREAS, the Injunction was effective in protecting competition in the relevant market and permitting lower cost generic drugs to enter the market in July 2015 and subsequently;

---

[1] For example, the Antitrust Bureau has a complaint system that it regularly operates and maintains on its website (http://www.ag.ny.gov/sites/default/files/pdfs/complaints/antitrust-complaint.pdf), as does the Bureau of Consumer Frauds and Protection (http://www.ag.ny.gov/consumer-frauds/Filing-a-Consumer-Complaint).

WHEREAS, lower cost generic versions of Namenda IR have become widely available;

WHEREAS, NYAG incurred reasonable costs in connection with the Investigation and prosecution of this Action exceeding $171,946;

WHEREAS, pursuant to the NYAG's investigation and motion for preliminary injunction, 13 witnesses testified at the preliminary injunction hearing, 25 witnesses were deposed, and approximately 46,000 documents, totaling roughly 1.7 million pages were produced;

WHEREAS, none of the above statements was made by either Party as consideration for this Settlement Agreement; and

WHEREAS, to avoid further expense and investment of resources, the Parties wish to resolve the Action;

NOW THEREFORE, in consideration of the mutual covenants, promises and obligations set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

I.   Dismissal of Action with Prejudice; Dismissal of Cert Petition

A.   Upon execution of this Settlement Agreement, the NYAG and Allergan will: (1) execute a Stipulation of Dismissal with Prejudice for filing in the United States District Court for the Southern District of New York, in the form attached hereto as Exhibit 1, dismissing all claims (the "District Court Stipulation"); (2) execute a Stipulation of the Parties to Dismiss the Petition for a Writ of Certiorari With Prejudice, for filing in the United States Supreme Court in the form attached hereto as Exhibit 2 (the "Supreme Court Stipulation"); and (3) terminate any existing investigation and/or any other existing proceeding of any kind relating to the Action, the facts alleged by NYAG in the Action, or Allergan's actual or potential violation of state or

4

federal antitrust law in connection with the sale of Namenda IR, Namenda XR®, Namzaric™, or any line extension of Namenda®.

B. The stipulations described in paragraph I.A. shall be filed as soon as practicable but in any event within five (5) business days of the execution of this Settlement Agreement.

II. Payment to Defray Costs

A. Allergan shall not make any payment of or reflecting damages, disgorgement, restitution, penalties, a fine, treble damages, punitive recovery, forfeiture, or attorney fees, and shall make no other monetary payment to the NYAG, other than the payment relating to the reimbursement of costs described in the next paragraph.

B. Allergan agrees to make a payment to NYAG to compensate NYAG for a portion of costs reasonably incurred by NYAG in connection with the Investigation and prosecution of this Action in the amount of $171,946 (the "Cost Payment"). A cashier's check or wire transfer for that amount shall be made out to the "New York State Office of the Attorney General" and delivered within 5 business days of the execution of this Settlement Agreement to:

> New York State Office of the Attorney General
> Antitrust Bureau
> 120 Broadway, 26th Floor
> New York, New York 10271
> ATTN: Bureau Chief

III. Releases

A. The NYAG, on behalf of itself and the State of New York (including any state entity which purchases, reimburses, insures, or is in any way a direct or indirect purchaser of the drug Namenda IR, Namenda XR®, or Namzaric™) and including in its *parens patriae* capacity, hereby fully and irrevocably releases Allergan from all claims, known or unknown, up through the date of execution of the Settlement Agreement, that (a) were or could have been asserted in

