# Exhibit 317
# (Filed Under Seal)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COBALT LABORATORIES INC., et al., ) <br> ) <br> Defendants. ) | C.A. No. 08-021 (GMS) (LPS) <br> CONSOLIDATED |
| FOREST LABORATORIES, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BARR LABORATORIES, INC., et al., ) <br> ) <br> Defendants. ) | C.A. No. 08-022 (GMS) (LPS) |
| FOREST LABORATORIES, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DR. REDDY'S LABORATORIES, INC., et al., ) <br> ) <br> Defendants. ) | C.A. No. 08-52 (GMS) (LPS) |
| FOREST LABORATORIES, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ORGENUS PHARMA INC., ) <br> ) <br> Defendants. ) | C.A. No. 08-291 (GMS) (LPS) |

```
                                            )
FOREST LABORATORIES, INC., et al.,          )
                                            )
                Plaintiffs,                 )
                                            )
        v.                                  )   C.A. No. 08-336 (GMS) (LPS)
                                            )
APOTEX INC., et al.,                        )
                                            )
                Defendants.                 )
```

## SCHEDULING ORDER

This  8th  day of July, 2008, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on June 26, 2008, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) within ten days of the date of this Order.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before December 8, 2008.

3. *Markman* **Claim Construction Hearing.** A *Markman* claim construction hearing shall be held December 15, 2008 at 10:00 a.m. The *Markman* hearing is scheduled for a total of five hours with each side having two and one-half hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before October 6, 2008, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied

2

upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed within three (3) days after the answering claim construction briefs. The parties shall file opening claim construction briefs on October 31, 2008 and answering claim construction briefs on November 21, 2008. Briefing will be presented pursuant to the court's Local Rules, **with the following exception with regard to page limits:** unless otherwise approved by the court, no opening or answering brief shall exceed 20 pages in each instance exclusive of any table of contents or table of citations.

4. **Discovery.**

a. **Coordination by Defendants.** Defendants shall endeavor to coordinate their discovery efforts in this matter. In addition, when and to the extent practicable Defendants will designate a single spokesperson to serve as coordinating counsel for purposes of communication with the Court and/or Plaintiffs on a particular issue or area of discovery that is common to all Defendants ("Common Discovery Issues"). Common Discovery Issues include, but are not limited to:

1. infringement/noninfringement of the claims of the asserted patent;

2. validity/invalidity of any asserted patent claim;

3. enforceability/unenforceability of the asserted patent due to inequitable conduct;

4. the conception and reduction to practice of any asserted patent claim;

5. the prosecution of the asserted patent;

6. Plaintiffs' testing, use, development, regulatory approval, licensing, or commercialization of their memantine-based products.

3

Such spokesperson need not be the same for each issue or area of discovery that may arise. The spokesperson will make good faith efforts to coordinate activities of the Defendants to reduce duplicative communications and filing with the Court.

b. **Fact Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before June 1, 2009.

 (i) Defendants shall produce ANDA filings and related development documents no later than July 21, 2008.

 (ii) **Interrogatories.** The Defendants collectively may serve on Plaintiffs collectively up to twenty five (25) interrogatories directed to Common Discovery issues. The Plaintiffs collectively may serve on Defendants collectively up to twenty-five (25) interrogatories directed to Common Discovery issues. Each Defendant Group[1] may in addition serve up to ten (10) individualized interrogatories on Plaintiffs collectively. Plaintiffs collectively may serve up to ten (10) individualized interrogatories on each Defendant Group.

 (iii) **Depositions.** The Plaintiffs collectively may take a maximum of thirty-five (35) hours of fact depositions, including 30(b)(6) witnesses, of each Defendant Group and up to fifty (50) hours of non-party fact depositions. The Defendants collectively may take a maximum of two hundred fifty (250) hours of fact depositions,

---

[1] The Defendant Groups are defined on Exhibit A, hereto.

