# Exhibit 320
# (Filed Under Seal)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> COBALT LABORATORIES, INC., *et al.*, ) <br> ) <br> Defendants. ) | C.A. No. 08-021 (GMS) (LPS) (Consolidated) |

## STIPULATION AND ORDER

The Court, upon the consent and request of Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings Ltd., Merz Pharma GmbH & Co. KGaA and Merz Pharmaceuticals GmbH (collectively, "Plaintiffs") and Defendant Upsher-Smith Laboratories, Inc. ("Upsher-Smith"), hereby acknowledges the following Stipulation and issues the following Order.

## STIPULATION

1. This Court has subject matter jurisdiction over this patent infringement action (the "Action") and personal jurisdiction over Plaintiffs and Upsher-Smith. Venue is proper in this Court as to Plaintiffs and Upsher-Smith.

2. In this Action, Plaintiffs have charged Upsher-Smith with infringement of United States Patent No. 5,061,703 ("the '703 Patent") in connection with Upsher-Smith's submission of Abbreviated New Drug Application ("ANDA") No. 90-043 directed to generic tablets containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet to the U.S. Food and Drug Administration ("FDA").

3. In response to Plaintiffs' charges of patent infringement, Upsher-Smith has alleged certain defenses, including that the '703 Patent is invalid, unenforceable, and/or not infringed by the generic tablet products containing 5 milligrams or 10 milligrams of memantine hydrochloride that are the subject of ANDA No. 90-043, or by the use thereof. No decision has been obtained by either party from this Court regarding these charges of infringement or these defenses.

4. Upsher-Smith has not rebutted the statutory presumption that the '703 Patent is valid and enforceable in this Action. This admission is without prejudice to Upsher-Smith's defenses that the '703 patent is invalid and/or unenforceable.

5. Upsher-Smith admits that the submission of ANDA No. 90-043 to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture,

use and/or sale of generic tablets containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet within the United States before the expiration of the '703 Patent was a technical act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A). This admission is without prejudice to Upsher-Smith's defenses that the '703 patent is invalid, unenforceable, and/or that the product described by ANDA No. 90-043, or the use thereof, does not infringe that patent.

6. Upsher-Smith has agreed that each of the defenses set forth in its Answer And Affirmative Defenses, including the allegations and averments contained therein, should be dismissed, without prejudice.

## ORDER

Accordingly, pursuant to the above Stipulation, and upon the consent and request of Plaintiffs and Upsher-Smith, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The filing of ANDA No. 90-043 was a technical act of infringement of the '703 Patent under 35 U.S.C. § 271(e)(2)(A). No decision of the Court has been obtained by either party regarding the presumptive validity and enforceability of the '703 patent and/or whether the product described by ANDA No. 90-043, or the use thereof, infringes that patent.

2. Upsher-Smith's defenses with respect to the '703 Patent are hereby dismissed, without prejudice.

3. Upsher-Smith, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from offering to sell or selling within the United States the generic tablet products containing 5 milligrams or 10 milligrams of memantine hydrochloride per tablet that are the subject of ANDA No. 90-043 during the life of the '703

Case 1:08-cv-00021-GMS-LPS   Document 412   Filed 09/08/2009   Page 4 of 5

Patent, including any extensions and pediatric exclusivities, absent a license agreement or other authorization by Plaintiffs, unless all of the asserted claims of the '703 Patent are found invalid or unenforceable by a court decision from which no appeal has been or can be taken, other than a petition for a writ of certiorari to the U.S. Supreme Court.

4. Plaintiffs and Upsher-Smith each expressly waive any right to appeal or otherwise move for relief from this Stipulation And Order.

5. This Court retains jurisdiction over Plaintiffs and Upsher-Smith for purposes of enforcing this Stipulation And Order.

6. This Stipulation And Order shall finally resolve this Action between Plaintiffs and Upsher-Smith.

7. The Clerk of the Court is directed to enter this Stipulation And Order forthwith.

**SO ORDERED:**
This 11th day of Sept., 2009

HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| /s/ Maryellen Noreika | /s/ Anne Shea Gaza |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com | Frederick L. Cottrell, III (#2555)<br>Anne Shea Gaza (#4093)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>gaza@rlf.com |
| *Attorneys for Plaintiffs* | *Attorneys for Upsher-Smith Laboratories Inc.* |