# Exhibit 21

HIGHLY CONFIDENTIAL

Page 1

1   ** H I G H L Y   C O N F I D E N T I A L **

2   UNITED STATES DISTRICT COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Civil Action No. 1:15-cv-07488-CM

5   -----------------------------------x

6

    IN RE NAMENDA DIRECT PURCHASER

7   ANTITRUST LITIGATION

8

9   -----------------------------------x

                August 29, 2017

10              8:49 a.m.

11

12

13      Videotaped Deposition of FOREST

14   LABORATORIES, LLC; ACTAVIS, PLC; FOREST

15   LABORATORIES, INC.; and FOREST LABORATORIES

16   HOLDINGS LTD., by MARK DEVLIN, taken by

17   Plaintiffs, pursuant to Rule 30(b)(6)

18   Notice, held at the offices of Garwin

19   Gerstein & Fisher LLP, 88 Pine Street, New

20   York, New York, before Todd DeSimone, a

21   Registered Professional Reporter and Notary

22   Public of the State of New York.

23

24

25

HIGHLY CONFIDENTIAL



Page 262

1    And so this document is
2
18    Q.
22    MR. SORENSEN:  Objection,
23  leading.  Objection, beyond the scope.
24    A.    Yes, without a doubt.
25    Q.    Would those --

Page 263

1
4    MR. SORENSEN:  Same objections.
5    A.
8    Medicare patients oftentimes
9  will move in and out of plans or change
10  plans.  There is a little bit of
11  disruption, sometimes confusion at the
12  change of the benefit year, which is
13  January 1st.  Sometimes there are
14  deductibles that the patients have to pay
15  and work through in the early couple of
16  months.
17
20    Q.    Okay.  Now, Mr. Sorensen asked
21  you a lot of questions about the period
22  2014 and earlier, right?
23    A.    Yes.
24    Q.    He didn't really ask you any
25  questions about after the injunction, in

Page 264

1  other words, you know, after December 2014
2  into 2015; is that right?
3    MR. SORENSEN:  Objection,
4  leading.  Go ahead.
5    A.    That's about right.
6    MR. TOTO:  I think the record
7  will reflect that.
8    MR. SORENSEN:  It doesn't make
9  it not leading.
10    Q.    Now, after the injunction
11  issued, is there any reason that a patient
12  that was on XR at that point in time
13  couldn't switch back to Namenda IR prior to
14  the loss of exclusivity of Namenda IR?
15    MR. SORENSEN:  Objection,
16  leading, beyond the scope.
17    A.    No.  I think as I testified
18  before, the patients had, and physicians,
19  had the choice, they could have changed
20  from XR back to IR if they wanted to, or IR
21  to XR, both were available, there was no --
22  there was no withdrawal.  There was no
23  limited distribution or restriction of any
24  kind.
25    Q.    After the injunction issued,

Page 265

1  did you stop promoting XR?
2    A.    No.
3    Q.    Did you continue to promote it
4  aggressively?
5    A.    We did.
6    MR. SORENSEN:  Same objections,
7  beyond the scope and leading.  Go ahead.
8    A.    Yes, we did.
9    Q.    You had some -- there were a
10  number of questions about communications
11  about the withdrawal, when that was -- when
12  that was announced in and around February
13  2014.  Do you recall those questions?
14    A.    Yes.
15    Q.    A block of questions about
16  letters that were sent out or
17  communications plan, that kind of thing?
18    A.    Yes.
19    Q.    Why did you send out letters
20  and inform the market of your then plan to
21  withdraw Namenda IR from the market?
22    MR. SORENSEN:  I object insofar
23  as you objected to my questions about those
24  communications as beyond the scope and yet
25  you're asking about it.  But go ahead.

67 (Pages 262 - 265)

HIGHLY CONFIDENTIAL

Page 294

1        CERTIFICATION
2
3    I,  TODD DeSIMONE, a Notary Public for
4  and within the State of New York, do hereby
5  certify:
6     That the witness whose testimony as
7  herein set forth, was duly sworn by me; and
8  that the within transcript is a true record
9  of the testimony given by said witness.
10    I further certify that I am not related
11  to any of the parties to this action by
12  blood or marriage, and that I am in no way
13  interested in the outcome of this matter.
14    IN WITNESS WHEREOF, I have hereunto set
15  my hand this 30th day of August, 2017.
16
17
18
19
20    *Todd DeSimone*
21    _____
22        TODD DESIMONE
23        *   *   *
24
25

Page 295

1        ERRATA SHEET
       VERITEXT/NEW YORK REPORTING, LLC
2
   CASE NAME: IN RE NAMENDA
3  DATE OF DEPOSITION: 8/29/17
   WITNESS' NAME: MARK DEVLIN
4
   PAGE/LINE(S)/    CHANGE        REASON
5  ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
6  ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
7  ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
8  ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
9  ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
10 ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
11 ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
12 ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
13 ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
14 ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
15 ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
16 ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
17 ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
18 ____/____/____ _____ _____/_____
   ____/____/____ _____ _____/_____
19
   _____
20     MARK DEVLIN
21 SUBSCRIBED AND SWORN TO
   BEFORE ME THIS_____DAY
22 OF_____, 2017.
   _____
23     NOTARY PUBLIC
24 MY COMMISSION EXPIRES_____
25

75 (Pages 294 - 295)