**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION** | Case No. 1:15-CV-07488-CM-RWL |

**PLAINTIFFS' RESPONSE TO FOREST'S MOTION FOR LEAVE
TO FILE A SUR-REPLY IN FURTHER OPPOSITION TO
DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .......................................................................................................................2

    A.    A Class Representative's Absence from Trial Is Not Sufficient to Render It Inadequate. ................................................................................................................ 2

    B.    Forest's Proposed Sur-Reply Ignores the Reason Why RDC's Rule 30(b)(6) Witness Will Not Testify Live at Trial. ................................................................... 3

III. CONCLUSION ....................................................................................................................4

# TABLE OF AUTHORITIES

**Federal Cases** **Page(s)**

*Arabian v. Sony Electronics, Inc.*,
 CASE NO. 05-CV-1741 WQH (NLS), 2007 U.S. Dist. LEXIS 12715
 (S.D. Cal. Feb. 22, 2007) ............................................................................................................ 3

*Romero v. La. Revise Assocs., L.L.C.*,
 58 F. Supp. 3d 411 (S.D.N.Y. 2014) .......................................................................................... 2

*Weikel v. Tower Semiconductor, Ltd.*,
 183 F.R.D. 377 (D.N.J. 1998) .................................................................................................... 3

**Other**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 30 ............................................................................................................... *passim*

Fed. R. Civ. P. 32 ....................................................................................................................... 4

**I.     INTRODUCTION**

Forest's proposed sur-reply attacks the adequacy of one class representative, Rochester Drug Co-Operative, Inc. ("RDC"), yet ignores the existence of another class representative (Smith Drug) who will testify in person at trial. Further, while Direct Purchaser Class Plaintiffs ("Plaintiffs") do not intend to call any RDC witness live at trial, RDC's prior Rule 30(b)(6) deposition can be exhibited at trial and a representative of RDC will attend. That, together with the testimony of Smith Drug, clearly meets Rule 23(a)(4)'s adequacy requirement, making Forest's motion yet another example of the gamesmanship it has played throughout this case. Additionally, since there was no serious attack on the adequacy of Smith Drug, and a single representative is all that is required to satisfy Rule 23(a), Forest's proposed sur-reply seeking denial of class certification based on its challenge to a second, unrelated class representative is specious on its face. But if the Court requires it, an RDC witness will be added to Plaintiffs' witness list and submit to deposition.

Forest's arguments regarding the adequacy of RDC as a class representative rest on distortions of the applicable law and facts. Forest cites no case that says a proposed class should not be certified based solely on one class representative's potential unavailability to testify live at trial. Such a result would be particularly unfair considering RDC's involvement throughout this case, including designating a Rule 30(b)(6) witness who was deposed in response to Forest's notice, and its continued attention to the litigation, and considering the presence of another class representative who will testify live at trial. Moreover, Forest's proposed sur-reply disregards the reason why Plaintiffs removed RDC's designee from their live witness list – he is no longer an RDC employee and is outside the subpoena power of this Court.

Although Plaintiffs' reply did not introduce "new" issues or arguments to warrant a sur-reply, Forest's proposed sur-reply does raise novel arguments attacking RDC's adequacy as a

1

class representative. Thus, while Plaintiffs do not believe a sur-reply is warranted, they submit this opposition to address the new arguments from Forest's latest filing.

## II.     ARGUMENT

### A.     A Class Representative's Absence from Trial Is Not Sufficient to Render It Inadequate.

Contrary to Forest's suggestion, there is no absolute rule that a class representative must actually attend the hearing or trial to serve as an adequate class representative. In fact, this court has found otherwise. *See Romero v. La Revise Assocs., L.L.C.*, 58 F. Supp. 3d 411, 418-422 (S.D.N.Y. 2014) (holding that the representative party satisfied Rule 23(a)'s adequacy requirement even though he did not attend the mediation or any court proceedings). Moreover, Forest does not (and cannot) identify how the class (or Forest) will be harmed by RDC's not testifying live at trial, particularly since Plaintiff Smith Drug will attend trial live and testify on the class's behalf, and RDC can testify via the Rule 30(b)(6) deposition that Defendants have already conducted (which it is permitted to do and is the very purpose of Rule 30(b)(6)).[1]

The removal of RDC's live witness from Plaintiffs' case in chief does not, as Forest suggests, "underscore the extent to which RDC has abdicated its authority" to counsel. Forest's Sur-Reply in Further Opp'n to Direct Purchaser Class Pls.' Mot. for Class Certification at 2, dated February 6, 2017 ("Forest's Sur-Reply"). It is certainly reasonable and not harmful to the class for the class representatives, in consultation with their counsel, to make decisions about which of the class representatives could and should attend trial and testify live on behalf of the class. RDC's

---

[1] Forest's repeated assertion that Smith Drug will not adequately represent the class is baseless and clearly refuted by the record, as discussed in prior briefing. *See* Plaintiffs' Reply Memorandum of Law in Support of Direct Purchaser Class Plaintiffs' Motion for Class Certification at 20, dated October 25, 2017.

not testifying live at trial does not have any bearing on its willingness or ability to keep apprised of the trial, which it will do through a representative of RDC who will attend trial live.

