**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | No. 15-cv-7488-CM-RWL |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPROVE THE FORM AND MANNER OF NOTICE TO THE DIRECT PURCHASER CLASS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I. INTRODUCTION ........................................................................................................... 1
II. DISCUSSION ................................................................................................................. 2
    A. The Proposed Manner of Notice Complies with Rule 23 ...................................... 2
    B. The Form of Notice Complies with Rule 23 ......................................................... 3
    C. Rust Consulting Is Qualified to Serve as Notice Administrator ............................ 4
    D. A 60-Day Opt-out Period is Adequate and Fair .................................................... 4
III. CONCLUSION ................................................................................................................ 5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Asare v. Change Grp. N.Y., Inc.*,
  No. 12 Civ. 3371 (CM), 2013 U.S. Dist. LEXIS 165935 (S.D.N.Y. Nov. 15, 2013) .................................................................................................................................. 5

*Guippone v. BH S&B Holdings LLC*,
  09 Civ. 1029 (CM), 2011 U.S. Dist. LEXIS 36379 (S.D.N.Y. Mar. 30, 2011) ....................... 3, 4

*In re DDAVP Direct Purchaser Antitrust Litig.*,
  No. 05 Civ. 2237, 2011 U.S. Dist. LEXIS 97487 (S.D.N.Y. August 15, 2011) .......................... 4

*In re In re Flonase Antitrust Litig.*,
  No. 08-cv-3149, 2013 U.S. Dist. LEXIS 197122 (E.D. Pa. Jan. 14, 2013) ................................ 4

*In re Prandin Direct Purchaser Antitrust Litig.*,
  No. 2:10-cv-12141, 2015 U.S. Dist. LEXIS 5964 (E.D. Mich. Jan. 20, 2015) ........................... 4

*In re Skelaxin Metaxalone Antitrust Litig.*,
  No. MDL No. 2343, 2014 U.S. Dist. LEXIS 60214 (E.D. Tenn. Apr. 30, 2014) ....................... 4

*In re Scotts EZ Seed Litig.*,
  No. 12 CV 4727 (VB), 2015 U.S. Dist. LEXIS 127844 (S.D.N.Y. July 7, 2015) ...................... 3

*Manley v. Midan Rest. Inc.*,
  14 Civ. 1693 (HBP), 2016 U.S. Dist. LEXIS 43571 (S.D.N.Y. Mar. 30, 2016), ....................... 5

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) .................................................................................................................... 2

*Perez v. Jupada Enters.*,
  10 Civ. 3118 (JMF), 2012 U.S. Dist. LEXIS 103783 (S.D.N.Y. July 25, 2012) ....................... 5

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) .................................................................................................................... 3

*Reiter v. Sonotone Corp.*,
  442 U.S. 330 (1979) .................................................................................................................... 2

*Reyes v. City of Rye*,
  No. 13-cv-9051 (NSR), 2016 U.S. Dist. LEXIS 99428 (S.D.N.Y. July 28, 2016) ..................... 3

*Schear v. Food Scope Am., Inc.*,
  297 F.R.D. 114 (S.D.N.Y. 2014) ................................................................................................ 5

**Other Authorities**

5 Moore's Federal Practice §23.102[3][a] (3d ed. 2018) ......................................................... 2

Fed.R.Civ.P. 23(c) ............................................................................................................. *passim*

Manual for Complex Litigation (4th ed.) §21.311 .................................................................. 2

**I.      INTRODUCTION**

The Direct Purchaser Class Plaintiffs ("Plaintiffs") respectfully move for an order approving a program to notify the certified class of all persons or entities in the United States and its territories who purchased branded Namenda IR 5 or 10 mg tablets, and/or generic Namenda IR 5 or 10 mg tablets (including an authorized generic), and/or branded Namenda XR capsules, directly from Forest or its successors in interest, Actavis and Allergan, and/or directly from any generic manufacturer at any time during the period from June 2012 until September 30, 2015, of the pendency of this class action, and approving a form of notice to the class.

The key elements of the notice program are as follows:

*Manner of Notice.*  The Plaintiffs propose individual notice to all class members by U.S. First Class mail.  The certified class consists of 62 businesses that either purchased Namenda[1] directly during the class period, or received an assignment from a direct purchaser.  The class members' identities are known, as this Court has observed (Memorandum Opinion, Doc. No. 570, at 99 (August 2, 2018)).  Accordingly, individual notice by U.S. First Class mail is the best notice that is practicable under the circumstances.  Fed. R. Civ. P. 23(c)(2)(B).

