**WHITE & CASE**

December 12, 2018

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

**VIA CM/ECF**

The Honorable Colleen McMahon
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, NY 10007-1312

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, NY 10007-1312

Re: *In re Namenda Direct Purchaser Antitrust Litigation*, 15-cv-07488-CM

Dear Judges McMahon and Lehrburger:

On behalf of Forest, I write in response to the letter filed today by Bruce E. Gerstein, counsel for the Direct Purchaser Plaintiffs ("DPPs"). ECF No. 603 ("DPPs' Letter"). Forest has not attempted to reopen discovery in the DPP case. Moreover, the parties to the IPP case have not yet obtained *any* third-party discovery. DPPs' request for relief related to evidence that Forest has not even received in the *IPP* case (let alone sought to use in the DPP case), based on the possibility that Forest may try to introduce it as evidence in the DPP case, is premature. As there is no ripe controversy, the Court should decline DPPs' request.

First, the notion that Forest "has unilaterally and without prior Court approval decided to reopen fact discovery" in the DPP case is baseless. DPPs' Letter at 1. DPPs' contention is belied by Mr. Gerstein's own recognition of the fact that the subpoenas about which DPPs complain "bear the caption of the Indirect Purchaser Plaintiff ("IPP") case ***only***." *Id.* at 2 (emphasis added). Mr. Gerstein's recognition is indeed correct. As the Court knows, the IPP case was stayed for about two years, during which time no discovery took place. When the Court lifted that stay, it authorized the parties to proceed with non-duplicative discovery for the IPP case. IPP Case, No. 15-cv-06549-CM (S.D.N.Y. Sept. 10, 2018), ECF No. 122 at 2 ("However, I am referring this case to the assigned Magistrate Judge, The Hon. Robert Lehrburger, for supervision of such *non-duplicative* discovery as is necessary to get the parties to the IPP case up to speed, so they can participate meaningfully in a mediation that will be scheduled after the first of the year.") (emphasis in original). Forest's subpoenas are intended to comply with the Court's instructions to obtain discovery relevant to the IPP case, as DPPs acknowledge.

Judges McMahon and Lehrburger
December 12, 2018

The fact that some of the recipients of these subpoenas may be absent class members in the DPP case is beside the point. These entities are third parties in the IPP case, and they are represented by other outside counsel, not counsel for DPPs, for purposes of the IPP case.

DPPs' casual suggestion that these subpoenas in the IPP case are directed to issues in the DPP case is incorrect. DPPs' Letter at 2. DPPs are also incorrect that "not a single thing . . . prevented Forest from seeking these same documents and testimony before the fact deposition deadline ran in September of 2017 in the Direct Purchaser Class case." *Id.* at 3. As just one example, in the DPP case, the Court denied a motion to compel downstream discovery from DPP class representatives, which impacted the scope of discovery sought from third parties. ECF No. 276. In the reactivated IPP case, there are unique issues, including third parties' payment of part or all of the costs for branded Namenda, receipt of rebates from drug manufacturers, pass-through, and formulary placement decisions that will all bear materially on the IPPs' claims. Forest's subpoenas are designed to obtain discovery on these key issues. Moreover, the DPP and IPP cases have certain common claims and defenses. While Forest intends to seek third-party discovery on some of those common claims and defenses, it will fully comply with the Court's prohibition on duplicative discovery.

Second, the notion that the "11 subpoenas are clearly being used as a Trojan horse to reopen long-closed fact discovery" in the DPP case is an unfounded supposition. DPPs' Letter at 3. The parties have not received a single document or taken any testimony pursuant to these subpoenas. Without any discovery from third parties in the IPP case in hand, Forest has obviously not sought to use any such discovery in the DPP case. In short, DPPs are attempting to manufacture a dispute out of thin air, and their request for relief is premature. There is no ripe controversy requiring this Court's intervention.

Third, for the reasons set forth above, any relief would be advisory, prospective, and ill-advised. *See, e.g., Han v. Fin. Supervisory Serv.*, No. 17-CV-4383 (GBD) (BCM), 2017 U.S. Dist. LEXIS 166691, at *13 (S.D.N.Y. Oct. 6, 2017) ("Thus, the federal courts frequently invoke the advisory opinion rule when declining to provide advance decisions as to discovery or evidentiary disputes which are not yet ripe and which therefore lack the 'clear concreteness provided when a question emerges precisely framed and necessary for decision.'"). When DPPs requested that Forest enter into a stipulation that no additional discovery would be used in the DPP case, Forest explained that it could not agree to such a stipulation because Forest does not know what evidence from the IPP case will show. It is possible that the evidence obtained in the IPP case will not be relevant to the DPP case or will simply be cumulative. To the extent that any discovery from the IPP case uncovers new evidence that is highly relevant and material to the DPP case, Forest would evaluate that evidence and potential options for using it in the DPP case. As Forest pointed out to the DPPs in email correspondence, DPPs would at that time be able to raise any objections. In complex litigations, such as this, there are often multiple phases of discovery, and there may be options to use or limit evidence as necessary. At this juncture, however, there is no controversy before the Court, and it is possible that none will arise. DPPs' request for a blanket, advisory protective order should be denied.

Judges McMahon and Lehrburger
December 12, 2018

   <u>Fourth</u>, Rule 26(c) does not provide for the relief that DPPs are trying to invoke. The purpose of the rule is to protect the targets of discovery from, among other things, undue burden and expense. It does not provide DPPs a means to exclude categories of undetermined evidence preemptively from this litigation. As DPPs are not the recipients of the subpoenas, and the subpoenas are not even issued in the DPP case, DPPs lack standing under Rule 26. *See US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811 (CM) (JCF), 2012 U.S. Dist. LEXIS 158448, at *6-7 (S.D.N.Y. Nov. 5, 2012) (finding a party lacks standing to challenge subpoena to third party under Rule 26).

Respectfully submitted,

*[signature]*

Heather K. McDevitt

**T** +212-819-8937
**E** hmcdevitt@whitecase.com



cc: All counsel of record (via ECF)