UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Case No. 1:15-cv-07488-CM-RWL |

NOTICE OF DECLARATION

PLEASE TAKE NOTICE that pursuant to the Court's December 6, 2018 Order directing Rust Consulting to submit a declaration "identifying the class members, if any, who have requested to be excluded from the Class," ECF No. 602 ¶ 5, Direct Purchaser Plaintiffs submit as Exhibit A hereto the Declaration of Notice Administrator Regarding Transmission of Notice to the Direct Purchaser Class.

Dated: March 6, 2019                                     Respectfully submitted,


                                                          */s/ Dan Litvin*
                                                          Dan Litvin

| | |
|---|---|
| David F. Sorensen | Bruce E. Gerstein |
| Daniel C. Simons | Joseph Opper |
| BERGER MONTAGUE PC | Dan Litvin |
| 1818 Market Street | GARWIN GERSTEIN & FISHER LLP |
| Suite 3600 | 88 Pine Street, 10th Floor |
| Philadelphia, PA 19103 | New York, NY 10005 |
| Tel: (215) 875-3000 | Tel: (212) 398-0055 |
| Fax: (215) 875-4604 | Fax: (212) 764-6620 |
| Email: dsorensen@bm.net | Email: bgerstein@garwingerstein.com |
| dsimons@bm.net | jopper@garwingerstein.com |
| | dlitvin@garwingerstein.com |

*Co-lead counsel for the Direct Purchaser Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2019, I electronically filed the above Notice via the Court's CM/ECF system.

    Respectfully submitted

    /s/ *Dan Litvin*

    Dan Litvin

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: NAMENDA DIRECT ANTITRUST LITIGATION | Case No. 1:15-cv-07488-CM-RWL<br><br>Hon. Robert W. Lehrburger |
| THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | |

**DECLARATION OF NOTICE ADMINISTRATOR**
**REGARDING TRANSMISSION OF NOTICE TO THE DIRECT PURCHASER CLASS**

The undersigned, Patrick Hughes, hereby states that:

1. I am a Project Manager of Rust Consulting, Inc. ("Rust"). I submit this declaration to provide the Court with information concerning Rust's compliance with the Court's Order Approving Direct Purchaser Plaintiffs' Class Notice Program and Form of Notice and Appointment of Class Administrator dated December 6, 2018 (the "Order").

2. Pursuant to the Order, Rust was appointed Notice Administrator and directed to provide notice of the pendency of this action to class members. In addition, Rust was requested to establish a mailing address to receive inquiries and information from class members, and opt-out requests, and provide the Court with information concerning the notice process.

3. On December 14, 2018, Rust provided the Notice of Pendency of Class Action (the "Notice") via first class United States mail to the 62 class members identified in the Court's August 2, 2018 order. The form of notice provided was that approved by the Court as set forth in the Order, with final typesetting and preparation for mailing by Rust. A copy of the Notice as mailed is annexed hereto as Exhibit 1.

4. As of February 27, 2019, Rust has received five (5) undeliverable Notices from the United States Postal Service. Rust performed address traces on all five (5) Notices returned as undeliverable. The address trace utilizes the Class Member's name and previous address for locating a current address. Of the five (5) address traces performed, one (1) more current address was obtained and a Notice was promptly re-mailed via First Class Mail. Of the five (5) traces performed, Rust did not obtain updated addresses for four (4) undeliverable Notices. The one (1) Notice mailed to a more current address identified through trace was returned to Rust as undeliverable a second time. As of this date, five (5) Notices remain undeliverable.

5. As indicated in Question 6 of the Notice, opt-out requests must be post-marked no later than February 20, 2019. To date, Rust has not received any opt-out requests.

Dated: March 6, 2019

                                                  _/s/ Patrick Hughes_
                                                     Patrick Hughes

# EXHIBIT 1

NAMENDA DIRECT PURCHASER CLAIMS ADMINISTRATOR
C/O RUST CONSULTING – 6269
PO BOX 44
MINNEAPOLIS, MN 55440-0044

**IMPORTANT LEGAL MATERIALS**

 – UAA - <<SequenceNo>>

<<Name 1>>
<<Name 2>>
<<Name 3>>
<<Name 4>>
<<Address 1>>
<<Address 2>>
<<City>> <<State>> <<Zip 10>>
<<CountryName>>

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**If you bought Namenda XR® directly from Forest, Actavis or Allergan; and/or Namenda IR directly from Forest, Actavis, Allergan; and/or a generic version of Namenda IR directly from any generic drug manufacturer, a class action lawsuit could affect your rights.**

