USDC SDNY
DOCUMENT
ELECTR[O]NICALLY FILED
D[OC #:]
[DATE FILED:] 3/15/19

**SOUTHERN DISTRICT OF NEW YORK**

──────────────────────────────── x

In Re Namenda Direct Purchaser Antitrust Litigation   15-cv-7488(CM)

──────────────────────────────── x

## SCHEDULING ORDER

**McMahon, C.J.:**

The court, having been advised that mediation did not result in a resolution of this case, sets the following schedule for trial:

The Joint Pre-Trial Order needs to be updated to reflect subsequent decisions by this court. A revised JPTO must be submitted by April 30, 2019.

I remind the parties that this order must identify all exhibits that will be introduced in either party's case-in-chief (NOT exhibits to be used only on cross examination, or only in case of rebuttal). Any objections to the admission of those exhibits must be lodged in writing in the Joint Pre-Trial Order. If the court concludes that a party is simply interposing rote objections that are objectively meritless, I will conclude that the party making frivolous objections does not take the trial preparation process seriously and will summarily overrule all objections and admit all documents that the opposing party seeks to have admitted at trial. As the parties well know, numerous documents in this case are perfectly admissible, including but not limited to any and all documents that were cited in the Decision and Order Denying, inter alia, the Defendants' Motion for Summary Judgment.

One hard copy of all proposed exhibits must be submitted to the court along with the Revised Joint Pre-Trial Order.

All witnesses who are going to be called must be listed in the Joint Pre-Trial Order. Do not list multiple witnesses in the hope of preserving your right to choose among them at a later date. Select who is going to testify NOW. No witness may be added to the trial witness after April 30 absent good cause shown. Good cause is normally limited to the death of the witness, the serious illness of the witness, or a serious family issue for the witness.

Motions *in limine*, prepared in accordance with the court's individual rules, must be submitted by May 24, 2019. Each such motion to be made under a separate notice of motion. I take page limits seriously. No footnotes whatever.

Responses to motions *in limine* must be submitted by June 14, 2019. Same rules – page limits to be observed, no footnotes whatever.

A Final Pre-Trial Conference will be scheduled when the court's summer and early fall schedule is clearer. I will allocate a full day for the conference. The principal purpose of the Final Pre-Trial Conference is to rule on objections to exhibits and to accept them into evidence. This permits admissible exhibits to be used at trial without forcing the jury to sit through the admissions process. We will take as long as we need to take to get through all of the exhibits and rule on them. We will also review the list of witnesses and go over trial procedures. The parties can expect to receive a written decision on the motions *in limine* in advance of the Final Pre-Trial Conference.

The trial will commence on Monday, October 21, 2019. Each side will have a limited number of hours to present its case; the court will set an appropriate limit after reviewing the Revised Joint Pre-Trial Order.

These dates are not negotiable. They were set with the court's calendar in mind and they will not be changed to suit the convenience of counsel. If you have some other engagement to which you must attend, find a replacement lawyer at your firm to take over this representation.

These dates will also not be postponed or stayed in order to accommodate further settlement negotiations. I would be delighted were this case to settle. However, I am not prepared to postpone the trial preparation process any longer to accommodate that hoped-for result. I need to try this case so that I can turn to the Indirect Purchaser Case. Therefore, any further efforts at settlement or negotiation must be conducted on a parallel track with trial preparation.

Finally, no portion of the final pre-trial papers may be filed under seal. No document filed after the date of this order, and no exhibit attached to or referred to in any such document, is subject to any sort of protective order. This case will be tried in a public courtroom, and every bit of evidence that is introduced or sought to be introduced will be available to the public.

Dated: March 15, 2019

_____
Chief Judge

BY ECF TO ALL COUNSEL