UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581
(212) 805-6325

CHAMBERS OF
COLLEEN McMAHON
CHIEF JUDGE

To: All Counsel in BOTH the DPP and IPP Namenda Actions   15-CV-7488 ; 15-cv-6549 (cm)

From: Chief Judge McMahon

Date: May 17, 2019

Re: Recent Developments

cc: The Hon. Robert Lehrburger, U.S.M.J.

Counsel:

It seems that we need to convene in order to discuss recent developments.

On April 29, 2019, I received a motion from Forest in the DPP case. It seeks to amend its expert reports (long after expert discovery closed) to reflect the contents of a document that was (1) subpoenaed by both the DPPs and Forest from Dr. Reddy's as a third party witness in the DPP case; (2) withheld from production by Dr. Reddy's on the ground of attorney-client privilege, among other grounds; (3) demanded pursuant to Rule 34 by the IPPs in their action, in which Dr. Reddy's is a party defendant; and (4) produced by Dr. Reddy's in the IPP action. Forest, the principal defendant in both cases, received a copy of this document last fall. The document in question, entitled "Dr. Reddy's Laboratories Deal Approval Form," signed by its former intellectual property counsel, outlines Dr. Reddy's business and legal justifications for entering into an agreement with Forest to settle the 2008 Hatch-Waxman litigation. (*See* Toto Decl. dated Apr. 29, 2019, Ex. C.)

There are a variety of issues to consider arising out of Forest's apparently deliberate delay in bringing this matter to the attention of the court—including, but not limited to, whether Forest's counsel told an outright lie to counsel for the DPPs on December 11, 2018.[1] It may well be that, by failing to produce this document to the DPPs for five months and to raise this issue with the court sooner, Forest's counsel has subjected themselves to sanctions, especially if the

---

[1] In a letter to the court dated December 12, 2018, Forest's counsel said, "When DPPs requested that Forest enter into a stipulation that no additional discovery would be used in the DPP case, Forest explained that it could not agree to such a stipulation *because Forest does not know what evidence from the IPP case will show.*" (Dkt. No. 604 at 2 (emphasis added).) At the time Forest said this (on December 11), it had possessed the Dr. Reddy's document for nearly one month.

DPPs eventually have to incur additional expense to revise the final pre-trial order, which was filed only two weeks ago.

But frankly, those issues are not on my radar screen right now. I am more concerned with reaching the correct result on the merits in both of these cases, and so with the implication of this development (new to me, if not to Forest) on the fair resolution of this matter.

Because Magistrate Judge Francis (now retired) superintended discovery in the DPP case, I need to educate myself about exactly what went on with respect to third party subpoenas that were served in that case on the various generic manufacturers who are named defendants in the IPP case. From my lofty perch well above the fray, I naively assumed that the generics were being subpoenaed in the DPP case, and that they would end up producing exactly the same documents in response to those subpoenas as they would be required to produce as parties in the IPP case. In short, I thought discovery in the IPP case would be virtually non-existent, because everything relating to the settlement of the Hatch-Waxman lawsuits would have been produced in the DPP case. Knowing otherwise, as I do now, casts the parties' December 12 letters to me (which I referred to Judge Lehrburger) in a totally different light. I confess that the scenario with which I am now confronted did not occur to me. Among the things I need to find out is whether we have the same issue—inconsistent positions on attorney-client privilege with respect to the same documents in the two lawsuits—with any of the other generics who were subpoenaed in the DPP case and who have responded as parties in the IPP case.

I also need to find out (1) when any lawyer representing Forest first laid eyes on the Dr. Reddy's memo that occasioned its April 29 motion; (2) what actually did happen during discovery of the generics in the DPP case; (3) what challenges were mounted, if any, to the non-production of documents by the generics in the DPP case; and (4) whether privilege issues concerning these documents have been litigated before Judge Lehrburger in the IPP case. And I need to consider the arguments for and against the admissibility of the Dr. Reddy's memo in the DPP case.

And then I need to decide whether fundamental fairness requires that we reopen discovery of some or all of the generics in the DPP case—not a result I am eager to reach.

Unfortunately, this little grenade exploded just as I was preparing to leave on a much-needed vacation. Which means the earliest I can meet with you all is June 4—a date on which I hope you can arrange to be available—or during the week of June 10 (because I must attend the Second Circuit Judicial Conference on June 5–7). Elizabeth Brody, the law clerk on these matters, and Mariela de Jesus, my deputy clerk, will work with you and with Judge Lehrburger, whose presence is highly desirable, to arrange a conference.

Prior thereto, you can feel free to send a short (no more than four single-spaced pages) letter addressing any of the topics I have raised in this memo. I will be "off the grid" for the next two weeks—this is not a working vacation—and so I will read whatever you have to say as soon as I return to the office.