UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 2: PRECLUDE USE IN THIS CASE OF DISCOVERY FOREST TOOK IN THE END-PAYOR ACTION YEARS AFTER THE CLOSE OF DISCOVERY**

## TABLE OF AUTHORITIES

**Cases**

*Abdelal v. Kelly*,
    2018 U.S. Dist. LEXIS 135149 (S.D.N.Y. Aug. 10, 2018) ........................................................2

*Barlow v. GMC*,
    595 F. Supp. 2d 929 (S.D. Ind. 2009) ......................................................................................2

*George v. Ford Motor Co.*,
    2007 U.S. Dist. LEXIS 61453 (S.D.N.Y. Aug. 16, 2007) ........................................................2

Discovery in this action closed on September 15, 2017. *See* Third Am. Case Management Order (ECF No. 397). On March 15, 2019, this Court unambiguously told the parties that "there will be no more discovery. Discovery is over." *See* Declaration of Dan Litvin, Ex. 21 (Transcript of Conference at 8:17-18, *In re Namenda Direct Purchaser Antitrust Litg*. (S.D.N.Y. Mar. 15, 2019) (No. 15-07488)). *See also* Order, Mar. 14, 2019 (ECF No. 684) ("Discovery will not be reopened in this case.").

On April 11, 2019, Forest disclosed to Plaintiffs, for inclusion on Forest's exhibit list, a document produced by Dr. Reddy's Labs, one of Forest's co-defendants, in the ongoing end payor action. A dispute about that document is *sub judice*. *See, e.g.* Pls.' Opp'n to Defs.' Mot. to Supplement Expert Reports, ECF No. 713 (the "Supplementation Opp'n") (The DRL document is referred to in the Supplementation Opp'n and herein as the "DRL Memo"); Letter to Counsel, May 17, 2019 (ECF No. 719); Order Scheduling a Status Conference, May 21, 2019 (ECF No. 720).

Among the multiple problems with Forest's disclosure is that Forest intends to use it to have the jury improperly infer *Forest's* subjective views about the merits of the '703 patent litigation, a subject Forest committed at the outset of discovery it would not pursue and on which it blocked all discovery. *See* Motion *in Limine* No. 1. But that is not the only problem with Forest's late production of the DRL Memo. Forest may have other materials it received in the end payor case that were not produced in Plaintiffs' case, and may seek to ambush Plaintiffs at trial with their use, including on cross-examination, since exhibits to be used only for cross-examination or rebuttal did not need to be listed in the Pre-Trial Order filed on April 30, 2019. *See* Scheduling Order, Mar. 15, 2019 (ECF No. 688).

Such guerilla techniques are clearly impermissible. If Forest wanted to rely on discovery from its co-defendants in the end-payor case, it was incumbent on Forest to develop that discovery when it had the chance during discovery in *this* case. *See* Supplementation Opp'n at 1, 6, 15; *Abdelal v. Kelly*, No. 13-CV-4341 (ALC)(SN), 2018 U.S. Dist. LEXIS 135149, at *7 (S.D.N.Y. Aug. 10, 2018) (refusing to reopen discovery "simply because [p]laintiff made a strategic decision during the discovery process" not to pursue it); *George v. Ford Motor Co.*, 2007 U.S. Dist. LEXIS 61453, at *32 (S.D.N.Y. Aug. 16, 2007) (denying request to inject untimely discovery where plaintiff "had every opportunity" to seek that discovery pursuant to a Rule 45 subpoena during the discovery period but failed to do so.); *Barlow v. GMC*, 595 F. Supp. 2d 929, 936 (S.D. Ind. 2009) ("[T]he duty to supplement cannot be transformed into a right to ambush just before trial."); *id.* at 935-46 ("Rule 26(e) was intended to ensure *prompt* disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures.") (emphasis added). Forest deliberately chose not to do so, and as such, must therefore be precluded from using discovery Forest took in the end payor action at the upcoming trial.

Dated: May 24, 2019

Respectfully Submitted:

/s/ *Dan Litvin*

| | |
|---|---|
| David F. Sorensen | Bruce E. Gerstein |
| Ellen T. Noteware | Joseph Opper |
| Daniel C. Simons | Kimberly M. Hennings |
| Berger Montague PC | Dan Litvin |
| 1818 Market Street, Suite 3600 | Garwin Gerstein & Fisher LLP |
| Philadelphia, PA 19103 | 88 Pine Street, 10th Floor |
| (215) 875-3000 | New York, NY 10005 |
| (215) 875-4604 (fax) | Tel: (212) 398-0055 |
| dsorensen@bm.net | Fax: (212) 764-6620 |
| enoteware@bm.net | bgerstein@garwingerstein.com |
| dsimons@bm.net | jopper@garwingerstein.com |
| | khennings@garwingerstein.com |
| | dlitvin@garwingerstein.com |
| Peter Kohn | David C. Raphael, Jr. |
| Joseph T. Lukens | Erin R. Leger |
| Faruqi & Faruqi, LLP | Smith Segura & Raphael, LLP |
| 1617 John F Kennedy Blvd., Suite 1550 | 3600 Jackson Street, Suite 111 |
| Philadelphia, PA 19103 | Alexandria, LA 71303 |
| (215) 277-5770 | Tel: (318) 445-4480 |
| (215) 277-5771 (fax) | Fax: (318) 487-1741 |
| pkohn@faruqilaw.com | draphael@ssrllp.com |
| jlukens@faruqilaw.com | eleger@ssrllp.com |

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

Russ Chorush
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com

3

*Counsel for the Direct Purchaser Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.

                                Respectfully submitted,

                                /s/ *Dan Litvin*
                              Dan Litvin