**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Case No. 1:15-cv-07488-CM-RWL |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 3: PRECLUDE FOREST FROM OFFERING FACT WITNESSES TO CHANGE OR SUPPLEMENT THE RULE 30(b)(6) DEPOSITION TESTIMONY PROVIDED BY CHARLES RYAN AND DAVID SOLOMON WITH RESPECT TO CERTAIN KEY DOCUMENTS**

**TABLE OF CONTENTS**

I.     INTRODUCTION................................................................................................................1

     A.    The Ryan Deposition................................................................................................1

     B.    The Solomon Deposition..........................................................................................2

II.    ARGUMENT......................................................................................................................3

III.   CONCLUSION..................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*A&E Prods. Grp., L.P. v. Mainetti USA Inc.*,
   2004 U.S. Dist. LEXIS 1510 (S.D.N.Y. Feb. 4, 2004) ............................................................ 3

*Canyon Furniture Co. v. Sanchez*,
   2018 U.S. Dist. LEXIS 224455 (W.D. Tex. Nov. 8, 2018) .....................................................4

*Paul Revere Life Ins. Co. v. Jafari*,
   206 F.R.D. 126 (D. Md. 2002) ................................................................................................ 3

*QBE Ins. Corp. v. Jorda Enters.*,
   277 F.R.D. 676 (S.D. Fla. 2012) ............................................................................................ 4

*Reilly v. NatWest Mkts. Grp. Inc.*,
   181 F.3d 253 (2d Cir. 1999) ..................................................................................................3

*Sabre v. First Dominion Capital, L.L.C.*,
   2001 U.S. Dist. LEXIS 20637 (S.D.N.Y. Dec. 10, 2001) ....................................................... 3

*SEC v. Morelli*,
   143 F.R.D. 42 (S.D.N.Y. 1992) .............................................................................................3

*Synthes USA, L.L.C. v. Spinal Kinetics, Inc.*,
   2011 U.S. Dist. LEXIS 93093 (N.D. Cal. Aug. 19, 2011) ...................................................... 4

*Twentieth Century Fox Film Corp. v. Marvel Enters.*,
   2002 U.S. Dist. LEXIS 14682 (S.D.N.Y. Aug. 6, 2002) .........................................................3

*Wilson v. Lakner*,
   228 F.R.D. 524 (D. Md. Apr. 28, 2005) .............................................................................3-4

**Rules**

Fed. R. Civ. P. 30 .........................................................................................................................4

## I.      INTRODUCTION

On September 25, 2017, ten days after fact discovery closed, Judge Francis ordered

Forest to produce five documents it had previously withheld as privileged. Among them were

two different versions of a document titled "Mylan Deal Concept" and two copies of a February

11, 2010 "Forest-Mylan Meeting" presentation Forest had prepared for a face-to-face settlement

negotiating session with Mylan. *See* Declaration of Dan Litvin ("Litvin Decl."), Ex. 14 (PX-

0165), Ex. 13 (PX-0162), Ex. 11 (PX-0130), and Ex. 12 (PX-0137). These key documents

directly contradict Forest's defenses that the settlement agreement with Mylan did not contain a

reverse payment, and that the Lexapro Amendment was a stand-alone deal for fair value.

Plaintiffs deposed Forest pursuant to Rule 30(b)(6) about these documents, but Forest, through

its designated 30(b)(6) witnesses, testified it knew little about them.

Forest should be held to its prior testimony, and should not be permitted to change it at

trial through fact witnesses.

### A.      The Ryan Deposition

Forest designated Dr. Charles Ryan as its Rule 30(b)(6) witness to testify about the

February 11, 2010 Forest-Mylan Meeting presentations (Litvin Decl. Exs. 11-12), even though

Dr. Ryan identified Eric Agovino, Forest's then in-house attorney, as the author of the

documents. *See* Litvin Decl. Ex. 17 (Dep. Tr. of Charles Ryan at 338:25-339:5). During Dr.

Ryan's Rule 30(b)(6) deposition, he acknowledged that he had spoken with Mr. Agovino about

the documents but otherwise had limited recollection of why they were prepared or what the

statements in the document meant. *Id*. at 342:16-343:20. Forest provided Dr. Ryan's testimony

on the condition that it not exceed one hour and that he not be asked about any other documents

or topics. *Id*. at, *e.g.*, 347:16-354:19.

1

### B.        The Solomon Deposition

Forest designated David Solomon as its Rule 30(b)(6) witness to testify about the Mylan

Deal Concept documents. Although Forest had identified Mr. Solomon as the author of the

documents on Forest's privilege log (Litvin Decl. Ex. 22 (PX-0141, excerpts from Forest's

privilege log)), Mr. Solomon testified that he did not think he was the author, he did not know

who was, and that he made no effort to find out who in fact had written the documents, when, or

why. *See* Litvin Decl. Ex. 18 (Dep. Tr. of David Solomon at 382:1-386:7). When asked whether

one of the bullet points from the January 15, 2010 Mylan Deal Concept described the product

profit split between Forest and Mylan that Forest was proposing, Mr. Solomon was clueless. *Id*.

at 393:1-20. As with Dr. Ryan, Forest provided Mr. Solomon on the condition that the deposition

not exceed one hour and that he not be asked about any other documents or topics. *Id*. at, *e.g.*,

384:9-385:16; 413:6-14.

Because Forest's Rule 30(b)(6) witnesses – Dr. Ryan and Mr. Solomon – had little

knowledge about the documents they were designated to testify about, Plaintiffs are concerned

that Forest intends to call different witnesses at trial to offer new, different testimony about the

meaning and significance of these same documents. Indeed, Forest has identified Eric Agovino,

the author of the February 11, 2010 "Forest Mylan Meeting" document (Litvin Decl. Exs. 11-12)

as a witness it intends to call live at trial. *See* Revised Joint Pretrial Order (ECF No. 699) at 10.

