**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 4: PRECLUDE OR LIMIT FOREST'S USE OF EXPERT OPINION TESTIMONY AS A PROXY FOR FOREST'S ALLEGED SUBJECTIVE BELIEFS REGARDING THE STRENGTH OF THE '703 PATENT WHERE FOREST BLOCKED ALL DISCOVERY REGARDING ITS SUBJECTIVE BELIEFS OR STATE OF MIND**

## **TABLE OF AUTHORITIES**

**Cases**

*Bouchard v. Am. Home Prods. Corp.*,
  2002 U.S. Dist. LEXIS 27517 (W. D. Ohio May 24, 2002)........................................................2

*In re Diet Drug Prods. Liab. Litig.*,
  2000 U.S. Dist. LEXIS 9037 (E.D. Pa. June 20, 2000)..............................................................2

*In re Namenda Direct Purchaser Antitrust Litig.*,
  331 F. Supp. 3d 152 (S.D.N.Y. 2018)....................................................................................... 1

*On Track Innovations Ltd. v. T-Mobile USA, Inc.*,
  106 F. Supp. 3d 369 (S.D.N.Y. 2015).................................................................................... 1-2

Forest has elected not to offer any evidence at trial regarding the subjective beliefs of its current or former business executives or employees relating to whether "its position in the patent case was weak." Ex. 1, Forest's Disclosure Pursuant to the May 19, 2017 Mem. and Order ("Election") at 5 (also available at ECF No. 714-1). But Forest presumes that it will be able to offer "objective evidence" from "experts knowledgeable about the underlying technology, [and] the patented inventions (including the validity, enforceability, and infringement by generic ANDA filers of the asserted patent)" to rebut any suggestion that its patent case was weak. *Id*. Forest's apparent strategy is to have the jury substitute the "objective" opinion of its patent expert, Roderick McKelvie, for Forest's "subjective" views, which it withheld from discovery. Forest has already attempted a variation of this trick to circumvent its Election by ascribing the views of Dr. Reddy's Labs, one of its co-defendants in the end-payor case, to itself and *all* generics and is thus attempting to imbue DRL's views with an air of objectivity. *See* Pls.' Opp'n to Defs.' Mot. to Supplement Expert Reports at 3, 11-12, ECF No. 713 (the "Supplementation Opp'n"). But Mr. McKelvie's opinion, divorced from Forest's actual views about the merits of the '703 patent and litigation (ECF No. 696-4, McKelvie Rpt. at ¶¶ 16-17, 128-29), cannot be used as an evidentiary proxy or surrogate for Forest's true – but withheld – subjective beliefs regarding the patent strength.

It is well established that an expert cannot opine on a party's intent or state of mind. *In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 174 (S.D.N.Y. 2018) ("Professor Elhauge must qualify his opinions by testifying that 'it would have been economically rational for both parties' to enter into a no-payment settlement in a but-for world by specific dates, not that they necessarily *would have*.") (Emphasis in original.) Nor can an expert's opinion be used as evidence by which a party's state of mind may be inferred. *See On*

*Track Innovations Ltd. v. T-Mobile USA, Inc.*, 106 F. Supp. 3d 369, 412 (S.D.N.Y. 2015) ("Nor may a putative expert simply theorize as to a party's intent based on the factual record."); *Bouchard v. Am. Home Prods. Corp.,* 2002 U.S. Dist. LEXIS 27517, at * 17 (W.D. Ohio May 24, 2002) (expert opinion testimony about Wyeth's corporate intent was inadmissible); *In re Diet Drug Prods. Liab. Litig.*, 2000 U.S. Dist. LEXIS 9037, at *30 (E.D. Pa. June 20, 2000) ("[T]o the extent that AHP's motions seek to preclude Drs. Avorn and Rubin from testifying about the corporate intent of AHP, the Court will grant the motions.").  But this is precisely what Forest hopes to do here.  Ex. 1, Election at 5; ECF No. 696-4, McKelvie Rpt. at ¶¶ 16-17, 128-29.

Plaintiffs acknowledge that Mr. McKelvie's opinion testimony may be relevant to some issues.  For example, it could be relevant to (1) Plaintiffs' causation theory based on establishing that absent the settlement, Mylan would have prevailed in the patent litigation; or (2) to contest Prof. Elhauge's reliance on the opinions of Plaintiffs' patent expert (Prof. Johnston) as an input to Prof. Elhauge's opinion regarding a no-payment settlement entry date.  But Mr. McKelvie's opinions cannot serve as evidence of Forest's actual subjective beliefs about the merits of its patent lawsuit or its state of mind.

Accordingly, Plaintiffs respectfully request that opinion testimony of Mr. McKelvie be excluded to the extent Forest seeks to use it as a proxy for Forest's own subjective beliefs regarding the strength of the '703 Patent.  Should the opinion testimony be admitted for some relevant purpose, Plaintiffs will propose an appropriate limiting instruction.

| | |
|---|---|
| Dated: May 24, 2019 | Respectfully Submitted:<br>/s/ *Dan Litvin* |
| David F. Sorensen<br>Ellen T. Noteware<br>Daniel C. Simons<br>Berger Montague PC<br>1818 Market Street – Suite 3600 | Bruce E. Gerstein<br>Joseph Opper<br>Kimberly M. Hennings<br>Dan Litvin<br>Garwin Gerstein & Fisher LLP |

2

| | |
|---|---|
| Philadelphia, PA 19103<br>(215) 875-3000<br>(215) 875-4604 (fax)<br>dsorensen@bm.net<br>enoteware@bm.net<br>dsimons@bm.net | 88 Pine Street, 10th Floor<br>New York, NY 10005<br>Tel: (212) 398-0055<br>Fax: (212) 764-6620<br>bgerstein@garwingerstein.com<br>jopper@garwingerstein.com<br>khennings@garwingerstein.com<br>dlitvin@garwingerstein.com |
| Peter Kohn<br>Joseph T. Lukens<br>Faruqi & Faruqi, LLP<br>1617 John F Kennedy Blvd., Suite 1550<br>Philadelphia, PA 19103<br>(215) 277-5770<br>(215) 277-5771 (fax)<br>pkohn@faruqilaw.com<br>jlukens@faruqilaw.com | David C. Raphael, Jr.<br>Erin R. Leger<br>Smith Segura & Raphael, LLP<br>3600 Jackson Street, Suite 111<br>Alexandria, LA 71303<br>Tel: (318) 445-4480<br>Fax: (318) 487-1741<br>draphael@ssrllp.com<br>eleger@ssrllp.com |
| | Stuart E. Des Roches<br>Andrew W. Kelly<br>Odom & Des Roches, LLC<br>650 Poydras Street, Suite 2020<br>New Orleans, LA 70130<br>Tel: (504) 522-0077<br>Fax: (504) 522-0078<br>stuart@odrlaw.com<br>akelly@odrlaw.com |
| | Russ Chorush<br>Heim Payne & Chorush, LLP<br>1111 Bagby, Suite 2100<br>Houston, TX 77002<br>Tel: (713) 221-2000<br>Fax: (713) 221-2021<br>rchorush@hpcllp.com |

*Counsel for the Direct Purchaser Class Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.

                                          Respectfully submitted,

                                          /s/ *Dan Litvin*
                                          Dan Litvin