UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 5: EXCLUDE DEPOSITION TESTIMONY FROM WITNESSES DEPOSED ONLY IN THE NAMENDA PATENT LITIGATION**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Federal Rules of Civil Procedure 32(a)(1) and 32(a)(8) Precludes Forest from Designating the Expert and Fact Witness Testimony ................................... 2

    B. Federal Rules of Civil Procedure 32(b) and the Federal Rules of Evidence Preclude Forest from Designating the Expert Witness Testimony ......................... 3

III. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**                                                                                            **Page(s)**

*Braccia v. D'Blass Corp.*,
 No. 08 CIV. 08927 LTS, 2011 WL 2848146 (S.D.N.Y. June 13, 2011) ................................... 2

*Doolittle v. Ruffo*,
 No. 88-CV-1175, 1996 WL 328480 (N.D.N.Y. June 12, 1996) ............................................... 4

*Li v. Canarozzi*,
 142 F.3d 83 (2d Cir. 1998) ........................................................................................................ 4

*Mediavilla v. City of New York*,
 259 F.3d 82 (S.D.N.Y. 2016) .................................................................................................... 3

*Shockley v. Minner*,
 726 F. Supp. 2d 368 (D. Del. 2010) .......................................................................................... 2

*United States v. Cinergy Corp.*,
 No. 1:99-cv-1693-LJM-JMS. 2009 WL 6327419 (S.D. Ind. 2009) ......................................... 2

*United States v. DiNapoli*,
 8 F.3d 909 (2d Cir. 1993) .......................................................................................................... 4

*United States v Jackson*,
 335 F.3d 170 (2d Cir. 2003) ...................................................................................................... 4

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................ 1, 3

Fed. R. Civ. P. 32(a)(1)(A) ............................................................................................................. 1, 2

Fed. R. Civ. P. 37(c)(1) ...................................................................................................................... 3

Fed. R. Evid. 403 ...................................................................................................................... 1, 4, 5

Fed. R. Evid. 801 ................................................................................................................................ 1

Fed. R. Evid. 802 ................................................................................................................................ 1

Fed. R. Evid. 804(b)(1) .............................................................................................................. 1, 3, 4

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 32 and Federal Rules of Evidence 403 and 801, 802, and 804(b)(1),which govern the use of depositions testimony at trial, Plaintiffs respectfully move for an order precluding Forest from presenting testimony at trial from witnesses through designations from depositions taken in the prior patent litigation relating to Namenda. *See Forest Laboratories, Inc. v. Lupin Pharmaceuticals*, Inc., No. 08-21-GMS-LPS (D. Del.) (the "Namenda Patent Litigation"). Forest has designated testimony from depositions taken in 2009 and 2010 in the Namenda Patent Litigation for the following fact and expert witnesses, none of whom was deposed in this case and none of whom is identified on Plaintiffs' witness list: (1) Dr. Joseph Buccafusco (Mylan expert); (2) Dr. Paul Fishman (Mylan expert); (3) Dr. David Greenberg (Mylan expert); (4) Dr. John Olney (Mylan expert); (4) Dr. Pradeep Banerjee (Forest fact witness); (5) Dr. Joachim Bormann (Merz fact witness); (6) Dr. Howard Fillit (third party fact witness); (7) Dr. Wolfgang Fleischhacker (third party fact witness); (8) Ms. Adda Gogoris (Forest fact witness); (9) Dr. Roman Gortelmeyer (Merz fact witness); (10) Mr. Patrick Sage (Forest fact witness); (11) Dr. Wolfgang Schatton (Merz fact witness); (12) Mr. Steven Talton (Mylan fact witness); and (13) Dr. Myron Weiner (third party fact witness). *See* ECF No. 699-5.

Plaintiffs were not parties in the Namenda Patent Litigation, however, and had no notice or opportunity to attend those depositions, and they should not be presented to the jury. Moreover, some of the deposition testimony that Forest has designated is its own prior cross-examination of Mylan's patent experts. Mylan obviously had no reason to question its own experts at these depositions – an expert's affirmative testimony is set forth in his or her report – and so permitting Forest to present its cross-examination would be presenting only one side of the story and so would be doubly unfair and prejudicial to Plaintiffs. Allowing Forest's cross-

examination testimony from these witnesses at trial would constitute hearsay and, without the benefit of the experts' corresponding direct examination, would be unfairly prejudicial to Plaintiffs.

