UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 7: PRECLUDE IMPROPER JUSTIFICATIONS FOR THE LEXAPRO AMENDMENT**

# TABLE OF AUTHORITIES

*F.T.C. v. Actavis, Inc.*,
　570 U.S. 136 (2013) ................................................................................................... 1, 2

*In re Loestrin 24 Fe Antitrust Litig.*,
　261 F. Supp. 3d 307 (D.R.I. 2017) .................................................................................. 1

*In re Namenda Direct Purchaser Antitrust Litig.*,
　331 F. Supp. 3d 152 (S.D.N.Y. 2018) ............................................................................. 1

*King Drug Co. of Florence, Inc. v. Cephalon, Inc.*,
　88 F. Supp. 3d 402 (E.D. Pa. 2015) ................................................................................ 1

The thrust of Forest's Medicaid rebate liability "defense" is that by getting Mylan to assume responsibility for the manufacture of authorized generic Lexapro, the Lexapro Amendment purportedly could save Forest approximately $26 to $30 million in Medicaid rebate liability. Pls.' Revised Contentions ¶ 144 (ECF No. 699-1). Thus, according to Forest, its $32.5 million payment to Mylan under the Lexapro Amendment cannot be considered a reverse payment because Forest received "fair value." Because this argument is not legally cognizable, it should be precluded.

The fundamental problem with Forest's argument is that it mistakenly ignores that *Actavis* looks to the value conferred by the brand (Forest) **upon the generic** (Mylan). As *Actavis* explained, the critical question is whether "the patentee seeks to *induce the generic challenger* to abandon its claim with a share of its monopoly profits that would otherwise be lost in the competitive market." *F.T.C. v. Actavis, Inc.*, 570 U.S. 136, 154 (2013) (citations omitted) (emphasis added). *See also In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 199 (S.D.N.Y. 2018) (the Lexapro Amendment "provides *more* value than Mylan's forecasted profits for generic memantine," and thus it "could *induce* [Mylan] to forfeit its claim.") (first emphasis in original) (quoting *King Drug Co. of Florence v. Cephalon*, Inc., 88 F. Supp. 3d 402, 417 (E.D. Pa. 2015)); *In re Loestrin 24 Fe Antitrust Litig.*, 261 F. Supp. 3d 307, 332 (D.R.I. 2017) ("The [Supreme] Court's use of the word "induce" suggests that the value to the alleged infringer is paramount…"). Forest should not be permitted to confuse and/or mislead the jury into believing that a relevant question is whether the Lexapro Amendment conferred something of value *to* Forest.

Relatedly, Forest's argument misrepresents Forest's Medicaid rebate liability savings as a cognizable valuation of the services Mylan purportedly provided. Specifically, Forest claims that

1

the Lexapro Amendment was necessary for it to realize projected Medicaid rebate savings of roughly the same amount as it conferred on Mylan. Pls.' Revised Contentions ¶ 144 (ECF No. 699-1). But of course, it was the federal government (not Mylan) that lowered Forest's rebate liability to Medicaid, and Forest's experts do not opine that Mylan performed services fairly compensable for that amount. *See Actavis*, 570 U.S. at 156 ("That payment may reflect compensation for other services that the generic has promised to perform — such as distributing the patented item or helping to develop a market for that item."). Whether Forest received some ancillary benefit from the government does not diminish or otherwise affect the size of the inducement to Mylan. Declaration of Dan Litvin, Ex. 28 (Bonelli Dep. at 32:6-10 ("Q: Under the original Lexapro deal, did Forest owe Mylan the Medicaid rebates? A: No, Forest owes the government the Medicaid rebates.")).

Since Forest's purported Medicaid rebate liability savings are not probative of whether Forest's $32 million payment induced Mylan to settle the patent litigation and accept a delayed entry date for its generic Namenda IR, Forest should be precluded from offering its Medicaid rebate liability savings as a procompetitive justification for the reverse payment.

| | |
|---|---|
| Dated: May 24, 2019 | Respectfully Submitted: |
| | /s/ *Dan Litvin* |
| David F. Sorensen | Bruce E. Gerstein |
| Ellen T. Noteware | Joseph Opper |
| Daniel C. Simons | Kimberly M. Hennings |
| Berger Montague PC | Dan Litvin |
| 1818 Market Street, Suite 3600 | Garwin Gerstein & Fisher LLP |
| Philadelphia, PA 19103 | 88 Pine Street, 10th Floor |
| (215) 875-3000 | New York, NY 10005 |
| (215) 875-4604 (fax) | Tel: (212) 398-0055 |
| dsorensen@bm.net | Fax: (212) 764-6620 |
| enoteware@bm.net | bgerstein@garwingerstein.com |
| dsimons@bm.net | jopper@garwingerstein.com |
| | khennings@garwingerstein.com |
| | dlitvin@garwingerstein.com |
| Peter Kohn | David C. Raphael, Jr. |
| Joseph T. Lukens | Erin R. Leger |
| Faruqi & Faruqi, LLP | Smith Segura & Raphael, LLP |
| 1617 John F Kennedy Blvd., Suite 1550 | 3600 Jackson Street, Suite 111 |
| Philadelphia, PA 19103 | Alexandria, LA 71303 |
| (215) 277-5770 | Tel: (318) 445-4480 |
| (215) 277-5771 (fax) | Fax: (318) 487-1741 |
| pkohn@faruqilaw.com | draphael@ssrllp.com |
| jlukens@faruqilaw.com | eleger@ssrllp.com |
| | Stuart E. Des Roches |
| | Andrew W. Kelly |
| | Odom & Des Roches, LLC |
| | 650 Poydras Street, Suite 2020 |
| | New Orleans, LA 70130 |
| | Tel: (504) 522-0077 |
| | Fax: (504) 522-0078 |
| | stuart@odrlaw.com |
| | akelly@odrlaw.com |
| | Russ Chorush |
| | Heim Payne & Chorush, LLP |
| | 1111 Bagby, Suite 2100 |
| | Houston, TX 77002 |
| | Tel: (713) 221-2000 |
| | Fax: (713) 221-2021 |
| | rchorush@hpcllp.com |

*Counsel for the Direct Purchaser Class Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.

                                          Respectfully submitted,

                                          /s/ *Dan Litvin*
                                          Dan Litvin