UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 9: EXCLUDE EVIDENCE AND ARGUMENT THAT THE FTC OR THE PATENT COURT "APPROVED" OF THE NAMENDA AGREEMENTS**

## **TABLE OF CONTENTS**

I.     The FTC's Decision Not To Prosecute Forest Is Irrelevant and Substantially More Prejudicial Than Probative ................................................................................................................ 1

II.    The Patent Court's Entry of Forest's Form Stipulations of Dismissal Is Irrelevant and Substantially More Prejudicial Than Probative ............................................................................. 2

III.   Conclusion ........................................................................................................................ 4

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Greycas, Inc. v. Proud*,
    826 F.2d 1560 (7th Cir. 1987) ...................................................................................................3

*Herrick v. Garvey*,
    298 F.3d 1184 (10th Cir. 2002) .................................................................................................3

*In re High Fructose Corn Syrup Antitrust Litig.*,
    295 F.3d 651 (7th Cir. 2002) .....................................................................................................2

*King Drug Co. of Florence, Inc. v. Cephalon, Inc.*,
    No. 2:06-CV-1797, 2016 WL 5928685 (E.D. Pa. Jan. 8, 2016).........................................1, 3, 4

*King Drug Co. of Florence, Inc. v. SmithKline Beecham Corp.*,
    791 F.3d 388 (3d Cir. 2015).......................................................................................................3

*In re Lipitor Antitrust Litig.*,
    868 F.3d 231 (3d Cir. 2017).......................................................................................................2

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
    643 F. Supp. 2d 482 (S.D.N.Y. 2009)........................................................................................2

*Nipper v. Snipes*,
    7 F.3d 415 (4th Cir. 1993) .........................................................................................................3

*SmithKline Beecham Corp. v. Pentech Pharms., Inc.*,
    261 F. Supp. 2d 1002 (N.D. Ill. 2003) ...................................................................................2, 3

**Other Authorities**

Fed. R. Evid. 403 .............................................................................................................................3

FTC, Frequently Asked Questions About Filing Agreements with the FTC
    Pursuant to the Medicare Prescription Drug, Improvement, and Modernization
    Act of 2003, available at: https://goo.gl/Wb7Zur .....................................................................1

Plaintiffs move for an order precluding Forest from arguing that either the Federal Trade Commission ("FTC") or the patent court overseeing the Namenda patent litigation tacitly "approved" of the Namenda agreements by omitting to *sua sponte* enjoin them. Neither the FTC nor the patent court approved any of Forest's agreements, and therefore any evidence or argument implying the same would be inaccurate, irrelevant and highly prejudicial. *See King Drug Co. of Florence, Inc. v. Cephalon, Inc*., No. 2:06-CV-1797, 2016 WL 5928685, *1-2 (E.D. Pa. Jan. 8, 2016) (defendants prohibited from mentioning FTC and patent court did not act against reverse payment settlement agreements).

I.   **The FTC's Decision Not To Prosecute Forest Is Irrelevant and Substantially More Prejudicial Than Probative**

The FTC itself has stated very clearly that *inaction* on its part does *not* mean the FTC has determined that an agreement did not violate the antitrust laws:

> A lack of action by the Commission or its staff with respect to a filed agreement ***does not signify an implicit approval of the agreement or a lack of antitrust concern***. In addition, the [Medicare Prescription Drug, Improvement, and Modernization Act of 2003] expressly provides that FTC inaction concerning a filed agreement is not a bar to any later antitrust action. ***Any suggestions by drug companies to courts or others that FTC inaction indicates that the agreement presents no antitrust problem would be <u>inaccurate and improper</u>***.

FTC, Frequently Asked Questions About Filing Agreements with the FTC Pursuant to the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, available at: https://goo.gl/Wb7Zur, last accessed Mar. 16, 2019 (emphasis added). The lack of agency action is thus not probative under Fed. R. Evid. 401. Moreover, the FTC's warning means that it would be "inaccurate and improper" for Forest to even "suggest" tacit FTC approval, and any such argument would be substantially more prejudicial than probative under Fed. R. Evid. 403.

In addition, the Third Circuit has explicitly held in a pay-for-delay antitrust case that "it is erroneous to conclude that the FTC's inaction equates to a determination that the settlement

1

agreement does not run afoul of the Sherman Act[.]" *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 263 (3d Cir. 2017) (citing *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)), *cert. denied sub nom. Pfizer Inc. v. Rite Aid Corp.*, 138 S. Ct. 983 (2018). *See also In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 664 (7th Cir. 2002) (lack of prosecution by DOJ and evidence of prior criminal conviction are both equally inadmissible); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 482, 502 (S.D.N.Y. 2009) (excluding testimony of agency inaction because it was irrelevant and would "only serve to confuse the jury.").

Any evidence concerning the FTC's decision not to prosecute Forest or take other action regarding its settlements with generic competitors is therefore irrelevant and highly prejudicial.

