**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>**All Direct Purchaser Actions** | **Case No. 1:15-cv-07488-CM-RWL** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 11: EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING THE OPIOID CRISIS AND PAST OR PRESENT LITIGATION INVOLVING PLAINTIFFS**

# TABLE OF CONTENTS

I.     Evidence Concerning the Opioid Crisis or Plaintiffs' Involvement in Other Litigation Is Irrelevant Under Rule 402 ................................................................................................. 1

II.    Evidence Concerning the Opioid Crisis or Plaintiffs' Involvement in Other Litigation Is Substantially More Prejudicial Than Probative Under Rule 403 ....................................... 3

III.   Evidence Concerning RDC Cannot Be Used For Impeachment ......................................... 4

IV.    Conclusion ........................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Eng v. Scully*,
   146 F.R.D. 74 (S.D.N.Y. 1993)....................................................................... 2

*Grant Thornton, LLP v. FDIC*,
   2007 WL 518421 (S.D. W. Va. Feb. 13, 2007) ......................................... 2

*Koch v. Koch Indus., Inc.*,
   203 F. 3d 1202 (10th Cir. 2000)................................................................ 1, 2

*Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*,
   No. 03 C 4753, 2009 WL 3462398 (N.D. Ill. Oct. 21, 2009) ................... 5

*Park W. Radiology v. CareCore Nat'l LLC*,
   675 F. Supp. 2d 314 (S.D.N.Y. 2009) ...................................................... 3

*United States. v. Gotti*,
   399 F. Supp. 2d 417 (S.D.N.Y. 2005) ...................................................... 3

*United States v. Alcatel-Lucent France, SA*,
   688 F.3d 1301 (11th Cir. 2012)............................................................... 4, 5

*United States v. Eisen*,
   974 F.2d 246 (2d Cir. 1992)....................................................................... 2

*United States v. Georgalis*,
   631 F.2d 1199 (5th Cir. 1980)................................................................... 5

*United States v. Hamilton*,
   48 F.3d 149 (5th Cir. 1995)....................................................................... 5

*United States v. Orlansky*,
   No. 03-20951-CR, 2006 WL 8434738 (S.D. Fla. Feb. 7, 2006)................ 5

*United States v. Stoecker*,
   215 F.3d 788 (7th Cir. 2000)..................................................................... 6

*United States v. Vasquez*,
   840 F. Supp. 2d 564 (E.D.N.Y. 2011)....................................................... 6

*United States v. Zemba*,
   59 Fed. Appx. 459 (3d Cir. 2003) ............................................................ 4

**Rules**

Fed. R. Evid. 401 ................................................................................................................... 2

Fed. R. Evid. 402 ............................................................................................................... 1, 2

Fed. R. Evid. 403 ............................................................................................................... 3, 4

Fed. R. Evid. 608 ............................................................................................................... 5, 6

Fed. R. Evid. 609 ............................................................................................................... 4, 5

Plaintiffs request that the Court preclude Forest from referring to or presenting evidence regarding any current or past litigation or court decision involving any Plaintiff, class member, or their counsel.  Such a prohibition would include, for example, Plaintiffs' involvement in similar litigation to this case, and Plaintiffs' involvement in the opioid crisis.  As the Court is no doubt aware, much of the pharmaceutical industry is being or has been investigated for participation in the opioid crisis in this country.  This includes manufacturers, like Forest's successor, Allergan, and wholesalers including class representative Rochester Drug Co-Operative, Inc. ("RDC").  But evidence concerning the opioid crisis is irrelevant in this case, would only invite sideshows into collateral issues and evidence, and so should be excluded under Rules 402 and 403.

Forest may attempt to reference a deferred prosecution agreement ("DPA") that RDC entered into with the government on April 22, 2019 concerning conduct occurring between 2012 and March of 2017 in the nature of willfully failing to report suspicious opioid orders and instead filling those orders. Any argument or evidence related to the opioid crisis generally, or relating to RDC's DPA specifically, or to any current or past litigation involving Plaintiffs or a class member, is irrelevant under Rule 402, substantially more prejudicial than probative under Rule 403, and cannot be used to impeach any RDC witness RDC under Rules 608 or 609. Thus, Plaintiffs respectfully request an order from the Court barring all mention of opioids or the opioid crisis and any other past or present litigation involving Plaintiffs or a class member.

I.    **Evidence Concerning the Opioid Crisis Or Plaintiffs' Involvement in Other Litigation Is Irrelevant Under Rule 402**

This is a case about Namenda, a drug prescribed to treat moderate to severe Alzheimer's disease – not about opioids.  References to the opioid crisis or a Plaintiff's involvement in any litigation, whether related to the opioid crisis, other similar litigation, or any other related issue, could not possibly be relevant to any issues in this litigation.  *See Koch v. Koch Indus., Inc.*, 203

F. 3d 1202, 1228 (10th Cir. 2000) (evidence regarding other lawsuits was irrelevant); *In re Lidoderm Antitrust Litig*., No. 3:14-md-02521-WHO (N.D. Cal. Feb. 7, 2018) (ECF No. 978) (barring comment on other litigation involving plaintiffs); *Grant Thornton, LLP v. FDIC*, 2007 WL 518421, at *1-2 (S.D. W. Va. Feb. 13, 2007) (same); *Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993) (evidence of plaintiff's prior litigation inadmissible as irrelevant under Federal Rules of Evidence 401 and 402).  The relevant evidence from Plaintiffs includes when, whether, and how much Namenda and generic Namenda they did or would have purchased.

