UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION *IN LIMINE* NO. 13: EXCLUDE MENTION OF DOWNSTREAM EFFECTS**

**TABLE OF CONTENTS**

I.　　ARGUMENT ................................................................................................................. 1

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Apple Inc. v. Pepper,*
  No. 17-204, _ U.S.L.W. __, 2019 WL 2078087 (2019)................................................................ 1

*Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*,
  995 F.2d 425 (3d Cir. 1993).......................................................................................................... 2

*Hanover Shoe Inc. v. United Shoe, Inc.*,
  392 U.S. 481 (1968)............................................................................................................. 1, 2, 3

*Illinois Brick Co. v. Illinois,*
  431 U.S. 720 (1977)............................................................................................................. 1, 2, 3

*In re Lidoderm Antitrust Litig.*,
  No. 3:14-md-02521-WHO, 2018 WL 7814761 (Feb. 7, 2018) .................................................... 1

*In re Namenda Direct Purchaser Antitrust Litig.*,
  No. 15civ7488-CM-JCF, 2017 WL 2693713 (S.D.N.Y. June 21, 2017) ................................. 1, 3

*In re Niaspan Antitrust Litig.*,
  MDL No. 2460, 2015 WL 4197590 (E.D. Pa. July 9, 2015)........................................................ 2

*In re Prograf Antitrust Litig.*,
  No. 1:11-md-02242-RWZ, 2014 WL 7641156 (D. Mass. Dec. 23, 2014)................................... 3

*In re Relafen Antitrust Litig.*,
  346 F. Supp. 2d 349 (D. Mass. 2004) .......................................................................................... 2

*In re Skelaxin (Metaxalone) Antitrust Litig.*,
  No. No. 1:12–md–2343, 2014 WL 2002887 (E.D. Tenn. May 15, 2014).................................. 3

*Simon v. Keyspan Corp.*,
  785 F. Supp. 2d 120 (S.D.N.Y. 2011).......................................................................................... 1

*Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*,
  131 F.3d 874 (10th Cir.1997) ....................................................................................................... 2

I.     ARGUMENT

Plaintiffs request that the Court preclude evidence that their downstream customers or other downstream payors (*e.g.*, the end-payors) may have been damaged by paying higher prices for brand or generic Namenda due to "pass on" effects. An "antitrust defendant is not permitted to introduce evidence that indirect purchasers were in fact injured by the illegal overcharge." *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 724-25 (1977). The Supreme Court upheld the rule of *Illinois Brick* just this term. *See Apple Inc. v. Pepper*, No. 17-204, _ U.S.L.W. __, 2019 WL 2078087, at *7 (2019). Forest previously tried to seek discovery of downstream effects in this case, seeking evidence concerning Plaintiffs' sales and profits on Namenda, only to lose before Judge Francis. *See In re Namenda Direct Purchaser Antitrust Litig.*, No. 15 civ7488-CM-JCF, 2017 WL 2693713 (S.D.N.Y. June 21, 2017) (Francis, M.J.).

As Judge Francis noted, the Supreme Court has "largely reject[ed] the use of pass-on theories, noting, again, the complexity that such theories would add to already intricate treble-damages cases." *Id.* at *4. *See also Hanover Shoe Inc. v. United Shoe, Inc.*, 392 U.S. 481, 494 (1968) (antitrust defendants cannot argue that direct purchasers passed-on all or some overcharges to their customers); *Simon v. Keyspan Corp.*, 785 F. Supp. 2d 120, 135 (S.D.N.Y. 2011) ("a pass-on theory may not be used defensively *against* a direct purchaser plaintiff") (citing *Hanover Shoe,* 392 U.S. at 494), *aff'd*, 694 F.3d 196 (2d Cir. 2012) (emphasis in original). Because evidence of such pass-on is irrelevant, courts have barred evidence of such downstream effects at direct purchaser antitrust trials. *See*, *e.g*., *In re Lidoderm Antitrust Litig.*, No. 3:14-md-02521-WHO, 2018 WL 7814761, at *3 (Feb. 7, 2018) ("Defendants may not solicit or introduce evidence solely for the purpose of showing that DPPs pass-on damages or that DPP damages should be reduced."); Declaration of Dan Litvin Ex. 38, *Safeway, Inc. v. Abbott Labs.*, No. 4:07-cv-05470 at 5 (N.D. Cal. Feb. 11, 2011) (ECF No. 339) (precluding defendant "from introducing

evidence or making argument barred by *Illinois Brick . . .* and its progeny"); *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 432 (3d Cir. 1993) (affirming exclusion of downstream evidence because it is "irrelevant and inadmissible for the purpose of showing that plaintiff did not suffer the full amount of the alleged overcharge") (internal quotation omitted).  Similarly, Forest is not permitted to argue that Plaintiffs may have profited from any unlawful overcharge.  *See In re Relafen Antitrust Litig.,* 346 F. Supp. 2d 349, 369 (D. Mass. 2004) ("*Hanover Shoe* precludes not only the 'passing on' defense, but also the subtle variation asserted here, which might be termed the 'otherwise benefiting' defense.") (citing *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc*., 131 F.3d 874, 884-85 (10th Cir.1997)).

