UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**PLAINTIFFS' MOTION IN LIMINE NO. 14: EXCLUDE MENTION OF TREBLE DAMAGES, ATTORNEYS FEES, OR COSTS**

**TABLE OF CONTENTS**

I.     ARGUMENT ................................................................................................................... 1

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Brooks v. Cook,*
  938 F.2d 1048 (9th Cir. 1991) ................................................................................................ 1, 2

*HBE Leasing Corp. v. Frank*,
  22 F.3d 41 (2d Cir. 1994) ........................................................................................................ 1, 2

*Insignia Sys., Inc. v. News Am. Mktg. In-Store*, No. 04-4213 (JRT/AJB),
  2011 U.S. Dist. LEXIS 10740 (D. Minn. Feb. 3, 2011) ............................................................. 2

*In re Lidoderm Antitrust Litig.*, 3:14-md-02521-WHO,
  2018 WL 7814761 (N.D. Cal. Feb. 7, 2018) .......................................................................... 1, 2

*Noble v. McClatchy Newspapers*,
  533 F.2d 1081 (9th Cir. 1975) ..................................................................................................... 1

*Overhead Door Corp. v. Nordpal Corp.*,
  No. 4-75-CIV. 523, 1978 WL 1479 (D. Minn. Sept. 1, 1978) .................................................... 2

*Pollock & Riley, Inc. v. Pearl Brewing Co.*,
  498 F.2d 1240 (5th Cir. 1974) ..................................................................................................... 1

**Statutes**

15 U.S.C.A. § 15 ............................................................................................................................. 1

I.      ARGUMENT

Plaintiffs move for an order precluding any mention at trial concerning the availability of treble damages, attorneys' fees, or costs. Controlling law precludes any such reference at trial. *See HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45-46 (2d Cir. 1994). Plaintiffs requested Forest to enter into a stipulation on this point, but it refused.

Reference to treble damages is impermissible because it could lead the jury to award lower damages than Congress intended. *See id.* (collecting "cornucopia" of case law, and stating: "In that context [of antitrust violations] as well, courts have uniformly concluded that mentioning treble damages and attorneys fees to the jury is improper."); *In re Lidoderm Antitrust Litig.*, 3:14-md-02521-WHO, 2018 WL 7814761, at *6 (N.D. Cal. Feb. 7, 2018) (excluding mention of antitrust treble damages); *Brooks v. Cook*, 938 F.2d 1048, 1052 (9th Cir. 1991) ("The majority rule is that it is error for a court to instruct a jury that it will subsequently treble any damages the jury awards."); *Noble v. McClatchy Newspapers*, 533 F.2d 1081, 1091 (9th Cir. 1975) (informing the jury of trebling under the Clayton Act "is an invitation to the jury to negate Congress' determination that actual damages should be trebled in order to deter antitrust violations and encourage private enforcement of the antitrust laws"), *vacated on other grounds*, 433 U.S. 904 (1977); *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1243 (5th Cir. 1974) ("[I]t is not for the jury to determine the amount of a judgment. Its function is to compute the amount of damages. Congress's authorization in 15 U.S.C.A. § 15 to triple the award of damages is a matter of law to be applied by the district court without interference from the jury. The fact that the awarded amount will be tripled has no relevance in determining the amount a plaintiff was injured by the anti-trust violation.").

Rather than following the Second Circuit's controlling authority, Forest apparently plans for the jury to hear about trebling. *See* Forest's Proposed Jury Charge at 73, 90 (ECF No. 704-2)

(citing Am. Bar Ass'n, *Model Jury Instructions in Civil Antitrust Cases*, at F-25 (2005)). Although Forest cites a 2005 ABA publication, by then the law had long since moved on. While once some commentators thought the jury should be told about trebling, "[t]he clear trend in the law today, however, is that the jury should not be so informed." *Overhead Door Corp. v. Nordpal Corp.*, No. 4-75-CIV. 523, 1978 WL 1479, at *2 (D. Minn. Sept. 1, 1978) (collecting cases). *See also HBE Leasing Corp.*, 22 F.3d at 45-46; *Lidoderm*, 2018 WL 7814761, at *6. In the improbable event a juror knows about trebling, "the Court can counteract it by sufficiently instructing the jury to determine only actual damages." *Overhead Door Corp.*, 1978 WL 1479, at *2*. The ABA revised its Model Jury Instructions in 2016 and tellingly omitted any instruction about treble damages. *See* Am. Bar Ass'n, *Model Jury Instructions in Civil Antitrust Cases* (2016).

Just as juries should not be told about trebling, so too should they not be told about the availability of attorneys' fees. *See HBE Leasing Corp.*, 22 F.3d at 45-46; *Brooks*, 938 F.2d at 1051 ("[i]n a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award."); *Insignia Sys., Inc. v. News Am. Mktg. In-Store*, No. 04-4213 (JRT/AJB), 2011 U.S. Dist. LEXIS 10740, at *4 (D. Minn. Feb. 3, 2011) ("The Court will also preclude Insignia from mentioning it can recover attorney fees, as such a determination is within the discretion of the Court, and not committed to the jury.").

Accordingly, Plaintiffs request that the Court bar any mention of Plaintiffs' right to receive treble damages, attorneys' fees or costs in the event of a judgment in their favor.

Dated: May 24, 2019

David F. Sorensen
Ellen T. Noteware
Daniel C. Simons
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net
enoteware@bm.net
dsimons@bm.net


Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
1617 John F Kennedy Blvd., Suite 1550
Philadelphia, PA 19103
Tel: (215) 277-5770
Fax: (215) 277-5771
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Respectfully Submitted:

/s/ *Dan Litvin*
Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com
dlitvin@garwingerstein.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com
eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

Russ Chorush
Miranda Jones
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com

*Counsel for the Direct Purchaser Class Plaintiffs*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.

>Respectfully submitted,
>
>/s/ *Dan Litvin*
>Dan Litvin