UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION *IN LIMINE* NO. 16: PRECLUDE REFERENCE TO FOREST'S EXPERT**
**RODERICK MCKELVIE AS "JUDGE" OR "THE HONORABLE"**

1

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | ARGUMENT | 2 |
| IV. | CONCLUSION | 4 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*In re Law Firm of Frank R. Bayger, P.C.*,
   No. 02-11538 K, 2014 WL 2895433 n.4 (Bankr. W.D.N.Y. June 25, 2014) ............................ 4

*Merit Indus., Inc. v. JVL Corp.*,
   No. 03-1618, 2008 WL 4678931 (E.D. Pa. May 29, 2008) ......................................................... 1

**Rules and Codes**

Code of Conduct for United States Judges, Canon 2B .................................................................. 2

Model Code of Judicial Conduct, Rule 1.3 .................................................................................... 2

**Other Authorities**

Am. Bar Ass'n Comm. on Ethics and Prof'l Resp., Formal Op. 95-391 (1995) ........................ 1, 3

Am. Bar Ass'n Informal Op. No. 1448 (1979) ............................................................................... 3

Elizabeth K. Thorp and Kimberly A. Weber, *Recent Opinions from the American Bar
   Association Standing Committee on Ethics and Professional Responsibility*,
   9 GEO. J. LEGAL ETHICS 1009 (1996) ..................................................................................... 3

Pa. Bar Ass'n, Ethics Op. 2017-004 (Feb. 8, 2017)........................................................................ 3

U.S. Judicial Conference Comm. on Codes of Conduct, Advisory Op. No. 72: Use of Title
   "Judge" by Former Judges (June 2009) .................................................................................... 3

## I. INTRODUCTION

The Court should preclude Forest or any other person from referring at trial to one of Forest's experts, Roderick McKelvie, as a former judge. Although he once served on the federal bench in Delaware, here he will be serving only as an expert witness retained and paid by Forest. Of course, we mean no disrespect to the former judge. However, there is nothing judicial about his opinions in this case, and the use of his former judicial title is likely to leave an improper impression with the jury. The only person the jury sees who should be called "Judge" or "Your Honor" is this Court. Moreover, ethical canons and official opinions interpreting them bar referring to retired jurists by their old titles in litigation. *See* Declaration of Dan Litvin ("Litvin Decl.") Ex. 41, U.S. Judicial Conference Comm. on Codes of Conduct, Advisory Op. No. 72: Use of Title "Judge" by Former Judges (June 2009), in 2B *Guide to Judiciary Policy* at 105 (Feb. 28, 2019) ("Advisory Op. No. 72"); Litvin Decl. Ex. 42, Am. Bar Ass'n Comm. on Ethics and Prof'l Resp., Formal Op. 95-391 (1995) at 2 ("ABA Formal Op. 95-391") ("[T]he title 'Judge' should not be used at all in the courtroom, or otherwise in connection with legal proceedings, to refer to a former judge who is appearing on behalf of a client or as an expert witness.") (emphasis added); *see also Merit Indus., Inc. v. JVL Corp.,* cv No. 03-1618, 2008 WL 4678931, at *1 (E.D. Pa. May 29, 2008) (granting motion *in limine* to "Preclude Reference to Merit's Expert Colaianni As a Judge").

## II. FACTUAL BACKGROUND

Mr. McKelvie himself referenced his judicial tenure in his 38-page expert report only infrequently – twice while summarizing his background and once when inappropriately bolstering his opinions. *See* Ex. 43, Expert Report of Roderick McKelvie ¶¶1, 6, 127. However, in his deposition by Plaintiffs, Mr. McKelvie admitted that the vast majority of the cases he handled in his ten years as federal judge did *not* involve patent litigation. *See* Ex. 44, McKelvie

Tr. October 18, 2017, at 19:3-10 ("Q. While you were a Federal District Court judge about 20 percent of your cases were patent infringement cases, correct? A. That's correct. Q. So 80 percent of the cases you handled as a Federal District Court judge were not patent infringement cases, correct? A. Correct.").

Notably, Forest has intentionally and repeatedly played up Mr. McKelvie's status as a former judge throughout this litigation, referring to him as "Judge" or "the Honorable." *See*, *e.g.*, Forest's Objections and Responses to Plaintiffs' Affirmative Statement of Material Facts in Opposition to Forest's Motion for Summary Judgment, filed Jan. 22, 2019, at 44, 89 (referring to "Judge McKelvie") (ECF No. 617); Joint Pretrial Order at 11 (ECF No. 706) (listing "Hon. Roderick McKelvie" on Forest's witness list). Most recently, Forest referred to Mr. McKelvie as "The Honorable Roderick McKelvie" throughout its Motion for Leave to Supplement the Expert Reports of the Honorable Roderick McKelvie and Dr. Lona Fowdur, filed April 29, 2019 (ECF Nos. 694-696). As if to underscore their intent to improperly invoke his former title, Forest called its expert "Judge McKelvie" ***twelve times*** within its nine-page brief. *See* ECF No. 695. Plaintiffs have every reason to expect that Forest will repeatedly call him "Judge," "Your Honor," or the like at trial. That should not be permitted.

