# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE NAMENDA DIRECT PURCHASER
ANTITRUST LITIGATION

Case No. 1:15-cv-07488-CM (RWL)

**MEMORANDUM IN SUPPORT OF FOREST'S MOTION *IN LIMINE* 3**
**TO EXCLUDE IRRELEVANT EVIDENCE OF FOREIGN TRIBUNALS'**
**FINDINGS OF PATENT INVALIDITY FOR FOREIGN PATENTS NOT AT ISSUE**

**WHITE & CASE LLP**

*Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

    I.     Evidence of Invalidity of Foreign Patents in Foreign Jurisdictions under Foreign
            Proceedings Is Irrelevant to Determining Validity of a U.S. Patent under U.S.
            Law ............................................................................................................................ 2

    II.    If Introduced, the Probative Value of Evidence of Foreign Patent Invalidations
            Would Be Substantially Outweighed by the Danger of Unfair Prejudice and
            May Result in the Need for a New Trial ................................................................... 3

CONCLUSION ............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*FTC v. Actavis, Inc.*,
570 U.S. 136 (2013)........................................................................................................1

*Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*,
730 F.2d 1452 (Fed. Cir. 1984)......................................................................................2

*PharmaStem Therapeutics, Inc. v. Viacell Inc.*, No. 02-148 GMS,
2003 U.S. Dist. LEXIS 17137 (D. Del. Sep. 30, 2003) .........................................1, 3

*Revlon, Inc. v. Carson Prods. Co.*,
602 F. Supp. 1071 (S.D.N.Y. 1985)...............................................................................3

*Timely Prods. Corp. v. Arron*,
523 F.2d 288 (2d Cir. 1975)........................................................................................1, 3

*Timely Prods. Corp. v. Arron*,
CIV. No. 11,864, 1974 U.S. Dist. LEXIS 6916 (D. Conn. Sept. 3, 1974), ...............2

*Waddington N. Am., Inc. v. Sabert Corp.*,
Civil Action No. 09-4883 (GEB), 2011 U.S. Dist. LEXIS 86632 (D.N.J. Aug.
5, 2011) ......................................................................................................................4, 5

## STATUTES AND RULES

Fed. R. Evid. 402 ................................................................................................................3

DPPs seek to introduce evidence at trial of the results of foreign proceedings invalidating foreign patents corresponding to U.S. Patent No. 5,061,703 (the "'703 patent") in Germany and Canada. *See* ECF No. 699, Ex. 1 to Proposed Joint Pretrial Order: Pls.' Contentions ("DPPs' Contentions") at ¶ 79 (Germany and Canada); Ex. 1, Expert Rep. of George W. Johnston, Esq. ("Johnston Rep.") at ¶ 55 (discussing outcomes of foreign patent proceedings in Germany and Canada concerning "foreign counterparts" of the '703 patent). Findings of invalidity in foreign jurisdictions for foreign patents under foreign law have no bearing on whether a U.S. court would find a U.S. patent to be invalid under U.S. law. Courts have long viewed evidence of foreign patent outcomes as irrelevant to an invalidity analysis and have excluded such evidence. *Timely Prods. Corp. v. Arron*, 523 F.2d 288, 295 (2d Cir. 1975) ("There is considerable precedent" that foreign patent decisions are disallowed for purposes of examining validity); *PharmaStem Therapeutics, Inc. v. Viacell Inc.*, No. 02-148 GMS, 2003 U.S. Dist. LEXIS 17137, at *2 (D. Del. Sep. 30, 2003) (Sleet, J.) (excluding European Patent Office decision).

Moreover, even if this evidence had any relevance, its probative value would be substantially outweighed by the danger of unfair prejudice and confusion — especially in the manner DPPs seek to use the evidence here — and it should be excluded pursuant to 403. For these reasons, the Court should grant Forest's motion *in limine* and exclude any evidence or testimony regarding the outcomes of foreign patent proceedings as those proceedings may relate to the issue of the validity of the '703 patent.

## ARGUMENT

An important question in this antitrust case concerns whether the '703 patent would have been upheld as valid in the underlying patent litigation. *FTC v. Actavis, Inc.*, 570 U.S. 136, 148 (2013) ("reverse payments" may be reviewed under the rule of reason as potentially unlawful if

they are so "large" and "unjustified" as to permit the inference that they were made in view of a patent's "weakness"). DPPs argue that the '703 patent would have been found invalid, and seek to introduce evidence of the outcomes of foreign patent proceedings in Canada and Germany as support. *See* DPPs' Contentions at ¶ 79 ("Consistent with the invalidity of the '703 Patent claims, the foreign counterparts to the '703 Patent were invalidated in Germany and Canada"); *see also* Ex. 1, Johnston Rep. at ¶ 55 (discussing Germany and Canada patent proceedings for foreign patents). Evidence of the kind is simply not relevant to the validity of the '703 patent, and must be excluded.

I.    **Evidence of Invalidity of Foreign Patents in Foreign Jurisdictions under Foreign Proceedings is Irrelevant to Determining Validity of a U.S. Patent under U.S. Law**

Evidence concerning the invalidity of a foreign patent in a foreign proceeding under foreign law is not relevant to a patent litigation proceeding in a U.S. court, under U.S. law. *Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452, 1458 n.2 (Fed. Cir. 1984) (whether a foreign patent was anticipated under foreign law is "meaningless" on the issue of validity in the United States, as "the language and laws of other countries differ substantially from those in the United States"). This rule is long-standing: "[t]he Court of Customs and Patent Appeals has repeatedly held that corresponding foreign patents are of no relevance to the question of the granting of a United States patent." *Timely Prods. Corp. v. Arron*, CIV. No. 11,864, 1974 U.S. Dist. LEXIS 6916, at *14-15 (D. Conn. Sept. 3, 1974); *aff'd*, 523 F.2d 288, 295 (2d Cir. 1975) ("Plaintiffs further complain about the District Court's exclusion from evidence of nine patents which were issued on Costanzo's invention in various foreign countries, and assert that these corresponding foreign patents are strong evidence of nonobviousness. We are aware of no case, and plaintiffs have conceded that they know of none, which has ruled in plaintiffs' favor on this point.").

