**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE NAMENDA DIRECT PURCHASER
ANTITRUST LITIGATION

Case No. 1:15-cv-07488-CM  (RWL)

**MEMORANDUM IN SUPPORT OF
FOREST'S MOTION *IN LIMINE* 4 TO REQUIRE CLASS
REPRESENTATIVE ROCHESTER DRUG CO-OPERATIVE
TO TESTIFY AT TRIAL OR WITHDRAW AS A CLASS REPRESENTATIVE**

**WHITE & CASE** LLP

*Counsel for Defendants Actavis plc, Forest
Laboratories, LLC, Forest Laboratories, Inc., and
Forest Laboratories Holdings Ltd.*

**TABLE OF CONTENTS**

BACKGROUND............................................................................................................ 2

ARGUMENT .............................................................................................................. 5

       I.      Class Representative RDC — a Fiduciary to the Class — Cannot
             Adequately Represent the Class if It Refuses to Testify Live and
             Participate in the Trial.......................................................................... 5

       II.     Permitting RDC Not to Testify at Trial Would Violate Forest's
             Constitutional Rights — Trial Is Forest's Only Opportunity to Examine
             RDC About Its Disqualifying Criminal Conduct, Which DPPs Concealed
             Until After Fact Discovery Closed .................................................... 6

CONCLUSION............................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adickes v. S. H. Kress & Co.*,
   398 U.S. 144 (1970) ....................................................................................6

*Amara v. CIGNA Corp.*,
   775 F.3d 510 (2d Cir. 2014) ........................................................................7

*Arabian v. Sony Elecs., Inc.*,
   No. 05-cv-01741, 2007 U.S. Dist. LEXIS 12715 (S.D. Cal. Feb. 22, 2007) ..........................6

*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) .......................................................................9

*Azkour v. Little Rest Twelve*,
   No. 10-cv-04132, 2015 U.S. Dist. LEXIS 18141 (S.D.N.Y. Feb. 11, 2015) .........................8

*Bohn v. Pharmavite, LLC*,
   No. 11-10430, 2013 U.S. Dist. LEXIS 125006 (C.D. Cal. Aug. 7, 2013) ...........................5

*Boucher v. Syracuse Univ.*,
   164 F.3d 113 (2d Cir. 1999) ........................................................................7

*Chana Friedman-Katz v. Lindt & Sprungli (USA), Inc.*,
   270 F.R.D. 150 (S.D.N.Y. 2010) ....................................................................8

*Darvin v. Int'l Harvester Co.*,
   610 F. Supp. 255 (S.D.N.Y. 1985) ...............................................................5, 8

*Ebin v. Kangadis Food Inc.*,
   297 F.R.D. 561 (S.D.N.Y. 2014) ....................................................................5

*Elgabri v. Lekas*,
   964 F.2d 1255 (1st Cir. 1992) ......................................................................8

*Finocchiaro v. NQ Mobile, Inc.*,
   No. 15-cv-06385, 2016 U.S. Dist. LEXIS 166245 (S.D.N.Y. Dec. 1, 2016) .........................7

*Fisher v. Shamburg*,
   624 F.2d 156 (10th Cir. 1980) ......................................................................7

*Gulf Oil Co. v. Bernard*,
   452 U.S. 89 (1981) ..................................................................................5

*In re Asacol Antitrust Litig.*,
    15-cv-12730, ECF No. 691 (D. Mass. Jan. 11, 2018)...........................................................6

*In re Asacol Antitrust Litig.*,
    907 F.3d 42 (1st Cir. 2018) .................................................................................................6, 9

*In re Loestrin 24 Fe Antitrust Litig.*,
    No. 1:13-md-2472 (D.R.I. Dec. 14, 2018), ECF No. 657 ("*Loestrin* Order").........................1

*In re Namenda Direct Purchaser Antitrust Litig.*,
    331 F. Supp. 3d 152 (S.D.N.Y. 2018) ....................................................................................3

*Jenkins v. McKeithen*,
    395 U.S. 411 (1969).................................................................................................................6

*Key v. Gillette Co.*,
    104 F.R.D. 139 (D. Mass. 1985) ............................................................................................7

*Kline v. Wolf*,
    702 F.2d 400 (2d Cir. 1983) ...............................................................................................7, 8

*Lapin v. Goldman Sachs & Co.*,
    254 F.R.D. 168 (S.D.N.Y. 2008) ........................................................................................5, 8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)................................................................................................................9

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)................................................................................................................7

*Savino v. Computer Credit*,
    164 F.3d 81 (2d Cir. 1998) .....................................................................................................8

*Weber v. Goodman*,
    9 F. Supp. 2d 163 (E.D.N.Y. 1998).......................................................................................6

*Weikel v. Tower Semiconductor, Ltd.*,
    183 F.R.D. 377 (D.N.J. 1998).................................................................................................6

## STATUTES AND RULES

Fed. R. Civ. P. 23 ............................................................................................................................6

Class representative Rochester Drug Co-Operative, Inc. ("RDC") invoked this Court's jurisdiction by filing its complaint and pursuing class-action claims for billions of dollars, yet RDC will not testify in its case-in-chief, either live or by deposition. However, RDC cannot adequately represent the class without testifying live at trial, and should be disqualified if it will not do so.

