**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION

Case No. 1:15-cv-07488-CM (RWL)

**MEMORANDUM IN SUPPORT OF FOREST'S MOTION *IN LIMINE* 7 TO EXPEDITE TRIAL BY REQUIRING THAT ALL LIVE AND DESIGNATED WITNESSES TESTIFY ONLY ONCE**

WHITE & CASE LLP

*Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.*

## TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. Rule 611 Gives the Court Wide Latitude to Control the Order of Witnesses and Allows Full Examination of Common Witnesses During Plaintiffs' Case-in-Chief .......... 1

II. Witness Testimony Being Presented via Transcript Should Be Presented Continuously and Chronologically in the Order in Which the Testimony Was Given .......... 2

CONCLUSION .......... 3

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Buchwald v. Renco Grp., Inc.*,
No. 13-cv-07948, 2014 U.S. Dist. LEXIS 118239 (S.D.N.Y. Aug. 22, 2014) .......... 2

*Hart v. RCI Hosp. Holdings, Inc.*,
90 F. Supp. 3d 250 (S.D.N.Y. 2015) .......... 1, 2

*My Play City, Inc. v. Conduit Ltd.*,
No. 1:10-cv-01615 (S.D.N.Y. Apr. 29, 2013), ECF No. 189 .......... 2, 3

## STATUTES AND RULES

Fed. R. Civ. P. 32 .......... 3

Fed. R. Evid. 611 .......... 1

## MISCELLANEOUS

3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:61
(4th ed. 2014) .......... 2

## INTRODUCTION

The DPPs have disclosed that they intend to call several of Forest's current and former employees to testify either live or via deposition video in their case-in-chief. *See* ECF No. 706, Revised Joint Pretrial Order at 8-9 & Ex. 5. Forest intends to call some of the same witnesses live, or to present their prior testimony as part of Forest's case-in-chief. *Id.* at 8, 10-11 & Ex. 5. In order to streamline the presentation of evidence at trial, limit the burden on the witnesses, limit confusion of the jury, and avoid wasting the Court's time and resources, Forest requests that the Court allow the complete examination of common live witnesses during DPPs' case-in-chief. Similarly, Forest requests that for those witnesses whose prior testimony will be played or read, that testimony be played or read only once and chronologically in the order in which the testimony was given. The parties previously agreed that a stipulation on these issues made sense, but DPPs notified Forest yesterday that they would not stipulate, thus necessitating the filing of this motion. *See* Ex. 1, Email from Chris Letter to Heather Burke, dated May 23, 2019.

## ARGUMENT

### I. Rule 611 Gives the Court Wide Latitude to Control the Order of Witnesses and Allows Full Examination of Common Witnesses During Plaintiffs' Case-in-Chief

Rule 611 of the Federal Rules of Evidence provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." The advisory committee notes to Rule 611 confirm that the Court's control extends to "the order of calling witnesses and presenting evidence." In its discretion under Rule 611, a court may permit witnesses to be called out of turn and provide testimony during the plaintiffs' case-in-chief. *See Hart v. RCI Hosp. Holdings, Inc.*,

90 F. Supp. 3d 250, 273-275 (S.D.N.Y. 2015) (permitting defendants to conduct full direct examination of common witnesses during Plaintiff's case-in-chief).

Indeed, it is "standard trial practice[]" that where the plaintiff and the defendant both intend to call a witness live, that both parties are permitted to examine the witness in full so that the "witnesses need only take the stand once." *Buchwald v. Renco Grp., Inc.*, No. 13-cv-07948, 2014 U.S. Dist. LEXIS 118239, at *4-7, *10 (S.D.N.Y. Aug. 22, 2014); *see also* 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:61 (4th ed. 2014) ("Perhaps most often courts control the order of proof and depart from ordinary sequences in efforts to accommodate witnesses or see to it that the stories of the various litigants are presented in an understandable way."). Allowing the complete examination of common live witnesses in DPPs' case-in-chief will spare the witnesses the burden and inconvenience of "travel[ing] to court and re-arrang[ing] her ordinary work and home schedule to testify." *Hart*, 90 F. Supp. 3d at 274. This accommodation is especially warranted here because a number of the common witnesses are former employees of Forest or third parties.

## II. Witness Testimony Being Presented via Transcript Should Be Presented Continuously and Chronologically in the Order in Which the Testimony Was Given

Similarly, all transcript designations of a single witness — whether designated by DPPs or Forest — should be presented to the jury together and in the order in which the testimony was given. DPPs and Forest have each designated testimony of witnesses that will not appear live. For those witnesses, DPPs and/or Forest plan to present testimony via video deposition, or, in limited instances, reading the transcript to the jury. In order to avoid jury confusion, and to streamline the presentation of evidence, Forest requests that all prior testimony of common witnesses, whether designated by DPPs or Forest, be played or read together in chronological order. *See* Trial Tr. at 193, *My Play City, Inc. v. Conduit Ltd.*, No. 1:10-cv-01615-CM (S.D.N.Y. Apr. 29, 2013)

(McMahon, J.), ECF No. 189 (requiring deposition designations "be played together" in the "order of the deposition"). Such result is consistent with Rule 32 of the Federal Rule of Civil Procedure's explanation that prior testimony is "offered at trial as though the deponent were then present and testifying at trial." Fed. R. Civ. P. 32 advisory committee's note to 1970 amendment.

## CONCLUSION

For the foregoing reasons, the Court should allow the complete examination of any common witnesses called to testify by DPPs in DPPs' case-in-chief. The Court should also require that all transcript designations of a single witness be presented once and in the chronological order in which the testimony was given.

Dated: May 24, 2019

Respectfully submitted,

WHITE & CASE LLP

By: */s/ Heather M. Burke*

Martin M. Toto
Heather K. McDevitt
John H. Chung
Michael E. Hamburger
William H. Bave, III
Kristen O'Shaughnessy
Kevin C. Adam
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

J. Mark Gidley
Christopher M. Curran
Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real

2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.**