**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 1:15-cv-07488-CM (RWL) |

**MEMORANDUM IN SUPPORT OF FOREST'S MOTION *IN LIMINE* 8**
**TO REMOVE PRIVILEGE REDACTION LABELS FROM TRIAL EXHIBITS**

**WHITE & CASE** LLP

*Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.*

**TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................. 1

    I.   The Court Should Exclude the Privilege Redaction Labels Because They Are
       Irrelevant and Are Unfairly Prejudicial — Substantially Outweighing Any
       Probative Value .......................................................................................................... 1

CONCLUSION ........................................................................................................................ 2

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re GM LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 U.S. Dist.
LEXIS 163255 (S.D.N.Y. Dec. 3, 2015) ............................................................1, 2

*King Drug Co. of Florence v. Cephalon, Inc.*, No. 2:06-cv-1797, 2016 U.S. Dist.
LEXIS 7477 (E.D. Pa. Jan. 22, 2016) ....................................................................2

## STATUTES AND RULES

Fed. R. Evid. 401 ..........................................................................................................1

Fed. R. Evid. 402 ..........................................................................................................1

Fed. R. Evid. 403 .......................................................................................................1, 2

## ARGUMENT

Forest moves to exclude labels on redacted documents that identify privilege as the reason for the redaction ("Privilege Redaction Labels").  Both parties have included documents on their trial exhibit lists that Forest has redacted in part based on privilege.  *See, e.g.*, Ex. 1, PX-0206 (FRX-AT-04617640); Ex. 2, DTX-311 (FRX-AT-04283764).  These trial exhibits include labels indicating "Redacted-Privileged" over portions of the documents.  The Court should exclude these Privilege Redaction Labels from evidence because the reason for the redactions has no probative value on the issues to be tried and because the jury may draw an inappropriate inference from a lawful claim of privilege, prejudicing Forest in a manner substantially outweighed by any probative value.  *See* Fed. R. Evid. 401, 402, 403.  If the Court grants this motion, Forest will reproduce any redacted documents on the parties' exhibit lists with a blank space over the redacted portions of the document.

## I.     The Court Should Exclude the Privilege Redaction Labels Because They Are Irrelevant and Are Unfairly Prejudicial — Substantially Outweighing Any Probative Value

Any indication that a party redacted a document based on privilege is irrelevant to the jury's consideration of the issues to be tried and should be removed from the trial exhibits before publication to the jury.  *See In re GM LLC Ignition Switch Litig.*, No. 14-MD-02543 (JMF), 2015 U.S. Dist. LEXIS 163255, at *385 (S.D.N.Y. Dec. 3, 2015) ("[T]here is no reason for 'privilege,' 'work product,' or other markings indicative of privilege assertions to appear in exhibits."); *see also In re GM LLC Ignition Switch Litig.*, No. 14-MD-02543 (JMF), ECF No. 1793 ¶ 3 (ordering that "Any 'privilege,' 'work product,' or other markings indicative of privilege assertions must be redacted from any documents prior to publication to the jury.").

To further address this issue, Forest has also proposed a jury instruction explaining to the jury that they should not draw any inference from the fact that a document is redacted.  *See* ECF

No. 704-2, Forest's Proposed Jury Charge at 21.  Given the small percentage of trial exhibits at issue (approximately 40 documents combined on the parties' exhibit lists), and Forest's willingness to re-produce such documents, there is no burden on DPPs to replace the exhibits.  *See In re GM LLC Ignition Switch Litig.*, 2015 U.S. Dist. LEXIS 163255, at \*385 (finding that removing privilege marking from "the smaller number of documents" than produced in discovery and "only some of which will have the markings at issue and all of which are presumably in electronic format" was not unduly burdensome).

Further, the probative value in leaving the Privilege Redaction Labels is substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.  Highlighting that certain portions of trial exhibits have been redacted based on privilege would inappropriately allow the jury to draw an inference from such redactions that the underlying material is harmful to Forest or that Forest is hiding information from the jury.  *See King Drug Co. of Florence v. Cephalon, Inc.*, No. 2:06-cv-1797, 2016 U.S. Dist. LEXIS 7477, at \*28 (E.D. Pa. Jan. 22, 2016) ("Calling the jury's attention to [the] invocation [of the attorney-client privilege], would serve only to imply that the jury should draw an adverse inference . . . . [S]uch an implication is wholly improper.").  Because there is substantial risk that the jury may improperly draw negative inferences from the Privilege Redaction Labels with no probative value derived therefrom, the Court should exclude them.

## CONCLUSION

For the foregoing reasons, the Court should grant Forest's motion and exclude the Privilege Redaction Labels from the trial exhibits.

Dated: May 24, 2019                                        Respectfully submitted,

**WHITE & CASE** LLP

By:  */s/ Heather M. Burke*

2

Martin M. Toto
Heather K. McDevitt
John H. Chung
Michael E. Hamburger
William H. Bave, III
Kristen O'Shaughnessy
Kevin C. Adam
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

J. Mark Gidley
Christopher M. Curran
Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc,
Forest Laboratories, LLC, Forest
Laboratories, Inc., and Forest
Laboratories Holdings Ltd**