**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 1:15-cv-07488-CM (RWL) |

**MEMORANDUM IN SUPPORT OF FOREST'S MOTION
*IN LIMINE* 15 TO EXCLUDE THE NYAG *NAMENDA* DECISIONS**

**WHITE & CASE LLP**

*Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1
    I.    This Court's Instructions Are the Sole Source of Law for the Jury ............................... 1
    II.   The Prior *Namenda* Court Decisions Are Inadmissible Hearsay and Should Otherwise Be Excluded Under Rule 403 ....................................................................................... 2
CONCLUSION .............................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Arlio v. Lively*, 474 F.3d 46 (2d Cir. 2007)........................................................................................4

*Bertuglia v. City of N.Y.*, 133 F. Supp. 3d 608 (S.D.N.Y. 2015)......................................................2

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320
 (E.D.N.Y. 2001)..........................................................................................................................2, 4

*CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35 (1st Cir.
 1998) ..............................................................................................................................................2

*In re Namenda Direct Purchaser Antitrust Litig.*, 2017 U.S. Dist. LEXIS 83446
 (S.D.N.Y. May 23, 2017)...........................................................................................................3, 4

*Inventio AG v. Otis Elevator Co.*, No. 06 Civ. 5377 (CM), 2011 U.S. Dist. LEXIS
 88965 (S.D.N.Y. June 22, 2011)...................................................................................................2

*Marvel Characters, Inc. v. Kirby*, 726 F.3d 119 (2d Cir. 2013).......................................................5

*MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558
 (S.D.N.Y. 2017)............................................................................................................................4

*Moore v. Hartman*, 102 F. Supp. 3d 35 (D.D.C. 2015) ...................................................................2

*New York v. Actavis, PLC*, 2014 U.S. Dist. LEXIS 172918 (S.D.N.Y. Dec. 11,
 2014) ..............................................................................................................................................1

*New York v. Actavis PLC*, 787 F.3d 638 (2d Cir. 2015)..............................................................1, 3

*Nipper v. Snipes*, 7 F.3d 415 (4th Cir. 1993) ...................................................................................3

*United States v. Duncan*, 42 F.3d 97 (2d Cir. 1994).......................................................................2

*United States v. Perez*, 2002 U.S. Dist. LEXIS 19982 (S.D.N.Y. Oct. 16, 2002)..........................5

### STATUTES AND RULES

Fed. R. Evid. 401 ...............................................................................................................................1

Fed. R. Evid. 402 ...............................................................................................................................1

Fed. R. Evid. 403 .......................................................................................................................1, 2, 3

Fed. R. Evid. 802 ..........................................................................................................................1, 2

**ARGUMENT**

Admitting into evidence the judicial opinions from the antitrust action brought by the New York Attorney General against Forest ("NYAG Action") — by the District Court, *New York v. Actavis, PLC*, 2014 U.S. Dist. LEXIS 172918 (S.D.N.Y. Dec. 11, 2014), and the Second Circuit *New York v. Actavis PLC*, 787 F.3d 638 (2d Cir. 2015), ("NYAG decisions") — would inject legal issues needlessly into the jury's consideration of the case, and are inadmissible hearsay and are unfairly prejudicial to Forest. *See* Ex. 1, PX-0904 (S.D.N.Y.); Ex. 2, PX-0903 (2d Cir.). The opinions contain 196 pages of legal discussion that will distract the jury from the points of law on which this Court will instruct the jury.

DPPs' proposal invades the province of this Court. The Court should exclude those court opinion exhibits, and preclude DPPs from referencing the specific factual findings in the NYAG decisions or referencing, characterizing, or quoting the decisions in argument or expert testimony. This Court is the sole provider of legal guidance to the jury through its instructions to the jury. Any factual background regarding the injunction itself (or the terms of the injunction) will be introduced through Judge Sweet's Injunction Order, which is a separate document that both parties have included on their exhibit list. *See* Ex. 3, DTX-026 (also PX-0505). Moreover, any probative value the remainder of the decisions may have relates only to issues that this Court has removed from the jury's consideration by granting in part DPPs' collateral estoppel motion and the prejudice to Forest would far outweigh the limited probative value of those decisions. Thus, the NYAG decisions are unnecessary and should be precluded as prejudicial hearsay under Federal Rules of Evidence 401, 402, 403, and 802.

**I.      This Court's Instructions Are the Sole Source of Law for the Jury**

The introduction of prior court decisions would undermine this Court's guidance to the jury on the law to be applied in this case. The Court's instructions to the jury should be the sole source

of law that they hear. *See United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (evidence should not be admitted if it will "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." (internal quotation marks omitted)); *Inventio AG v. Otis Elevator Co.*, No. 06 Civ. 5377 (CM), 2011 U.S. Dist. LEXIS 88965, at *5 (S.D.N.Y. June 22, 2011) (McMahon, C.J.) ("[The Court] do[es] not allow lawyers other than [the Court] to explain the law to the jury, no matter their credentials.").

## II.  The Prior *Namenda* Court Decisions Are Inadmissible Hearsay and Should Otherwise Be Excluded Under Rule 403

"Judicial findings in other cases proffered as evidence are generally characterized as inadmiss[i]ble hearsay. No specific exceptions apply under the Federal Rules of Evidence." *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001) (Weinstein, S.J.) (citations omitted). The NYAG decisions fall squarely into the rule against hearsay, and no exception applies here. *See* Fed. R. Evid. 802; *Bertuglia v. City of N.Y.*, 133 F. Supp. 3d 608, 631 n.14 (S.D.N.Y. 2015) (collecting cases and holding state court opinion is inadmissible hearsay as to facts contained therein).

