**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE NAMENDA DIRECT PURCHASER
ANTITRUST LITIGATION

Case No. 1:15-cv-07488-CM (RWL)

**FOREST'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 4:**
**PRECLUDE OR LIMIT FOREST'S USE OF EXPERT OPINION TESTIMONY**
**AS A PROXY FOR FOREST'S ALLEGED SUBJECTIVE BELIEFS REGARDING**
**THE STRENGTH OF THE '703 PATENT WHERE FOREST BLOCKED**
**ALL DISCOVERY REGARDING ITS SUBJECTIVE BELIEFS OR STATE OF MIND**

**WHITE & CASE** LLP

*Counsel for Defendants Actavis plc, Forest*
*Laboratories, LLC, Forest Laboratories, Inc., and*
*Forest Laboratories Holdings Ltd.*

## <u>TABLE OF CONTENTS</u>

FACTUAL BACKGROUND ........................................................................................................ 1

ARGUMENT ........................................................................................................................... 2

      I.    DPPs Conflate Proper Expert Opinion Based on Objective Fact with a Supposed
          "Proxy" for Subjective Beliefs in a Transparent Bid to Exclude Relevant
          Evidence ........................................................................................................................ 2

CONCLUSION ......................................................................................................................... 4

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*In re Lidoderm Antitrust Litig.*,
   No. 14-md-02521-WHO, 2016 U.S. Dist. LEXIS 105619 (N.D. Cal. Aug. 9,
   2016) ..........................................................................................................................................3

## FACTUAL BACKGROUND

The Direct Purchaser Plaintiffs' ("DPPs") motion *in limine* to exclude the opinion testimony of Forest's expert, Judge Roderick McKelvie, "to the extent Forest seeks to use it as a proxy for Forest's own subjective beliefs regarding the strength of" U.S. Patent No. 5,061,703 (the "'703 patent"), is based on a false premise and cannot be granted.  As DPPs concede, the antitrust analysis laid out in *FTC v. Actavis* implicates an assessment of the strength or weakness of a settling brand manufacturer's patent in an underlying patent litigation.  *See* ECF No. 742, Mem. in Supp. of Pls.' Mot. *In Limine* No. 4: Preclude or Limit Forest's Use of Expert Opinion Testimony as a Proxy for Forest's Alleged Subjective Beliefs Regarding the Strength of the '703 Patent where Forest Blocked All Discovery Regarding Its Subjective Beliefs or State of Mind ("DPPs' MIL 4") at 2 (acknowledging the relevance of Judge McKelvie's testimony to, *inter alia*, "Plaintiffs' causation theory based on establishing that absent the settlement, Mylan would have prevailed in the patent litigation").  DPPs' own brief concedes that Judge McKelvie's opinion consists of his objective views and not Forest's subjective beliefs, and the Court should deny DPPs' motion. *See* DPPs' MIL 4 at 1 ("Forest's apparent strategy is to have the jury substitute ***the 'objective' opinion of its patent expert***, Roderick McKelvie, for Forest's 'subjective' views.") (emphasis added).

Forest has retained Judge McKelvie to opine on the conduct of patent trials in the Hatch-Waxman context, basic legal principles underlying patent law, and to rebut the testimony of DPPs' experts "regarding how a patent litigator would have viewed the merits of the claims and defenses" in the underlying patent litigation between Forest and Mylan had the case proceeded to trial.  *See, e.g.*, Ex. 1, Expert Rep. of Roderick McKelvie ("the McKelvie Report" or "McKelvie Rep.") at ¶¶ 13-14; Ex. 2, Expert Rep. of Roderick McKelvie in Response to John R. Thomas at ¶¶ 3, 19. As DPPs acknowledge, such opinion constitutes an assessment of the merits of the underlying

patent case on an ***objective*** basis, and is precisely what Forest is permitted to do (*e.g.*, Judge McKelvie will present an opinion "divorced from Forest's actual views about the merits of the '703 patent and litigation"). *See* DPPs' MIL 4 at 1. None of Judge McKelvie's testimony constitutes "an evidentiary proxy" for Forest's subjective beliefs regarding the patent merits, and DPPs' motion should be denied. *See* DPPs' MIL 4 at 1.

## ARGUMENT

**I.**    **DPPs Conflate Proper Expert Opinion Based on Objective Fact with a Supposed "Proxy" for Subjective Beliefs in a Transparent Bid to Exclude Relevant Evidence**

DPPs mistakenly identify paragraphs 16-17 and 128-29 of the McKelvie Report as supposedly containing evidence of Forest's state of mind that "cannot be used as an evidentiary proxy or surrogate for Forest's true – but withheld – subjective beliefs." *See* DPPs' MIL 4 at 1. But these sections of the McKelvie Report merely acknowledge that the expert reviewed "the record, including the parties' Pretrial Order, expert reports served in the case, and deposition transcripts," and provide an ***objective*** assessment of the undisputed factual record of the patent litigation compared with the DPPs' allegations of antitrust causation: "***In my opinion***, there is a match between the strength of Forest's patent infringement case and what ***I understand to be key terms of Forest's settlements***." *See* Ex. 1, McKelvie Rep. at ¶¶ 16-17 (emphasis added). Moreover, paragraph 128 of the McKelvie Report consists of a recitation of facts from the patent litigation followed by Judge McKelvie's opinion as for the objective view of a third party:

