**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 1:15-cv-07488-CM (RWL) |

**FOREST'S OPPOSITION TO PLAINTIFFS' MOTION
*IN LIMINE* NO. 16: PRECLUDE REFERENCE TO FOREST'S
EXPERT RODERICK MCKELVIE AS "JUDGE" OR "THE HONORABLE"**

**WHITE & CASE** LLP

*Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.*

# **TABLE OF CONTENTS**

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    I.    DPPs' Allegations of a So-Called "Reverse Payment" Present Unique Questions Requiring an Inquiry into the Outcome of Patent Litigation in the Delaware District Court ................................................................................................................. 2

    II.   DPPs Do Not Cite Any Authorities Similar to the Circumstances at Bar ................... 3

CONCLUSION ....................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*In re Law Firm of Frank R. Bayger, P.C.*,
  No. 02-11538 K, 2014 Bankr. LEXIS 2778 (Bankr. W.D.N.Y. June 25, 2014) ........................4

*Merit Industries, Inc. v. JVL Corp.*,
  No. 03-1618, 2008 WL 4678931 (E.D. Pa. May 29, 2008) ........................................................4

*Mirowski Family Ventures LLC v. Boston Sci. Corp.*,
  No. 1:11-cv-736-WTL-DKL, 2013 U.S. Dist. LEXIS 13736 (S.D. Ind. Feb. 1,
  2013) ........................................................................................................................................3

*Roby v. State Farm Mut. Auto. Ins. Co.*,
  No. 00-14321-CIV, 2001 U.S. Dist. LEXIS 26227 (S.D. Fla. Oct. 24, 2001) ...........................3

### **MISCELLANEOUS**

U.S. Judicial Conference Comm. on Codes of Conduct, Advisory Op. No. 72: Use
  of Title "Judge" by Former Judges (June 2009), in 2B *Guide to Judiciary
  Policy* (Feb. 28, 2019) ........................................................................................................2, 4

**FACTUAL BACKGROUND**

In asserting that Mylan was likely to have prevailed in the patent case if Forest and Mylan had not settled, DPPs have put the issue of how the District of Delaware court would have ruled in a hypothetical patent trial.

DPPs plan to proffer George Johnston, Esq. to opine that Mylan was likely to prevail at trial in the Delaware district court — in essence, to opine on how a Delaware district judge would have ruled in that case. Presumably, DPPs will seek to qualify Mr. Johnston as a legal expert, and will rely on his background and qualifications as a lawyer. In response, Forest has retained and plans to proffer the opinions of Roderick McKelvie, who served as a United States District Court Judge for the District of Delaware from 1992 to 2002 and presided over approximately 200 patent cases, including 36 patent infringement trials during that time period. *See* Ex. 1, Expert Rep. of Roderick McKelvie, at ¶¶ 1-2. Judge McKelvie's background and experience as a federal judge who heard patent cases in that court is relevant, will be necessary background to qualify him as an expert, and is an inherent basis of his opinion. Judge McKelvie's qualifications are also critical for the jury to evaluate in assessing his credibility and in evaluating competing expert testimony between Judge McKelvie and Mr. Johnston.

Forest does not intend to address Judge McKelvie as "Judge" or "the Honorable" at trial, but does intend to refer to his relevant judicial experience as it is squarely relevant to a number of issues in this case and responsive to evidence the DPPs intend to present. The authorities cited by DPPs contemplate and allow precisely this limited reference to a former judge's prior experience. The broad preclusion sought by DPPs would amount to excluding relevant information — beyond an honorific — that is essential for the jury to consider in the context of this case. Accordingly, DPPs' motion *in limine* number 16 should be denied.

**ARGUMENT**

I. **DPPs' Allegations of a So-Called "Reverse Payment" Present Unique Questions Requiring an Inquiry into the Outcome of Patent Litigation in the Delaware District Court**

DPPs' expert Mr. Johnston spent 70 pages of his report analyzing the potential outcome of a patent infringement trial in the Delaware district court. It is evident that DPPs consider this evidence to be highly probative of the key antitrust issue of causation regarding DPPs' so-called "reverse payment" allegations, and Mr. Johnston has introduced evidence on, among other things, patent trial outcomes dating to the same period of time that Judge McKelvie served as a federal judge in Delaware. *See*, *e.g.*, Ex. 2, Expert Rep. of George W. Johnston, Esq., at ¶¶ 87-109, 210 (referencing pharmaceutical-patent litigation outcomes from 2002-2004 and citing prior art references published from 1992-2008).

Judge McKelvie served on the bench in Delaware shortly after the '703 patent was granted and presided over dozens of patent trials during much of the time period referenced by Mr. Johnston. In presiding over such trials, Judge McKelvie heard evidence on issues of infringement and validity, in which he conducted the same analysis that DPPs contend is relevant. Thus, his status at that time as a judge "is necessary to accurately describe a person's status at a time pertinent to the lawsuit," and the code of conduct applicable to former judges does not bar such references under these circumstances. *See* U.S. Judicial Conference Comm. on Codes of Conduct, Advisory Op. No. 72: Use of Title "Judge" by Former Judges (June 2009), in 2B *Guide to Judiciary Policy* at 105 (Feb. 28, 2019) [hereinafter Advisory Op. No. 72] ("Judges should insure that the title 'judge' is not used in the courtroom or in papers involved in litigation before them to designate a former judge, unless the designation *is necessary to accurately describe a person's status at a time pertinent to the lawsuit*.") (emphasis added).

