**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 1:15-cv-07488-CM (RWL) |

**FOREST'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE*
NO. 11: EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING THE
OPIOID CRISIS AND PAST OR PRESENT LITIGATION INVOLVING PLAINTIFFS**

**WHITE & CASE** LLP

*Counsel for Defendants Actavis plc, Forest
Laboratories, LLC, Forest Laboratories, Inc., and
Forest Laboratories Holdings Ltd.*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................... 2

    I.       Class Representative RDC's Admitted Criminal Conduct Is Plainly Relevant and Admissible to Attack RDC's Adequacy as a Class Representative ........................................................................................................ 2

CONCLUSION ................................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amara v. CIGNA Corp.*,
   775 F.3d 510 (2d Cir. 2014) ............................................................................................................2

*Boucher v. Syracuse Univ.*,
   164 F.3d 113 (2d Cir. 1999) ............................................................................................................2

*Daniels v. Loizzo*,
   986 F. Supp. 245 (S.D.N.Y. 1997) ..................................................................................................4

*Darvin v. Int'l Harvester Co.*,
   610 F. Supp. 255 (S.D.N.Y. 1985) ..................................................................................................2

*Dunford v. American DataBank, LLC*,
   64 F. Supp. 3d 1378 (N.D. Cal. 2014) .........................................................................................2, 3

*George v. Celotex Corp.*,
   914 F.2d 26 (2d Cir. 1990) ..............................................................................................................4

*In re Air Disaster at Lockerbie Scot.*,
   37 F.3d 804 (2d Cir. 1994) ..............................................................................................................2

*In re Loestrin 24 Fe Antitrust Litig.*,
   No. 1:13-md-02472 (D.R.I. Dec. 14, 2018) ....................................................................................3

*Kline v. Wolf*,
   702 F.2d 400 (2d Cir. 1983) ............................................................................................................2

*McAleavey v. McMahon*,
   55 Fed. App'x 594 (2d Cir. 2003) ...................................................................................................4

*Savino v. Computer Credit*,
   164 F.3d 81 (2d Cir. 1998) ..............................................................................................................2

*United States v. Hayes*,
   553 F.2d 824 (2d Cir. 1977) ............................................................................................................5

*United States v. Jasper*,
   No. 00 CR. 0825, 2003 U.S. Dist. LEXIS 2983 (S.D.N.Y. Mar. 3, 2003) ......................................5

## STATUTES AND RULES

Fed. R. Civ. P. 23 ........................................................................................................................1, 2, 3

Fed. R. Evid. 105 ...........................................................................................................................5

Fed. R. Evid. 403 ......................................................................................................................4, 5

Forest does not intend to introduce evidence at trial regarding "industry-wide investigations related to the opioid crisis," and agrees with DPPs that proof of investigations or allegations alone, involving any party, is inadmissible. But Forest does intend to present proof that class representative Rochester Drug Co-Operative, Inc. ("RDC") **expressly admitted** its participation in a "conspiracy to distribute" narcotics and a "conspiracy to defraud the United States" between 2012 and March of 2017, which is relevant and admissible. ECF No. 765-1, Rochester Drug Co-operative – Deferred Prosecution Agreement, dated April 22, 2019 at ¶¶ 1–2; *see also id*. ¶¶ 4–6 of Ex. C (stipulation in which RDC admits to such criminal acts, including "ma[king] false statements to the DEA").

DPP counsel have gone to great lengths to conceal RDC's criminal conduct from this Court and others. *See, e.g.*, ECF No. 764, Mem. in Supp. of Forest's Mot. *in Limine* 4 to Require Class Representative Rochester Drug Co-Operative to Testify at Trial or Withdraw as a Class Representative at 2–5 ("Forest MIL 4"). Having succeeded in doing so until after fact discovery closed, DPP counsel now appear to have decided not to have RDC participate at trial, in the hope of preventing Forest from obtaining more information regarding RDC's conduct, or admitting into evidence the facts Forest obtained from public records.

Contrary to DPPs' argument, however, such evidence is admissible to challenge RDC's adequacy as a class representative. Fed. R. Civ. P. 23(a)(4). Indeed, that DPPs have sidelined RDC because of its vulnerabilities at trial confirms that RDC is inadequate and should be removed as a class representative. But if RDC is not so removed, there is no basis for excluding inquiry into RDC's fraudulent and felonious conduct at trial. Furthermore, if there were any concern about causing DPPs unfair prejudice by admitting such evidence, Forest would propose introducing it outside the presence of the jury, or in whatever manner this Court finds to be appropriate.

