IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 1:15-cv-07488-CM (RWL) |

**FOREST'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 14:
EXCLUDE MENTION OF TREBLE DAMAGES, ATTORNEYS FEES, OR COSTS**

**WHITE & CASE** LLP

*Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.*

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................................... 1

    I.    DPPs Have Put the Automatic Trebling Provision of the Clayton Act at Issue by Relying on Mylan's Threatened Antitrust Complaint ................................................. 1

CONCLUSION ....................................................................................................................... 3

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*FTC v. Actavis, Inc.*,
   570 U.S. 136 (2013) ..................................................................................................2, 3

*HBE Leasing Corp. v. Frank*,
   22 F.3d 41, 45 (2d Cir. 1994) ............................................................................................1

*In re Lipitor Antitrust Litig.*,
   868 F.3d 231 (3d Cir. 2017) ..............................................................................................2

**STATUTES AND RULES**

15 U.S.C. § 15 ...................................................................................................................2

## ARGUMENT

As DPPs concede, courts do not uniformly prohibit reference to treble damages before the jury in antitrust cases (ECF No. 752, Pls.' Mot. *In Limine* No. 14: Exclude Mention of Treble Damages, Attorneys Fees, or Costs ("DPPs' MIL 14") at 2), and in *HBE Leasing Corp. v. Frank*, the Second Circuit merely cautioned that "district courts should not as a general matter permit reference before the jury" to treble damages. 22 F.3d 41, 45 (2d Cir. 1994). Furthermore, DPPs ignore *HBE Leasing*'s considered judgment to "explicitly refrain from deciding whether there might be certain circumstances in which a district court could in its sound discretion permit mention to the jury of the prospect of treble damages and attorney fees." *Id.* at 47.

Forest does not intend to discuss DPPs' request for treble damages in this lawsuit. But this case presents an unusual circumstance because the Mylan Settlement Agreement includes a release of *Mylan's* threatened antitrust claim against Forest in connection with the underlying patent litigation. To the extent that threatened antitrust claim becomes an issue at trial, Forest may need to describe the treble damages that action threatened, both because those treble damages are referenced in Mylan's draft antitrust complaint and because Forest may need to explain the exposure that it potentially faced if Mylan had proceeded with that claim.

## I. DPPs Have Put the Automatic Trebling Provision of the Clayton Act at Issue by Relying on Mylan's Threatened Antitrust Complaint

DPPs apparently intend to argue at trial that "Mylan's Threatened Antitrust Complaint Is Further Evidence that Forest Made an Unlawful Reverse Payment." ECF No. 699-1, Revised Pls.' Contentions § III.E. They further contend that "[s]ince the antitrust claims . . . were released in connection with the Namenda patent settlement, Mylan has admitted that Forest paid it $32.5 million to drop its challenge to the '703 patent." *Id.* at ¶ 140.

As an initial matter, DPPs' recognition of Mylan's threatened antitrust claims removes Forest's settlement with Mylan entirely from the liability framework set forth in *Actavis*, which "exempt[s] 'commonplace forms' of settlement from scrutiny" such as a settlement with a payment where "a plaintiff (i.e., the patent holder) settl[es] a counterclaim made by a defendant . . . ." *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 250 (3d Cir. 2017) (quoting *FTC v. Actavis, Inc.*, 570 U.S. 136, 152 (2013)); *see also Actavis*, 570 U.S. at 152 ("[I]f B has a counterclaim for damages against A, the original infringement plaintiff, A might end up paying B to settle B's counterclaim. Insofar as the dissent urges that settlements taking these commonplace forms have not been thought for that reason alone subject to antitrust liability, we agree, and do not intend to alter that understanding.") (citation omitted). While styled as a separate action, Mylan's threatened antitrust claim was the exact type of counterclaim expressly excluded by *Actavis* from being considered a reverse payment—a claim for damages by the defendant in the patent case, Mylan, against the patent-holding plaintiff in the patent case, Forest.

In addition, by relying on Mylan's threatened antitrust claims, DPPs have opened the door to a full inquiry on the implications of those threatened claims—in particular that, under the Clayton Act, any judgment as to those claims would have been trebled and that Mylan would have been awarded attorneys' fees. *See* 15 U.S.C. § 15 ("[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws . . . shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."). Indeed, treble damages, attorneys' fees, and costs are referenced in the Mylan antitrust complaint trial exhibit that DPPs rely on to support their arguments about Mylan's antitrust claims. *See* Ex. 1, PX-0009 at PX-0009.0016 ("Mylan currently does not know the full extent of its threatened damages, but it is believed that the total damages resulting from the unlawful conduct alleged

2

herein will be substantial."); *id.* at PX-0009.0020 (seeking "an Order, pursuant to the Sherman Antitrust Act, 15. U.S.C. § 2, et seq., the Clayton Act, 15 U.S.C. § 15 . . . awarding damages, costs of suit, interest and attorneys fees to Mylan, and that Mylan's damages be trebled").

Therefore, Forest must be allowed, at minimum, to explain to the jury the context under which the decision to settle Mylan's threatened claims was made, including the role the trebling provision of the Clayton Act played in Forest's decision on whether to litigate Mylan's threatened antitrust suit and its role in evaluating whether any payment to Mylan was "large" and "unexplained." *Actavis*, 570 U.S. at 157.

Finally, as DPPs concede, any concerns about jury confusion or a downward adjustment of damages can be addressed "by sufficiently instructing the jury to determine only actual damages." DPPs' MIL 14 at 2 (quoting *Overhead Door Corp. v. Nordpal Corp.*, No. 4-75-Civ. 523., 1978 U.S. Dist. LEXIS 15737, at *6 (D. Minn. Sept. 1, 1978)).

## CONCLUSION

For the foregoing reasons, the Court should deny DPPs' Motion *In Limine* No. 14: Exclude Mention of Treble Damages, Attorneys Fees, or Costs.

Dated: June 14, 2019                                            Respectfully submitted,

WHITE & CASE LLP

By: */s/ John H. Chung*

| | |
|---|---|
| Beth Wilkinson | Martin M. Toto |
| Rakesh Kilaru | Heather K. McDevitt |
| Kieran Gostin | John H. Chung |
| WILKINSON WALSH + ESKOVITZ | Michael E. Hamburger |
| 2001 M Street NW, 10th Floor | William H. Bave, III |
| Washington, D.C. 20036 | Kristen O'Shaughnessy |
| Telephone: (202) 847-4000 | Kevin C. Adam |
| | WHITE & CASE LLP |
| **Counsel for Defendants Actavis plc,** | 1221 Avenue of the Americas |
| **Forest Laboratories, LLC, Forest** | New York, New York 10020 |
| **Laboratories, Inc., and Forest** | Telephone: (212) 819-8200 |
| **Laboratories Holdings Ltd.** | |

3

J. Mark Gidley
Christopher M. Curran
Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.**

4