**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 1:15-cv-07488-CM (RWL) |

**FOREST'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE*
NO. 2: PRECLUDE USE IN THIS CASE OF DISCOVERY FOREST TOOK
IN THE END-PAYOR ACTION YEARS AFTER THE CLOSE OF DISCOVERY**

**WHITE & CASE** LLP

*Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.*

## **TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................... 1

    I.    Parties May Use Documents That Were Not Produced During Discovery on Cross-Examination ........................................................................................................... 1

CONCLUSION ............................................................................................................................ 3

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Joseph P. Carroll Ltd. v. Baker*,
   No. 09 Civ. 3174 (SHS), 2012 U.S. Dist. LEXIS 51869 (S.D.N.Y. Apr. 12,
   2012) ................................................................................................................................2

*Malmberg v. United States*,
   No. 5:06-cv-1042, 2010 U.S. Dist. LEXIS 28784 (N.D.N.Y. Mar. 24, 2010) ..........................3

Portions of DPPs' Motion *In Limine* No. 2 have been rendered moot by the Court's June 4, 2019 ruling on the Dr. Reddy's Laboratories document produced in the IPP Case ("DRL Document"). *See* Minute Entry for Proceedings Held before J. Colleen McMahon and Magistrate J. Lehrburger (June 4, 2019). The balance of DPPs' motion seeks a sweeping, premature ruling that could potentially limit the scope of documents available for use on cross-examination at trial. But the parties have agreed that there is no prior disclosure requirement for documents to be used on cross-examination, and neither side has disclosed documents for use solely on cross-examination in the Revised Joint Pretrial Order.

Both parties submitted exhibit lists as part of an amended Joint Pretrial Order and Forest identified "all exhibits that will be introduced in [Forest's] case-in-chief." *See* ECF No. 688, Scheduling Order at 1. As is customary, neither party was required to disclose documents that it might use to cross-examine trial witnesses and Forest certainly did not receive such a disclosure from DPPs. *Id.* DPPs and Forest are each in the dark as to the documents that may come up on cross-examination.

While DPPs argue that Forest's right to use these documents on cross-examination depends on whether Forest acquired these documents through discovery here, they cite to no legal authority that suggests Forest is limited on cross-examination to use only produced documents.

Accordingly, the Court should deny DPPs' motion.

**ARGUMENT**

I.  **Parties May Use Documents That Were Not Produced During Discovery on Cross-Examination**

DPPs argue that because the documents produced in the IPP Case were not produced during discovery in this case, they may not be used for any purpose at trial, even cross-examination. However, that a document was not produced during discovery does not automatically foreclose

the document's use at trial, and no case cited by DPPs suggests otherwise. Rather, DPPs have relied on off-point cases that consider whether discovery should be reopened to allow for out-of-time depositions and development of new damages theories. *See* ECF No. 740, Mem. in Supp. of Pls.' Mot. *In Limine* No. 2: Preclude Use in This Case of Discovery Forest Took in the End-Payor Action Years after the Close of Discovery ("DPPs' MIL 2") at 2 (citing *Abdelal v. Kelly*, No. 13-cv-4341 (ALC)(SN), 2018 U.S. Dist. LEXIS 135149, at *7 (S.D.N.Y. Aug. 10, 2018) (refusing to *reopen discovery* to allow for a deposition); *George v. Ford Motor Co.*, No. 03 Civ. 7643 (GEL), 2007 U.S. Dist. LEXIS 61453, at *32 (S.D.N.Y. Aug. 16, 2007) (refusing to *reopen discovery* where plaintiff did not establish good cause to take an out-of-time deposition); *Barlow v. GMC*, 595 F. Supp. 2d 929, 934-35 (S.D. Ind. 2009) (granting motion to exclude *damages claims and theories* that were presented months after deadline and after court had previously reopened discovery to allow plaintiffs to amend "absurdly ambitious damages theories")).

As DPPs concede in their motion (DPPs' MIL 2 at 1), the Court ordered that the parties identify only the exhibits that they planned to introduce in their cases-in-chief, and "NOT exhibits to be used only on cross examination, or only in case of rebuttal." ECF No. 688, Scheduling Order at 1. Beyond the DRL Document, Forest has not included a single document produced only in the IPP Case on its exhibit list for use in its case-in-chief. And Forest and DPPs are similarly unaware of the documents that their adversary will use during cross-examination. This is not an "ambush" or a "clearly impermissible" "guerilla technique"; it is the reality of trial.

Further, parties are simply not limited on cross-examination to use only those documents produced during discovery. Indeed, courts routinely permit parties to subpoena cross-examination materials after discovery has closed. *See, e.g.*, *Joseph P. Carroll Ltd. v. Baker*, No. 09 Civ. 3174 (SHS), 2012 U.S. Dist. LEXIS 51869, at *6-8 (S.D.N.Y. Apr. 12, 2012) (denying motion to quash

subpoena seeking the production of documents *two weeks* before trial because "[t]rial subpoenas may be issued after the close of discovery for 'trial preparation'" where "a party 'intends to use the documents it has requested in [the] subpoenas for cross-examination and impeachment only'") (citations omitted); *Malmberg v. United States*, No. 5:06-cv-1042 (FJS/GHL), 2010 U.S. Dist. LEXIS 28784, at *6-9 (N.D.N.Y. Mar. 24, 2010) (declining to quash subpoenas served after the close of discovery where defendant "intend[ed] to use the documents it has requested in [the] subpoenas for cross-examination and impeachment only").

DPPs do not cite to a single case addressing the use of a document on cross-examination, and certainly nothing to support the idea that parties are prohibited from using documents procured outside of the discovery process to cross-examine witnesses at trial. DPPs' MIL 2 at 2.

## CONCLUSION

For the foregoing reasons, Forest respectfully requests that the Court deny Plaintiffs' Motion *In Limine* No. 2: Preclude Use in This Case of Discovery Forest Took in the End-Payor Action Years After the Close of Discovery.

Dated: June 14, 2019                                      Respectfully submitted,

**WHITE & CASE** LLP

By: /s/ *Martin M. Toto*

| | |
|---|---|
| Beth Wilkinson | Martin M. Toto |
| Rakesh Kilaru | Heather K. McDevitt |
| Kieran Gostin | John H. Chung |
| WILKINSON WALSH + ESKOVITZ | Michael E. Hamburger |
| 2001 M Street NW, 10th Floor | William H. Bave, III |
| Washington, D.C. 20036 | Kristen O'Shaughnessy |
| Telephone: (202) 847-4000 | Kevin C. Adam |
| | WHITE & CASE LLP |
| **Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.** | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | Telephone: (212) 819-8200 |
| | |
| | J. Mark Gidley |
| | Christopher M. Curran |

3

Eric Grannon
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600

Heather M. Burke
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Ste. 900
Palo Alto, CA 94306
Telephone: (650) 213-0300

**Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.**