**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 1:15-cv-07488-CM (RWL) |

**FOREST'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE*
NO. 9: EXCLUDE EVIDENCE AND ARGUMENT THAT THE FTC
OR THE PATENT COURT "APPROVED" OF THE NAMENDA AGREEMENTS**

**WHITE & CASE** LLP

*Counsel for Defendants Actavis plc, Forest
Laboratories, LLC, Forest Laboratories, Inc., and
Forest Laboratories Holdings Ltd.*

## **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

    I.    DPPs' Motion Must Be Denied as Moot Because Forest Does Not Intend to Argue that Either Government Regulators or the Patent Court "Approved" the Settlements ...................................................................................................................... 1

    II.    The Submission of the Patent Settlement Agreements to the FTC is Relevant and Admissible for Other, Independent Reasons ................................................................ 1

           A.    The Submission to the FTC Is Relevant to Rebut Claims of Linkage Between the Mylan Patent Settlement Agreement and the Lexapro Amendment ......... 2

           B.    The Submission to the FTC Is Relevant to Rebut Any Claim that the Lexapro Amendment or Patent Settlements were Executed Surreptitiously ................ 3

    III.    DPPs Concede that the Patent Court's Stipulations of Dismissal Are Relevant .... 3

CONCLUSION .............................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Nexium Esomeprazole Antitrust Litig.*,
    No. 12-md-02409-WGY (D. Mass. Oct. 20, 2014), ECF No. 1100 ..........................................1

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
    No. 3:07-md-01827 (N.D. Cal Apr. 26, 2012), ECF Nos. 5536, 5597 ......................................2

DPPs' Motion *in Limine* No. 9 should be denied as moot because Forest does not intend to argue that either the Federal Trade Commission or the court presiding over the patent litigations "approved" of the terms of patent settlement agreements. To the extent it seeks any broader relief or exclusion, DPPs' motion should be denied on the merits.

## ARGUMENT

### I. DPPs' Motion Must Be Denied as Moot Because Forest Does Not Intend to Argue that Either Government Regulators or the Patent Court "Approved" the Settlements

DPPs' motion "for an order precluding Forest from arguing that either the Federal Trade Commission ("FTC") or the patent court overseeing the Namenda patent litigation tacitly 'approved' of the Namenda agreements by omitting to *sua sponte* enjoin them" should be denied as moot. ECF No. 747, Mem. in Supp. of Pls.' Mot. *In Limine* No. 9: Exclude Evidence and Argument that the FTC or the Patent Court "Approved" of the Namenda Agreements ("DPPs' MIL 9") at 1. Forest does not intend to argue that either the FTC or the patent court "approved" the terms of the settlement agreements, nor do DPPs cite to any Forest pleadings or contentions that suggest otherwise. However, Forest's submission of the settlement agreements to the FTC, the FTC's inaction, and the patent court's orders of dismissal are relevant to other issues in the case such as to rebut evidence of linkage between the Mylan patent settlement agreement and the Lexapro Amendment as well as the fact and timing of the termination of the patent litigations. Therefore, to the extent DPPs' motion seeks any broader exclusion or relief, it should be denied.

### II. The Submission of the Patent Settlement Agreements to the FTC is Relevant and Admissible for Other, Independent Reasons

The *fact* of the submission of the settlements to the FTC alone provides a basis for the jury to hear this evidence. Indeed, in *Nexium* Judge Young found that the submission of the settlement agreement at issue to the FTC was admissible evidence. *See In re Nexium Esomeprazole Antitrust Litig.*, No. 12-md-02409-WGY, Charge Conference 43:18-44:6 (D. Mass. Oct. 20, 2014), ECF

No. 1100 (allowing the fact that patent settlement agreement in a reverse payment case was submitted to the FTC to be presented to the jury).  Two additional considerations warrant admission: 1) to rebut DPPs' arguments alleging a link between the Lexapro Amendment and the Mylan patent settlement agreement; and 2) to rebut any claim that the Lexapro Amendment and Mylan patent settlement agreement hid anything from antitrust government regulators.

### A. The Submission to the FTC Is Relevant to Rebut Claims of Linkage Between the Mylan Patent Settlement Agreement and the Lexapro Amendment

DPPs apparently intend to affirmatively introduce evidence of Forest's submission of both the Mylan patent settlement agreement and Lexapro Amendment to the FTC to argue that the agreements are "linked."  *See, e.g.*, ECF No. 699-1, Revised Pls.' Contentions ("DPPs' Cont.") at ¶ 137 (contending the fact that "Forest's counsel submitted to the Federal Trade Commission and the Department of Justice, a copy of the Lexapro Amendment, and the Mylan Namenda IR patent settlement" demonstrates they are linked).  DPPs will argue that this linkage means that Forest made an illegal "large and unexplained" payment to Mylan.

