**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>**All Direct Purchaser Actions** | **Case No. 1:15-cv-07488-CM-RWL** |

**PLAINTIFFS' OPPOSITION TO FOREST'S MOTION *IN LIMINE* 6 TO PRECLUDE TESTIMONY BY RUSSELL LAMB REGARDING UNDISCLOSED DAMAGES OPINIONS BASED ON ALTERNATIVE ENTRY DATES**

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT .......................................................................................................... 1

III.    CONCLUSION ....................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Bigelow v. RKO Radio Pictures, Inc.*,
  327 U.S. 251 (1946)........................................................................................................ 2

*City of Vernon v. S. California Edison Co.*,
  955 F.2d 1361 (9th Cir. 1992) ...................................................................................... 4

*In re Namenda Direct Purchaser Antitrust Litig.*,
  331 F. Supp. 3d 152 (S.D.N.Y. 2018)...................................................................... 1, 4

*In re Scrap Metal Antitrust Litig.*,
  527 F.3d 517 (6th Cir. 2008) ....................................................................................... 3

*In re Urethane Antitrust Litig.*,
  768 F.3d 1245 (10th Cir. 2014) ................................................................................... 2

*Medcom Holding v. Baxter Travenol Labs., Inc.*,
  106 F.3d 1388 (7th Cir. 1997) .................................................................................... 2

*Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*,
  739 F. Supp. 2d 576  (S.D.N.Y. 2010)....................................................................... 2

*Restivo v. Hessemann*,
  846 F.3d 547 (2d Cir. 2017)........................................................................................ 3

*New York v. Hendrickson Bros.*,
  840 F.2d 1065 (2d Cir. 1988)...................................................................................... 2

*Story Parchment Co. v. Paterson Parchment Paper Co.*,
  282 U.S. 555 (1931)...................................................................................................... 4

*Texas v. Penguin Group (USA), No. 12-cv-3394*,
  2014 U.S. Dist. LEXIS 42549 (S.D.N.Y. 2014)..................................................... 4

*Tuf Racing Prods., Inc. v. Am. Suzuki Motor Corp.*,
  223 F.3d 585 (7th Cir. 2000) ...................................................................................... 3

*U.S. Bank Nat'l. Ass'n v. PHL Variable Life Ins. Co.*,
  112 F. Supp. 3d 122 (S.D.N.Y. 2015)....................................................................... 4

*U.S. Football League v. Nat'l Football League*,
  842 F.2d 1335 (2d Cir. 1988)...................................................................................... 3

*US Airways, Inc. v. Sabre Holdings Corp.*,
  No. 11 Civ. 2725 (LGS), 2017 U.S. Dist. LEXIS 40932 (S.D.N.Y. Mar. 21, 2017) ................. 3

## I.      <u>INTRODUCTION</u>

Plaintiffs respectfully request that this Court deny Forest's Mot. *in Limine* 6 (ECF No. 770).  Forest seeks to (1) preclude Dr. Lamb from offering damage calculations based on alternative "but for" generic entry dates not explicitly contained in his reports; and (2)  *also* preclude him from testifying that he *could* calculate damages for alternative dates.  Forest's first request should be denied as moot because Plaintiffs do not intend to elicit such testimony. Forest's second request should be denied as improper and premature because Dr. Lamb will be permitted to explain his damages methodology to the jury and to testify that damages can be adjusted for different entry dates, and the jury itself is perfectly competent to determine damages based on the entry date it finds most likely.

