UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Case No. 1:15-cv-07488-CM-RWL |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO FOREST'S MOTION *IN LIMINE* NO. 7 TO EXPEDITE TRIAL BY REQUIRING THAT ALL LIVE AND DESIGNATED WITNESSES TESTIFY ONLY ONCE**

## **TABLE OF CONTENTS**

                                                                                       **Page**

I.     INTRODUCTION ............................................................................................................. 1

II.    ARGUMENT ................................................................................................................... 1

III.   CONCLUSION ................................................................................................................ 2

**I.     INTRODUCTION**

Forest moves *in Limine* on two issues. First, Forest seeks to permit "the complete examination of common live witnesses during DPPs' case-in-chief." *See* Mem. in Supp. of Forest's Mot. *in Limine* 7 to Expedite Trial by Requiring That All Live and Designated Witnesses Testify Only Once at 1 ("Defs.' Br.") (ECF No. 773). Second, Forest asks that "for those witnesses whose prior testimony will be played or read, to have the transcript of that testimony played or read only once and chronologically in the order in which testimony was given." *Id.* Forest claims this motion is necessary because "[t]he parties previously agreed that a stipulation on these issues made sense, but DPPs notified Forest yesterday that they would not stipulate." Defs.' Br. at 1.

As indicated below, Plaintiffs largely do not oppose the relief sought by Forest. Plaintiffs and Forest, however, were unable to come to an agreement by stipulation on these points since there were additional matters on which Plaintiffs and Forest unsuccessfully sought mutual agreement by and through the stipulation process.

**II.    ARGUMENT**

First, Plaintiffs agree that the complete examination of common live witnesses can and should take place during Plaintiffs' case-in-chief. In light of this Court's June 4, 2019 oral Order during the status conference regarding bifurcation of the trial, however, Plaintiffs note that it may be necessary for certain live witnesses to appear twice – once during the reverse payment case, and once during the product hop case. According to the Court, "[w]e will litigate the pay delay claim, liability, causation, and damages; and then we will litigate what will be a much shorter phase 2 of the litigation, which is the issue of antitrust injury and the hard switch, and damages on the hard switch." *See* Declaration of Joseph Opper Ex. 18, excerpts from Transcript of Proceedings at 20:17-21, *In re Namenda Direct Purchaser Antitrust Litig.,* No. 15-cv-07488-

CM-RWL (S.D.N.Y. June 4, 2019). It is also possible that Plaintiffs may desire to recall live witnesses as part of their rebuttal cases presented in the two phases of trial. Plaintiffs intend to work with Forest and the Court to conserve the Court's time and resources, and to present witnesses in the most expeditious manner possible.

Second, Plaintiffs also agree that, for any witness whose prior testimony will be read or played, the transcript of that testimony should be read or played only once, and chronologically in the order in which the testimony of that witness was given.

### III.   CONCLUSION

For the foregoing reasons, the Plaintiffs request that this Court order that (a) live witnesses be presented for examination once, (b) the entirety of deposition testimony for a particular witness as designated by both Plaintiffs and Forest be presented to the jury at one time and played in chronological order, (c) the parties may recall live witnesses, if justified, during the second trial phase of this matter, and (d) reserve for Plaintiffs the opportunity to recall live witnesses as part of their rebuttal cases.

Dated: June 14, 2019                             Respectfully Submitted:

                                                 /s/ *Dan Litvin*

| | |
|---|---|
| David F. Sorensen | Bruce E. Gerstein |
| Ellen T. Noteware | Joseph Opper |
| Daniel C. Simons | Kimberly M. Hennings |
| Nick Urban | Dan Litvin |
| Berger Montague PC | Garwin Gerstein & Fisher LLP |
| 1818 Market Street, Suite 3600 | 88 Pine Street, 10th Floor |
| Philadelphia, PA 19103 | New York, NY 10005 |
| Tel: (215) 875-3000 | Tel: (212) 398-0055 |
| Fax: (215) 875-4604 | Fax: (212) 764-6620 |
| dsorensen@bm.net | bgerstein@garwingerstein.com |
| enoteware@bm.net | jopper@garwingerstein.com |
| dsimons@bm.net | khennings@garwingerstein.com |
| nurban@bm.net | dlitvin@garwingerstein.com |

| | |
|---|---|
| Peter Kohn<br>Joseph T. Lukens<br>Faruqi & Faruqi, LLP<br>1617 John F Kennedy Blvd., Suite 1550<br>Philadelphia, PA 19103<br>Tel: (215) 277-5770<br>Fax: (215) 277-5771<br>pkohn@faruqilaw.com<br>jlukens@faruqilaw.com | David C. Raphael, Jr.<br>Erin R. Leger<br>Smith Segura & Raphael, LLP<br>3600 Jackson Street, Suite 111<br>Alexandria, LA 71303<br>Tel: (318) 445-4480<br>Fax: (318) 487-1741<br>draphael@ssrllp.com<br>eleger@ssrllp.com<br><br>Stuart E. Des Roches<br>Andrew W. Kelly<br>Odom & Des Roches, LLC<br>650 Poydras Street, Suite 2020<br>New Orleans, LA 70130<br>Tel: (504) 522-0077<br>Fax: (504) 522-0078<br>stuart@odrlaw.com<br>akelly@odrlaw.com<br><br>Russ Chorush<br>Heim Payne & Chorush, LLP<br>1111 Bagby, Suite 2100<br>Houston, TX 77002<br>Tel: (713) 221-2000<br>Fax: (713) 221-2021<br>rchorush@hpcllp.com |

*Counsel for the Direct Purchaser Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, I electronically filed the above by CM/ECF system.

                                            Respectfully submitted,

                                            /s/ *Dan Litvin*
                                            Dan Litvin