UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO FOREST'S MOTION *IN LIMINE* 8 TO REMOVE PRIVILEGE
REDACTION LABELS FROM TRIAL EXHIBITS**

## **TABLE OF CONTENTS**

**Page**

I.  ARGUMENT ................................................................................................................. 1

## **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*In re Gen. Motors LLC Ignition Switch Litigation*,
　No. 14-MD-2543 (JMF), 22015 U.S. Dist. LEXIS 163255 (S.D.N.Y. Dec. 3, 2015) ............ 1, 2

*King Drug Co. of Florence v. Cephalon, Inc.*,
　No. 2:06-cv-1797, 2016 U.S. Dist. LEXIS 7477 (E.D. Pa. Jan. 22, 2016) ................................. 1

I. **ARGUMENT**

Plaintiffs submit this opposition to Forest's Motion *in Limine* 8, which seeks to remove privilege redaction labels from trial exhibits.

Plaintiffs do not presently intend to question witnesses concerning the presence of redactions on trial exhibits, and thus do not oppose this Motion to the extent it seeks to remove only the word "Privileged" from redaction labels. However, Forest's Motion also seeks to remove the word "Redacted" from these same exhibits and the entire box used to indicate where redactions have occurred on trial exhibits. Plaintiffs oppose this motion to the extent that it seeks to remove these markings in their entirety because their removal could potentially confuse the jury, as the blank spaces left behind by removing the stamp entirely could draw the jury's attention and confuse the jury as to obviously missing substantive material.

Further, there is no burden for Forest to remove the word "Privileged" from the redacted documents. Forest itself contends that the more extensive change for which it advocates– completely removing all indications that documents have been redacted – results in "no burden." Therefore, Plaintiffs' compromise position here, removing only the word "Privileged," also poses no burden.

This compromise approach – removing the word "privileged" but retaining the word "Redacted" and the box showing the area of the redaction – is consistent with the one case Defendants cite on this issue, *In re Gen. Motors LLC Ignition Switch Litigation*, No. 14-MD-2543 (JMF), 2015 U.S. Dist. LEXIS 163255, at *382-*387 (S.D.N.Y. Dec. 3, 2015). In that case, Judge Furman did not allow defendants to completely remove all markings showing that exhibits were redacted. Instead, the Court reasoned that "that there is no reason for 'privilege,' 'work product,' or other markings indicative of privilege assertions to appear in exhibits," and it

1

ordered that only those markings be removed from documents before publication to the jury. With Plaintiffs' limited opposition here, which would allow Forest to remove the word "Privileged," but retain the word "Redacted" and the box showing the area of the redaction, the result the Plaintiffs seek here is consistent with *In re Gen. Motors LLC Ignition Switch Litigation.*

The one other case Forest cites, *King Drug Co. of Florence v. Cephalon, Inc.*, No. 2:06-cv-1797, 2016 U.S. Dist. LEXIS 7477, at *26-*29 (E.D. Pa. Jan. 22, 2016), had nothing to do with allowing the word "Redacted" to be used on certain exhibits. It concerned whether attorneys should be allowed to ask questions that would be answered with the invocation of attorney-client privilege.

Plaintiffs respectfully request that the Court (a) deny Forest's Motion to the extent it seeks to remove the entirety of redaction labeling from trial exhibits and (b) allow only the removal of the word "privileged" from redaction labeling.

Dated: June 14, 2019

Respectfully Submitted:

/s/ *Dan Litvin*

David F. Sorensen
Ellen T. Noteware
Daniel C. Simons
Nick Urban
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net
enoteware@bm.net
dsimons@bm.net
nurban@bm.net

Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com
dlitvin@garwingerstein.com

| | |
|---|---|
| Peter Kohn<br>Joseph T. Lukens<br>Faruqi & Faruqi, LLP<br>1617 John F Kennedy Blvd., Suite 1550<br>Philadelphia, PA 19103<br>Tel: (215) 277-5770<br>Fax: (215) 277-5771<br>pkohn@faruqilaw.com<br>jlukens@faruqilaw.com | David C. Raphael, Jr.<br>Erin R. Leger<br>Smith Segura & Raphael, LLP<br>3600 Jackson Street, Suite 111<br>Alexandria, LA 71303<br>Tel: (318) 445-4480<br>Fax: (318) 487-1741<br>draphael@ssrllp.com<br>eleger@ssrllp.com<br><br>Stuart E. Des Roches<br>Andrew W. Kelly<br>Odom & Des Roches, LLC<br>650 Poydras Street, Suite 2020<br>New Orleans, LA 70130<br>Tel: (504) 522-0077<br>Fax: (504) 522-0078<br>stuart@odrlaw.com<br>akelly@odrlaw.com<br><br>Russ Chorush<br>Heim Payne & Chorush, LLP<br>1111 Bagby, Suite 2100<br>Houston, TX 77002<br>Tel: (713) 221-2000<br>Fax: (713) 221-2021<br>rchorush@hpcllp.com |

*Counsel for the Direct Purchaser Class Plaintiffs*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, I electronically filed the above by CM/ECF system.

                Respectfully submitted,

                /s/ *Dan Litvin*
                Dan Litvin