UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | **Case No. 1:15-cv-07488-CM-RWL** |

**PLAINTIFFS' OPPOSITION TO FOREST'S MOTION *IN LIMINE* NO. 15
TO EXCLUDE THE NYAG *NAMENDA* DECISIONS**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1

II.  ARGUMENT ....................................................................................................................... 2

    A.  The NYAG Opinions Are Admissible as an Exception to the Hearsay Rule ......... 2

    B.  The NYAG Decisions Are Relevant and Are Not Unfairly Prejudicial
        to Forest ................................................................................................................... 4

    C.  At the Very Least, Plaintiffs Should Be Permitted to Use the NYAG Decisions
        on Cross Examination ............................................................................................. 7

III.  CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Aluisi v. Elliott Mfg. Co., Inc. Plan*,
 No. 1:04-CV-5373 AWI SMS, 2009 WL 565544 (E.D. Cal. 2009) ......................................... 2

*Arlio v. Lively*,
 474 F. 3d 46 (2d Cir. 2007) .................................................................................................... 5

*CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*,
 144 F. 3d 35 (1st Cir. 1998) ................................................................................................... 6

*Greycas, Inc. v. Proud*,
 826 F. 2d 1560 (7th Cir. 1987) .............................................................................................. 1

*Inventio AG v. Otis Elevator Co.*,
 No. 06 Civ. 5377 (CM), 2011 U.S. Dist. LEXIS 88965 (S.D.N.Y. June 22,
 2011) ...................................................................................................................................... 5

*Moore v. Hartman*,
 102 F. Supp. 3d 35 (D.D.C. 2015) ......................................................................................... 6

*In re Namenda Direct Purchaser Antitrust Litig.*,
 No. 15-cv-7488 (CM), 2017 U.S. Dist. LEXIS 83446 (S.D.N.Y. May 23,
 2017) ................................................................................................................................. 2, 6

*New York v. Actavis, PLC*,
 No. 14 Civ. 7473, 2014 U.S. Dist. LEXIS 172918 (S.D.N.Y. Dec. 11, 2014) .................. 1, 4

*Oliver v. Tepperman*,
 No. 08-CV-3685, 2010 U.S. Dist. LEXIS 22246 (E.D.N.Y. Mar. 10, 2010) ......................... 3

*New York ex rel. Schneiderman v. Actavis PLC*,
 787 F. 3d 638 (2d Cir. 2015) .............................................................................................. 1, 2

*New York ex rel. Spitzer v. Operation Rescue Nat'l*,
 273 F. 3d 184 (2d Cir. 2001) .................................................................................................. 3

**Other Authorities**

Fed. R. Evid. 201(b) ....................................................................................................................... 3

Fed. R. Evid. 201(c)(2) .................................................................................................................. 3

Fed. R. Evid. 807 ........................................................................................................................... 2

**I.      INTRODUCTION**

Forest's Motion *in Limine* No. 15 (ECF No. 789) seeks to preclude introduction of the decisions rendered by Judge Sweet, *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 U.S. Dist. LEXIS 172918 (S.D.N.Y. Dec. 11, 2014) ("*Namenda I*"), and the Second Circuit, *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638 (2d Cir. 2015) ("*Namenda II*"), ("NYAG decisions") into evidence, claiming they are hearsay, irrelevant, and unfairly prejudicial. Mem. in Supp. of Forest's Mot. *in Limine* 15 to Exclude the NYAG *Namenda* Decisions ("Defs.' Br."). Forest's motion should be denied. The NYAG decisions suffer from none of the traditional hearsay risks and are admissible pursuant to the residual exception to the hearsay rule. In the alternative, if the Court is inclined to exclude them as hearsay, it should take judicial notice of the findings of fact contained therein.

The NYAG decisions are highly relevant to issues in this litigation. For instance, the factual finding that physicians are unlikely to switch patients from Namenda XR back to generic Namenda IR is relevant to the long-term impact of Forest's announcement that it was discontinuing Namenda IR. While Forest seeks exclusion of the NYAG decisions because they present the jury with harmful facts found against it, their admission will not cause Forest any *unfair* prejudice given that Plaintiffs can (and will) introduce the evidence underlying the factual findings, and the jury will be instructed about this Court's collateral estoppel order. *See* Pls.' Opp'n to Defs.' Mot. *In Limine* No. 16 to Prevent Improper Use of the Court's Collateral Estoppel Order.

1

## II.     ARGUMENT

### A.     The NYAG Opinions Are Admissible as an Exception to the Hearsay Rule

If this Court should determine that the NYAG decisions are hearsay, they are admissible under Fed. R. Evid. 807 as an exception to the hearsay rule. *See Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) (a court can always rely on the catch-all exception to allow into evidence a prior judgment). *See also Aluisi v. Elliott Mfg. Co., Inc. Plan*, No. 1:04-CV-5373 AWI SMS, 2009 WL 565544, at *6 (E.D. Cal. 2009) (admitting findings of other courts under residual exception because they had a "sufficient indicia of reliability, accuracy, and trustworthiness to support the purpose behind the Federal Rules of Evidence").

