UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION** | Case No. 1:15-CV-07488-CM-RWL |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLARIFICATION CONCERNING TRIAL PHASING**

Direct Purchaser Plaintiffs ("DPPs") respectfully move for clarification concerning trial phasing.

During the June 14, 2019 hearing, the Court suggested that the phasing of trial would be: (1) pay-for-delay liability/causation/damages; followed by (2) product hop causation/damages. *See* Hr'g Tr. 6/14/19 at 20 ("We will litigate the pay delay claim, liability, causation and damages; and then we will litigate what will be a much shorter phase 2 of the litigation, which is the issue of antitrust injury and the hard switch, and damages on the hard switch. And that's how we're going to do it.").

However, the Court's recent ruling on DPPs' Motion *in Limine* No. 12 suggests - and indeed depends upon – a different phasing of: (1) just pay-for-delay *liability* (not damages); followed by (2) product hop causation, and damages for both theories or, as the Court put it, "overall damages."  *See* ECF No. 859 (Order Disposing of Motions *in Limine*) at 19.

DPPs believe that the Court's later articulation of the phasing, with the further suggestion that all causation evidence ("fact of injury" and quantum) occur in the second phase, would be efficient and avoid potential juror confusion for multiple reasons. First, such phasing would avoid duplication of causation-related fact and expert testimony between phases, thereby eliminating the need for multiple fact (including third-party witnesses) and expert witnesses having to testify twice.  With all "fact of injury" and quantum evidence (*e.g.*, causation evidence about which generics would have entered the market, when, and with what market penetration and pricing effects) occurring in phase two, the parties would be able to limit the latter phase to the testimony of certain Forest witnesses concerning its authorized generic version of Namenda IR, the testimony of manufacturers of generic versions of Namenda IR, and the testimony of Plaintiffs' economic experts on these issues.  Second, it would allow the Court to provide a single comprehensive jury

1

charge on causation/injury in phase two and would prevent the possibility of the Court having to provide different causation/injury jury instructions for the Section 1 (pay-for-delay) and Section 2 (product hop) claims – in other words, there would be symmetry of causation/injury jury instructions between the pay-for-delay and product hop claims.  And finally, if the jury finds for Forest on the pay-for-delay violation in phase one, such phasing would obviate the need to offer the causation and quantum evidence unique to that liability theory in phase two, thereby shortening that phase of the trial.

In sum, DPPs respectfully request that the Court enter the attached proposed Order providing that phase one of trial is limited to the Section 1 pay-for-delay violation, and phase two of trial will involve the remainder of Plaintiffs' claims, including all causation and quantum evidence relating to the Section 1 pay-for-delay claim and the Section 2 product hop claim.

Dated: August 8, 2019

Respectfully submitted:

/s/ *Kimberly M. Hennings*

David F. Sorensen
Daniel C. Simons
Berger & Montague, P.C.
1818 Market Street – Suite 3600
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (fax)
dsorensen@bm.net
dsimons@bm.net

Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com
dlitvin@garwingerstein.com

2

| | |
|---|---|
| Peter Kohn<br>Joseph T. Lukens<br>Faruqi & Faruqi, LLP<br>1617 John F Kennedy Blvd.<br>Suite 1550<br>Philadelphia, PA 19103<br>(215) 277-5770<br>(215) 277-5771 (fax)<br>pkohn@faruqilaw.com<br>jlukens@faruqilaw.com | David C. Raphael, Jr.<br>Erin R. Leger<br>Smith Segura & Raphael, LLP<br>3600 Jackson Street, Suite 111<br>Alexandria, LA 71303<br>Tel: (318) 445-4480<br>Fax: (318) 487-1741<br>draphael@ssrllp.com<br><br>Stuart E. Des Roches<br>Andrew W. Kelly<br>Odom & Des Roches, LLC<br>650 Poydras Street, Suite 2020<br>New Orleans, LA 70130<br>Tel: (504) 522-0077<br>Fax: (504) 522-0078<br>stuart@odrlaw.com<br><br>Russ Chorush<br>Miranda Jones<br>Heim Payne & Chorush, LLP<br>1111 Bagby, Suite 2100<br>Houston, TX  77002<br>Tel:  (713) 221-2000<br>Fax:  (713) 221-2021<br>rchorush@hpcllp.com |

*Counsel for the Direct Purchaser Plaintiffs*