UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | No. 15 Civ. 7488 (CM) |

**MEMORANDUM OF LAW IN OPPOSITION TO DPPS'
MOTION FOR CLARIFICATION CONCERNING TRIAL PHASING**

On June 4, 2019, this Court announced how bifurcation would work in this trial: "In phase one, the parties will litigate pay-to-delay liability, causation and damages. In phase two, which will be shorter, the parties will litigate the remaining elements of hard-switch liability and damages." June 4, 2019 Minute Entry; *see also* June 4, 2019 Hr'g Tr. 20:17–21 (same). That ruling, which has guided Forest's trial preparation, is sound and should not be disturbed. Plaintiffs challenge two separate actions by Forest—its settlement of patent litigation with Mylan in 2010, and the subsequent "hard switch" that occurred four years later, in 2014, under a different leadership team. As the Court has recognized, "there doesn't appear to be any overlap in the evidence" between the two claims, other than "a couple of experts who will have to appear twice" but "get paid for every hour they are here." June 4, 2019 Hr'g Tr. 20:21–21:1. Indeed, the two claims involve different issues, different exhibits, different fact witnesses, and mostly different expert witnesses, and require the jury to consider different complicated areas of fact and law. Bifurcating the trial into one phase on each claim thus "will end up being easier on the jury." *Id.* at 21:1.

As DPPs acknowledge, Mot. 1, their suggested alternative approach—addressing only reverse payment liability in phase one, and causation and damages for *both* claims in phase two—is one they have never proposed and that the Court has never contemplated. For good reason: It would needlessly complicate the jury's task and make the trial less efficient.

*First*, asking the jury to address two distinct causation questions at the same time presents them with a difficult, if not impossible, undertaking. On the reverse payment claim, jurors will address causation by deciding whether generic entry into the Namenda IR market was delayed by Forest's conduct in 2009-10, and if so, how long entry was delayed. Those questions do not overlap with the hard switch causation inquiry, which instead focuses on whether patients switched to Namenda XR—a different product—due to the hard switch announcement in 2014. Presenting both issues to the jury at the same time invites confusion—or, worse, an improper melding of the inquiries that dilutes DPPs' burden on each. The latter result would be particularly problematic in light of the Court's decision to dismiss DPPs' claim of an overarching scheme comprising both a reverse payment and a hard switch. *See Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis plc*, 15 Civ. 6549 (CM), 2016 WL 4992690, at *16 (S.D.N.Y. Sept. 13, 2016).

DPPs' approach to their own proposed jury instructions confirms the point. They now suggest that the Court could "provide a single comprehensive jury charge on causation/injury in phase two," creating "symmetry of causation/injury jury instructions between the pay-for-delay and product hop claims." Mot. 2. But their own proposed instructions, submitted before the Court issued its bifurcation ruling (and when they were opposed to bifurcation of any sort), feature two *separate* instructions on causation that reflect the different issues before the jury on each claim. *See* Plaintiffs' Revised Proposed Jury Instructions at 93, 97–100, ECF No. 701 (Apr. 30, 2019). As DPPs themselves recognized, it is not possible to offer the jury a single causation instruction without improperly blurring two distinct claims together.

*Second*, the serious risk of confusion caused by DPPs' proposal is not a necessary outgrowth of the Court's ruling on DPP's Motion *in Limine* No. 12. As the Court reasoned in its opinion, "the jury can and will be instructed about the limited relevance of the size and financial

condition of the DPPs" to damages, while also being told that DPPs' "size does not mean they cannot be injured in an antitrust sense." Order Disposing of Motions *in Limine* at 19, ECF No. 859 (Aug. 2, 2019). These easy-to-understand instructions will make clear that "the size or relative financial condition of the DPPs has no relevance to liability." *Id.*

*Third*, contrary to DPPs' suggestion, Mot. 1, their proposal would *increase* "duplication of causation-related fact and expert testimony between phases." As noted above, the Court already (correctly) concluded that its bifurcation ruling would require only "a couple of experts" to appear twice. June 4, 2019 Hr'g Tr. 20:21–24. By contrast, DPPs' new suggestion would require multiple witnesses who have no relevance to the hard switch to testify in both phases—such as the patent experts and Dr. Elhauge—as their testimony is relevant to both reverse payment liability and causation.

Accordingly, Defendants respectfully request that the Court adhere to its prior ruling on bifurcation, *see* June 4, 2019 Minute Entry, and reject DPP's novel proposal for trial phasing.

Dated: August 9, 2019

Respectfully submitted,

 /s/ *Beth Wilkinson*
Beth A. Wilkinson
Rakesh N. Kilaru
Kieran G. Gostin
WILKINSON WALSH + ESKOVITZ LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000

Chanakya A. Sethi
WILKINSON WALSH + ESKOVITZ LLP
130 West 42nd Street, Suite 1402
New York, NY 10036
Telephone: (929) 264-7765

Martin M. Toto
Kristen O'Shaughnessy

3

WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

J. Mark Gidley
WHITE & CASE LLP
701 Thirteenth Street NW
Washington, DC 20005
Telephone: (202) 626-3600

*Counsel for Defendants Actavis plc;*
*Forest Laboratories, LLC;*
*Forest Laboratories, Inc.; and*
*Forest Laboratories Holdings Ltd.*