**GARWIN GERSTEIN & FISHER LLP**
COUNSELORS AT LAW
WALL STREET PLAZA
88 PINE STREET, 10TH FLOOR
NEW YORK, N.Y. 10005
TEL: (212) 398-0055
FAX: (212) 764-6620

BRUCE E. GERSTEIN
SCOTT W. FISHER
JOSEPH OPPER
NOAH H. SILVERMAN
KIMBERLY M. HENNINGS
ELENA K. CHAN
JONATHAN M. GERSTEIN
DAN LITVIN

SIDNEY L. GARWIN
(1908-1980)
--
ANNA TYDNIOUK
AAKRUTI VAKHARIA

September 20, 2019

***Via ECF and Hand Delivery***

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

**RE: *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-cv-07488-CM-RWL**

Dear Judge McMahon:

The Parties write jointly to apprise the Court of an agreement they have reached to limit the number of potential trial exhibits in advance of the Final Pre-Trial Conference scheduled for October 10, 2019. Specifically, the Parties agree that each side will separately identify up to 175 exhibits for Phase I and 100 exhibits for Phase II selected from their respective trial exhibit lists in the Revised Pretrial Order. The Parties will also agree on a joint list of shared exhibits. The Parties will provide the Court with the final exhibit lists by October 3, 2019. Before this date, the Parties will confer to attempt to resolve their objections to each other's remaining exhibits.

The Parties reached agreement concerning the number of exhibits for Phases 1 and 2 based on the following conditions: (a) four Fed. R. Evid. 1006 summaries listed as exhibits on the Direct Purchaser Class Plaintiffs' exhibit list are admitted into evidence; (b) The Direct Purchaser Class Plaintiffs continue to need not prove market power in light of the Court's Collateral Estoppel Order (see Dkt. No. 253)[1]; (c) the Parties are allowed to use documents not on their respective lists for cross-examination and impeachment purposes per the Court's allowed practices; and (d) the procedures outlined for the use of documents with experts is not disturbed (see Dkt. No. 697).

Also, the Parties will file today a joint stipulation governing proposed protocols for (a) the final exchange of narrowed deposition designations, any remaining objections to narrowed deposition designations, and a process for resolution of any such objections by the Court; (b)

[1] Because the legal issue of market power is not in dispute, Defendants maintain that market power should not be addressed by either party in front of the jury. The Direct Purchaser Class Plaintiffs do not agree with this position. The Parties will be prepared to discuss this issue, and others, during the Final Pre-Trial Conference.

exchanges of demonstratives and the submission of remaining objections concerning demonstratives to the Court; and (c) exchanges of witness ordering. A courtesy copy of that proposed joint stipulation is attached hereto.

The parties are continuing to discuss other issues relevant to the upcoming trial, and intend to send another letter to the Court summarizing any further agreements or remaining disagreements, as well as other proposed items for general discussion, prior to the Final Pre-Trial Conference.

Respectfully submitted,

*/s/ Bruce E. Gerstein*
Bruce E. Gerstein

# EXHIBIT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>**All Direct Purchaser Actions** | **Case No. 1:15-cv-07488-CM-RWL** |
|---|---|

**PROPOSED JOINT STIPULATION REGARDING THE EXCHANGE OF DEPOSITION DESIGNATIONS, DEMONSTRATIVES, AND WITNESS ORDERING AND PROCEDURE FOR RESOLVING OBJECTIONS**

WHEREAS, on March 15, 2019, the Court entered a Scheduling Order (Dkt. No. 688) stating that trial of the above-captioned matter would commence on October 21, 2019, and that the parties to that action ("Party" or "Parties") must submit a Revised Joint Pre-Trial Order by April 30, 2019.

WHEREAS, on April 30, 2019, the Parties filed their Revised Joint Pre-Trial Order containing, among other things, a list of witnesses that may be called to testify live or by video and exhibits that may be used during trial (Dkt. No. 699).

WHEREAS, on April 30, 2019, this Court signed the Parties' Proposed Stipulation providing that, among other things, the Parties shall exchange any demonstratives intended to be shown to the jury in conjunction with expert testimony no later than 24 hours in advance of such use (Dkt. No. 697);

WHEREAS, at the hearing on June 4, 2019, and in subsequent letter Orders, the Court stated that trial would commence on October 28, 2019, at 9:30 AM and that the Final Pre-Trial Conference would take place on Thursday, October 10, 2019, at 10:00 AM (Dkt. Nos. 868 and 869).

