

2001 M STREET NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONWALSH.COM
___
A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, D.C. | LOS ANGELES | NEW YORK

October 2, 2019

*VIA ECF*

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

    Re:    *In re Namenda Direct Purchaser Antitrust Litig.*, **15-cv-7488 (CM)**

Dear Judge McMahon:

In preparation for the Final Pre-Trial Conference scheduled for October 10, 2019, the parties have met and conferred on a variety of issues. Forest now writes to update the Court on issues that the parties have resolved and to request guidance on those matters on which we have been unable to agree.

1. **Trial Exhibits**

The parties agreed to revise their exhibit lists to have no more than 175 exhibits for Phase I and no more than 100 exhibits for Phase II, along with a shorter joint list of shared exhibits. The parties will provide their Phase I and II exhibit lists, as well as the parties' remaining objections to those exhibits, to the Court tomorrow.

Based on the Court's motion *in limine* and bifurcation rulings, Forest has updated its objections to Plaintiffs' exhibits. Forest has removed many of its objections and has also added an additional objection to a number of documents based on the Court's rulings. Specifically, in response to Forest's motion *in limine* No. 16, the Court instructed Forest to "read the collateral estoppel opinion carefully," reminded Forest that "it will be precluded from asserting that the 'hard stop' announcement was not anticompetitive, and stated that "the Court, and no one else, will advise the jury about issues as to which collateral estoppel has been found." ECF No. 859 at 11. Forest understands those instructions and does not intend to argue that the "hard stop" announcement was not anticompetitive at trial. Because the Court will instruct the jury on collateral estoppel, and both parties should be prohibited from providing evidence related to

Forest's intent or motive in making the "hard stop" announcement, we have objected to documents on the ground that such evidence is irrelevant and unduly prejudicial.

In addition, Forest has removed objections that have been resolved by the Court's motion *in limine* rulings, except for one set of exhibits.  The Court denied Forest's motion *in limine* No. 10, which sought to exclude evidence showing that Forest's actual authorized-generic Lexapro sales were less than Forest anticipated.  ECF No. 859 at 7.  Forest respectfully requests that it be permitted to address this evidence at the Final Pre-Trial Conference.

The parties have been discussing their objections and will continue to work to narrow them ahead of the Final Pre-Trial Conference.

**2. Length of Trial**

Based on the Court's rulings, and continuing trial preparation, Forest has determined that the 6-week trial estimate proposed in the parties' joint pretrial order is too long.  Forest estimates that Phase I will take no more than 12 trial days, and Phase II will take no more than 4 trial days.

**3. NYAG Namenda Decisions**

In light of the Court's motion *in limine* and collateral estoppel rulings (ECF No. 859 at 11; ECF No. 253), the parties have been discussing but have been unable to reach agreement on the instruction that the Court should give in Phase II about the NYAG Namenda decisions and this Court's collateral estoppel order.

Forest proposes that the following statement be read to the jury:

> On February 14, 2014, Forest announced that it would withdraw Namenda IR from the market in six months.  Shortly after Forest's announcement, the New York Attorney General filed a lawsuit to prevent Forest from withdrawing Namenda IR.  On December 11, 2014, a district court judge granted the New York Attorney General's request, determining that Forest's withdrawal of Namenda IR would violate the antitrust laws.  The judge issued an order preventing Forest from withdrawing Namenda IR and requiring Forest to undo the effects of its February announcement.  On May 22, 2015, an appeals court affirmed the district court judge's decision.
>
> In this case, you must take as established that Forest's February 2014 announcement that it planned to remove Namenda IR from the market was anticompetitive conduct in violation of the antitrust laws.  As I will instruct you in more detail, in order to

        prevail on their claims, Plaintiffs must prove that this announcement caused injury to Plaintiffs.

Forest recognizes the Court's rulings on these issues and proposes this statement for purposes of this trial, but reserves all rights to challenge the application of collateral estoppel on appeal and in related cases.

Forest will be prepared to discuss these matters, and others, at the Final Pre-Trial Conference.

        Respectfully submitted,

        */s/ Beth Wilkinson*

        Beth Wilkinson