# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APOTEX, INC., <br>     Plaintiff, <br><br> v. <br><br> RANBAXY LABORATORIES LIMITED and <br> RANBAXY PHARMACEUTICALS, INC., <br>     Defendants. | CIVIL ACTION <br><br> No. 2:06-cv-2768 |
| GIANT EAGLE, INC., <br>     Plaintiff, <br><br> v. <br><br> RANBAXY LABORATORIES LIMITED and <br> RANBAXY PHARMACEUTICALS, INC., <br>     Defendants. | CIVIL ACTION <br><br> No. 2:10-cv-5164 |
| WALGREEN CO., et al., <br>     Plaintiffs, <br><br> v. <br><br> RANBAXY LABORATORIES LIMITED and <br> RANBAXY PHARMACEUTICALS, INC., <br>     Defendants. | CIVIL ACTION <br><br> No. 2:09-cv-3956 |
| RITE AID CORPORATION, et al., <br>     Plaintiffs, <br><br> v. <br><br> RANBAXY LABORATORIES LIMITED and <br> RANBAXY PHARMACEUTICALS, INC., <br>     Defendants. | CIVIL ACTION <br><br> No. 2:09-cv-3820 |

### Instruction No. 9 – Rule of Reason – Plaintiffs' Initial Burden – Whether the Payment was "Large"[8]

Whether a payment is large depends on the specific facts and circumstances of this case. Generally, a reverse payment is large if it meets two criteria.

First, you must ask whether the payment exceeds the patent holder's—here, Cephalon's—anticipated future litigation costs.

Second, you must consider whether the payment was significant enough to induce a generic challenger – here, Ranbaxy – to abandon its patent claim and stay off the market. One factor you may consider in assessing whether the payment was significant enough to induce Ranbaxy to stay off the market, is whether the payment comes close to or exceeds the expected profit to be earned by Ranbaxy if it had prevailed in the patent litigation.

---

[8] King Drug Co. of Florence v. Cephalon, Inc., 88 F. Supp. 3d 402, 416-18 (E.D. Pa. 2015).

15