

2001 M Street NW, 10th Floor
Washington, DC 20036

WASHINGTON, D.C. | LOS ANGELES | NEW YORK

WWW.WILKINSONWALSH.COM
———
A LIMITED LIABILITY
PARTNERSHIP

October 21, 2019

*VIA ECF*

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

        **Re:** *In re Namenda Direct Purchaser Antitrust Litig.*, **15-cv-7488 (CM)**

Dear Judge McMahon:

        We write to provide the Court with Forest's position as to the admissibility of cumulative patent-related testimony from Plaintiffs' expert witnesses Dr. Herrmann, Dr. Schneider, and Mr. Johnston.

        Our concern expressed at the pretrial conference was that Plaintiffs would turn this into a patent case. Of Plaintiffs' 155 proposed Phase I exhibits, 65 relate to their patent case. Moreover, Dr. Herrmann, Dr. Schneider, and Mr. Johnston collectively provided well over 500 pages of reports and exhibits associated with the patent case and opined on overlapping issues. For example, Mr. Johnston and Dr. Hermann offer overlapping opinions that Forest would not have satisfied its burden on infringement. *See* Johnston Report at ¶¶ 371, 373; Hermann Report at ¶ 34. Similarly, Mr. Johnston and Dr. Schneider opine on how one of skill in the art would have understood one of the pieces of prior art that Mylan intended to use to support its patent invalidity defenses. *See* Johnston Report at ¶141 (relying on Dr. Fishman's interpretation that Marcea & Tempel expressly discloses a patient diagnosed with Alzheimer's disease); Schneider Report at ¶ 92 (providing Dr. Schneider's view that Marcea & Tempel expressly discloses a patient diagnosed with Alzheimer's disease).

        In their submission, however, Plaintiffs state that they do not intend to retry the patent case and that they believe that the direct testimony of these three patent witnesses will only take approximately one day. *See* ECF No. 897 (Oct. 18, 2019 Letter to McMahon from Chorush re Admissibility of Patent Technical Experts) at 1.

        Given these representations by Plaintiffs, Defendants do not currently believe that the Court needs to put any further specific restrictions in place on the patent case at this time. As trial progresses, if Plaintiffs are presenting cumulative testimony or are in fact trying to retry the patent

case, Defendants will object at the appropriate time and the Court will have the ability to rule on Defendants' objections in light of the actual testimony.

Respectfully submitted,

Beth Wilkinson