UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Namenda Direct Purchaser Antitrust Litigation | No. 15 Civ. 7488 (CM) |

**ORDER ON CERTAIN EVIDENTIARY MATTERS RAISED IN THE PARTIES'
OCTOBER 23, 2019 AND OCTOBER 24, 2019 LETTER BRIEFS**

The parties had the opportunity to raise timely objections to their adversaries' proposed exhibit lists prior to the October 10, 2019 pretrial conference, to argue those objections at the conference, and to resolve any lingering issues between the conference and the start of trial. Those negotiations, combined with this Court's rulings on certain contested issues, resulted in the amended exhibit order. (Dkt. No. 891.)

Nonetheless, on October 23, 2019, Defendant Forest notified me of three areas where the parties remain at an impasse. (Dkt. No. 901.) In their response to Forest's letter the next day, Plaintiffs raised a fourth issue requiring this Court's attention. (Dkt. No. 905.) My rulings are as follows:

- **References to Orchid's Side Deal (PX-1534):** Despite removing the attachment to this exhibit, and applying the redactions which Plaintiffs' sought at the pretrial conference, Plaintiffs' now seek an additional redaction to PX-1534, to remove any reference to the Orchid "side-deal." This request is DENIED. Besides, Plaintiffs said at the conference they were "okay" admitting just the first page of PX-1534. (Pretrial conference Tr. ("PTC Tr.") 113:18-19.)

- **Claim Construction Summary Chart:** The parties have presented dueling demonstratives to educate the jury on the outcome of the claim construction in the

underlying patent litigation. (Dkt. Nos. 901-2, 901-3.) I was abundantly clear at the conference that I would not allow the parties to "relitigate[e] the claim construction" (PTC Tr. 35:13-14) or enter Judge Sleet's opinion in the Delaware patent litigation into evidence (*id.* 33:9-13). I told the parties "Not a word of the opinion is going to come in," and instructed them to create a chart with "Forest's proposed construction, Mylan's proposed construction, [the Delaware] Court's construction, period, the end, and you can make arguments from that." (*Id.* 33:23-34:1.) Plaintiffs' proposed claim construction chart (Dkt. No. 901-3) complies precisely with those instructions. That chart may be presented and argued to the jury when discussing the claim construction.

- **Forest's Disclosures to Regulators**: The parties also disagree on the presentation of the undisputed and, in my view, minimally probative fact that Forest disclosed its agreements with Mylan to the Federal Trade Commission and the Department of Justice. Although I did not permit Forest to enter into evidence exhibit DTX-778, which memorialized these disclosures, I agreed that Forest could examine its witnesses about the disclosures. (PTC Tr. 71:19.) I also assumed, without objection from Plaintiffs' counsel, that Plaintiffs would "stipulate to the fact that the deals were done, copies of them were sent to the Justice Department and the F.T.C. and that no action was taken and that means nothing." (*Id.* 69:12-17.) Accordingly, Forest proposed the following stipulation, which Plaintiffs refuse to accept:

    On July 26, 2010, Forest sent a letter to the Federal Trade Commission ("FTC") and Department of Justice ("DOJ"). Forest provided a copy of the Namenda patent settlement and the Lexapro Amendment to the FTC and DOJ. Neither the FTC nor DOJ took any action after receiving the patent settlement agreement and the Lexapro amendment. The lack of action by the government cannot be interpreted as approval.

This stipulation is consistent with my ruling, and Forest is permitted to read it to the jury. The exhibit about which Plaintiffs' protest too much in their October 24, 2019 letter (Dkt. No. 905), DTX-778, remains NOT ADMITTED.

As for exhibits JX- 006 – JX JX- 017, Forest's other regulatory disclosures previously admitted as part of the parties' joint exhibit list (Dkt. No. 891), Plaintiffs provide no rationale for their proposed retroactive redactions. That request is DENIED.

- **Ready-to-Launch Stipulations:** Plaintiffs also raise the issue of Ready-to-Launch stipulations from generic manufacturers Sun and Mylan. The parties have apparently agreed to stipulations from Dr. Reddy's Laboratories, Inc. and Amneal Pharmaceuticals, Inc. (Dkt. No. 903), but not so as to Sun and Mylan. As I said at the pretrial conference, I do not believe that these manufacturers' abilities to launch generic versions of Namenda prior to the terminations of their respective settlements agreements with Forest are disputed facts in this case. I trust that the parties will continue to work on Sun and Mylan ready-to-launch stipulations and will reserve judgment on this issue.

SO ORDERED.

Dated: October 24, 2019
       New York, New York

_____
Chief Judge

BY ECF TO ALL PARTIES