

2001 M Street NW, 10th Floor
Washington, DC 20036

WASHINGTON, D.C. | LOS ANGELES | NEW YORK

WWW.WILKINSONWALSH.COM
———
A LIMITED LIABILITY PARTNERSHIP

October 26, 2019

*VIA ECF*

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

      **Re:** *In re Namenda Direct Purchaser Antitrust Litig.*, **15-cv-7488 (CM)**

Dear Judge McMahon:

      Forest maintains its position that the documents referenced in the letter Plaintiffs filed today are inadmissible. *See* ECF No. 911.

      While the new Mylan declaration may cure hearsay or authenticity problems associated with the five Mylan documents reflecting the sales history of the Lexapro authorized generic, Forest's position is that these documents remain irrelevant and unduly prejudicial. Therefore, the Court should not reverse its rulings from the final pretrial conference excluding PX-0174, PX-0175, PX-0632, PX-1520, and PX-1636.

      Forest agrees with Plaintiffs that the Court can continue to reserve ruling on the remaining exhibit, PX-1095, which is for Phase II of trial. But notwithstanding the Bloomberg declaration filed by Plaintiffs, Forest's position is that this document is irrelevant, unduly prejudicial, and inadmissible in light of this Court's collateral estoppel order, ECF No. 253.

      Respectfully submitted,

      Beth Wilkinson