# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Case No. 1:15-cv-07488-CM-RWL |

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS AND PROPOSED SCHEDULE FOR A FAIRNESS HEARING**

Upon review and consideration of Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Proposed Schedule for a Fairness Hearing, the exhibits thereto, and any hearing thereon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is GRANTED as follows:

**Jurisdiction**

1.      This Court has jurisdiction over each of the named plaintiffs, J M Smith Corp. (d/b/a Smith Drug Co.) ("Smith Drug"), and Rochester Drug Co-Operative, Inc. ("RDC") (collectively, "Plaintiffs"), individually and on behalf of the certified class in this action (defined below); and Forest Laboratories, LLC; Forest Laboratories, Inc.;[1] Forest Laboratories Holdings Ltd.; and Actavis plc (collectively, "Defendants"), and jurisdiction over the litigation to which Plaintiffs and Defendants are parties.

---

[1] On July 1, 2014, in a series of transactions, Forest Laboratories, Inc. became a limited liability company named Forest Laboratories, LLC.  Subsequently, on January 1, 2018, Forest Laboratories, LLC was merged with and into Allergan Sales, LLC, a Delaware limited liability company.  As a result of these corporate consolidations, Forest Laboratories, Inc. and Forest Laboratories, LLC are predecessors in interest to Allergan Sales, LLC.

2.      This Order hereby incorporates by reference the definitions in the Settlement

Agreement among Defendants, Plaintiffs, and the Class, and all capitalized terms used and not

otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

3.      On August 2, 2018, this Court certified the following class (the "Class"):

> All persons or entities in the United States and its territories who
> purchased branded Namenda IR 5 or 10 mg tablets, and/or generic
> Namenda IR 5 or 10 mg tablets (including an authorized generic),
> and/or branded Namenda XR capsules, directly from Forest or its
> successors in interest, Actavis and Allergan, and/or from any
> generic manufacturer at any time during the period from June 2012
> until September 30, 2015 (the "Class").  Excluded from the Class
> are the Defendants and their officers, directors, management,
> employees, subsidiaries, or affiliates, and all federal governmental
> entities.

4.      The Court has appointed Smith Drug and RDC as representatives of the Class (the

"Class Representatives"). The Court has also appointed Berger Montague PC and Garwin

Gerstein & Fisher LLP as counsel for class ("Class Counsel") pursuant to Fed. R. Civ. P. 23(g).

### Preliminary Approval of the Proposed Settlement

5.      A court may finally approve a class action settlement if it is "fair, adequate, and

reasonable, and not a product of collusion." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d

96, 116 (2d Cir. 2005) (internal quotation marks omitted).   "Preliminary approval," however,

"requires only an initial evaluation of the fairness of the proposed settlement on the basis of

written submissions and an informal presentation by the settling parties." *Tiro v. Pub. House

Investments, LLC,* No. 11 CIV. 7679 CM, 2013 WL 2254551, at *1 (S.D.N.Y. May 22, 2013)

(McMahon, J.) (internal quotation marks omitted).  A "'presumption of fairness, adequacy, and

reasonableness may attach to a class settlement reached in arm's-length negotiations between

experienced, capable counsel after meaningful discovery.'" *Wal-Mart,* 396 F.3d at 116 (quoting

Manual for Complex Litigation, Third, § 30.42 (1995)). The proposed settlement satisfies this standard.

6.      The Court finds that the proposed settlement, which includes a cash payment of $750,000,000 (Seven-Hundred and Fifty Million dollars) by Defendants into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation between Plaintiffs and Defendants with prejudice and releases of claims filed or that could have been filed against Defendants by Plaintiffs, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after three mediations, four years of litigation, and on the eve of trial, falls within the range of possibly approvable settlements. The proposed settlement is therefore hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

## Approval of the Plan of Notice to the Class

7.      Members of the Class have previously been given notice of the pendency of the litigation and the opportunity to exclude themselves from the Class.  *See* ECF No. 679.  No Class Member availed itself of that opportunity. *Id.*  The proposed form of notice, which informs Class Members of the proposed Settlement thereof (annexed as Exhibit B to the Settlement Agreement (the "Notice")) satisfies the requirements of Rule 23(e) and due process, is otherwise fair and reasonable, and therefore is approved.  Class Counsel shall cause the Notice substantially in the form attached to the Settlement Agreement to be disseminated by February 12, 2020 via first-class mail to the last known address of each member of the Class.

