UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION | No. 15 Civ. 7488 (CM) |
|---|---|

4/1/20

**ORDER REGARDING OBJECTION TO FEE MOTION**

McMahon, C.J.:

    This Court granted preliminary approval of a class-wide settlement agreement on January 6, 2020. (*See* Dkt. No. 920.) In the same order, the Court scheduled a final fairness hearing for May 27, 2020 (the "Fairness Hearing"), to provide any class members the opportunity to opt out of or object to the terms of the settlement. (*Id.*)

    On March 13, 2020, Class Counsel for the Direct Purchaser Plaintiffs filed a Motion for Fees and Expenses, seeking an award of $206.25 million in fees, *i.e.*, 27.5% of the total settlement amount, plus associated interest, as well as $5.8 million in litigation expenses. (Dkt. Nos. 925 (the "Fee Motion").) Pursuant to the settlement agreement, Defendants take no position as to the Fee Motion (*see* Dkt. No. 919-1 ¶ 10(a)), except to note that numerous aspects of Plaintffs' case remained in dispute at the time of settlement, and there was never a finding of liability as to any of the Plaintiffs' claims, (*see* Dkt. No. 929 at 1).

    On March 30, 2020, class members Cardinal Health, Inc., AmerisourceBergen Drug Corporation, and McKesson Corporation (collectively, the "Objectors") filed an objection to the Fee Motion. (Dkt. No. 933.) The National Wholesalers ask this Court to postpone the Fairness Hearing until July 28, 2020, so that the wholesalers may (1) obtain additional information and conduct discovery related to the Fee Motion; (2) obtain an expert opinion on the reasonableness of the fee request; and (3) submit further briefing and evidence in support of their objection.

    The court is not inclined to permit expert testimony on the issue of the proposed fee award. I have issued hundreds of fee awards without every taking expert testimony on the propriety of the award, and do not think it is an issue as to which the testimony of a hired gun— for either side—would assist me in making a determination. Counsel for Objectors are perfectly capable of gathering together data on other fee awards and presenting it in the form of a brief or oral argument. They are officers of the court and can be trusted to be truthful about what fees have been awarded in similar cases– and that is the procedure that objectors ordinarily use when objecting to a fee award.

    I am prepared to allow Objectors to take limited discovery of Class Counsel—which they can do remotely even during this COVID-19 epidemic by serving specific written questions and

receiving answers in writing under oath (which would be far more useful to the court than any oral deposition)—and to make additional arguments based on that discovery.

I am not inclined to postpone the hearing. So take whatever discovery is necessary now. As the basis for the fee award is articulated in great detail in Class Counsel's motion, I cannot imagine that there should be much left to discover. For instance, Objectors' Counsel are perfectly capable of requesting, and Class Counsel is perfectly capable of providing, the itemized time records underlying the fee schedules that have been provided to the court (*see* Dkt. No 927, Gerstein Decl., Exs. A-F), which will allow Objectors to point out duplication, discrepancies, and the like.

SO ORDERED.

Dated: April 1, 2020
New York, New York

_____
Chief Judge

BY ECF TO ALL PARTIES