UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Case No. 1:15-cv-07488-CM-RWL |

**ORDER GRANTING FINAL JUDGMENT AND ORDER OF DISMISSAL APPROVING DIRECT PURCHASER CLASS SETTLEMENT AND DISMISSING DIRECT PURCHASER CLASS CLAIMS**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated December 20, 2019, between plaintiffs J M Smith Corp. d/b/a Smith Drug Co. ("Smith Drug") and Rochester Drug Co-Operative, Inc. ("RDC") (collectively, the "Class Representatives"), and on behalf of the Class defined below (together with the Class Representatives, the "Plaintiffs"), and defendants Forest Laboratories, LLC; Forest Laboratories, Inc.;[1] Forest Laboratories Holdings Ltd.; and Actavis plc (collectively, "Defendants"), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Judgment and Order of Dismissal hereby incorporates by reference the definitions in the Settlement Agreement among Plaintiffs and Defendants, all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

---

[1] On July 1, 2014, in a series of transactions, Forest Laboratories, Inc. became a limited liability company named Forest Laboratories, LLC. Subsequently, on January 1, 2018, Forest Laboratories, LLC was merged with and into Allergan Sales, LLC, a Delaware limited liability company. As a result of these corporate consolidations, Forest Laboratories, Inc. and Forest Laboratories, LLC are predecessors in interest to Allergan Sales, LLC.

1

2. On August 2, 2018, this Court certified the following class (the "Class"):

> All persons or entities in the United States and its territories who purchased branded Namenda IR 5 or 10 mg tablets, and/or generic Namenda IR 5 or 10 mg tablets (including an authorized generic), and/or branded Namenda XR capsules, directly from Forest or its successors in interest, Actavis and Allergan, and/or from any generic manufacturer at any time during the period from June 2012 until September 30, 2015. Excluded from the Class are the Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

3. The Court previously appointed the Class Representatives. The Court previously appointed Bruce E. Gerstein of Garwin Gerstein & Fisher, LLP and David F. Sorensen of Berger Montague PC as Co-Lead Counsel for the Class ("Class Counsel"). The Class Representatives and Class Counsel have fairly and adequately represented the interests of the Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

4. The Court has jurisdiction over these actions, each of the parties, and all members of the Class for all manifestations of this case, including this Settlement.

5. The notice of settlement (substantially in the form presented to this Court as Exhibit B to the Settlement Agreement) (the "Notice") directed to the members of the Class via First Class Mail, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided for individual notice to all members of the Class who were identified through reasonable efforts. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Class members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Class members to object to the Settlement.

6. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the May 27, 2020 Fairness

Hearing, it is hereby determined that all Class members are bound by this Order and Final Judgment.

7. The Settlement of this Class Action was not the product of collusion between the Class Representatives and Defendants or their respective counsel, but rather was the result of *bona fide* and extensive arm's-length negotiations conducted in good faith between Class Counsel and counsel for Defendants, with the assistance of multiple mediators, including former United States District Court Judge Faith S. Hochberg.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Class members and in their best interests. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

9. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Class Counsel (the "Plan of Allocation"), which was summarized in the Notice of Proposed Settlement, and directs Rust Consulting, Inc., the firm retained by Class Counsel as the Claims Administrator, to distribute the net Settlement Fund as provided in the Plan of Allocation.

10. All claims against Defendants in *In re Namenda Direct Purchaser Antitrust Litigation*, Civil Action No. 1:15-cv-07488-CM-RWL (S.D.N.Y.) (the "Class Action") are hereby dismissed with prejudice, and without costs (other than as provided herein).

11. Upon the Settlement Agreement becoming final in accordance with paragraph 5 of the Settlement Agreement, Defendants and their past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past, present, and future officers,

directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators and representatives of each of the foregoing (collectively, the "Releasees") are and shall be unconditionally, fully, and finally released and forever discharged from all manner of claims, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, under federal or state laws, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, in law or equity, that Plaintiffs and all Class members, whether or not they make a claim upon or participate in the Settlement Fund, on behalf of themselves and their respective past, present, and future parents, subsidiaries, associates, affiliates, officers, directors, employees, insurers, general or limited partners, divisions, agents, attorneys, servants, trustees, joint ventures, heirs, executors, administrators, representatives (and the parents' subsidiaries' and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and their predecessors, successors, heirs, executors, administrators, and representatives (collectively, the "Releasors"), ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of or relating in any way to:

> (a) the subject matter of or acts, omissions, or other conduct alleged in the complaint in the Direct Purchaser Class Action, or any prior complaints or subsequent amended complaints filed in the Direct Purchaser Class Action; (b) the subject matter of pre-trial proceedings in the Direct Purchaser Class Action; and/or (c) all claims concerning alleged delay or impairment in the marketing, sale, manufacture, pricing, or purchase of, or the enforcement of intellectual property related to, Namenda IR, Namenda XR, or their generic equivalents that could have been asserted in the Direct Purchaser Class Action, including but not limited to claims of reverse payments, product hop, and unlawful patent term extension of U.S. Patent No. 5,061,703, sham patent listings, and sham patent litigations prior to the date of the

>Settlement Agreement (collectively, this entire paragraph the "Released Claims").

This Settlement Agreement is not intended to release anyone other than the Releasees, is not on behalf of anyone other than the Releasors, and does not affect the claims of the proposed endpayor class or any claims relating to indirect purchases of brand or generic Namenda IR or Namenda XR, nor is it intended to release any actual or potential claims described in Paragraph 13.

12. In addition, Plaintiffs and each Class member, on behalf of themselves and all other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and/or benefits conferred by § 1542 of the California Civil Code, which reads:

>Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of paragraph 11 of the Settlement Agreement, but each Releasor hereby expressly waives and fully, finally and forever settles, releases, and discharges, upon this Settlement becoming final, any known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the Class also hereby expressly waives and fully, finally and

forever settles, releases, and discharges any and all claims that are the subject matter of Paragraph 11 of the Settlement Agreement that it may have against any Releasees under § 17200, et seq., of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction.

13. As set forth in Paragraph 13 of the Settlement Agreement (with subheading "Reservation of Claims"), the releases set forth in Paragraphs 11 and 12 of the Settlement Agreement (and in Paragraphs 11 and 12 of this Order) shall not release any claims between Plaintiffs, members of the Class, the Releasors, and the Defendants and the Releasees (a) arising in the ordinary course of business between Releasors and Releasees under Article 2 of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury; or (b) other claims unrelated to Namenda IR, Namenda XR, or their generic equivalents.

14. Class Counsel have moved for an award of attorneys' fees, reimbursement of expenses and incentive awards for the Class Representatives. Class Counsel now request an award of attorneys' fees of 21% of the gross Settlement amount (plus a proportional share of the interest accrued thereon), reimbursement of the reasonable costs and expenses incurred in the prosecution of this action in the amount of $5,823,928.91, and incentive awards totaling $300,000 collectively for the two Class Representatives. The Court defers judgment on the Class Counsel's petition for fees, expenses, and incentive awards.

15. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Judgment and Order.

16. The Court finds that this Final Judgment and Order adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the

Class), and is final and shall be immediately appealable. Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence, admission, or concession by Defendants or any other Releasee, in this or any other matter or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, nor shall either the Settlement Agreement, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any Releasee in responding to any action purporting to assert Released Claims, or if offered by any Releasor in asserting that a claim is not a Released Claim, including because such claim is covered by Paragraph 13 of the Settlement Agreement ("Reservation of Claims").

SO ORDERED this 27th day of May, 2020

_____
The Honorable Colleen McMahon
Chief United States District Judge