5

the Action based on the facts, transactions, events, actions, or inactions that were alleged in the Action, or Allergan's defense of the Action, or (b) arise out of any other actual or potential violations of antitrust or unfair competition law by Allergan in connection with the sale of Namenda IR, Namenda XR®, or Namzaric™. For the avoidance of doubt, clause (b) of the prior sentence is intended to release claims including but not limited to, any state, federal, international, foreign, or local antitrust or unfair competition claims (or claims brought under a different cause of action, e.g., unjust enrichment, that are based on a theory of anticompetitive conduct related to marketing or sale of Namenda IR, Namenda XR®, or Namzaric™) that were or could have been asserted by NYAG up through the date of execution of this Settlement Agreement, concerning (i) research, development, marketing, promotion, sale, or discontinuation of any formulations of Namenda IR, Namenda XR®, or Namzaric™, or (ii) the settlement of patent lawsuits between, on the one hand, Allergan (or its predecessors), Allergan's subsidiaries and related entities, including but not limited to Forest Laboratories LLC (f/k/a Forest Laboratories, Inc.) and Forest Laboratories Holdings, Ltd., and any co-plaintiffs or partners, including but not limited to Merz Pharma GmbH & Co. KGaA, Merz Pharmaceuticals GmbH and Adamas Pharmaceuticals, Inc., and, on the other hand, generic manufacturers related to Namenda IR and/or Namenda XR®.

B.  Allergan, on behalf of itself and any and all of its affiliates, predecessors, and successors, hereby fully and irrevocably releases the NYAG and the State from all claims, known or unknown, up through the date of execution of the Settlement Agreement, that were or could have been asserted in the Action, or in any counterclaim in the Action, or in a separate action for claims relating to the Action or the NYAG's pursuit of the Action, including all claims arising out of, relating to, or concerning the facts, transactions, events, actions or inactions that

6

were alleged in the Action or NYAG's pursuit of the Action, and including without limitation all claims based on the allegation that the Injunction, or NYAG's pursuit of this Action or the Injunction, violated the takings clause of the Fifth Amendment to the United States Constitution, or any analogous state or federal constitutional provision, statute, rule, or regulation, as well as all claims asserting that Allergan is entitled to compensation, under any legal theory, for any losses incurred as a result of this Action or the Injunction, or as a result of Allergan's compliance with the Injunction.

IV.     No *Vacatur*

Neither party shall seek *vacatur* of the Second Circuit Ruling, nor shall either party seek any similar relief in substance under a different name or in a different form.

V.      Material Breach

The failure of Allergan to make the Cost Payment to the NYAG, as provided in Section II, or the failure of either party to execute or file the Supreme Court Stipulation or the District Court Stipulation, as provided in Section I, or any attempt by either party seek *vacatur* of the Second Circuit Ruling, as provided in Section IV, shall constitute a substantial and material breach of this Settlement Agreement, and shall entitle the aggrieved Party to pursue immediate legal action, including for specific performance of this Settlement Agreement.

VI.     Return or Destruction of Discovery Materials

A.      For confidential material obtained by the NYAG from Allergan or Foundation Care in the Investigation or in discovery in the Action that is subject to the Protective Order (the "Confidential Material"), within sixty (60) days after the latter of (i) receipt of the Cost Payment by the NYAG from Allergan and (ii) an order of the dismissal of the Cert Petition by the Supreme Court, the NYAG shall either return or destroy all Confidential Materials, including all

originals and copies of all documents or other papers containing Confidential Material, pursuant to the terms of the Protective Order in this Action. For the avoidance of doubt, NYAG agrees to destroy or return Confidential material received from Allergan during the Investigation phase of this Action following the procedures that the parties agreed to for materials provided during discovery in the Action under the terms set forth in the Protective Order.

B. Notwithstanding this Section, outside counsel for the Parties, including the NYAG, are entitled to retain an archival copy of all pleadings, motion papers, court filings, deposition or hearing transcripts and exhibits, legal memoranda, correspondence or attorney work product prepared or received in connection with the Action, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material shall remain subject to the Protective Order.

VII. Additional Terms

A. Allergan enters into this Settlement Agreement voluntarily and represents that no representation, inducement, promise, offer, understanding, condition, or warranty of any kind not set forth in this Settlement Agreement has been made by the NYAG or any member, officer, employee, agent or representative of the NYAG to induce Allergan to enter into this Settlement Agreement. The NYAG enters into this Settlement Agreement voluntarily and represents that no representation, inducement, promise, offer, understanding, condition, or warranty of any kind not set forth in this Settlement Agreement has been made by Allergan or any member, officer, employee, agent or representative of Allergan to induce the NYAG to enter into this Settlement Agreement.