4

including 30(b)(6) witnesses. Each fact deposition by Plaintiffs is limited to a maximum of seven (7) hours unless extended by agreement of the parties. Each fact deposition by Defendants is limited to a maximum of fourteen (14) hours unless extended by agreement of the parties. To the extent a translator is required at a deposition, each hour shall be counted as one-half hour of deposition time for purposes of this provision. All parties will use their best good faith efforts to limit the length of time any individual is deposed.

Absent unusual circumstances (e.g., health reasons), any fact witness employed by or controlled by any party to this action shall appear for deposition at a mutually agreeable location within the United States. To the extent the parties cannot agree on a location within the United States, the deposition shall occur in Delaware.

c. **Expert Discovery.** Opening expert reports on issues on which a party bears the burden of proof shall be served July 1, 2009. Rebuttal expert reports shall be served on or before August 3, 2009. Expert Discovery in this case shall be initiated so that it will be completed by September 11, 2009.

d. **Discovery Matters.** Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four

(24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

       5. **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within twenty (20) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers. **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 4(d).**

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6

6. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to a United States Magistrate for the purpose of exploring the possibility of a settlement.

7. **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than September 28, 2009. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than October 6, 2009. Reply letter briefs shall be no longer than three (3) pages and filed with the Court no later than October 9, 2009. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on October 16, 2009 at 10:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in this paragraph.**

8. **Case Dispositive Motions:** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed within two weeks of the summary judgment Status Conference, or within two weeks of the court's decision on whether it will permit summary judgment filing, whichever period is greater. Briefing will be presented pursuant to the court's Local Rules, **with the following exception with regard to page limits:** unless otherwise approved by the court, no opening or answering brief shall exceed 20 pages. and no reply brief shall exceed 10 pages, in each instance exclusive of any table of contents or table of citations. The parties may agree on an alternative briefing scheduling. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or the request will be denied.

7

9. **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non dispositive motion should contain the statement required by Local Rule 7.1.1.

10. **Oral Argument** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

11. **Tutorial Describing the Technology and Matters in Issue.** On November 12, 2008, beginning at 1:00 p.m., the Court will hold a hearing during which the parties will present a tutorial on the technology at issue. The tutorial should not be used to argue the parties' claims construction contentions. The parties shall arrange for the in-court tutorial to be videotaped, with a copy to be provided to the Court following the hearing, with costs to be shared equally between plaintiffs and defendants.

12. **Daubert Issues.** The Court will address Daubert issues at the Pretrial Conference. Daubert issues are properly raised as a Motion *in Limine* (to be submitted in accordance with the Motion *in Limine* schedule) and will count toward the five (5) motions permitted per side.

13. **Pretrial Conference.** Judge Stark will hold a Pretrial Conference in Chambers with counsel on February 18, 2010 at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a

8

draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiffs draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine*:** No party shall file more than five(5) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by January 6, 2010; January 15, 2010; and January 20, 2010. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's website at www.ded.uscourts.gov on or before January 20, 2010.

      14.    **Trial.** This matter is scheduled for a five day bench trial on a date to be determined.

_____
Honorable Leonard P. Stark
United States Magistrate Judge

9

# EXHIBIT A

The following constitute "Defendant Groups" as that term is used in the Scheduling Order entered in this case:

1. Apotex Corp and Apotex Inc.

2. Barr Laboratories, Inc., Barr Pharmaceuticals, Inc., PLIVA d.d. and PLIVA-Hrvatska d.o.o.

3. Cobalt Laboratories Inc.

4. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Limited

5. Genpharm Inc. and Genpharm, L.P.

6. Interpharm Holdings, Inc. and Interpharm, Inc.

7. Lupin Pharmaceuticals, Inc. and Lupin Ltd.

8. Mylan Pharmaceuticals Inc.

9. Orchid Pharmaceuticals Inc., Orchid Chemicals & Pharmaceuticals Ltd (d/b/a Orchid Healthcare) and Orgenus Pharma Inc.

10. Sun India Pharmaceuticals Ltd. and Sun Pharmaceutical Industries, Inc.

11. Teva Pharmaceutical USA, Inc.

12. Upsher-Smith Laboratories Inc.

13. Wockhardt USA Inc. and Wockhardt Limited