The authorities Forest relies on do not support its contention that RDC will not adequately represent the class. In *Weikel v. Tower Semiconductor, Ltd.*, 183 F.R.D. 377, 396 (D.N.J. 1998), the court dismissed a class representative who stated at the class certification stage that he would need advance notice of six or seven weeks in order to arrange his schedule to participate in the trial. The court, in ruling that this class representative could not adequately represent the class, found that "[i]t would be inappropriate to subject class members to trial delays created by a class representative." *Id.* In contrast, the trial in this matter will not be delayed. *Arabian v. Sony Electronics, Inc.*, No. 05-cv-1741, 2007 U.S. Dist. LEXIS 12715, at *22 (S.D. Cal. Feb. 22, 2007) is also inapposite. There, the court found the class representative inadequate because he was out of the country for the duration of the trial, and therefore unable to "check the discretion of trial counsel." In contrast, RDC and its CEO, Mr. Brennan, will keep apprised of the trial and will serve the role of checking the discretion of counsel.

### B. Forest's Proposed Sur-Reply Ignores the Reason Why RDC's Rule 30(b)(6) Witness Will Not Testify Live at Trial.

Forest protests the absence of a live RDC witness on Plaintiffs' witness list – even though RDC's Rule 30(b)(6) deposition testimony was designated – but neglects to inform the Court why Plaintiffs did not include an RDC witness. As Plaintiffs advised Forest, Plaintiffs did not include RDC's former CEO and 30(b)(6) witness, Laurence Doud, on their witness list because he is retired and is unavailable. Joseph Brennan, RDC's current CEO (or other RDC representatives), is available to appear for trial as the designee of RDC, but Forest demanded a second Rule 30(b)(6)

deposition of RDC, despite the close of fact discovery on September 15, 2017.[2]  Forest's request is not only untimely, but also would impose a substantial, duplicative and unnecessary burden upon RDC.  Plaintiffs offered to stipulate that the transcript of RDC via Mr. Doud could be used to impeach RDC via Mr. Brennan at trial, if he were to testify.  Further, Plaintiffs may use Mr. Doud's Rule 30(b)(6) testimony at trial even if they do not call an RDC witness live.  *See* Fed. R. Civ. P. 32 ("party may use for any purpose the deposition of a witness, whether or not a party, if the court finds" "the witness is more than 100 miles from the place of hearing or trial" so long as the absence was not procured by the party offering the deposition).

If the Court determines, however, that it cannot grant class certification or designate RDC as a class representative unless a live RDC witness is called at trial, Plaintiffs will make Mr. Brennan available for a second 30(b)(6) deposition.  Because Forest never sought to depose Mr. Doud in his individual capacity under Rule 30(b)(1) and only sought RDC's testimony under Rule 30(b)(6), requiring a deposition of Mr. Brennan under Rule 30(b)(1) would not be warranted.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs submit this response to Forest's Motion for Leave to File a Sur-Reply in Further Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification.

Dated: February 20, 2018                                    Respectfully submitted:

***Rochester Drug Co-Operative, Inc. and the***    ***JM Smith Corporation d/b/a Smith Drug***
***Proposed Class***                                                           ***Company and the Proposed Class***

                                                                                            */s/ Dan Litvin*
David F. Sorensen                                                  Bruce E. Gerstein
Daniel C. Simons                                                    Joseph Opper
BERGER & MONTAGUE, P.C.                            Dan Litvin
1622 Locust Street                                                  GARWIN GERSTEIN & FISHER LLP

---

[2] Third Am. Case Management Order (ECF No. 397).

4

Philadelphia, PA 19103
Tel: (215) 875-4675
Fax: (215) 875-4604
Email: dsorensen@bm.net
       dsimons@bm.net

Peter Kohn
Joseph T. Lukens
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Tel: (215) 277-5770
Fax: (215) 277-5771
Email: pkohn@faruqilaw.com
       jlukens@faruqilaw.com

88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
Email: bgerstein@garwingerstein.com
       jopper@garwingerstein.com
       dlitvin@garwingerstein.com

David C. Raphael, Jr.
Erin R. Leger
SMITH SEGURA & RAPHAEL, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
Email: draphael@ssrllp.com
       eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Dan Chiorean
ODOM & DES ROCHES, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
Email: stuart@odrlaw.com

Russ Chorush
Miranda Jones
HEIM PAYNE & CHORUSH, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
Email: rchorush@hpcllp.com

## CERTIFICATION OF SERVICE

I, Dan Litvin, hereby certify that on February 20, 2018, a copy of the foregoing document was served upon all parties to this action via the Court's ECF system, where it is available for viewing and downloading. A confidential version of this brief was also served upon all parties via electronic mail.

<u>/s/ Dan Litvin</u>
Dan Litvin