*Form of Notice.*  The Plaintiffs have prepared a notice (Exhibit 1 hereto) that clearly and concisely states in plain, easily understood language the nature of the action and other elements required by Fed. R. Civ. P. 23(c)(2)(B)(i-vii).  The form of notice satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process.

*Proposed Notice Administrator.*  Rust Consulting has been appointed as class notice and/or claims administrator in many pharmaceutical products antitrust class actions, and is qualified to

---

[1] Defined as "Namenda IR 5 or 10 mg tablets, and/or generic Namenda IR 5 or 10 mg tablets (including an authorized generic), and/or branded Namenda XR capsules."

serve in this action.  *See* http://www.rustconsulting.com/cases.

Accordingly, the Plaintiffs' proposed notice program and form of notice to members of the direct purchaser class in this action concerning the ongoing litigation should be approved.

## II.   DISCUSSION

### A.  The Proposed Manner of Notice Complies with Rule 23

Pursuant to Fed. R. Civ. P. 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The best notice practicable is notice that can be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). "Rule 23, of course, accords considerable discretion to a district court in fashioning notice to a class." *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987) (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979)).

Based on actual sales data for Namenda IR, Namenda XR and generic Namenda IR produced in this action by Forest and various third parties (reviewed and summarized by the Plaintiffs' economic expert, Russell L. Lamb, Ph.D.), the Plaintiffs have identified the members of the class of direct purchasers of these products, and have identified the mailing address of each class member.  *See* Memorandum Opinion, Doc. No. 570, at 99 (August 2, 2018) ("I am certifying a direct purchaser plaintiff class including the 62 members proposed in Plaintiffs' revised list."); *id*. at 99 (identifying each of the 62 class members).

Under these circumstances, the best method of notice is individual notice.  *See* MANUAL FOR COMPLEX LITIGATION (4th ed.) § 21.311 at 488 ("Rule 23(c)(2)(B) requires that individual notice in 23(b)(3) actions be given to class members who can be identified through reasonable

2

effort"). Accordingly, federal courts in this Circuit routinely order individual notice by first class mail. *See* 5 MOORE'S FEDERAL PRACTICE § 23.102[3][a] (3d ed. 2010) ("Courts usually order the class proponent to give notice of the class action by first-class mail to all individual class members who can be identified with reasonable effort"); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (finding that sending a descriptive notice via first class mail to all class members satisfies due process); *In re Franklin Nat. Bank Sec. Litig.*, 574 F.2d 662, 668 (2d Cir. 1978) (mailing notices to each class member is the best notice practicable); *Reyes v. City of Rye*, No. 13-cv-9051 (NSR), 2016 U.S. Dist. LEXIS 99428, at *33 (S.D.N.Y. July 28, 2016) (directing Notice of Pendency of Class Action to be distributed via mail); *In re Scotts EZ Seed Litig.*, No. 12 CV 4727 (VB), 2015 U.S. Dist. LEXIS 127844, at *3 (S.D.N.Y. July 7, 2015) (approving of notice via "first class mail, email, or both to approximately 736,819 individual purchasers."); *Guippone v. BH S&B Holdings LLC*, 09 Civ. 1029 (CM), 2011 U.S. Dist. LEXIS 36379, at *25 (S.D.N.Y. Mar. 30, 2011) (McMahon, J.) (determining that "first class mail to each class member's last known address" with descriptive information would be sufficient means of effecting notice).

The Plaintiffs propose mailing the notice within 7 calendar days of approval of the notice program.

### B. The Form of Notice Complies with Rule 23

Pursuant to Fed. R. Civ. P. 23(c)(2)(B), "[t]he notice must clearly and concisely state in plain, easily understood language:

 i. the nature of the action;
 ii. the definition of the class certified;
 iii. the class claims, issues, or defenses;
 iv. that a class member may enter an appearance through an attorney if the member so desires;
 v. that the court will exclude from the class any member who requests exclusion;

     vi.    the time and manner for requesting exclusion; and

    vii.    the binding effect of a class judgment on members under Rule 23(c)(3)."

The proposed notice meets these requirements. It contains all of the elements this Court referenced in conditionally approving the proposed notice in *Guippone*, in that

> it summarizes the nature of the pending . . . litigation and apprises the [] Class, among other things, of the Class definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the litigation . . . In short, the proposed Notice satisfies all the requirements of Rule 23(c)(2)(B).