*A federal court authorized this notice. It is not a solicitation from a lawyer.*

- The purpose of this notice is to alert you about a Class Action Lawsuit (the "Lawsuit") brought by Direct Purchasers of Namenda IR® (memantine HCl) and Namenda XR® (memantine HCl extended release capsules) ("Direct Purchaser Class Plaintiffs"). The Lawsuit asserts that Defendants Actavis plc (now known as Allergan plc); Forest Laboratories, LLC; Forest Laboratories, Inc.; and Forest Laboratories Holdings Ltd (collectively, "Forest" or "Defendants") violated antitrust laws relating to the sale of the prescription pharmaceuticals Namenda IR® and Namenda XR® (the brand names for the drug Namenda). Defendants have denied any wrongdoing.

- The Court has determined that the Lawsuit between Direct Purchaser Class Plaintiffs and Defendants can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. The class (hereinafter, the "Direct Purchaser Class," or the "Class") includes the following:

    All persons or entities in the United States and its territories who purchased branded Namenda IR 5 or 10 mg tablets, and/or generic Namenda IR 5 or 10 mg tablets (including an authorized generic), and/or branded Namenda XR capsules, directly from Forest or its successors in interest, Actavis and Allergan, and/or from any generic manufacturer at any time during the period from June 2012 until September 30, 2015 (the "Class"). Excluded from the Class are the defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

- Your legal rights are affected whether you act or do not act, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | By doing nothing, you remain in the Class and may be entitled to share in any recovery that may come from a trial or settlement with Defendants. All of the Court's orders will apply to you and will legally bind you. |
| **EXCLUDE YOURSELF FROM THE CLASS** | You may choose to exclude yourself (*i.e.*, "opt out") from the Class. If you decide to exclude yourself, you will not be bound by any decision in this Lawsuit relating to Defendants. This is the only option that allows you to bring your own separate lawsuit (if you choose to do so) against Defendants relating to the legal claims against the Defendants in this case. |
| **GET MORE INFORMATION** | If you would like to obtain more information about the Lawsuit, you can send questions to the lawyers identified in this notice. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

**BASIC INFORMATION** ............................................................................................................................. **PAGES 2-3**

1. Why did I get this notice?
2. What is this lawsuit about?
3. Why is this lawsuit a class action?
4. Has the Court identified Class Claims, Issues, or Defenses?

**WHO IS IN THE CLASS** ........................................................................................................................... **PAGE 3**

5. Am I part of the Class in the Lawsuit?

**EXCLUDING YOURSELF FROM THE CLASS** ............................................................................. **PAGE 4**

6. Can I get out of the Lawsuit?

**THE LAWYERS REPRESENTING YOU** .................................................................................... **PAGES 4**

7. Do I have a lawyer in this case?
8. Should I get my own lawyer?
9. How will the lawyers be paid?

**THE TRIAL** ................................................................................................................................................ **PAGE 5**

10. How and when will the Court decide who is right?
11. Do I have to come to the trial?

**IF YOU DO NOTHING** ....................................................................................................................... **PAGE 5**

12. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ................................................................................................ **PAGE 5**

13. How do I get more information?

## BASIC INFORMATION

| **1. Why did I get this notice?** |
|---|

You received this notice because according to sales records of Defendants and other drug manufacturers who have provided data in this case, you may have purchased Namenda IR® and/or Namenda XR directly from Defendants, and/or generic Namenda IR® directly from a generic drug manufacturer at some point between June 2012 and September 30, 2015, and therefore you may be a member of the Class that the Court certified for purposes of a lawsuit against Defendants.

| **2. What is this lawsuit about?** |
|---|

The Direct Purchaser Class Plaintiffs allege that Defendants violated federal antitrust laws by engaging in unlawful conduct to delay, suppress or block competition by less expensive, generic versions of Namenda IR®. The Direct Purchaser Class Plaintiffs allege that Defendants entered into agreements with one or more of Defendants' prospective generic competitors, whereby Defendants agreed to pay these competitors, in exchange for agreements by these competitors to delay selling their generic versions of Namenda IR®. The Direct Purchaser Class Plaintiffs also allege that the Defendants used this period of delay to engage in a "product hop" by effectively withdrawing Namenda IR from the market before the date Defendants and their generic competitors agreed that the generic competitors could launch generic Namenda IR, in order to force Direct Purchasers to instead purchase Namenda XR® and thereby suppress competition from generic Namenda IR, which would not be automatically substitutable for Namenda XR.