Similarly, Plaintiffs are concerned that Forest intends to call other witnesses to testify about the

Mylan Deal Concept documents. For the reasons detailed below, at trial, Forest should be held to

the 30(b)(6) testimony of Dr. Ryan and Mr. Solomon, and should be precluded from changing or

supplementing its testimony – thereby sandbagging and prejudicing Plaintiffs – by offering

"fact" testimony by other witnesses about these very same documents..

## II.   ARGUMENT

Under Rule 30(b)(6), a corporation "has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and *binding* answers' on its behalf." *Reilly v. NatWest Mkts. Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999), *quoting*, *Securities & Exchange Comm'n v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992) (emphasis added); *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 2002 U.S. Dist. LEXIS 14682, at *7 (S.D.N.Y. Aug. 8, 2002) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and *binding* answers for the corporation.")(emphasis added); *Paul Revere Life Ins. Co. v. Jafari*, 206 F.R.D. 126, 127-28 (D. Md. 2002) ("Rule 30(b)(6) . . . implicitly requires [designees] to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition.").

Rule 30(b)(6) testimony is binding on the party that designated the witness. *A&E Prods. Group, L.P. v. Mainetti USA Inc* ., No. 01-cv-10820, 2004 U.S. Dist. LEXIS 1510, at *16 (S.D.N.Y. Feb. 4, 2004) ("Testimony of a Rule 30(b)(6) witness is binding on the party that designates the witness."); *Sabre v. First Dominion Capital, LLC*, 2001 U.S. Dist. LEXIS 20637, at *2 (S.D.N.Y. Dec. 12, 2001) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity."). As the Second Circuit has held, a party may not change or seek to "cure" prior, inadequate Rule 30(b)(6) testimony by proffering a new fact witness for trial who would testify on the same topics as the prior 30(b)(6) witness. *See Reilly*, 181 F.3d at 268-69 (where defendant produced 30(b)(6) Witness A, defendant could not then call Witnesses B and C at trial to testify about same). Cases from other jurisdictions are in accord. *Wilson v.*

*Lakner*, 228 F.R.D. 524, 529-30 (D. Md., April 28, 2005) (" depending on the nature and extent of the obfuscation, the testimony given by the non-responsive deponent (*e.g.* 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial"); *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 2011 U.S. Dist. LEXIS 93093, *35-37 (N.D. Cal., Aug. 19, 2011) ("If an entity refuses to produce a Rule 30(b)(6) witness, claiming it has no knowledge regarding an event, it then cannot call on one of its employees to testify about the event."); *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 690-91 (S.D. Fla. 2012) (" The conclusion that the corporation is bound at trial by a legitimate lack of knowledge response at the 30(b)(6) deposition is, for all practical purposes a variation on the rule and philosophy against trial by ambush.").

Here, the record is replete with Forest's attempts to frustrate discovery and ambush Plaintiffs at trial, including through its repeated attempts to introduce evidence of its subjective beliefs regarding the patent merits despite having blocked all discovery on this issue and representing in its Election that it would not present "subjective belief" evidence regarding the patent. *See e.g.,* Plaintiffs' Motions *in Limine* Nos. 1-2, filed contemporaneously herewith. Forest could have designated Mr. Agovino, the author of the Forest-Mylan Meeting Presentations, as its 30(b)(6) designee, but chose not to. While Mr. Agovino was no longer a Forest employee at the time of the Ryan and Solomon depositions, neither were Ryan or Solomon when they testified pursuant to Rule 30(b)(6) – a corporation is free to designate a former employee as its Rule 30(b)(6) witness. *See*, *e.g.*, Fed. R. Civ. P. 30(b)(6) (an "organization must [] designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."); *Canyon Furniture Co. v. Sanchez*, 2018 U.S. Dist. LEXIS 224455, *41(W.D. Tex., Nov. 8, 2018) ("If appropriate, a corporation may

designate a non-employee as its corporate representative for the purposes of a Rule 30(b)(6) deposition, including a former employee or agent."). Similarly, Forest could have designated someone with knowledge of the Mylan Deal Concept documents. Instead, Forest designated Mr. Solomon, who despite Forest's admission on its privilege log that he was the author, testified he did not know the author's identity and made no effort to find out. Notably, Forest's privilege log shows that the Mylan Deal Concepts were attached to many emails but Forest declined to provide the cover emails, even in redacted format. *See* Litvin Decl. Ex. 22 (PX-0141, excerpts from Forest's privilege log).

## III.   CONCLUSION

Forest should be precluded from calling any additional witnesses to change or supplement the Rule 30(b)(6) testimony provided by Dr. Ryan and Mr. Solomon with respect to the Forest-Mylan Meeting presentation and the Mylan Deal Concept documents.

Dated: May 24, 2019

Respectfully Submitted:

/s/ *Dan Litvin*

David F. Sorensen
Ellen T. Noteware
Daniel C. Simons
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (fax)
dsorensen@bm.net
enoteware@bm.net
dsimons@bm.net

Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com
dlitvin@garwingerstein.com

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
1617 John F Kennedy Blvd., Suite 1550
Philadelphia, PA 19103
(215) 277-5770
(215) 277-5771 (fax)
pkohn@faruqilaw.com
jlukens@faruqilaw.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com
eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

Russ Chorush
Miranda Jones
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com
mjones@hpcllp.com

***Counsel for the Direct Purchaser Class Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.

Respectfully submitted,

<u>/s/ *Dan Litvin*</u> .
Dan Litvin