Additionally, none of these witnesses is on Forest's Rule 26 disclosures, *see* Declaration of Dan Litvin Ex. 23, Forest Defendants' Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)(A), and the four Mylan patent experts were not disclosed by Forest by the deadline for expert disclosures in this case. *See* ECF No. 397 (setting the deadline for expert disclosures for September 28, 2017).

In sum, the Federal Rules and fundamental principles of fairness preclude the use of these depositions against Plaintiffs.

## II. ARGUMENT

### A. Federal Rules of Civil Procedure 32(a)(1) and 32(a)(8) Precludes Forest from Designating the Expert and Fact Witness Testimony From the Namenda Patent Litigation

Federal Rule of Civil Procedure 32(a)(1) provides that a deposition "may be used against a party" only if "the party was present or represented at the taking of the deposition or had reasonable notice of it[.]" Fed. R. Civ. P. 32(a)(1)(A). Because Plaintiffs were not present or represented at depositions in the Namenda Patent Litigation, and had no notice of them, such fact and expert depositions cannot be designated or played as trial testimony against Plaintiffs. *See*, *e.g.*, *Shockley v. Minner*, 726 F. Supp. 2d 368, 374 n. 2 (D. Del. 2010) (excluding deposition transcripts from previous case where defendant was not a party to the action, present at the deposition, or given notice of the deposition); *United States v. Cinergy Corp.*, No. 1:99-cv-1693-LJM-JMS, 2009 WL 6327419, at *3 (S.D. Ind. 2009) (same). The Court need go no further to decide this motion.

2

Federal Rule of Civil Procedure 32(a)(8) compels the same result. That subsection provides that a deposition taken in an earlier action "may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8). But "[t]he law is very clear to the effect that in order for a deposition to be admissible in another action", the parties must "be the same[.]" *See*, *e.g.*, *Braccia v. D'Blass Corp.,* No. 08 CIV. 08927 LTS, 2011 WL 2848146, at *6 (S.D.N.Y. June 13, 2011), *report and recommendation adopted*, No. 08 CIV. 8927 LTS KNF, 2011 WL 2848202 (S.D.N.Y. July 18, 2011).Plaintiffs in this case were not parties to the Namenda Patent Litigation, and are not representatives or successors-in-interest to any of the parties in that litigation. Therefore the fact and expert depositions from the Namenda Patent Litigation cannot – absent a stipulation the contrary – be utilized against the Plaintiffs as though taken in this case. *See*, *e.g.*, *Mediavilla v. City of New York,* 259 F.3d 82, 110 (S.D.N.Y. 2016) (deposition testimony from other actions deemed to be inadmissible because such testimony did not involve the same subject matter and the same parties).

**B.      Federal Rules of Civil Procedure 32(b) and the Federal Rules of Evidence Preclude Forest from Designating the Expert Witness Testimony**

The prior testimony from Mylan's experts should be excluded for several additional reasons. First, Forest did not identify Mylan's expert witnesses in its Rule 26 disclosures, and Forest failed to disclose the experts from the patent litigation by the deadline for Rule 703 disclosures in this case. Rule 32(b) provides that, subject to certain exceptions that are inapplicable here, "an objection may be made at . . . trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying." Fed. R. Civ. P. 32(b). Under the Federal Rules, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

3

Fed. R. Civ. P. 26(a)(2)(A). Further, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  Importantly,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Here, the deadline for expert disclosures was September 28, 2017. *See* ECF No. 397. Forest did not disclose the Mylan experts as its experts in this case by that deadline. Accordingly, Forest is not allowed to play the testimony of Mylan's experts at trial.

Second, prior testimony from Mylan's expert witnesses is also improper under the Federal Rules of Evidence. Although Rule 804(b)(1) provides an exception to the rule against hearsay for the former testimony for an unavailable witness, the testimony must be "offered against a party who [1] had — or, in a civil case, whose predecessor in interest had — an [2] opportunity and [3] similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). Again, neither Plaintiffs nor any predecessor in interest to Plaintiffs was a party to the Namenda Patent Litigation, so Plaintiffs had no opportunity to develop the testimony Forest now seeks to use against Plaintiffs. And Mylan had no motivation to develop deposition testimony from its own experts, so the first two requirements for admitting the testimony against Plaintiffs are unmet. *See*, *e.g.*, *United States v Jackson*, 335 F.3d 170, 177-78 (2d Cir. 2003) ("'[I]f the opportunity to cross examine is lacking, the prior testimony must be excluded.'") (citation and internal alterations omitted); *Doolittle v. Ruffo*, No. 88-CV-1175, 1996 WL 328480, at *11 (N.D.N.Y. June 12, 1996) (use of depositions is not permissible under Fed. R. Evid. 804(b)(1) where opportunity to examine the witness was lacking). Mylan had no reason to flesh out its expert witnesses' opinions – opinions set forth in their expert reports – at depositions