## II. The Patent Court's Entry of Forest's Form Stipulations of Dismissal Is Irrelevant and Substantially More Prejudicial Than Probative

Likewise, under Federal Rules of Evidence 401, 402, and 403, Forest should be precluded from offering evidence or argument that the Delaware District Court "approved" Forest's various patent settlements. Such "approval" came in the form of Joint Stipulations of Dismissal that the patent judge signed under Rule 41.

Of course, the entry of an order of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a) does ***not*** constitute endorsement of the settlement underlying the dismissal. *See, e.g., SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (Posner, J.) ("[T]he granting of a motion to dismiss under Rule 41(a)(2) does not imply judicial approval of the underlying settlement agreement. The grant of the motion implies no view of the merits of the agreement and confers no immunities on the settling parties . . . A settlement agreement that merely motivates the dismissal of a suit is not a judicial order, and the dismissal does not insulate it from legal challenge."); *id*. at 1005 (a district court has "no authority to deny a motion to dismiss" pursuant to Rule 41, even if the "motion is based on a

2

settlement agreement that may be contrary to public policy as expressed in the antitrust laws"). *See also King Drug Co. of Florence, Inc. v. SmithKline Beecham Corp.*, 791 F.3d 388, 398 (3d Cir. 2015) (reinstating antitrust claims against two drug manufacturers concerning the anticompetitive effects of a settlement agreement, even though the patent court "approved the parties' settlement").

Accordingly, the stipulations lack any probative value on the question whether the underlying settlement agreements unreasonably restrain trade. *See, e.g., Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (reversible error to admit judicial findings of fact); *Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002) (same); *Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) (Posner, J.) (prior judgments inadmissible). While certain judgments inform the jury where collateral estoppel applies, these stipulations do not qualify for such an exception.

Since the stipulations are irrelevant to liability, their non-existent probative value would also necessarily be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Evidence that the Stipulations were entered by the Delaware District Court would undoubtedly result in the jury's placing undue weight on the role of that court, rather than considering the settlements based on the actual evidence and the legal standard on which they will be instructed. *See, e.g., Nipper*, 7 F.3d at 418 ("judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice."); *Greycas, Inc.* 826 F.2d at 1567 ("a jury … is apt to give exaggerated weight to a judgment.").

For such reasons, in *King Drug*, Judge Goldberg precluded the use of such stipulations of dismissal as proof that they "manifest[] actual court-approval of the patent litigation settlement

3

agreements," but could only be used "to establish that the challenged settlement agreements ended the Paragraph IV litigation." *King Drug*, 2016 WL 5928685 at *1.

### III. Conclusion

For the reasons set forth above, the Court should exclude any evidence or argument that the FTC or the patent court approved of the Namenda settlements.

Dated: May 24, 2019

Respectfully Submitted:

/s/ *Dan Litvin*

| | |
|---|---|
| David F. Sorensen | Bruce E. Gerstein |
| Ellen T. Noteware | Joseph Opper |
| Daniel C. Simons | Kimberly M. Hennings |
| Berger Montague PC | Dan Litvin |
| 1818 Market Street – Suite 3600 | Garwin Gerstein & Fisher LLP |
| Philadelphia, PA 19103 | 88 Pine Street, 10th Floor |
| (215) 875-3000 | New York, NY 10005 |
| (215) 875-4604 (fax) | Tel: (212) 398-0055 |
| dsorensen@bm.net | Fax: (212) 764-6620 |
| enoteware@bm.net | bgerstein@garwingerstein.com |
| dsimons@bm.net | jopper@garwingerstein.com |
| | khennings@garwingerstein.com |
| | dlitvin@garwingerstein.com |
| | |
| Peter Kohn | David C. Raphael, Jr. |
| Joseph T. Lukens | Erin R. Leger |
| Faruqi & Faruqi, LLP | Smith Segura & Raphael, LLP |
| 1617 John F Kennedy Blvd., Suite 1550 | 3600 Jackson Street, Suite 111 |
| Philadelphia, PA 19103 | Alexandria, LA 71303 |
| (215) 277-5770 | Tel: (318) 445-4480 |
| (215) 277-5771 (fax) | Fax: (318) 487-1741 |
| pkohn@faruqilaw.com | draphael@ssrllp.com |
| jlukens@faruqilaw.com | eleger@ssrllp.com |
| | |
| | Stuart E. Des Roches |
| | Andrew W. Kelly |
| | Odom & Des Roches, LLC |
| | 650 Poydras Street, Suite 2020 |
| | New Orleans, LA 70130 |
| | Tel: (504) 522-0077 |
| | Fax: (504) 522-0078 |
| | stuart@odrlaw.com |
| | akelly@odrlaw.com |

5

                                                  Russ Chorush
                                                  Heim Payne & Chorush, LLP
                                                  1111 Bagby, Suite 2100
                                                  Houston, TX 77002
                                                  Tel: (713) 221-2000
                                                  Fax: (713) 221-2021
                                                  rchorush@hpcllp.com

*Counsel for the Direct Purchaser Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.

        Respectfully submitted,

        /s/ *Dan Litvin*
        Dan Litvin