Yet, Forest lists four employees or former employees of RDC on its witness list: Joseph Brennan (former CEO), Laurence Doud (former CEO, now indicted, who has pled not guilty), Christopher Masseth (current COO), and Jenna Plouffe (former inventory management assistant).  Revised Joint Pretrial Order (ECF No. 706) at § IX.B.  Plaintiffs were not planning to call any of these witnesses in their case in chief, and none is on Forest's Rule 26(a)(1)(A) disclosures.

A primary reason Forest might seek to call these witnesses in its own case in chief is to inform the jury of RDC's DPA and the conduct RDC admitted in connection with the DPA, so as to prejudice the jury against RDC.  This is improper.  A witness cannot be called by an adverse party merely to be impeached.  *United States v. Eisen,* 974 F.2d 246, 262 (2d Cir. 1992) (a party "may not call a witness whose testimony it knows to be adverse for the sole purpose of impeaching him and thereby presenting evidence to the jury that would not otherwise be admissible").

Moreover, whether Plaintiffs or class members or their counsel currently are, or ever were, involved in litigation is not relevant to the allegations of anticompetitive conduct or antitrust injury at issue here. Forest and its successor Allergan have been involved in several

2

other unrelated litigations aside from this case, and those are just as irrelevant as Plaintiffs' past

or present litigations. *See, e.g., FTC v. Allergan plc*, No. 17-cv-312 (N.D. Cal.) (alleging

violation of antitrust laws by use of pay-for-delay agreement to delay entry of generic

Lidoderm); *St. Regis Mohawk Tribe v. Mylan Pharm. Inc.*, No. 18-1638 (Fed. Cir.) (alleging that

Allergan improperly protected Restasis patents from *inter partes* review by transferring them to

the Saint Regis Mohawk Tribe, which asserted sovereign immunity).  The only other litigations

of relevance involving Forest, of course, are *New York v. Actavis plc*, No. 1:14-cv-07473

(S.D.N.Y.), *New York ex rel. Schneiderman v. Actavis plc*, No. 14-cv-4624 (2d Cir.), and the

'703 patent litigation that Forest brought against a number of generic companies.

## II.     Evidence Concerning the Opioid Crisis or Plaintiffs' Involvement in Other Litigation Is Substantially More Prejudicial Than Probative Under Rule 403

Even if opioid related evidence, or any other litigations, could be cast as having some

tangential relevance (and we cannot conceive of any such theory), any probative value would be

substantially outweighed by the risk of unfair prejudice and confusion.  *See United States. v.*

*Gotti*, 399 F. Supp. 2d 417, 419-20 (S.D.N.Y. 2005) (evidence of uncharged crime, though

relevant, was inadmissible under Rule 403 because the risk of unfair prejudice outweighed

probative value); *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 324

(S.D.N.Y. 2009) (any probative value of references to other disputes and litigation was

"substantially outweighed by the likelihood of unfair prejudice, confusion of the issues,

misleading the jury, and waste of time.").

Moreover, Plaintiffs would have a right to respond, which would needlessly consume

additional trial time on a sideshow.  Plaintiffs would have the right to inform the jury that the

investigation related to RDC's distribution of opioids is part of a broader probe by the

government that has targeted the entire industry, including opioid manufacturers like Forest's

successor, Allergan.  *See* Third Am. Compl., *In re Nat'l Prescription Opiate Litig.*, No. 17-md-2804 (N.D. Ohio May 10, 2019), ECF No. 1631 (naming Allergan as a defendant in suit against manufacturers and distributors of opioids).  The only unique aspect of RDC's involvement is that the government has resolved its investigation against RDC, and RDC has appointed a new management team and implemented substantial improvements to its compliance program to ensure that the charged conduct is not repeated, including the appointment of former USAO/SDNY and DEA officials to lead its compliance department.  *See* RDC Releases dated Apr. 23, 2019 and May 7, 2019, at http://www.rdcdrug.com/wp-content/uploads/2019/04/RDC-Press-Release-4-23-19.pdf and http://www.rdcdrug.com/wp-content/uploads/2019/05/rochester-drug-co-operative-hires-expert-compliance-and-controlled-substances-act-advisors.050719.pdf.
Permitting the jury to hear argument and evidence concerning the industry-wide investigations related to the opioid crisis or to other past or present litigation involving Plaintiffs or class members would only result in juror confusion, unfair prejudice, and the consumption of a great deal of unnecessary time.  Thus, even if the Court finds there is any probative value to such evidence (there is none), it should be excluded under Rule 403.