 Likewise, Plaintiffs request that the Court preclude Forest from referencing or making any arguments regarding so-called "generic bypass," the phenomenon whereby some wholesalers (members of the Class) may lose volumes after generic entry because some entities buy brand products from a wholesaler but buy generic products directly from the manufacturer ("bypassing" the wholesaler). Courts have uniformly excluded such "bypass" evidence and argument because it effectively violates the no pass-on rule of *Hanover Shoe*, unanimously concluding that direct purchasers' overcharge damages should *not* be reduced to account for bypass because otherwise "a substantial portion of the harm attributed to [defendant's] conduct would go completely unredressed[.]"  *Relafen*, 346 F. Supp. 2d at 368-69. *See also In re Niaspan Antitrust Litig.*, MDL No. 2460, 2015 WL 4197590, at *1 (E.D. Pa. July 9, 2015) (disallowing discovery into downstream sales because bypass effects are "irrelevant as a matter of law.); *id.* at *1-2 ("When Defendant sold the [drug at issue] to the wholesalers at an allegedly anticompetitive price, the injury was complete. The jury need not hear any more. True, to calculate damages the

jury must consider what the cost of the drug would have been in the absence of an antitrust violation. But *Hanover Shoe* and *Illinois Brick* [*v. Illinois*, 431 U.S. 720 (1977)] make clear that courts and juries will not be forced down the rabbit hole of hypothetical issues antitrust violators may raise to minimize their liability.") (alteration in original). Courts in two recent generic delay cases granted similar motions *in limine* to preclude evidence regarding "bypass." *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. No. 1:12–md–2343, 2014 WL 2002887, at *4-7 (E.D. Tenn. May 15, 2014) (granting plaintiffs' motion *in limine*); *In re Prograf Antitrust Litig.*, No. 1:11-md-02242-RWZ, 2014 WL 7641156, at *4 (D. Mass. Dec. 23, 2014) (defense expert testimony excluded because bypass "is inconsistent with *Hanover Shoe*"). Here too, the Court should preclude Forest from introducing legally irrelevant and prejudicial "generic bypass" arguments at trial.

Although Forest's own economic witness references the bypass phenomenon in his report, he concedes that bypass would be relevant only if Plaintiffs were pursuing damage claims for "lost profits" (which they are not). *See* Expert Report of Pierre-Yves Cremieux at ¶ 38 (ECF No. 673-40). Indeed, the Court has already held that "[c]ase law does not support" Forest's argument that "lost profits are the measure of damages." *Namenda*, 2017 WL 2693713, at *6.

In short, Forest should be prohibited from offering evidence or argument of (1) any "pass on" effects, or (2) generic bypass.

Dated: May 24, 2019                     Respectfully Submitted:

                                                                  /s/ *Dan Litvin*

| | |
|---|---|
| David F. Sorensen | Bruce E. Gerstein |
| Ellen Noteware | Joseph Opper |
| Daniel C. Simons | Kimberly M. Hennings |
| Berger Montague PC | Dan Litvin |
| 1818 Market Street, Suite 3600 | Garwin Gerstein & Fisher LLP |
| Philadelphia, PA 19103 | 88 Pine Street, 10th Floor |
| Tel: (215) 875-3000 | New York, NY 10005 |
| Fax: (215) 875-4604 | Tel: (212) 398-0055 |
| dsorsensen@bm.net | Fax: (212) 764-6620 |
| enoteware@bm.net | bgerstein@garwingerstein.com |
| dsimons@bm.net | jopper@garwingerstein.com |
| | khennings@garwingerstein.com |
| | dlitvin@garwingerstein.com |
| | |
| Peter Kohn | David C. Raphael, Jr. |
| Joseph T. Lukens | Erin R. Leger |
| Faruqi & Faruqi, LLP | Smith Segura & Raphael, LLP |
| 1617 John F Kennedy Blvd., Suite 1550 | 3600 Jackson Street, Suite 111 |
| Philadelphia, PA 19103 | Alexandria, LA 71303 |
| Tel: (215) 277-5770 | Tel: (318) 445-4480 |
| Fax: (215) 277-5771 | Fax: (318) 487-1741 |
| pkohn@faruqilaw.com | draphael@ssrllp.com |
| jlukens@faruqilaw.com | eleger@ssrllp.com |
| | |
| | Stuart E. Des Roches |
| | Andrew W. Kelly |
| | Odom & Des Roches, LLC |
| | 650 Poydras Street, Suite 2020 |
| | New Orleans, LA 70130 |
| | Tel: (504) 522-0077 |
| | Fax: (504) 522-0078 |
| | stuart@odrlaw.com |
| | akelly@odrlaw.com |
| | |
| | Russ Chorush |
| | Heim Payne & Chorush, LLP |
| | 1111 Bagby, Suite 2100 |
| | Houston, TX 77002 |
| | Tel: (713) 221-2000 |
| | Fax: (713) 221-2021 |
| | rchorush@hpcllp.com |

*Counsel for the Direct Purchaser Class Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.

      Respectfully submitted,

      /s/ *Dan Litvin*
      Dan Litvin