### III. ARGUMENT

Judges should "neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge." Code of Conduct for United States Judges, Canon 2B. *See also* Model Code of Judicial Conduct, Rule 1.3 ("A judge shall not abuse the prestige of judicial office to advance the personal or economic interests of the judge or others, or allow others to do so.").

Accordingly, the ABA Committee on Ethics and Professional Responsibility broadly prohibits former judges from using their old title "in the courtroom, or otherwise in connection with legal proceedings." *See* ABA Formal Op. 95-391 at 1. Such usage is misleading as "it may be misunderstood by the public as suggesting some type of special influence" and serves no proper purpose. *Id*. The dangers are heightened when a one-time jurist is addressed or referred to as "Judge" in the course of a jury trial:

> [W]ith respect to jury trials, 'such a practice would be not only unseemly but could, in some instances, pose a substantial threat to the impartial determination of issues which the jury is intended by our judicial system to make.'….[Thus], *the title "Judge" should not be used at all in the courtroom, or otherwise in connection with legal proceedings, to refer to a former judge who is appearing on behalf of a client* **or as an expert witness**.

*Id.* at 2 (emphasis added) (quoting Am. Bar Ass'n Informal Op. No. 1448 (1979)). The ABA's conclusion demonstrates that "[t]he use of judicial titles in the courtroom [] is a blatant attempt to achieve" favorable results for a client, and that "[j]uries are particularly susceptible to the suggestion that a former judge serving as an attorney has more authority or greater legal knowledge than the opposing attorney." Elizabeth K. Thorp and Kimberly A. Weber, *Recent Opinions from the American Bar Association Standing Committee on Ethics and Professional Responsibility*, 9 Geo. J. Legal Ethics 1009, 1013-14 (1996). *See also* Ex. 45, Pa. Bar Ass'n, Ethics Op. 2017-004 (Feb. 8, 2017) (former judge "must refrain from using the title 'Judge' or any similar honorific in any communications about [the former judge's] services as a lawyer or when appearing as an expert witness.") (citing ABA Formal Op. 95-391).

Similarly, the U.S. Judicial Conference Committee on Codes of Conduct concluded that "application of the same title to advocates and to the presiding judicial officer can tend to demean the court as an institution," and so "[j]udges should [e]nsure that the title 'judge' is not used in the courtroom or in papers involved in litigation before them to designate a former judge,

3

unless the designation is necessary to accurately describe a person's status at a time pertinent to the lawsuit." Advisory Op. No. 72 at 1.

Thus, "[i]n federal court no former judge is ever to be referred to as 'judge' in any litigation or documents except appearances for ceremonial purposes. In fact, it is unethical for [a judge] *to permit others* to pay such deference when adverse parties might be caused to believe that the former judge has some special place in the law (or the court) that might affect the result." *In re Law Firm of Frank R. Bayger, P.C.*, No. 02-11538 K, 2014 WL 2895433, at *3 n.4 (Bankr. W.D.N.Y. June 25, 2014) (emphasis in original) (citing Advisory Op. No. 72).

In view of the overwhelming potential for unfair prejudice and juror confusion under Rule 403, and the ethical considerations restricting the practice, the Court should preclude Forest from addressing or referring to their expert Roderick McKelvie as a "Judge" or "the Honorable" before the jury. Even if this Court were to permit a single mention of his tenure while reciting his work experience, the Court should prohibit any other reference to him as "Judge" or "Honorable" at trial to prevent any improper influence on the jury.

**IV.    CONCLUSION**

In sum, Plaintiffs' motion should be granted. In any federal courtroom, there is "only one judge," *Law Firm of Frank R. Bayger, P.C.*, 2014 WL 2895433, at *3 n.4, and here that is Judge McMahon.

4

Dated: May 24, 2019

David F. Sorensen
Phyllis M. Parker
Daniel C. Simons
Ellen Noteware
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net
dsimons@bm.net


Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
1617 John F Kennedy Blvd., Suite 1550
Philadelphia, PA 19103
Tel: (215) 277-5770
Fax: (215) 277-5771
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Respectfully Submitted:

/s/ *Dan Litvin*
Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com
dlitvin@garwingerstein.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com
eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

Russ Chorush
Miranda Jones
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com

*Counsel for the Direct Purchaser Class Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2019, I electronically filed the above by CM/ECF system.

                                    Respectfully submitted,

                                    /s/ *Dan Litvin*
                                    Dan Litvin