2

The reason for this rule is straightforward: foreign jurisdictions apply different substantive patent laws, within different procedural and evidentiary frameworks, and therefore patent litigation outcomes in these jurisdictions say nothing about how U.S. courts should treat U.S. patents under U.S. law. *Timely Prods. Corp. v. Arron*, 523 F.2d 288, 295 (2d Cir. 1975) ("the standards of patentability vary widely from country to country; some countries . . . have only what amounts to a registration system with no examination even as to novelty, much less to level of ingenuity"). This prohibition covers not only introduction of outcomes of foreign patent court proceedings, but also foreign patent office decisions because "there is no international standardized inquiry into patentability, and therefore the issuance of a United States patent carries with it a presumption of validity under 35 U.S.C. § 282 that cannot be destroyed by determinations made by foreign patent offices." *Revlon, Inc. v. Carson Prods. Co.*, 602 F. Supp. 1071, 1081 (S.D.N.Y. 1985) (finding Canadian patent office decision inadmissible under the rule of *Timely Products*).  Of course, irrelevant evidence is not admissible.  Fed. R. Evid. 402.  In fact, the Judge in the patent case, Gregory M. Sleet, had excluded this type of evidence in other cases.  *See PharmaStem*, 2003 U.S. Dist. LEXIS 17137, at *2 (excluding European Patent Office decision on related patent as "not admissible evidence").  There is no reason to think Judge Sleet would have ruled otherwise in the '703 action.

## II.    If Introduced, the Probative Value of Evidence of Foreign Patent Invalidations Would Be Substantially Outweighed by the Danger of Unfair Prejudice and May Result in the Need for a New Trial

Even if evidence concerning foreign patent proceedings is relevant, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice and confusion if introduced to evaluate the validity of a U.S. patent under U.S. patent law.  Even the ***implication*** that foreign jurisdictions found a foreign patent alleged to be a counterpart to a U.S. patent invalid

creates a substantial risk of unfair prejudice "as it encourage[s] the jury to conclude that if other

jurisdictions had found the patent invalid, the jury should as well." *Waddington N. Am., Inc. v.*

*Sabert Corp.*, Civil Action No. 09-4883 (GEB), 2011 U.S. Dist. LEXIS 86632, at *20, 25 (D.N.J.

Aug. 5, 2011) (finding substantial prejudice resulted from references to foreign patent proceeding

outcomes in trial testimony, which "alone makes a strong case for a new trial"). *Waddington* found

that the prejudice resulting from the introduction of this type of evidence was substantial:

> ***The testimony encouraged the jury to abdicate its responsibility*** to decide the
> question of the U.S. Patent's validity under U.S. law and conclude that if other
> jurisdictions had found foreign patents invalid, it also should find the U.S. patent
> invalid. ***However, such an action would have been wholly improper*** — U.S.
> patent law is distinct from foreign patent law, and the patent itself is a different
> from its foreign counterparts. In sum, except to the extent that it prejudicially
> suggests that the jury should follow the foreign decisions, the conclusions of those
> decisions have absolutely no relevance to liability.

*Id.* at *22 (emphasis added). In *Waddington*, the court granted a motion *in limine* to exclude

evidence of foreign patent proceedings that purportedly found foreign claims similar to those in a

U.S. patent invalid for lack of inventiveness. *Id.* at *16 ("The Court was not equivocal in its

decision."). Nevertheless, counsel in *Waddington* proceeded to refer to "other legal proceedings

taking place in China and in Europe" at trial. *Id.* at *16-17. The *Waddington* court sustained

objections by the patentee, but the damage had been done:

> [Counsel] forced the issue on the jury despite [patentee's] objections and the
> Court's repeated sustaining of those objections. This allowed [counsel] to feign
> victimhood in front of the jury, and it is probable that the jury left with the
> impression that the Court and Plaintiff's counsel were conspiring to keep important
> evidence from it.

*Id.* at *23 ("The results of the foreign decisions should not have been before the jury in the first

place — the Court repeatedly excluded the evidence for all purposes."). As a result, the

*Waddington* court ordered a retrial to decide the key validity issue of obviousness, highlighting

the severity of the taint of foreign patent invalidity evidence. *Id.* at *25 ("On retrial, Sabert's

4

counsel and witness shall not repeat this misconduct. Any reference to foreign proceedings will be immediately sanctioned.").

As in *Waddington*, neither Forest nor the Court should be forced to play "damage control" with "extremely prejudicial" evidence of precisely the kind that DPPs seek to introduce. *Id*. at *23; DPPs' Contentions, ¶ 79; Ex. 1, Johnston Rep. at ¶ 55.

## **CONCLUSION**

For these reasons, Forest respectfully requests that this Court preclude DPPs from offering evidence or argument about patent proceedings or rulings in foreign jurisdictions with respect to foreign patents, including such evidence referred to in DPPs' Contentions at ¶ 79 and the Johnston Report at ¶ 55.

Dated: May 24, 2019                               Respectfully submitted,

**WHITE & CASE**LLP

By:  */s/ Eric E. Lancaster*
Martin M. Toto
Heather K. McDevitt
John H. Chung
Michael E. Hamburger
William H. Bave, III
Kristen O'Shaughnessy
Kevin C. Adam
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

J. Mark Gidley
Christopher M. Curran
Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.**