Moreover, RDC's failure to testify would prevent Forest from exercising its constitutional due process and Seventh Amendment rights to confront the witnesses against it and present potentially meritorious arguments, including by developing evidence of RDC's *now admitted* participation in a "conspiracy to distribute controlled substances" and a "conspiracy to defraud the United States" during the pendency of this lawsuit. Ex. 1, Rochester Drug Co-operative – Deferred Prosecution Agreement, dated April 22, 2019 ("Deferred Prosecution Agreement") at ¶¶ 1–2. RDC successfully concealed its criminal conduct until after fact discovery had closed and class certification briefing had concluded in this case. Thus, there has been no opportunity for Forest to procure evidence from RDC regarding its actions, or for this Court to evaluate whether RDC's conduct disqualifies it from serving as a class representative.

But it is apparent that such evidence would disqualify RDC. Indeed, unlike here, RDC's efforts to conceal its criminal conduct from another district court failed — that court ordered RDC to testify about its actions due to their relevance to the issue of RDC's adequacy as a class representative — and RDC dismissed its claims and withdrew as a putative class representative. Ex. 2, Mem. & Order at 3–4, 7–8, *In re Loestrin 24 Fe Antitrust Litig.*, No. 1:13-md-02472 (D.R.I. Dec. 14, 2018), ECF No. 657 ("*Loestrin* Order").

Because RDC cannot be an adequate representative without attending and testifying at trial, and Forest's constitutional rights demand it, this Court should require RDC to testify live at trial or remove it as a class representative.

## BACKGROUND

Fact discovery in this action closed in September 2017.  ECF No. 331, Second Am. Case Mgmt. Order at 2.  During the discovery period, Forest deposed one RDC witness:  RDC's corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Laurence Doud III.  When the parties filed the original proposed Pretrial Order in this case in January 2018, however, DPPs did not identify Mr. Doud as a witness.  Instead, DPPs listed Joseph Brennan, RDC's CEO.  ECF No. 492, [Proposed] Joint Pretrial Order § IX.  After Forest sought to schedule Mr. Brennan's deposition, DPP counsel refused to produce him, and ultimately withdrew Mr. Brennan from their witness list on January 30, 2018.  ECF No. 513, Decl. of Michael E. Hamburger in Supp. of Forest's Sur-Reply in Further Opp'n to DPPs' Mot. for Class Cert. ¶ 4 (Feb. 6, 2018).

On February 20, 2018, in a filing that opposed Forest's request to depose Mr. Brennan, DPP counsel informed the Court that Mr. Doud would not testify at trial because he "is no longer an RDC employee," but was "retired and is unavailable."  ECF No. 523, Pls.' Resp. to Forest's Mot. for Leave to File a Sur-Reply at 1, 3.  These assertions were apparently untrue, because RDC gave notice to Mr. Doud that it was firing him *in March 2018*, with an effective date in April 2018.  *Loestrin* Order at 8–9.  DPP counsel have not corrected these assertions.

Forest's counsel did not learn about the real timing of or reasons for Mr. Doud's firing until Mr. Doud filed a wrongful termination and defamation suit against RDC and Mr. Brennan in April 2018.  *Loestrin* Order at 2–3.  Mr. Doud's complaint against RDC revealed that the U.S. Department of Justice had opened a criminal investigation into RDC in March 2017, and RDC had received a grand jury subpoena in November 2017.  *Loestrin* Order at 3.  According to Mr. Doud, RDC (acting through Mr. Brennan) fired Mr. Doud in April 2018 in an effort to pin the blame for RDC's conduct on Mr. Doud, in part to shield Mr. Brennan from the criminal investigation.  *Id.*

Some of the counsel for DPPs here represent RDC — and Forest's counsel represent certain defendants — in *Loestrin*, another pending class action antitrust case involving alleged reverse payment and product hopping claims. At a June 2018 deposition in *Loestrin*, DPP counsel refused to let Mr. Brennan answer questions about Mr. Doud's firing and RDC's criminal conduct. *Loestrin* Order at 3. Then, rather than asking the *Loestrin* court to resolve the matter, DPP counsel filed a sealed action for a protective order in a different court, and moved to terminate the deposition. *Id.* After that motion was transferred to the *Loestrin* court, Magistrate Judge Patricia A. Sullivan denied it, holding that testimony about RDC's potential criminal conduct was "certainly" relevant to RDC's adequacy to serve as a class representative. *Id.* at 7–8. To avoid giving the testimony it was ordered to provide, however, RDC dismissed its claims. *Id.* at 4.