Admitting the NYAG decisions into evidence or allowing argument and testimony regarding the findings in those decisions will cause Forest undue prejudice by presenting the jury with an antitrust liability finding bearing the imprimatur of two federal courts. *See Moore v. Hartman*, 102 F. Supp. 3d 35, 145 (D.D.C. 2015) ("[A] cautionary instruction would not overcome the unfair prejudice of admitting the prior judicial opinion because of both the nature of the evidence and its judicial source." (citing *Dodson v. CBS Broad Inc.*, 423 F. Supp. 2d 331, 334-35 (S.D.N.Y. 2006)); *see also CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 45 n.10 (1st Cir. 1998) (affirming exclusion of prior judicial opinions and noting that the Fourth, Fifth, Tenth, and Federal Circuits "have affirmed the exclusion of prior judicial opinions on Rule

403 grounds, all of them citing the danger of jury confusion and prejudice to the party as bases for their decision.").

The jury may improperly give greater weight to the findings within those decisions rather than make their own factual findings based on this Court's jury instructions. *See Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) ("[J]udicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." (internal quotation marks omitted)).

Any prejudice to Forest would far outweigh the limited probative value of those decisions. Not only will the terms of the injunction be introduced through the Injunction Order (DTX-026; PX-0505), but the parties can use evidence from the NYAG Action in this case to the extent the evidence is otherwise relevant and non-prejudicial. Thus, there is no need for the introduction of the NYAG decisions for purposes of showing any factual findings. *See* Fed. R. Evid. 403 (allowing exclusion of cumulative evidence). And the opinions from those decisions offer little probative value here.

The NYAG decisions are 4 years old and were predicated on the hypothetical world where Forest would have ceased producing Namenda IR, a result that the *Namenda* court decisions prevented from occurring. *See Actavis PLC*, 787 F.3d at 649-50 (outlining findings made by Judge Sweet). Anything in the NYAG decisions beyond the Injunction Order is ultimately irrelevant to the determination the jury must make here regarding whether DPPs were harmed by an announced withdrawal that never actually occurred. Admitting the *prospective* findings necessary to issue and affirm the injunction would be overly and unfairly prejudicial in light of the narrowed scope of the trial following the Court's collateral estoppel order. *See In re Namenda Direct Purchaser*

3

*Antitrust Litig.*, 2017 U.S. Dist. LEXIS 83446, at *50-51 (S.D.N.Y. May 23, 2017) ("*Namenda II*") (defining scope of the Court's collateral estoppel decision).

Admitting and addressing the NYAG decisions also would obfuscate the live issues in the case, mislead the jury, and cause needless confusion. "[C]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties. Admitting evidence about previous cases inevitably result[s] in trying those cases . . . before the jury, and [t]he merits of the . . . other cases would become inextricably intertwined with the case at bar." *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (internal quotations omitted) (holding that the admission of testimony regarding prior proceedings was an abuse of discretion and holding "District courts must assiduously guard juries against the siren song of irrelevant and prejudicial prior determinations."); *see also Blue Cross & Blue Shield*, 141 F. Supp. 2d at 323 ("The critical comments of the judge were appropriate since he was the trier of fact in a non-jury case, but introduction of that opinion in the present case risks jeopardizing the jury's independent assessment of the expert's testimony.").

Here, the NYAG decisions would only serve to invite the jury to review and analyze issues that are not before it. This is the precise concern the Second Circuit addressed in *Arlio* where the court rejected testimony regarding a prior arbitration proceeding due to its irrelevance and great prejudice to the opposing party. *See* 474 F.3d at 53; *see also MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 568 (S.D.N.Y. 2017) (quoting *Arlio* and excluding evidence of prior litigations under Rule 403). Admitting the NYAG decisions would risk comingling the issues decided in the NYAG action — and precluded from re-litigation here by the collateral estoppel order — with the live issues for trial. *See Namenda II* at *50-51; *see also* Mem. in Supp. of Forest's Mot. *In Limine* 16 (addressing the scope of the Court's collateral

4

estoppel order). Because the NYAG Action also concerned Namenda and "hard switch" allegations, the jury will likely have difficulty separating the facts addressed in the NYAG decisions and evidence relevant to this case. The Court can limit this confusion simply by excluding the NYAG decisions.

DPPs also should not be allowed to backdoor the findings in the decisions by showing the decisions to their witnesses or having their experts opine about the decisions. *See United States v. Perez*, 2002 U.S. Dist. LEXIS 19982, at *2 (S.D.N.Y. Oct. 16, 2002) ("To allow questioning as to that [judicial] finding would be unduly prejudicial to the [movant], because the jury may place undue weight and consideration upon the Court's finding and not properly evaluate the trial evidence."). "[A] party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) (internal quotation marks omitted). If this Court precludes the introduction of the NYAG decisions into evidence, then all expert and witness testimony regarding the findings within those decisions also should be precluded.

## CONCLUSION

For the foregoing reasons, the Court should exclude PX-0903 and PX-0904 as inadmissible hearsay and preclude the Plaintiffs from referencing the factual findings in the decisions or quoting the decisions in argument or expert testimony.

Dated: May 24, 2019

Respectfully submitted,

WHITE & CASE LLP

By: ___/s/  Heather M. Burke_____

Martin M. Toto
Heather K. McDevitt
John H. Chung
Michael E. Hamburger
William H. Bave, III

5

Kristen O'Shaughnessy
Kevin C. Adam
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

J. Mark Gidley
Christopher M. Curran
Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.**

6