> ***I understand*** that Forest and all the generic defendants settled their patent dispute by Forest's licensing the generic defendants to begin selling their generic products three months before the '703 patent's pediatric exclusivity period was to expire in October 2015 (i.e. July 2015). Focusing on Mylan, if we assume that Forest and Mylan reached an agreement to settle around the time of the expected trial in April 2010, the parties' agreement meant that Forest would retain approximately 95% of its remaining patent term. In other words, Forest would retain 63 out of the remaining 66 months on the '703 patent term. ***In my opinion***, this outcome accurately reflects the

> strength of Forest's case on the '703 patent, ***based on my objective view of the record as it existed up to trial. I see a match*** between the entry dates and the merits of the '703 patent litigation.

Ex. 1, McKelvie Rep. at ¶ 128 (emphasis added).  Finally, paragraph 129 of the McKelvie Report consists solely of his rebuttal to DPPs' expert George Johnson's opinions, which likewise does not implicate any of Forest's subjective beliefs.  *See* Ex. 1, McKelvie Rep. at ¶ 129 (beginning, "Mr. Johnston essentially concludes the opposite" and proceeding to rebut the expert's opinions).

Judge McKelvie's report is clear on its face that Judge McKelvie reviewed the objective record and came to ***his own*** conclusions as to the strength of the patent — none of which implicate Forest's subjective beliefs in any way.  As DPPs acknowledge, this evidence is relevant to "Plaintiffs' causation theory based on establishing that absent the settlement, Mylan would have prevailed in the patent litigation," and it is precisely the testimony that Judge McKelvie is allowed to offer.  *See* DPPs' MIL 4 at 2; *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2016 U.S. Dist. LEXIS 105619, at *88 (N.D. Cal. Aug. 9, 2016) ("Defendants can present testimony about the Watson ANDA and the FDA's actions on it, not as subjective beliefs but by objective expert testimony.").  Notably, DPPs do not identify ***any*** privileged attorney-client information supposedly implicated by Judge McKelvie's report or testimony, nor any other fact suggesting that Judge McKelvie's opinions represent Forest's subjective beliefs.  DPPs may not like what Judge McKelvie has to say, but that is no basis to exclude his opinion, and DPPs cannot do so by mischaracterizing a conclusion based on an objective review of the record as "evidence of Forest's ***actual*** subjective beliefs about the merits of its patent lawsuit or its state of mind."  *See* DPPs' MIL 4 at 2 (emphasis added).

Judge McKelvie does not purport to offer Forest's subjective views of the patent.  DPPs even acknowledge that the testimony offered by Judge McKelvie consists of his ***objective*** analysis of the patent merits, but nevertheless claim — without basis — that these should be excluded:

"Forest's apparent strategy is to have the jury substitute **the 'objective' opinion of its patent expert**, Roderick McKelvie, for Forest's 'subjective' views."  *See* DPPs' MIL 4 at 1 (emphasis added).  It is up to the jury to draw whatever inferences it deems reasonable, but DPPs cannot control those at the outset by mischaracterizing Forest's evidence.  DPPs cite no authority standing for the proposition that Judge McKelvie cannot offer his objective views of the patent, and DPPs' motion *in limine* should be denied.

## CONCLUSION

DPPs acknowledge that the views of Judge McKelvie consist of his objective analysis of the patent merits, yet argue without support that such views should be excluded simply because DPPs deem them a "substitute" for Forest's actual subjective beliefs.  DPPs have no support for this proposition.  Judge McKelvie is allowed to present his opinions based on an objective analysis of the patent merits, including those in paragraphs 16-17 and 128-29 of the McKelvie Report, and DPPs' motion *in limine* should be denied.

Dated: June 14, 2019                                   Respectfully submitted,

                                                       WHITE & CASE LLP

                                                       By:  _/s/ Eric E. Lancaster_
Beth Wilkinson                                         Martin M. Toto
Rakesh Kilaru                                          Heather K. McDevitt
Kieran Gostin                                          John H. Chung
WILKINSON WALSH + ESKOVITZ                             Michael E. Hamburger
2001 M Street NW, 10th Floor                           William H. Bave, III
Washington, D.C. 20036                                 Kristen O'Shaughnessy
Telephone: (202) 847-4000                              Kevin C. Adam
                                                       WHITE & CASE LLP
**Counsel for Defendants Actavis plc,**                1221 Avenue of the Americas
**Forest Laboratories, LLC, Forest**                   New York, New York 10020
**Laboratories, Inc., and Forest**                     Telephone: (212) 819-8200
**Laboratories Holdings Ltd.**
                                                       J. Mark Gidley
                                                       Christopher M. Curran

Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc,
Forest Laboratories, LLC, Forest
Laboratories, Inc., and Forest
Laboratories Holdings Ltd.**