DPPs contend that the outcome of the '703 patent case, if not for settlement, as well as other patent cases in the Delaware district court during the same time period are relevant under *FTC v. Actavis*, on the one hand, but on the other, would seek to hide from the jury the fact that Judge McKelvie presided over such cases, in that court, at that time. *See* ECF No. 754, Mem. in Supp. of Pls.' Mot. *In Limine* No. 16: Preclude Reference to Forest's Expert Roderick McKelvie as "Judge" or "the Honorable" ("DPPs' MIL 16") at 1.

This case is unique, given the fact that it is an antitrust case that turns in large part on the merits of a legacy patent case. Courts recognize that in certain circumstances reference to an individual's status as a judge or former judge is allowable; the question is whether a former judge's previous judicial experience is relevant. *See, e.g.*, *Mirowski Family Ventures LLC v. Boston Sci. Corp.*, No. 1:11-cv-736-WTL-DKL, 2013 U.S. Dist. LEXIS 13736, at *6, 10 (S.D. Ind. Feb. 1, 2013) (noting that expert responded to "certain aspects of the Expert Reports of Judge Roderick R. McKelvie and Larry S. Nixon") (internal quotations omitted, and no motion *in limine* was filed to preclude usage of honorifics); *Roby v. State Farm Mut. Auto. Ins. Co.*, No. 00-14321-CIV, 2001 U.S. Dist. LEXIS 26227, at *1-2 (S.D. Fla. Oct. 24, 2001) (denying motion *in limine* to prevent use of honorific, "[t]he possibility of prejudice to State Farm resulting from disclosure of the fact [that] Roby's husband—who is listed as a witness for Roby—is a Judge is not so great as to warrant exclusion of this information"). Here, there is no risk of abuse or prejudice, as Forest will not use Judge McKelvie's honorific at trial. Rather, it is simply an important and relevant aspect of Judge McKelvie's background and qualifications as an expert that deserves consideration by the jury as to the weight of his testimony.

## II. DPPs Do Not Cite Any Authorities Similar to the Circumstances at Bar

The authorities cited in DPPs' MIL 16 do not support the proposition that the jury may not know, at all, that an expert witness once served as a federal judge. Rather, they caution against

3

usage of "Judge" as a title to refer to a former federal judge, "unless the designation is necessary to accurately describe a person's status at a time pertinent to the lawsuit." DPPs' MIL 16 at 3-4; *see also* Advisory Op. No. 72 at 105. DPPs do not identify any "abuse [of] the prestige of judicial office," which is what the rules are designed to prevent, and is not the situation the Court faces here. DPPs' MIL 16 at 2 (*citing* Model Code of Judicial Conduct, Rule 1.3).

DPPs rely on *Merit Industries, Inc. v. JVL Corp.*, No. 03-1618, 2008 WL 4678931 (E.D. Pa. May 29, 2008), for the proposition that a court may preclude reference to an expert as a "Judge," but ignore that Plaintiff Merit Industries did not contest the motion, nor argue that its expert's status as a former judge was relevant to the issues in the case: "[w]ith the proviso that the jury can be informed of his qualifications, including the fact that he was a federal judge, Merit has no objection to addressing the witness as Mr. Colaianni." *See* Ex. 3, Plaintiff Merit Industries, Inc.'s Response to JVL's *In Limine* Motion No. 2: Preclude Reference to Merit's Expert Colaianni as a Judge at 1.

Similarly, DPPs rely heavily on *In re Law Firm of Frank R. Bayger, P.C.*, No. 02-11538 K, 2014 Bankr. LEXIS 2778, at *3 n.4 (Bankr. W.D.N.Y. June 25, 2014), in which the court did not decide a motion *in limine*, whatsoever, but rather was ruling on a motion for recusal brought by a debtor in bankruptcy, who was a former Erie County Court judge. *See* Case No. 02-11538 K, 2014 Bankr. LEXIS 2778, at *1 (Bankr. W.D.N.Y. June 25, 2014). The proposition DPPs appear to cite is dicta, in which a former judge's status was irrelevant to the dispute in question, and in which a party appeared to attempt abusing that status. *In re Bayger*, 2014 Bankr. LEXIS 2778, at *3 n.4. That is not the situation now confronting the Court, in which an expert's status as a former Delaware district judge is relevant per DPPs' own allegations and the evidence they seek

4

to introduce. In this context, applicable rules and guidelines permit Forest to refer to his status as a former judge where relevant.

## CONCLUSION

For the foregoing reasons, the Court should deny DPPs' MIL 16 to preclude "any . . . person from referring at trial to one of Forest's experts, Roderick McKelvie, as a former judge" to the extent necessary to permit his qualifications to be known to the jury and explained where relevant to his testimony. Forest will not use "Judge" or "the Honorable" to refer to its expert Roderick McKelvie.

Dated: June 14, 2019

Respectfully submitted,

WHITE & CASE LLP

By: /s/ Eric E. Lancaster
Martin M. Toto
Heather K. McDevitt
John H. Chung
Michael E. Hamburger
William H. Bave, III
Kristen O'Shaughnessy
Kevin C. Adam
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

Beth Wilkinson
Rakesh Kilaru
Kieran Gostin
WILKINSON WALSH + ESKOVITZ
2001 M Street NW, 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4000

**Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.**

J. Mark Gidley
Christopher M. Curran
Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP

3000 El Camino Real
2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.**