**ARGUMENT**

I.  **Class Representative RDC's Admitted Criminal Conduct Is Plainly Relevant and Admissible to Attack RDC's Adequacy as a Class Representative**

Courts in this Circuit must "follow the inclusionary approach to prior misconduct evidence that allows the admission of prior misconduct for any other relevant purpose," besides proving "action in conformity therewith." *In re Air Disaster at Lockerbie Scot.*, 37 F.3d 804, 823 (2d Cir. 1994) (internal quotation marks omitted). The facts regarding RDC's conspiracies to distribute narcotics and conceal its unlawful conduct — which RDC has admitted — are relevant and admissible in order to challenge RDC's claimed adequacy to represent the class. Fed. R. Civ. P. 23(a)(4); *see* Forest MIL 4. Accordingly, this Court should deny DPPs' motion.

DPPs wholly ignore that RDC's crimes are relevant to whether it can serve in the fiduciary role of class representative. *Kline v. Wolf*, 702 F.2d 400, 403 (2d Cir. 1983) (noting that because a "class representative is a fiduciary," it must possess "diligence, wisdom, and integrity") (citation omitted). But this Court may amend its order certifying the class at any time before entering final judgment. Fed. R. Civ. P. 23(c)(1)(C). In fact, the Second Circuit obligates this Court to "'reassess . . . class rulings as the case develops,' *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999), and to ensure continued compliance with Rule 23's requirements." *Amara v. CIGNA Corp.*, 775 F.3d 510, 520 (2d Cir. 2014). If a plaintiff like RDC lacks credibility, it is inadequate and cannot be a fiduciary that represents the class. *See, e.g.*, *Darvin v. Int'l Harvester Co.*, 610 F. Supp. 255, 256 (S.D.N.Y. 1985). For example, the Second Circuit has affirmed the denial of class certification where the proposed representative was vulnerable to attacks that raised "serious concerns as to [its] credibility at trial." *Savino v. Computer Credit*, 164 F.3d 81, 87 (2d Cir. 1998).

RDC's conduct here is similar to conduct that the court in *Dunford v. American DataBank, LLC*, 64 F. Supp. 3d 1378 (N.D. Cal. 2014) held rendered the proposed class representative

2

inadequate. In *Dunford*, the plaintiff had convictions, guilty pleas, and pleas of no contest to a number of crimes, all of which "b[ore] on her suitability to carry out the fiduciary post she seeks under Rule 23." *Id.* at 1381–83. As the court put it, to "saddle a class with a representative who . . . is a convicted felon, has been convicted of (or pled no contest to) ten misdemeanors, and has been charged . . . while this action was underway, is a tall order." *Id.* at 1396. First, the plaintiff "could be clobbered on the stand with some of her convictions to the detriment of the class." *Id.* Second, because "class representatives owe fiduciary duties to absent class members and are responsible for critical litigation decisions," the court would not "entrust these important fiduciary duties to someone . . . with such a severe and ongoing criminal record." *Id.* Thus, the court held the named plaintiff "cannot fairly and adequately" represent the class. *Id.* at 1397.

Notably, the *American Databank* court also chastised class counsel for its "failure to disclose" the representative's "ongoing criminal history up-front," instead forcing the court to "pry this adverse information out of plaintiff and her counsel." *Id.* In that case, "counsel either tried to slip this bad record by the Court or did a poor job in vetting [the representative]." *Id.* The same is true here, where DPP counsel tried to slip RDC's criminal acts by Forest and this Court.