If DPPs open the door to the FTC submission to show linkage, in fairness, Forest must be able to rebut the false impression of linkage by explaining why the patent settlement agreement and the Lexapro Amendment are *independent* agreements including an explanation of the legal requirement for submission of patent settlement agreements to federal regulators.  DPPs' intended use of the submissions to the federal regulators on linkage would also open the door to allow Forest to introduce the fact that neither the FTC nor the DOJ took any action on the agreements.  *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.* No. 3:07-md-01827 (N.D. Cal Apr. 26, 2012), ECF No. 5597 at 4 (denying motion to exclude evidence of non-indictment by DOJ where DPPs intended to affirmatively use government investigations and other indictments as evidence in their case-in-chief); *id.*, ECF No. 5536 Pretrial Conference Tr. at 59:8-10, 60:11-12 ("THE COURT: It

2

is a fact that they weren't indicted. That doesn't mean they're innocent. It just means they weren't indicted, right? . . . But certainly [Toshiba] is entitled to say, 'we weren't indicted.'").

> **B.  The Submission to the FTC Is Relevant to Rebut Any Claim that the Lexapro Amendment or Patent Settlements were Executed Surreptitiously**

DPPs also apparently intend to argue that Forest engaged in a cover up with respect to the Lexapro Amendment and patent settlement. *See, e.g.*, DPPs' Cont. at ¶¶ 219-222 (contending that Forest's defenses on procompetitive benefits are "pretextual" and the intent behind the patent settlement agreement and Lexapro Amendment was to delay generic entry); *see also* ECF No. 657, Pls.' Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. at 31 (characterizing Forest's forecasts as a "fig-leaf designed to hide" a reverse payment).  Thus, Forest's submission of the settlement agreements and the Lexapro Amendment to the government agency that enforces the antitrust laws should be admissible to show that Forest did not execute the settlements or business agreements in the shadows or attempt to hide the terms from federal regulators, or that Forest engaged in any cover up.

**III.  DPPs Concede that the Patent Court's Stipulations of Dismissal Are Relevant**

Similarly, Forest does not intend to argue that the patent court "approved" the terms of the settlement or business agreements by entering the stipulations of dismissal.  As DPPs acknowledge, however, the stipulations of dismissal in the patent action are relevant to other issues, including the fact and timing of the termination of the patent litigations. *See, e.g.*, DPPs' MIL 9 at 3-4 (quoting *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-cv-1797, 2016 U.S. Dist. LEXIS 142891, at *18 (E.D. Pa. Jan. 8, 2016) (stipulations of dismissal in reverse payment antitrust cases relevant to prove end of patent litigation in antitrust litigation regarding the drug Provigil)).  Because DPPs have not requested broader exclusion of the stipulations or evidence related to their entry, the Court should deny DPPs' motion as moot.

3

## CONCLUSION

For the foregoing reasons the Court should deny DPPs' motion as moot.

Dated: June 14, 2019

Respectfully submitted,

WHITE & CASE LLP

By: /s/ Martin M. Toto

| | |
|---|---|
| Beth Wilkinson | Martin M. Toto |
| Rakesh Kilaru | Heather K. McDevitt |
| Kieran Gostin | John H. Chung |
| WILKINSON WALSH + ESKOVITZ | Michael E. Hamburger |
| 2001 M Street NW, 10th Floor | William H. Bave, III |
| Washington, D.C. 20036 | Kristen O'Shaughnessy |
| Telephone: (202) 847-4000 | Kevin C. Adam |
| | WHITE & CASE LLP |
| **Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.** | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | Telephone: (212) 819-8200 |
| | |
| | J. Mark Gidley |
| | Christopher M. Curran |
| | Eric Grannon |
| | WHITE & CASE LLP |
| | 701 Thirteenth Street, NW |
| | Washington, DC 20005 |
| | Telephone: (202) 626-3600 |
| | |
| | Heather M. Burke |
| | Eric E. Lancaster |
| | WHITE & CASE LLP |
| | 3000 El Camino Real |
| | 2 Palo Alto Square, Ste. 900 |
| | Palo Alto, CA 94306 |
| | Telephone: (650) 213-0300 |
| | |
| | **Counsel for Defendants Actavis plc, Forest Laboratories, LLC, Forest Laboratories, Inc., and Forest Laboratories Holdings Ltd.** |