## II.      <u>ARGUMENT</u>

This Court previously rejected Forest's *Daubert* challenge to Dr. Lamb's damages methodology as "without merit."  *In re Namenda Direct Purchaser Antitrust Litig*., 331 F. Supp. 3d 152, 180 (S.D.N.Y. 2018) ("*Namenda V*").  The Court has already determined that Dr. Lamb's damages methodology is reliable and admissible, and therefore he will be permitted to explain it to the jury.  Dr. Lamb used his methodology to calculate overcharges arising from the unlawful delay of generic Namenda IR competition for two alternative but-for generic entry dates: (1) November 2012, corresponding to an alternative settlement; and (2) June 2012, corresponding to a Mylan win in the patent litigation.  *See* Defs.' Br. Ex. 2, ECF No. 771-2, Am. Expert Rpt. of Russell L. Lamb at ¶ 129; *Namenda V*, 331 F. Supp. 3d at 176 n.1.  Plaintiffs do not intend to ask Dr. Lamb to present specific damage calculations for additional generic entry dates, and therefore the first part of Forest's Motion should be denied as moot.

Dr. Lamb also has testified (in his report and at deposition) that his methodology *can* be used to estimate damages for any other generic entry date.  *See* Ex. 3 to Defs.' Br. ECF No. 771-

3, Am. Expert Reply Rep. of Russell L. Lamb at ¶ 6 n.9; Ex.1 to Defs.' Br.  ECF. No. 771-2, Oct. 6, 2017 Dep. of Russell L. Lamb at 208:22-25.  There is no basis or reason to bar such testimony, and the reason that Forest offers – that such testimony allegedly would "encourage" the jury to engage in impermissible speculation in determining damages (Defs.' Br. at 5) – is baseless.  The jury is completely competent and permitted to make a reasonable and just estimate of damages based on any generic entry date that it finds appropriate based on the evidence at trial.  *See*, *e.g.*, *New York v. Hendrickson Bros.*, 840 F.2d 1065, 1077 (2d Cir. 1988) ("Although the jury is not allowed to base its damages assessment on speculation or guesswork, it is entitled to 'make a just and reasonable estimate of the damage based on relevant data, and render its verdict accordingly.'") (quoting *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264 (1946)).

Juries routinely adjust damages models presented to them, including complex ones, because a "jury can reduce an expert's calculations on damages even when unable to 'run the exact numbers and calculations of [a damages] model with 'mathematical certainty.'"  *In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1268 (10th Cir. 2014) (quoting *Medcom Holding v. Baxter Travenol Labs., Inc.,* 106 F.3d 1388, 1400–01 (7th Cir.1997)) (alteration in original).  *See also Medcom,* 106 F.3d at 1398 (district court's finding that the jury was unable to "adjust the amount of damages [in expert's model] downward" "denigrates the historic and practical abilities of the jury"); *Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 739 F. Supp. 2d 576, 605 & n. 180  (S.D.N.Y. 2010) (same).

In *Urethane*, a nationwide class action involving industrial purchasers of polyurethane products, the Tenth Circuit rejected defendants' argument that the jury's award of class-wide aggregate damages was speculative where the "jury assessed damages of $400,049,039 even though [Plaintiffs' expert] had calculated damages of $496,680,486."  768 F.3d at 1268.  The

Sixth Circuit reached a similar conclusion in another complex antitrust class action, *In re Scrap Metal Antitrust Litig.,* where it rejected defendant's argument that "the jury must have resorted to speculation" to arrive at a damages award of $11.5 million when the expert calculated damages of $20.9 million.  527 F.3d 517, 533-34 (6th Cir.2008).  *Accord Tuf Racing Prods., Inc. v. Am. Suzuki Motor Corp.,* 223 F.3d 585, 591 (7th Cir. 2000) (rejecting defendant's argument that the jury's award should be set aside as "speculative" when the plaintiff's expert calculated damages of $1.2 million, but "the jury awarded only a bit more than 10 percent of that" and explaining that "if the award is within the bounds of reason, the fact that the jury may not have used reason to arrive at it—may instead have negotiated an unprincipled compromise in order to avoid deadlock—will not prevent it from being upheld" as "the court looks only at the 'bottom line,' to make sure it's reasonable, and doesn't worry about the mental process that led there").