Under Rule 807, a statement will be admitted if:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;

(2) it is offered as evidence of a material fact;

(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) admitting it will best serve the purposes of these rules and the interests of justice.

These circumstances are met. First, the district court's decision has "guarantees of trustworthiness" because it was rendered by Judge Sweet sitting as the trier of fact after the presentation of extensive evidence in an adversarial proceeding. Its trustworthiness is bolstered by the Second Circuit's affirmance of Judge Sweet's opinion, and this Court's application of collateral estoppel. *See Namenda II*, 787 F.3d at 663; *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-cv-7488 (CM), 2017 U.S. Dist. LEXIS 83466, (S.D.N.Y. May 23, 2017) ("*Namenda IV*") (collateral estoppel order). The Second Circuit decision was based upon a full review of the record before Judge Sweet. Additionally, they are offered as evidence of the material fact of Forest's hard switch conduct and are more probative on this point than other

evidence Plaintiffs can obtain through reasonable efforts.  Unlike the Injunction Order (Burke Decl. Ex. 3, ECF No. 798-5) or this Court's collateral estoppel order, the NYAG decisions are the only documents in the record that present in full the factual findings of Judge Sweet concerning Forest's anticompetitive hard switch.  Lastly, admission of the NYAG decisions would facilitate the interests of justice in this case as they bear on material facts.  Thus, they are admissible under Rule 807.

If the Court declines to admit the NYAG decisions under Rule 807, Plaintiffs request that the Court take judicial notice of the findings of fact contained therein.  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Courts routinely take judicial notice of prior court decisions.  *See, e.g.*, *New York ex rel. Spitzer v. Operation Rescue Nat'l*, 273 F.3d 184, 199 (2d Cir. 2001) (taking judicial notice of district court's decision in related proceeding); *Oliver v. Tepperman*, No. 08-CV-3685, 2010 U.S. Dist. LEXIS 22246, at *5-6 (E.D.N.Y. Mar. 10, 2010) (taking judicial notice of a state court decision).  For the same reasons explained above as to why the NYAG decisions are trustworthy, the accuracy of Judge Sweet's findings of fact "cannot reasonably be questioned" and thereby qualify for judicial notice.

In contrast, the documents that are the subject of Plaintiffs' Motion *in Limine* No. 10 (the settlement agreement from *Namenda I* and the press release that the NYAG issued touting its victory, *A.G. Schneiderman Announces Resolution Of Lawsuit That Protected Alzheimer's Patients From Anticompetitive Tactic Aimed At Maintaining Higher Drug Prices* (Nov. 25,

3

2015)) do not have the same indicia of trustworthiness (and therefore should be excluded) because neither is based upon findings of fact and adversarial proceedings, but are the product of compromise and public relations efforts.  *See* ECF No. 748.

### B. The NYAG Decisions Are Relevant and Are Not Unfairly Prejudicial to Forest

Forest concedes that the Injunction Order itself is relevant but argues that the NYAG decisions leading to and upholding that order are "ultimately irrelevant to the determination the jury must make here." Defs.' Br. at 3.  That is incorrect.  Judge Sweet's findings cover issues directly relevant to this litigation, which are in part based on Forest's own statements. *See, e.g., Namenda I*, 2014 U.S. Dist. LEXIS 172918, at *48 (Finding of Fact 76 states "that the purpose of the hard switch was to protect [Forest's] Namenda revenues from declining too quickly after generic entry and the ensuing 'patent cliff'" and that it would be "very difficult for the generic then to reverse-commute back" if Forest did the hard switch and converted patients to Namenda XR); *id*. at *18 (Finding of Fact 78 states that "Forest's announcements of its plans for discontinuance were made to alert physicians and patients that Forest would be discontinuing IR so they could take appropriate actions" and that "[p]hysicians interpreted the announcement as a warning to switch their patients from Namenda IR to Namenda XR.").  As explained in Plaintiffs' Opposition to Defendants' Motion *in Limine* 16, the one exception is references to Forest's planned mail order scheme to provide for limited distribution of Namenda IR, which Plaintiffs agree are not relevant.

The factual findings listed above are highly relevant to issues in this litigation in that they demonstrate the long-term effects from a switch – that patients likely will not reverse commute once a switch has occurred, and that generics have little ability to effectuate a reverse commute. These findings also support the opinions expressed by Plaintiffs' experts, Dr. Lamb and Dr.

4

Berndt, that this holds true with physician prescribing habits, those habits "die hard," and they were impacted by the withdrawal statements. *See* Declaration of Joseph Opper ("Opper Decl.") Ex. 6, excerpts of the Am. Expert Reply Report of Dr. Russell L. Lamb at ¶ 87 (quoting speech on the Namenda XR launch stating that "[p]hysicians have habits and old habits die hard"); Opper Decl. Ex. 7, excerpts of the Am. Reply Expert Report of Ernst R. Berndt, Ph.D. at ¶ 18 (noting that physicians become accustomed to writing the same prescriptions, causing "lingering and continuing effects of the intensive hard switch campaign").  These issues are critical in determining the long-term impact of the withdrawal statements, despite the injunction. While Plaintiffs can introduce the underlying evidence, and will do so as necessary to provide context, Judge Sweet found, and the Second Circuit affirmed, these facts based upon the entire record, and Forest should not be permitted to require Plaintiffs to prevail a second time in proving the facts found by Judge Sweet as if they were still legitimately contested.