WHEREAS, the Parties to the trial scheduled to begin October 28, 2019, anticipate that the deposition designations and associated objections as reflected in the Revised Pre-Trial Order will be further refined prior to use at trial;

WHEREAS, the Parties believe that establishing a procedure for the Court's resolution of objections to remaining designations will eliminate any undue burden on the Court;

WHEREAS, the Parties believe that pre-use exchanges of demonstratives to be used during opening statements, and shown to the jury in conjunction with testimony from non-expert witnesses, and advance notification of the ordering of witnesses will aid in the efficient progression of this trial;

AND THEREFORE, the Parties now jointly and respectfully ask the Court to Order as follows:

1. The procedure for resolving objections to deposition designations shall be as follows:

a. A Party that intends to offer Affirmative Designations must tender such designations to all Parties no later than 9:30 AM four calendar days before the presentation of the Affirmative Designations. The scope of such Affirmative Designations shall be limited to the offering Party's designations in the Revised Joint Pre-Trial Order, except as otherwise allowed by the Court.

b. No later than 9:30 AM three calendar days before the presentation of the Affirmative Designations, any opposing Party must assert any objections to the Affirmative Designations and tender any Counter Designations.

c. No later than 5:00 PM three calendar days before the presentation of the Affirmative Designations, the proponent of the Affirmative Designations must assert any

objections to the Counter Designations and tender any Reply Designations, and the Parties must thereafter promptly meet and confer in an effort to resolve or reduce the number of objections.

d. The Parties shall submit any unresolved objections for the Court's resolution no later than 9:30 AM two calendar days prior to the date on which the challenged designation(s) is to be offered to the jury, except for good cause shown. The Party offering the Affirmative Designations must provide the Court with a copy of the portions of the transcript with the challenged designation(s) highlighted and a key defining the Parties associated with each particular colored highlighting. Objections shall be noted in line with the challenged designation along with any response from the opposing party.

e. The Parties defer to the Court regarding whether it wishes to establish a hearing procedure for the Parties to present the objections and obtain a ruling from the Court before the testimony is offered to the jury.

The parties shall work cooperatively with each other to reach reasonable accommodation regarding the above timing procedures in the event of previously unknown and unforeseen changes in the availability of witnesses.

2. The Parties shall exchange demonstratives to be shown to the jury during opening statements no later than 9:30 AM the calendar day before opening statements are presented.

3. The Parties shall exchange demonstratives to be shown to the jury in conjunction with testimony of non-expert witnesses no later than 8:00 PM the calendar day before the witness is called to testify. This provision applies equally to the party affirmatively calling the witness and the opposing party.

4. After the exchange of demonstratives referenced in paragraphs 2 and 3, and prior to the use of said demonstratives at trial, the proponent of the demonstratives shall retain the

right (1) not to use any or all exchanged demonstratives at trial; and (2) to make non-substantive changes such as correcting grammatical mistakes or typographical errors prior to use at trial. The provisions contained in this Joint Stipulation do not affect the prior Court Order regarding demonstratives and exhibits to be used with expert witnesses as embodied in Dkt. No. 697.

5. The Party presenting evidence shall provide a good faith statement of the witnesses said Party intends to call seven calendar days prior to the expected start of said Party's case and shall provide a specific witness line-up by no later than 9:30 AM two calendar days prior to each trial day. Since this case shall be tried in two phases, the seven-day requirement shall run separately for phases 1 and 2. Given that the timing of the start of Phase 2 is not capable of being known with precision, the parties shall work cooperatively together in order to meet the rule and spirit of this provision.

**SO ORDERED:**

Dated: ________________

______________________________
**Hon. Colleen McMahon**

Dated: September 20, 2019

Respectfully submitted,

**J M Smith Corporation d/b/a Smith Drug Company and the Direct Purchaser Class**

/s/ *Bruce E. Gerstein*

Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com
dlitvin@garwingerstein.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
draphael@ssrllp.com
eleger@ssrllp.com

**Defendants Actavis plc; Forest Laboratories, LLC; Forest Laboratories, Inc.; and Forest Laboratories Holdings Ltd.**

/s/ *Beth A. Wilkinson*

Beth A. Wilkinson
Rakesh N. Kilaru
Kieran G. Gostin
WILKINSON WALSH + ESKOVITZ LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000

Chanakya A. Sethi
WILKINSON WALSH + ESKOVITZ LLP
130 West 42nd Street, Suite 1402
New York, NY 10036
Telephone: (929) 264-7765

Martin M. Toto
Kristen O'Shaughnessy
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

J. Mark Gidley
WHITE & CASE LLP
701 Thirteenth Street NW
Washington, DC 20005
Telephone: (202) 626-3600

Russell Chorush
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com

**Rochester Drug Co-operative Inc. and the Direct Purchaser Class**

David F. Sorensen
Ellen T. Noteware
Daniel C. Simons
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net
enoteware@bm.net
dsimons@bm.net

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
1617 John F Kennedy Blvd.
Suite 1550
Philadelphia, PA 19103
Tel: (215) 277-5770
Fax: (215) 277-5771
pkohn@faruqilaw.com
jlukens@faruqilaw.com