8.      The Court finds that because the prior notice of class certification, disseminated by first class mail to all members of the Class on or about December 14, 2018, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and because the prior notice of class

certification provided an opt-out period that closed on February 20, 2019, there is no need for an additional opt-out period pursuant to Fed. R. Civ. P. 23(e)(4).  *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 270-71 (2d Cir. 2006) (courts are under "no obligation" to afford class members second opportunity for exclusion); *Wal-Mart*, 396 F.3d at 114-15 (rejecting argument that class members should have been granted "the opportunity to opt out after the settlement notice was issued" because the member "was required to opt out at the class notice stage if it did not wish to be bound by the Settlement."); *Seijas v. Republic of Argentina*, No. 04-CV-1085 (TPG), 2017 WL 1511352, at *7 (S.D.N.Y. Apr. 27, 2017) (no second exclusion period warranted where "the opt-out notice for each class was well-designed, thoroughly circulated, and adequate. The content of the notices was sufficiently detailed to inform class members that their rights were at issue and to provide them an opportunity to learn the full extent of this litigation.").

9.      Plaintiffs report that two very small purchasers of generic Namenda IR (Cochran Wholesale Pharmacy and QK Healthcare) who fit within the Class definition, were inadvertently omitted from the list of class members.  Plaintiffs are directed to send notices of the proposed settlement to these entities.  Plaintiffs also report that DMS Pharmaceutical Group ("DMS") was included as a class member, but upon further review of data, Plaintiffs advise that DMS does not qualify as a class member.  Plaintiffs are directed to send separate notice to DMS advising it of Class Counsel's determination that DMS does not qualify as a class member, the basis for such determination, and advising that DMS may contest such determination by making a submission to the Court on or before March 30, 2020, the same date that objections to the Settlement are due.

10.     Pursuant to the Class Action Fairness Act of 2005 ("CAFA") Defendants shall serve notices as required under 28 U.S.C. § 1715 no later than 10 (ten) days from the date

Plaintiffs filed the Settlement Agreement and Motion for Preliminary Approval with the Court. Defendants shall contemporaneously provide Class Counsel with copies of any such notices.

11.     Members of the Class may object to the Settlement no later than March 30, 2020. Class Counsel or their designee shall monitor and record any and all objections that are received.

12.     The Court appoints Rust Consulting to serve as claims administrator and to assist Class Counsel in disseminating the Notice.  All expenses incurred by the claims administrator must be reasonable, are subject to Court approval other than as provided for in the Settlement Agreement, and shall be payable solely from the Settlement Fund.

13.     The Court appoints First State Trust Company for the purpose of administering the escrow account holding the Settlement Fund.  All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval other than as provided for in the Settlement Agreement and shall be payable solely from the Settlement Fund. A copy of the Escrow Agreement executed by First State Trust Company and counsel is annexed as Exhibit D to the Settlement Agreement.

## Final Fairness Hearing

14.     A hearing on final approval (the "Fairness Hearing") shall be held before this Court at 10:00 AM on Wednesday, May 27, 2020, at Courtroom 24A of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of distribution of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards

should be awarded to the Named Plaintiffs; and (e) whether entry of a Final Judgment and Order terminating the litigation between Plaintiffs and Defendants should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on the following websites of Class Counsel: www.garwingerstein.com; and www.bergermontague.com.

15.    Class members who wish to: (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, with copies to the following counsel:

### On Behalf of Plaintiffs and the Class:

Bruce E. Gerstein, Esq.
GARWIN GERSTEIN & FISHER, LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel.: (212) 398-0055
Fax: (212) 764-6620

David F. Sorensen
BERGER MONTAGUE PC
1818 Market Street – Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604

Co-Lead Counsel for Plaintiffs and the Class

### On Behalf of Defendants:

Beth A. Wilkinson, Esq.
WILKINSON, WALSH + ESKOVITZ LLP
2001 M Street N.W., 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005

J. Mark Gidley
WHITE & CASE LLP
701 Thirteenth Street NW
Washington, DC 20005
Tel: (202) 626-3600
Fax: (202) 639-9355

*Counsel for Defendants*

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than March 30, 2020.  Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement.  All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

16.     All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses, and incentive awards for the Named Plaintiffs, shall be filed with the Court by March 13, 2020.

17.     All briefs and materials in support of the final approval of the settlement and the entry of Final Judgment proposed by the parties to the Settlement Agreement shall be filed with the Court by April 21, 2020.

18.     All proceedings in the action between Plaintiffs and Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, enters Final Judgment and dismisses such actions with prejudice.

19.     Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency,

regulatory body or any other body or authority, present or future, by Defendants including, without limitation, that Defendants have engaged in any conduct or practices that violate any antitrust statute or other law.

SO ORDERED this ____ day of _____, 20__

_____
The Honorable Colleen McMahon
Chief United States District Judge