B. This Settlement Agreement does not constitute an admission by Allergan that the law has been violated or that any of the allegations made in the Action are true. Similarly, this

8

Settlement Agreement shall not be deemed approval by the NYAG of any of the practices or procedures challenged in the Action. Nothing contained herein shall be construed as relieving Allergan of its obligation to comply with all applicable state and federal laws, regulations or rules, nor shall any of the provisions of this Agreement be deemed permission by the NYAG to engage in any act or practice prohibited by such law, regulation or rule.

C. This Settlement Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted or attempted by NYAG or the State of New York or any agency of the State of New York that is a direct or indirect purchaser of Namenda IR, Namenda XR®, or Namzaric™, with respect to the conduct challenged in this Action.

D. A true and correct copy of this Settlement Agreement will be filed with the U.S. District Court for the Southern District of New York in this action as an Exhibit to the Stipulation of Dismissal. Nothing herein prohibits Allergan from filing or using this Settlement Agreement in any action that has been or may be brought against it in order to support a defense or counterclaim based on principles of, *inter alia*, res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Nothing in this Agreement prohibits Allergan from seeking judicial notice of this Agreement and the contents thereof.

F. Allergan represents and warrants, through the signatures below, that the terms and conditions of this Settlement Agreement are duly approved, and execution of the Settlement Agreement is duly authorized. The NYAG represents and warrants, through the signatures below, that the terms and conditions of this Settlement Agreement are duly approved, and

execution of the Settlement Agreement is duly authorized, and that the NYAG has the legal authority to enter into and be bound by this Settlement Agreement.

G. This Settlement Agreement shall be binding on and inure to the benefit of the Parties and their respective successors, and the Parties disclaim any intention to create rights under this Settlement Agreement which may be enforced by any other person or entity under any circumstances.

H. This Settlement Agreement constitutes the entire agreement between the Parties and supersedes any prior communication, understanding or agreement, whether written or oral, concerning the subject matter of this Settlement Agreement.

I. This Settlement Agreement may not be amended except by an instrument in writing signed on behalf of all the Parties to this Settlement Agreement.

J. Any notices or other writings required or permitted under this Settlement Agreement shall be sent to one or more designated representatives for the other Party. Allergan's designated representative is as follows:

> J. Mark Gidley
> White & Case LLP
> 701 Thirteenth Street, NW
> Washington, District of Columbia 20005-3807

The NYAG's designated representative is as follows:

> Bureau Chief, Antitrust Bureau
> New York State Attorney General's Office
> 120 Broadway
> New York, New York 10271

K. This Settlement Agreement is the product of informed negotiations and involved compromises of the Parties' positions. It has been jointly prepared by the NYAG and Allergan, and the terms hereof shall not be construed in favor of or against any Party on account of its

participation in such preparation. As such, no Party may claim that any ambiguity in this Settlement Agreement shall be construed against any other Party on account of its participation in the preparation of this Settlement Agreement.

L.    In the event that one or more provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Settlement Agreement.

M.    All captions and headings herein are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Settlement Agreement.

N.    This Settlement Agreement shall be effective and binding only when signed by all Parties or their duly authorized representatives or counsel. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one instrument.

O.    This Settlement Agreement shall be governed by the laws of the State of New York without regard to any conflict of laws principles.

P.    The Parties consent to the jurisdiction of the U.S. District Court for the Southern District of New York for any proceedings to enforce this Settlement Agreement. In the event that jurisdiction is not available in the U.S. District Court for the Southern District of New York, then the parties consent to the jurisdiction of any state court located in New York County.

IN WITNESS WHEREOF, the Parties through their duly authorized representatives or counsel have executed and agreed to be bound by this Settlement Agreement as of the date set forth at their respective signatures.