*Guippone*, 2011 U.S. Dist. LEXIS 36379, at *25.

### C. Rust Consulting Is Qualified to Serve as Notice Administrator

Rust Consulting ("Rust") is in the business of carrying out large public notice or payment projects on behalf of businesses and governmental agencies. Rust has been appointed as class notice and/or claims administrator in many significant pharmaceutical antitrust class actions. *See*, *e.g.*, *In re DDAVP Direct Purchaser Antitrust Litig.*, 05 Civ. 2237, 2011 U.S. Dist. LEXIS 97487, at *10-11 (S.D.N.Y. Aug. 15, 2011); *In re Prandin Direct Purchaser Antitrust Litig.*, No. 2:10-cv-12141-AC-DAS, 2015 U.S. Dist. LEXIS 5964, at *4 (E.D. Mich. Jan. 20, 2015); *In re Skelaxin Metaxalone Antitrust Litig.*, No. MDL No. 2343, 2014 U.S. Dist. LEXIS 60214, at *19 (E.D. Tenn. Apr. 30, 2014); *In re In re Flonase Antitrust Litig.*, No. 08-cv-3149, 2013 U.S. Dist. LEXIS 197122, at *6 (E.D. Pa. Jan. 14, 2013). The classes in those prior cases are very similar to the class certified here, and Rust successfully executed the court-approved notice program in those cases without incident. Through these and other matters, Rust has developed and demonstrated the expertise to effectively execute class notice programs in pharmaceutical products antitrust class actions. Accordingly, Rust should be appointed Notice Administrator.

### D. A 60-Day Opt-out Period Is Adequate and Fair

The notice allows for a period of 60 days for class members to exclude themselves from

4

the class. Courts routinely approve of 60 day opt-out periods. *See, e.g.*, *Manley v. Midan Rest. Inc.*, 14 Civ. 1693 (HBP), 2016 U.S. Dist. LEXIS 43571, at *32 (S.D.N.Y. Mar. 30, 2016) (ordering that "Class members will have sixty (60) days from the date the revised Proposed Notice is mailed to opt outs"); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 128 (S.D.N.Y. 2014) (ordering a 60 day opt-out period.); *Asare v. Change Grp. N.Y., Inc.*, No. 12 Civ. 3371 (CM), 2013 U.S. Dist. LEXIS 165935, at *6 (S.D.N.Y. Nov. 15, 2013) (McMahon, J.) (pursuant to notice, "Class Members were given 60 days to submit an 'Opt-out Statement.'"); *Perez v. Jupada Enters.*, 10 Civ. 3118 (JMF), 2012 U.S. Dist. LEXIS 103783, at *30 (S.D.N.Y. July 25, 2012) (issuing a class notice with a 60 day opt-out period). The proposed notice directs class members that wish to exclude themselves from the class to submit their exclusion request to class counsel.

### III. CONCLUSION

For the reasons stated, Plaintiffs respectfully submit that the proposed notice program and form of notice to members of the direct purchaser class in this action should be approved.

Dated: September 5, 2018

Respectfully Submitted:

/s/ *Dan Litvin*

| | |
|---|---|
| David F. Sorensen | Bruce E. Gerstein |
| Daniel C. Simons | Joseph Opper |
| Berger Montague PC | Dan Litvin |
| 1818 Market Street | Kimberly M. Hennings |
| Suite 3600 | Garwin Gerstein & Fisher LLP |
| Philadelphia, PA 19103 | 88 Pine Street, 10th Floor |
| Tel: (215) 875-3000 | New York, NY 10005 |
| Fax: (215) 875-4604 | Tel: (212) 398-0055 |
| dsorensen@bm.net | Fax: (212) 764-6620 |
| dsimons@bm.net | bgerstein@garwingerstein.com |
| | jopper@garwingerstein.com |

dlitvin@garwingerstein.com
khennings@garwingerstein.com

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Tel: (215) 277-5770
Fax: (215) 277-5771 (fax)
pkohn@faruqilaw.com
jlukens@faruqilaw.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com

Russ Chorush
Miranda Jones
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX  77002
Tel:  (713) 221-2000
Fax:  (713) 221-2021
rchorush@hpcllp.com

*Co-lead counsel for the Direct Purchaser Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2018, I electronically filed the above Memorandum by CM/ECF system.

                         Respectfully submitted

                         /s/ *Dan Litvin*
                         Dan Litvin