A copy of the operative Direct Purchaser Class Plaintiffs' First Amended Class Action Complaint filed October 13, 2015 (the "Complaint") is available at www.garwingerstein.com and www.bergermontague.com. Direct Purchaser Class Plaintiffs allege that Defendants' conduct violated the antitrust laws, and reduced competition from less expensive generic versions of Namenda IR®. Direct Purchaser Class Plaintiffs further allege that they and the other members of the Class were injured by being overcharged because of losing the opportunity to purchase less expensive, generic versions of Namenda IR®.

All Defendants deny all these allegations, and/or deny that any Class member is entitled to damages or other relief. All Defendants also deny that any of their conduct violated any applicable law or regulation. No trial has been held.

THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF DIRECT PURCHASER CLASS PLAINTIFFS' CLAIMS AGAINST ANY DEFENDANT OR THE DEFENSES ASSERTED BY ANY DEFENDANT.

The class action is known as *In re Namenda Direct Purchaser Antitrust Litigation*, No. 15-7488 (S.D.N.Y.). Judge Colleen McMahon of the United States District Court for the Southern District of New York is overseeing this class action.

### 3. Why is this lawsuit a class action?

In a class action, one or more entities called "Class Representatives" sue on behalf of other entities with similar claims. In this case, the Class Representatives are J.M. Smith Corp. d/b/a Smith Drug Co. ("Smith Drug") and Rochester Drug Co-Operative, Inc. ("RDC").

The Class Representatives and the entities on whose behalf they have sued together constitute the "Class" or "Class Members." They are also called the "Direct Purchaser Class Plaintiffs" or "Plaintiffs." Their attorneys are called "Plaintiffs' Counsel" "Co-Lead Class Counsel" or "Class Counsel."

The companies that have been sued are called the "Defendants." In this case, the Defendants are Actavis plc (now known as Allergan plc); Forest Laboratories, LLC; Forest Laboratories, Inc.; and Forest Laboratories Holdings Ltd.

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those Class Members who exclude themselves (*i.e.*, "opt out") from the class. The Court, by order dated August 2, 2018, has determined that the Lawsuit by Direct Purchaser Class Plaintiffs against the Defendants can proceed as a class action. A copy of the Court's order may be found at www.garwingerstein.com and www.bergermontague.com.

Specifically, the Court has found that:

- The number of Class Members is so numerous that joining them all into one suit is impractical.
- Class Members share common legal or factual issues relating to the claims in this case.
- The claims of the Class Representatives are typical of the claims of the rest of the Class.
- The Class Representatives and the lawyers representing the Class will fairly and adequately protect the Class's interests.
- The common legal questions and facts predominate over any questions affecting only individual members of the Class, and this class action will be more efficient than individual lawsuits.

### 4. Has the Court identified Class Claims, Issues, or Defenses?

The Court has identified the following classwide issues:

(a) Whether the conduct challenged by the Class as anticompetitive in the Complaint constituted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2;

(b) Whether the conduct challenged by the Class as anticompetitive in the Complaint constituted an agreement in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

(c) Whether the challenged conduct caused antitrust injury-in-fact to the Class, in the form of overcharges; and

(d) The amount of overcharge damages, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 4.

## WHO IS IN THE CLASS

### 5. Am I part of the Class?

You are in the Class if you are a person or entity in the United States and its territories that purchased branded Namenda IR 5 or 10 mg tablets, and/or generic Namenda IR 5 or 10 mg tablets (including an authorized generic), and/or branded Namenda XR capsules, directly from Forest or its successors in interest, Actavis and Allergan, and/or directly from any generic manufacturer at any time during the period from June 2012 until September 30, 2015 (the "Class"). Excluded from the Class are Defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

If you are not sure whether you are included, you may call or write to the lawyers in this case at the telephone numbers or addresses listed in Question 7 below. If you wish to exclude yourself from the Class, please refer to Question 6.