...

noticed by Forest in the patent case. The place for that is at a live hearing or trial. Because Mylan had no interest in setting out its expert witnesses' opinions at the depositions, there is no "interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue." *Jackson*, 335 F.3d at 178 (citation omitted). *See also United States v. DiNapoli*, 8 F.3d 909, 915 (2d Cir. 1993) (lack of similar motive to challenge prior testimony of witness precluded admission at subsequent trial). The prior testimony must be excluded.

Third, the proposed testimony should also be excluded under Fed. R. Evid. 403. *See*, *e.g.*, *Li v. Canarozzi*, 142 F.3d 83, 88 (2d Cir. 1998) ("'Under Rule 403, evidence that is relevant and otherwise admissible nonetheless "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, ... or by considerations of ... needless presentation of cumulative evidence.'") (quoting Fed. R. Evid. 403). There is no probative value of cross examination testimony from an expert without also providing the jury with the substance of the expert's actual opinions. It would be fundamentally unfair to introduce the cross examination of an expert witness without allowing the jury to hear their direct testimony (which is not included in the deposition, but only their reports). Accordingly, the testimony should be excluded pursuant to Fed. R. Evid. 403 because its probative value is substantially outweighed by the danger of unfair prejudice. (This is not to say that the transcripts are necessarily inadmissible under Fed. R. Evid. 403 as trial exhibits (not live testimony) to be considered alongside the corresponding Mylan expert's report, which also may come in as a trial exhibit.)

In 2017, Plaintiffs erroneously designated portions of some of the transcripts of the witnesses from the Namenda Patent Litigation. However, Plaintiffs caught the error in 2019 when work on the amended pretrial order commenced. Since then, Plaintiffs on several occasions requested that Forest identify its legal basis for designating testimony from these

witnesses. Forest refused to respond. *See* Litvin Decl. Exs. 24, 25. Because Plaintiffs were unable to ascertain Forest's legal justification for designating the testimony from the Namenda Patent Litigation – and therefore Plaintiffs are unable to determine the merits of Forest's reliance on this testimony – Plaintiffs have left in place their original designations and responded to Forest's new designations as a precautionary measure. Accordingly, the existence of Plaintiffs' designations of testimony from the Namenda Patent Litigation in the amended pretrial order does not reflect Plaintiffs' agreement as to the propriety of these designations.

## III. CONCLUSION

For these reasons, Plaintiffs' motion should be granted.

Dated: May 24, 2019                              Respectfully Submitted:

/s/ *Dan Litvin*

| | |
|---|---|
| David F. Sorensen | Bruce E. Gerstein |
| Ellen T. Noteware | Joseph Opper |
| Daniel C. Simons | Kimberly M. Hennings |
| Berger Montague PC | Dan Litvin |
| 1818 Market Street – Suite 3600 | Garwin Gerstein & Fisher LLP |
| Philadelphia, PA 19103 | 88 Pine Street, 10th Floor |
| (215) 875-3000 | New York, NY 10005 |
| (215) 875-4604 (fax) | Tel: (212) 398-0055 |
| dsorensen@bm.net | Fax: (212) 764-6620 |
| enoteware@bm.net | bgerstein@garwingerstein.com |
| dsimons@bm.net | jopper@garwingerstein.com |
| | khennings@garwingerstein.com |
| | dlitvin@garwingerstein.com |
| | |
| Peter Kohn | David C. Raphael, Jr. |
| Joseph T. Lukens | Erin R. Leger |
| Faruqi & Faruqi, LLP | Smith Segura & Raphael, LLP |
| 1617 John F Kennedy Blvd., Suite 1550 | 3600 Jackson Street, Suite 111 |
| Philadelphia, PA 19103 | Alexandria, LA 71303 |
| (215) 277-5770 | Tel: (318) 445-4480 |
| (215) 277-5771 (fax) | Fax: (318) 487-1741 |
| pkohn@faruqilaw.com | draphael@ssrllp.com |
| jlukens@faruqilaw.com | eleger@ssrllp.com |

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

Russ Chorush
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com

7

*Counsel for the Direct Purchaser Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.

       Respectfully submitted,

       /s/ *Dan Litvin*
       Dan Litvin