**III.     Evidence Concerning RDC Cannot Be Used For Impeachment**

Even if Plaintiffs were to call a witness employed by RDC in its case in chief, neither the DPA nor any facts underlying it can be used to impeach any such witness.

First, under Rule 609, the DPA is not a conviction and so cannot be used for impeachment.  *See, e.g., United States v. Zemba*, 59 Fed. Appx. 459, 461 (3d Cir. 2003) (holding that the district court properly denied a party's attempt to cross examine a witness pursuant to Rule 609 with respect to the witness's participation in an Accelerated Rehabilitation Disposition program because "ARD was not a conviction"); *United States v. Alcatel-Lucent France, SA*, 688

F.3d 1301, 1304 (11th Cir. 2012) (recognizing that, where a district court approves a deferred prosecution agreement, a conviction has not occurred); *United States v. Hamilton*, 48 F.3d 149, 153 (5th Cir. 1995) ("[W]hen adjudication of guilt is deferred, there is no 'conviction.'"); *United States v. Georgalis*, 631 F.2d 1199, 1203 (5th Cir. 1980) (Rule 609 violated when prosecutor attempted to cross-examine defendant about his deferred adjudication for felony check fraud).

Second, none of the facts cited in the DPA or its Statement of Facts can be used under Rule 608 to impeach RDC, because only acts *of the witness himself* can be used. *See* Fed. R. Evid. 608 advisory committee's notes (1972) ("Particular instances of conduct, though not the subject of criminal conviction, may be inquired into on cross examination *of the principal witness himself* or a witness who testifies concerning his character for truthfulness (emphasis added)); Fed. R. Evid. 608 advisory committee's notes (1974) ("Such cross-examination could be *of the witness himself* or of another witness who testifies as to 'his' character for truthfulness or untruthfulness." (emphasis added)). *See also United States v. Orlansky*, No. 03-20951-CR, 2006 WL 8434738, at *1–2 (S.D. Fla. Feb. 7, 2006) (the defendant "cannot generally impeach corporate witnesses through evidence that the corporation acted improperly or illegally. That is, [defendant] may not examine witnesses from Banco Espirito Santo testifying on behalf of the government as to misdeeds of that corporation unless the particular witness was involved in the underlying illegal conduct."); *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, No. 03 C 4753, 2009 WL 3462398, at *3 (N.D. Ill. Oct. 21, 2009) (where a corporate defendant had engaged in discovery misconduct resulting in sanctions, court limited impeachment under Rule 608(b) to "the extent that [plaintiff] has a basis for asserting that a defendant-witness (as opposed to his attorney, or a third party) was responsible for the

sanctioned conduct").  No current employee of RDC is accused of wrongdoing in connection with the DPA, and RDC will not call former employees for any purpose.

Even if the Court were to decide that questioning about the facts underlying the DPA is not prohibited by Rule 608, the Court should nevertheless exercise its discretion to prevent such questioning because it would merely confuse jurors and result in undue prejudice.  *See United States v. Stoecker*, 215 F.3d 788, 790 (7th Cir. 2000) (district court acted within its discretion in precluding cross-examination concerning Rule 608(b) material because it was "unrelated and far too remote to be probative and it would have been unfairly prejudicial"); *United States v. Vasquez*, 840 F. Supp. 2d 564, 575-76 (E.D.N.Y. 2011) (precluding cross-examination pursuant to Rule 608(b) regarding bench warrants that "would be extremely prejudicial to the defendant" and "which could result in a side trial diverting the jury's attention from the relevant issues").

## IV.    Conclusion

For the foregoing reasons, the Court should prohibit any discussion or evidence at trial related to the opioid crisis, including the investigation and resolution thereof involving RDC's conduct, or related to any other past or present litigation involving Plaintiffs, class members, or their counsel.

Dated: May 24, 2019                                      Respectfully Submitted:


                                                         /s/ *Dan Litvin*
David F. Sorensen                                        Bruce E. Gerstein
Ellen T. Noteware                                        Joseph Opper
Daniel C. Simons                                         Kimberly M. Hennings
Berger Montague PC                                       Dan Litvin
1818 Market Street – Suite 3600                          Garwin Gerstein & Fisher LLP
Philadelphia, PA 19103                                   88 Pine Street, 10th Floor
(215) 875-3000                                           New York, NY 10005
(215) 875-4604 (fax)                                     Tel: (212) 398-0055
dsorensen@bm.net                                         Fax: (212) 764-6620
enoteware@bm.net                                         bgerstein@garwingerstein.com
dsimons@bm.net                                           jopper@garwingerstein.com

6

khennings@garwingerstein.com
dlitvin@garwingerstein.com

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
1617 John F Kennedy Blvd., Suite 1550
Philadelphia, PA 19103
(215) 277-5770
(215) 277-5771 (fax)
pkohn@faruqilaw.com
jlukens@faruqilaw.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com
eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

Russ Chorush
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com

***Counsel for the Direct Purchaser Class Plaintiffs***

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.


Respectfully submitted,


/s/ *Dan Litvin*

Dan Litvin