Chief Judge William E. Smith of the U.S. District Court for the District of Rhode Island found that "DPP counsel's actions [were] plainly aimed at obfuscating RDC's potential criminal exposure." *Loestrin* Order at 10. The fact DPP counsel "took pains to file a motion for a protective order in [a different court] instead of bringing it immediately to the attention of Magistrate Judge Sullivan . . . speaks volumes about their" conduct. *Loestrin* Order at 8–9. They "knew full well that Judge Sullivan would unearth the underlying reason for the refusal to answer deposition questions and order them answered — a result they hoped to avoid with their clumsy Hail Mary pass to another court. . . . [T]he Court will not reward this sort of gamesmanship . . . ." *Id.* at 9.

Before the *Loestrin* court ordered RDC to testify, this Court granted DPPs' motion for class certification, naming RDC as a class representative, along with JM Smith Corporation, d/b/a Smith Drug Company ("Smith Drug"). *In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152 (S.D.N.Y. 2018). Unlike in *Loestrin*, where RDC failed to conceal its conduct, here RDC has not dismissed its claims. Ex. 3, Oct. 29, 2018 Letter from P. Kohn to Counsel for Forest. Had

Mr. Brennan been deposed in this case, rather than DPPs withdrawing him and obfuscating the real reason they removed Mr. Doud as a witness, Forest could have uncovered some of RDC's conduct before class certification briefing concluded and alerted this Court.

Last month, RDC entered into the Deferred Prosecution Agreement and admitted to participating in multiple felonies. Ex. C to Deferred Prosecution Agreement ¶¶ 4–6. Mr. Doud, RDC's 30(b)(6) witness, was indicted on numerous felony conspiracy charges. Ex. 4, Sealed Indictment, *United States v. Doud*, No. 19-cr-00285-GBD (S.D.N.Y. Apr. 22, 2019), ECF No. 1. And Mr. Brennan apparently has been placed on leave. *See* Ex. 5, Danny Hakim et al., *The Giants at the Heart of the Opioid Crisis*, N.Y. Times (Apr. 22, 2019), https://www.nytimes.com/2019/04/22/health/opioids-lawsuits-distributors.html.

Most relevant here, RDC now admits to many instances of unlawful and dishonest conduct, including: (1) efforts to "obstruct and obscure U.S. Drug Enforcement Administration ('DEA') oversight of the company's practices, including by misrepresenting to the DEA the company's due diligence practices"; (2) violations of "federal narcotics laws by distributing controlled substances — including opioids such as oxycodone and fentanyl — to pharmacy customers that RDC knew were dispensing controlled substances for illegitimate purposes"; and (3) "ma[king] false statements to the DEA regarding its program for maintaining controls against the diversion of controlled substances." Ex. C to Deferred Prosecution Agreement ¶¶ 4–6.

In DPPs' operative witness list, submitted with the current Pretrial Order on April 30, 2019, DPPs have confirmed they will not present *any live or deposition testimony* from RDC — not from Mr. Doud, Mr. Brennan, or anyone else. *See* ECF No. 699, [Proposed] Revised Joint Pretrial Order at 9–10 (indicating that DPPs will present live testimony from at least one Smith Drug

witness, Jim Benton, but no witnesses from RDC, either live or by deposition).   In other words,

DPPs do not intend to present testimony from RDC, in any form, at trial.

## ARGUMENT

### I.    Class Representative RDC — a Fiduciary to the Class — Cannot Adequately Represent the Class if It Refuses to Testify Live and Participate in the Trial

A class representative's willingness to testify at trial is a fundamental aspect of its capacity

to represent a class adequately.   *See, e.g.*, *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566

(S.D.N.Y. 2014) (citing willingness to testify at trial in finding adequacy requirement was met);

*Bohn v. Pharmavite, LLC*, No. 11-10430, 2013 U.S. Dist. LEXIS 125006, at *8 n.4 (C.D. Cal.