First, DPP counsel failed to disclose the criminal investigation into RDC despite its obvious relevance. Then, DPP counsel made the untrue assertion to this Court that the reason DPP counsel withdrew RDC's 30(b)(6) corporate representative, Laurence Doud, as a trial witness was because he "is no longer an RDC employee" (ECF No. 523, Pls.' Resp. to Forest's Mot. for Leave to File a Sur-Reply in Further Opp. to DPPs' Mot. For Class Cert. at 1, 3), even though RDC did not terminate Mr. Doud's employment until weeks after making this statement (ECF No. 765-5, Mem. & Order at 8–10, *In re Loestrin 24 Fe Antitrust Litig.*, No. 1:13-md-02472 (D.R.I. Dec. 14, 2018); *see also* Forest MIL 4 at 2–4). Finally, DPP counsel withdrew Joseph Brennan as a witness, their

3

proposed substitute corporate representative for RDC at trial, apparently to avoid having him testify about the reasons for Mr. Doud's employment termination, which would have revealed at least some of the wrongdoing that DPP counsel had kept hidden at the time.  Forest MIL 4 at 2–4.

Forest has moved this Court either to require RDC to testify at trial or to remove RDC as a class representative due to its admitted criminal conduct.  *See* Forest MIL 4.  As Forest establishes in that motion, the evidence is so devastating to RDC's claimed adequacy that not only have DPP counsel repeatedly attempted to conceal even the existence of the investigation into RDC from antitrust defendants and multiple courts, but RDC dismissed its claims in another action once its subterfuge failed.  *See* Forest MIL 4 at 2–5.  The evidence of RDC's expressly admitted criminal acts and false statements is unquestionably relevant.  *See* Forest MIL 4 at § II.

Moreover, Rule 403 does not warrant excluding proof of RDC's crimes.  Rule 403 "is an extraordinary remedy that must be used sparingly."  *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990).  Critically, where any prejudice is "derived from the [evidence's] probative force," admitting that evidence does not "*unfairly* prejudice" the party opposing its admission.  *Id.*  DPPs bear the burden of proving that the evidence's probative value is substantially outweighed by unfair prejudice.  *McAleavey v. McMahon*, 55 Fed. App'x 594, 595 (2d Cir. 2003).  Here, DPPs have not met their burden, but merely assert that they would suffer unspecified prejudice.  ECF No. 749, Mem. in Supp. of Pls.' Mot. *in Limine* No. 11: Exclude Evidence and/or Argument Regarding the Opioid Crisis and Past or Present Litigation Involving Plaintiffs at 3–4.  But any prejudice DPPs could suffer is "derived from" the "probative force" of the evidence that makes it admissible:  its effect on RDC's credibility and adequacy to represent the class.

Courts have held that participating in a criminal drug conspiracy is "high on the scale of veracity-related crimes."  *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997).  And RDC's

4

conspiracy to defraud and false statement crimes, which are "peculiarly probative of credibility," are automatically admissible despite Rule 403. *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977). RDC's participation in both crimes is relevant to RDC's adequacy precisely because it undermines RDC's credibility and shows that it should not be a fiduciary for the class.

But even if RDC could identify unfair prejudice from admitting proof of its criminal conduct, any prejudice may be eliminated simply by admitting the evidence outside the presence of the jury, so that this Court can then have the facts it needs to assess RDC's adequacy without the risk of improper influence on the jury. And, to the extent this Court admits the evidence with the jury present, "any prejudice that does arise . . . can be cured with a limiting instruction." *United States v. Jasper*, No. 00 CR. 0825, 2003 U.S. Dist. LEXIS 2983, at *9 (S.D.N.Y. Mar. 3, 2003) (denying motion *in limine*); *see also* Fed. R. Evid. 105 notes of advisory committee ("The availability and effectiveness of this practice [utilizing a limiting instruction] must be taken into consideration in reaching a decision whether to exclude for unfair prejudice under Rule 403.").

## CONCLUSION

For the foregoing reasons, this Court should deny DPP *Motion in Limine* No. 11.

Dated: June 14, 2019

Respectfully submitted,

WHITE & CASE LLP

By: */s/ Michael E. Hamburger*

| | |
|---|---|
| Beth Wilkinson | Martin M. Toto |
| Rakesh Kilaru | Heather K. McDevitt |
| Kieran Gostin | John H. Chung |
| WILKINSON WALSH + ESKOVITZ | Michael E. Hamburger |
| 2001 M Street NW, 10th Floor | William H. Bave, III |
| Washington, D.C. 20036 | Kristen O'Shaughnessy |
| Telephone: (202) 847-4000 | Kevin C. Adam |
| | WHITE & CASE LLP |
| **Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.** | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | Telephone: (212) 819-8200 |

5

J. Mark Gidley
Christopher M. Curran
Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.**