The jury is allowed to calculate damages based on any date it finds that generic Namenda IR would have launched but for Forest's reverse payment because even

> if damages experts attempt to quantify a precise amount of damages, the jury is not required to accept and award the amount or reject it and award zero. The Second Circuit has long recognized that the 'calculation of damages is the province of the jury' and 'considerable deference' should be given to the jury's award.

*US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 Civ. 2725 (LGS), 2017 U.S. Dist. LEXIS 40932 at *55 (S.D.N.Y. Mar. 21, 2017) (quoting *Restivo v. Hessemann*, 846 F.3d 547, 587 (2d Cir. 2017)).  In *US Airways*, the jury awarded plaintiff $5,098,142 in antitrust damages where plaintiff's experts testified at trial that damages ranged from $44,500,000 to $73,200,000.  *Id.* at *52-53.  Defendants there argued that the jury must have "'rejected'" the damage models of plaintiff's experts, *id.* at *54, but the district court approved the damages award, holding that "'once proof of injury causation has been established, courts have allowed antitrust plaintiffs considerable latitude in proving the amount of damages. Proof of amount of damages thus need

3

not conform to a particular theory or model, and exact proof of the amount of damages is not required.'" *Id.* at *52 (quoting *U.S. Football League v. Nat'l Football League*, 842 F.2d 1335, 1378 (2d Cir. 1988)).

Moreover, as this Court has recognized, the "controlling legal rule [is] that a defendant may not benefit from any uncertainty concerning damages its own wrongful conduct has caused." *Namenda V*, 331 F. Supp. 3d at 182. Forest should not be permitted to benefit from uncertainty by depriving the jury of its right to set damages "as a matter of just and reasonable inference, although the result be only approximate." *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931).

The cases that Forest cites are completely off-point. None holds that the jury should be barred from determining damages as it sees fit. *See, e.g., Texas v. Penguin Group (USA)*, No. 12-cv-3394, 2014 U.S. Dist. LEXIS 42549, at *57 (S.D.N.Y. 2014) (excluding defendants' expert's opinion, under *Daubert*, that price fixing conspiracy offered pro-competitive benefits where expert admitted he had "created no model" and had chosen "arbitrary figures"); *U.S. Bank Nat'l. Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 131 (S.D.N.Y. 2015) (excluding expert testimony not fairly disclosed in report or deposition); *City of Vernon v. S. California Edison Co.*, 955 F.2d 1361, 1372 (9th Cir. 1992) (affirming the exclusion of damages report at summary judgment because it failed to distinguish between losses suffered by plaintiffs because of defendant's anti-competitive conduct and losses suffered for other reasons).

In sum, the jury is entitled to award damages resulting from any date it finds generic Namenda IR would have entered but for Forest's unlawful reverse payment, even if damages cannot be measured with exact certainty and/or if the jury calculates an amount that differs from the figures offered by Dr. Lamb.

## III.   <u>CONCLUSION</u>

For these reasons, Forest's Mfotion *in Limine* 6 should be denied.


Dated: June 14, 2019                              Respectfully Submitted:


<div style="display:flex">
<div>

David F. Sorensen
Ellen T. Noteware
Daniel C. Simons
Nick Urban
Berger Montague PC
1818 Market Street – Suite 3600
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (fax)
dsorensen@bm.net
enoteware@bm.net
dsimons@bm.net
nurban@bm.net

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
1617 John F Kennedy Blvd., Suite 1550
Philadelphia, PA 19103
(215) 277-5770
(215) 277-5771 (fax)
pkohn@faruqilaw.com
jlukens@faruqilaw.com

</div>
<div>

/s/ *Dan Litvin*
Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com
dlitvin@garwingerstein.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com
eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

Russ Chorush
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100

</div>
</div>

Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com

***Counsel for the Direct Purchaser Class Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 14, 2019, I electronically filed the above by CM/ECF system.

Respectfully submitted,

<u>/s/ *Dan Litvin*   </u>
Dan Litvin