Forest's reliance on *Arlio v. Lively*, 474 F.3d 46 (2d Cir. 2007) is misplaced. Unlike here where the NYAG decisions involve issues that are pertinent to the claims at hand (such as the issues described above), the arbitration board's decision to award Arlio lost wages for unlawful suspension had no relevance to the constitutional claims at issue in his federal litigation. *Id*. at 52 ("[l]ost wages simply were not an issue in the federal proceeding").

Nor are judicial decisions that concern relevant issues excludable based on the concern that they could usurp the role of the Court in instructing the jury as to the applicable law, as Forest contends. Defs.' Br. at 2. Forest disingenuously quotes from *Inventio AG v. Otis Elevator Co.*, No. 06 Civ. 5377 (CM), 2011 U.S. Dist. LEXIS 88965, at *5 (S.D.N.Y. June 22, 2011) (McMahon, C.J.), noting that the Court does "not allow lawyers [other than Your Honor] to explain the law to the jury," which was in relation to the testimony of an expert witness. Yet

Forest ignores that in the preceding paragraph, the Court denied "Plaintiff's motion to exclude the introduction of prior court opinions, reexamination papers and related evidence and argument," finding those items "highly relevant." *Id*. So, too, here.

Moreover, the NYAG decisions are not unfairly prejudicial to Forest. Judge Sweet's findings, of course, are prejudicial to Forest's case (indeed, the facts outlined in the decisions are what caused Forest to lose on the issue of whether its announcing the hard switch was anticompetitive) and highly probative of the conduct. The prejudice, however, is not unfair. Indeed, it is the fairest kind of prejudice there can be – these facts, directly relevant here, have been decided against Forest after a full and fair hearing on the merits. The NYAG decisions are no more prejudicial than the Court's collateral estoppel ruling, which the Court will instruct the jury about, or the Injunction Order, which is included on Forest's own exhibit list (DTX-026). Moreover, Forest's concern that the jury's deliberations in this case will be influenced by the "imprimatur of two federal courts" is unwarranted because, as Forest concedes, the NYAG decisions relate to "issues that this Court has removed from the jury's consideration by granting in part [Plaintiffs'] collateral estoppel motion." Defs.' Br. at 1-2. *See also Namenda IV*, 2017 U.S. Dist. LEXIS 83466, at *51 (certain questions about Forest's antitrust liability "will be presented to the jury as already decided").

Neither of the cases Forest relies upon for this assertion had a collateral estoppel order to eliminate this concern, as is the case here. *See Moore v. Hartman*, 102 F. Supp. 3d 35, 145 (D.D.C. 2015); *CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 44-45 (1st Cir. 1998). Forest's fear that admission of the NYAG decisions will risk "comingling the issues decided in the NYAG action" with the live issues for trial and "invite the jury to review and

6

analyze issues that are not before it" is similarly baseless in light of the Court's collateral estoppel order and the corresponding jury instruction that the Court will give. Defs.' Br. at 4.

### C. At the Very Least, Plaintiffs Should Be Permitted to Use the NYAG Decisions on Cross Examination

The NYAG decisions are also relevant and should be admissible for purposes of cross examination. If a witness were to testify to a factual finding inconsistent with Judge Sweet's opinions, Plaintiffs should be able to impeach that witness using the NYAG decisions. Granting Forest's motion to exclude the decisions could therefore prejudice Plaintiffs' ability to effectively cross examine a witness. Even if the Court were to grant Forest's motion, it should nevertheless permit the use of the NYAG decisions on cross for the purpose of impeachment in the appropriate circumstances.

### III. CONCLUSION

Forest's Motion *in Limine* No. 15 should be denied.

Dated: June 14, 2019

David F. Sorensen
Ellen T. Noteware
Daniel C. Simons
Nick Urban
Berger Montague PC
1818 Market Street – Suite 3600
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (fax)
dsorensen@bm.net
enoteware@bm.net
dsimons@bm.net
nurban@bm.net


Peter Kohn

Respectfully Submitted:

/s/ *Dan Litvin*
Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com
dlitvin@garwingerstein.com


David C. Raphael, Jr.

7

<div style="display: flex;">

Joseph T. Lukens
Faruqi & Faruqi, LLP
1617 John F Kennedy Blvd., Suite 1550
Philadelphia, PA 19103
(215) 277-5770
(215) 277-5771 (fax)
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com
eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

Russ Chorush
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com

</div>

*Counsel for the Direct Purchaser Class Plaintiffs*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, I electronically filed the above by the CM/ECF system.

Respectfully submitted,

/s/ *Dan Litvin*
Dan Litvin