ERIC T. SCHNEIDERMAN

*[signature]*

Eric J. Stock
Antitrust Bureau Chief
New York State Attorney General's Office
120 Broadway
New York, New York 10271-0332

Dated: November 24, 2015

ALLERGAN PLC AND FOREST LABORATORIES LLC

J. Mark Gidley
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Dated: November __, 2015

IN WITNESS WHEREOF, the Parties through their duly authorized representatives or counsel have executed and agreed to be bound by this Settlement Agreement as of the date set forth at their respective signatures.

ERIC T. SCHNEIDERMAN


_____

Eric J. Stock
Antitrust Bureau Chief
New York State Attorney General's Office
120 Broadway
New York, New York 10271-0332


Dated: November __, 2015


ALLERGAN PLC AND FOREST LABORATORIES LLC

_____
J. Mark Gidley
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Dated: November 27, 2015

12

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STATE OF NEW YORK
by and through ERIC T. SCHNEIDERMAN,
    Attorney General

           Plaintiff,

v.

ACTAVIS, PLC, and
FOREST LABORATORIES, INC.,
    Defendants.
-----------------------------------------------------------------x

Case No.: 14-CV-7473-RWS

STIPULATION AND ORDER OF
DISMISSAL WITH PREJUDICE

    Plaintiff State of New York ("NYAG") and Defendants Actavis plc Forest Laboratories, LLC (collectively "Actavis"), through their respective counsel pursuant to Federal Rule of Civil Procedure 41(a)(l)(A)(ii), stipulate and agree as follows:

    1.     This action, and all the claims asserted herein, are dismissed in their entirety, WITH PREJUDICE; and

    2.     Each party shall bear its own costs, expenses and attorneys' fees incurred in this action except as provided in the parties' Settlement Agreement, a true and correct copy of which is attached as Exhibit A.

ERIC T. SCHNEIDERMAN

_____

Eric J. Stock, Antitrust Bureau Chief
Elinor Hoffmann, Antitrust Deputy Bureau Chief
New York State Attorney General's Office
120 Broadway
New York, New York 10271-0332

*Counsel for Plaintiff State of New York*

i

Dated: November 24, 2015

ACTAVIS PLC AND FOREST LABORATORIES LLC

*J. Mark Gidley*
White & Case LLP
701 13th Street NW
Washington, DC 20005

*Counsel for Defendants Actavis plc and Forest Laboratories LLC*

Dated: November 24, 2015

SO ORDERED this ___ day of November, 2015

_____
Hon. Robert W. Sweet
Senior United States District Court Judge

ii

EXHIBIT 2

No. 15-587

IN THE

# Supreme Court of the United States

ALLERGAN PLC AND FOREST LABORATORIES, LLC,
*Petitioners,*

v.

STATE OF NEW YORK, BY AND THROUGH
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL,
*Respondent.*

**On Petition for a Writ of Certiorari to the
United States Court of Appeals
for the Second Circuit**

## STIPULATION OF THE PARTIES TO DISMISS THE PETITION FOR A WRIT OF CERTIORARI

Pursuant to Rule 46 of the Rules of this Court, Petitioners Allergan plc and Forest Laboratories, LLC, and Respondent State of New York, by and through Eric T. Schneiderman, Attorney General, stipulate and agree that the Petition for a Writ of Certiorari should be dismissed, with each of the parties bearing their respective costs except as otherwise agreed in their settlement agreement. All fees due to the Clerk in this case have been paid.

The parties accordingly jointly request that the Clerk, without further reference to the Court, enter an Order dismissing this petition.

i

Respectfully submitted,

November 25, 2015

ALLERGAN PLC AND FOREST
LABORATORIES, LLC

*William Perlee* for Lisa S. Blatt

Lisa S. Blatt
Arnold & Porter LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
(202) 942-5000
*Counsel for Petitioners Allergan plc and Forest Laboratories, LLC*

November 24, 2015

ERIC T. SCHNEIDERMAN

Anisha Dasgupta, Deputy Solicitor General
Barbara Underwood, Solicitor General
New York State Attorney General's Office
120 Broadway, 25th Floor
New York, New York 10271-0332
(212) 416-8198

*Counsel for Respondent State of New York*

ii