## EXCLUDING YOURSELF FROM & CLASS

| 6. Can I get out of the Class? |
|---|

Yes, if you exclude yourself from the Class (*i.e.*, "opt out" of the Class) on or before **February 20, 2019**. To exclude yourself, you must send a letter via first class U.S. mail saying that you want to exclude yourself from the Direct Purchaser Class Action in *In re Namenda Direct Purchaser Antitrust Litigation*, No. 15-7488 (S.D.N.Y.). Be sure to include your name, address, telephone number, and your signature. Mail the exclusion **to the claims administrator with a copy to one of the lawyers listed in Question 7 below**. Your letter requesting exclusion **must** be postmarked no later than **February 20, 2019**. The claims administrator's address is:

> Namenda Direct Purchaser Claims Administrator
> c/o Rust Consulting - 6269
> PO Box 44
> Minneapolis, MN 55440-0044
> Phone: (612) 359-2902

If you exclude yourself from the Class, you will not be legally bound by anything that happens in the lawsuit between Direct Purchaser Class Plaintiffs and Defendants, and you may be able to file a lawsuit against (or continue to sue) Defendants in the future about the legal issues in this case. If you exclude yourself from the Class so that you can start, or continue, your own lawsuit against Defendants, you should talk to your own lawyer soon, because your claims will be subject to a statute of limitations, which means that your claims will expire if you do not take timely action. You need to contact your own lawyer about this issue.

If you do not exclude yourself from the Class, you will keep the right to a share of any recovery that may come from a trial or settlement of this Lawsuit against Defendants. You will not be able to start another lawsuit, continue another lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case. All of the Court's orders in the case by the Direct Purchaser Class Plaintiffs against Defendants will apply to you and legally bind you. You will also be bound by any judgment in the Lawsuit, whether for or against the Defendants.

## THE LAWYERS REPRESENTING YOU

| 7. Do I have a lawyer in this case? |
|---|

The law firms listed below have been appointed by the Court as Co-Lead Class Counsel. Co-Lead Class Counsel are experienced in handling similar cases against other companies. Co-Lead Class Counsel are:

Bruce E. Gerstein, Esq.  
Garwin Gerstein & Fisher LLP  
88 Pine Street, 10th Floor  
New York, NY 10005  
Tel.: 212-398-0055  
Fax: 212-764-6620  
bgerstein@garwingerstein.com

David F. Sorensen, Esq.  
Berger Montague  
1818 Market Street – Suite 3600  
Philadelphia, PA 19103  
Tel.: 215-875-3000  
Fax: 215-875-4604  
dsorensen@bm.net

| 8. Should I get my own lawyer? |
|---|

You do not need to hire your own lawyer because Co-Lead Class Counsel are working on your behalf. However, if you wish to do so, you may retain your own lawyer at your own expense.

| 9. How will the lawyers be paid? |
|---|

If Class Counsel achieves a recovery for the Class, for example by way of settlement or after winning at trial, the Court will be asked to approve reasonable attorney's fees, as well as reimbursement of expenses Class Counsel have advanced on behalf of the Class. If the Court grants Class Counsel's requests, fees and expenses would either be deducted from any money obtained for the Class, or the Court may order the Defendants to pay attorney's fees and costs in addition to any damage award to the Class. Members of the Class will not have to pay any attorney's fees or expenses except out of money obtained for the Class.

## THE TRIAL

**10. How and when will the Court decide who is right?**

If the claims against Defendants are not resolved by a settlement or otherwise, Class Counsel will have to prove Plaintiffs' claims at trial. A jury trial has not been scheduled at this time. There is no guarantee that Plaintiffs will win, or that it will get any money for the Class. Any judgment will be binding on all Class Members who have not opted out, regardless of who wins.

**11. Do I have to come to the trial?**

You do not need to attend the trial. Class Counsel will present the case for Plaintiffs and the Class, and counsel for Defendants will present the defenses. You and/or your own lawyer are welcome to attend the trial at your own expense. If Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## IF YOU DO NOTHING

**12. What happens if I do nothing at all?**

If you do nothing, you will keep the right to a share of any recovery that may come from a trial or settlement of this Lawsuit against Defendants. You will not be able to start another lawsuit, continue another lawsuit, or be part of any other lawsuit against Defendants about the legal and factual issues in this case. All of the Court's orders in the case by the Direct Purchaser Class Plaintiffs against Defendants will apply to you and legally bind you. You will also be bound by any judgment in the Lawsuit against Defendants.

## GETTING MORE INFORMATION

**13. How do I get more information?**

For more detailed information about this litigation, please refer to the papers on file in this litigation, which may be inspected at the Office of the Clerk of Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007 during normal business hours. You may also obtain additional information by calling or writing to class counsel as indicated above.

**PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

DATE: December 14, 2018              BY THE COURT
                                     Honorable Colleen McMahon
                                     Chief United States District Judge
                                     United States District Court for the Southern District of New York