Aug. 7, 2013) ("[W]e cannot . . . imagine a scenario in which [the class representative] would not

testify at trial about the circumstances of her purchase, if only to set up the basis of this suit.").

To be an adequate class representative, RDC must do more than merely lend its name to

this suit.   *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 176 (S.D.N.Y. 2008) (courts "consider

whether a putative representative is familiar with the action, whether he has abdicated control of

the litigation to class counsel, and whether he is of sufficient moral character to represent the

class") (quotations and citations omitted); *Darvin v. Int'l Harvester Co.*, 610 F. Supp. 255, 256

(S.D.N.Y. 1985) (refusing to certify a class due to lack of adequacy where the court found that

plaintiff "would not adequately protect the interests of the class because, *inter alia*, there are unique

defenses which defendants can assert against him, especially with respect to his ***credibility***, and

because plaintiff has demonstrated a serious lack of familiarity with the suit") (emphasis added).

This Court, like all other district courts, has a "duty and . . . broad authority to exercise

control over a class action and to enter appropriate orders governing the conduct of counsel and

parties."   *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).   Consistent with that duty, this Court

should require RDC to testify live at trial if it wishes to continue seeking to represent the DPP

class. *In re Asacol Antitrust Litig.*, 15-cv-12730-DJC, ECF No. 691 (D. Mass. Jan. 11, 2018) (ordering class representatives to appear for live testimony at pharmaceutical product hopping trial if called by defendants); *see also Arabian v. Sony Elecs., Inc.*, No. 05-cv-01741, 2007 U.S. Dist. LEXIS 12715, at *21-23 (S.D. Cal. Feb. 22, 2007) (rejecting as inadequate a representative who would be absent at trial and therefore unable to check the discretion of counsel); *Weber v. Goodman*, 9 F. Supp. 2d 163, 171-72 (E.D.N.Y. 1998) (noting that representative understood he "must appear at depositions and trial" to be adequate); *Weikel v. Tower Semiconductor, Ltd.*, 183 F.R.D. 377, 396-97 (D.N.J. 1998) (finding representative inadequate who required many weeks' notice in order to testify at trial, which "ha[d] the potential for seriously interfering with his obligation to vigorously prosecute this action.").

If RDC will not appear and testify at trial, this Court should disqualify it from representing the class. *See* Fed. R. Civ. P. 23(c)(1)(C) ("class certification [orders] may be altered or amended before final judgment").

## II. Permitting RDC Not to Testify at Trial Would Violate Forest's Constitutional Rights — Trial Is Forest's Only Opportunity to Examine RDC About Its Disqualifying Criminal Conduct, Which DPPs Concealed Until After Fact Discovery Closed

By refusing to bring any live RDC witnesses, DPPs would prevent Forest from obtaining relevant evidence that RDC concealed during discovery and confronting RDC with facts undermining its credibility, in derogation of Forest's well-established constitutional rights, including the right to "confront, cross-examine and impeach adverse witnesses." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 176 (1970) (Black, J., concurring); *see also Jenkins v. McKeithen*, 395 U.S. 411, 428 (1969) ("[T]he right to confront and cross-examine witnesses is a fundamental aspect of procedural due process."); *id.* at 429 ("The right to present evidence is . . . essential to the fair hearing required by the Due Process Clause."); *In re Asacol Antitrust Litig.*, 907 F.3d 42, 53 (1st Cir. 2018) ("class certification provides no occasion for jettisoning the rules of evidence

and procedure, the Seventh Amendment, or the dictate of the Rules Enabling Act," or derogating a defendant's "due process rights"; rejecting use of affidavits or other hearsay to establish impact/injury-in-fact to class members). In effect, permitting RDC to avoid testifying at trial would preclude Forest from introducing and developing relevant evidence of RDC's criminal, dishonest conduct, simply because DPP counsel managed to keep Forest in the dark about RDC's conduct until after fact discovery closed. Were that to occur, DPPs would be rewarded for the precise "gamesmanship" that the *Loestrin* court refused to condone. *Loestrin* Order at 9.

If any of Rule 23's requirements are no longer met prior to a final judgment on the merits, this Court must decertify the class or amend its order. *See Amara v. CIGNA Corp.*, 775 F.3d 510, 520 (2d Cir. 2014) ("Rule 23(c)(1) requires courts to 'reassess . . . class rulings as the case develops,' *Boucher v. Syracuse Univ.*, 164 F.3d 113 (2d Cir. 1999), and to ensure continued compliance with Rule 23's requirements."). For that reason, Forest has the right to challenge RDC's adequacy at trial and RDC should be disqualified if it is found inadequate: "the Due Process Clause of course requires that the named plaintiff *at all times* adequately represent the interests of the absent class members." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (emphasis added); *Fisher v. Shamburg*, 624 F.2d 156 (10th Cir. 1980) ("Credibility is properly evaluated by the trier of facts."); *see, e.g., Key v. Gillette Co.*, 104 F.R.D. 139, 140 (D. Mass. 1985) (decertifying class due to plaintiff's and its counsel's inadequate representation at trial).

"[A] class representative is a fiduciary, and [the] interests of the class are 'dependent upon his diligence, wisdom *and integrity*.'" *Kline v. Wolf*, 702 F.2d 400, 403 (2d Cir. 1983) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549–50 (1949)) (emphasis added); *Finocchiaro v. NQ Mobile, Inc.*, No. 15-cv-06385, 2016 U.S. Dist. LEXIS 166245, at *8-10 (S.D.N.Y. Dec. 1, 2016) (finding inadequate representative whose aggressive emails to defendants

7

"raise[d] a serious risk that his animus toward the defendants would prevent him from acting in the class's best interests, . . . [and] doubts about his credibility."). Thus, the Second Circuit has affirmed denials of class certification on adequacy grounds where there were "serious concerns as to [a representative's] credibility at trial." *See Savino v. Computer Credit*, 164 F.3d 81, 87 (2d Cir. 1998); *see also Chana Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 156-160 (S.D.N.Y. 2010) (denying certification where representative falsely testified).

What we already know about RDC's long-hidden conduct confirms it lacks the "integrity" necessary to be a class representative, and therefore warrants disqualifying RDC now. *Kline*, 702 F.2d at 403. It also affects RDC's "credibility," *Darvin*, 610 F. Supp. at 256, and "character." *Lapin*, 254 F.R.D. at 176. Indeed, RDC now admits that, while this suit has been pending, it "violated the federal narcotics laws" and "made false statements" to the government. Ex. C to Deferred Prosecution Agreement ¶¶ 5–6. RDC's lack of credibility is more than sufficient to find it inadequate. *Savino*, 164 F.3d at 87. But if RDC is not removed now, RDC's concealment of its conduct until well after discovery closed — including by making apparently untrue statements to this Court — means that the upcoming trial is the only opportunity remaining for Forest to obtain testimony from RDC about that conduct. Since such evidence is plainly relevant to RDC's ability to represent the class adequately, Forest must be permitted to examine an RDC witness at trial.

Finally, if DPPs offer no RDC testimony at trial, then DPPs cannot introduce proof necessary for other elements of RDC's claims, including as to whether RDC has standing, suffered injury-in-fact, or incurred any damages. *See, e.g.*, *Elgabri v. Lekas*, 964 F.2d 1255, 1261 (1st Cir. 1992) (affirming exclusion of antitrust plaintiff's evidence because plaintiff "failed to produce a qualified witness or custodian of records to authenticate" it); *Azkour v. Little Rest Twelve*, No. 10-cv-04132, 2015 U.S. Dist. LEXIS 18141, at *13 (S.D.N.Y. Feb. 11, 2015) (exclusion of documents

proper where "Plaintiff had no witness to authenticate them"); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (standing is "an indispensable part of the plaintiff's case," and thus "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation"); *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001) (courts may reconsider standing and class certification at the trial).  In an individual suit, RDC would have to provide testimony from fact witnesses to prove these elements, and the class action mechanism neither permits "jettisoning the rules of evidence and procedure" nor giving RDC "'different rights in a class action than [it] could have asserted in an individual action.'" *Asacol*, 907 F.3d at 53 (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1048 (2016)).  Furthermore, any attempt by DPPs to introduce evidence establishing these elements of RDC's case without presenting testimony from RDC would violate Forest's constitutional rights for the reasons discussed above.

## CONCLUSION

For the foregoing reasons, the Court should issue an order requiring RDC to testify live at trial, or removing it as a class representative in this case.

Dated: May 24, 2019                    Respectfully submitted,

                                       **WHITE & CASE**LLP

                                       By: _/s/ Michael E. Hamburger_
                                       Martin M. Toto
                                       Heather K. McDevitt
                                       John H. Chung
                                       Michael E. Hamburger
                                       William H. Bave, III
                                       Kristen O'Shaughnessy
                                       Kevin C. Adam
                                       WHITE & CASE LLP
                                       1221 Avenue of the Americas
                                       New York, New York 10020

Telephone: (212) 819-8200

J. Mark Gidley
Christopher M. Curran
Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc,
Forest Laboratories, LLC, Forest
Laboratories, Inc., and Forest
Laboratories Holdings Ltd.**