# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Case No. 1:15-CV-07488-CM-JCF |

## DECLARATION OF PHIL MATTOON OF RUST CONSULTING, INC. IN SUPPORT OF DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR AN ORDER OF DISTRIBUTION

I, Phil Mattoon, hereby declare and state as follows:

1.      I am a Project Manager of Rust Consulting, Inc. ("Rust"), the Court-approved Claims Administrator in the above-captioned class action.  I am and have been the person at Rust primarily responsible for administering the claims in this litigation, and in that capacity, I have worked with Direct Purchaser Class Plaintiffs' Lead Class Counsel ("Class Counsel").  I am over the age of twenty-one, have personal knowledge of the matters set forth herein, and if called upon to do so, could testify competently to them.

2.      I make this declaration in support of Direct Purchaser Class Plaintiffs' Motion for an Order Authorizing the Distribution of the Net Settlement Funds to describe the claims administration process that Rust has provided in this matter.

3.      The Court, by Order dated January 6, 2020 (ECF No. 920), appointed Rust as claims administrator and directed Rust to provide notice of the Settlement Agreement in this matter (*see* ECF No. 919-1) to Class members (the "Settlement Notice").  As detailed in the Declaration of Claims Administrator Concerning Provision of Settlement Notice to Class Members dated April 16, 2020 (ECF No. 942-2), Rust sent the Court approved Settlement Notice to 63 Class members on February 12, 2020, via first-class United States mail.  As we

previously advised the Court in ECF No. 942-2, paragraph 4, Rust received only one undeliverable Settlement Notice (for Valley Wholesale Drug Company Inc.), but a new address was found and the Settlement Notice successfully was delivered to Valley Wholesale Drug Company Inc., and the Settlement Notice was also emailed to counsel for Valley Wholesale Drug Company Inc.

4.      The Court, by order of May 27, 2020 (ECF No. 947 (Opinion and Order Approving the Settlement), ECF No. 948 (Order Granting Final Judgement and Order of Dismissal Approving Direct Purchaser Class Settlement and Dismissing Direct Purchaser Class Claims)), approved the Plan of Allocation (filed at ECF No. 919-2).  Under the Plan of Allocation, Rust was responsible for printing and mailing a unique claim form for each Class member.  The claim forms were mailed to all 63 Class members via first-class U.S. mail on July 9, 2020, to the same addresses successfully used to mail the February 12, 2020 Notice of Settlement (including the address used to successfully deliver the Settlement Notice to Valley Wholesale Drug Company Inc.).  None of the claim forms was returned as undeliverable.  Blank claim forms were also posted at https://bergermontague.com/cases/namenda-direct-purchaser-antitrust-lawsuit and https://garwingerstein.com/settlements/namenda-direct-purchaser-litigation.

5.      Each claim form mailed to a Class member included the following prepopulated figures, which were calculated by Monument Economics Group ("Monument"), the economic consultant retained by Class Counsel to assist Rust with the claims administration process, using the manufacturer data produced during the litigation by Defendants and the generic Namenda IR manufacturers:  (i) each Class member's net brand Namenda IR unit purchases from June 1, 2012 through June 30, 2017, (ii) each Class member's net brand Namenda XR unit purchases from when brand Namenda XR launched on June 4, 2013 through June 30, 2017, (iii) each Class member's net generic Namenda IR unit purchases from July 11, 2015 through September 30,

2015, and (iv) each Class member's preliminary estimated weighted *pro rata* percentage share of the Net Settlement Fund, based on a weighted calculation of each Class member's total qualifying purchases ((i)-(iii) above) and the net total qualifying purchases by all Class members.

6.      A copy of the blank claim form is attached hereto as Exhibit A.  As explained in the claim form, each Class member was required to review its claim form, and if it wished to receive its *pro rata* percentage share of the Net Settlement Fund, to sign and return the claim form to Rust.  Class members were given the option of either agreeing with the prepopulated purchase figures included in their claim form or providing their own purchase data supporting a claim.

7.      Rust received returned claim forms from 56 of the 63 Class members to which Rust mailed claim forms.  That is, seven (7) of the 63 Class members did not return claims forms.

8.      Over the course of our efforts to reach Class members who had not submitted claim forms, four of the seven Class members that have not submitted claim forms informed Rust or Class Counsel that they do not intend to file claim forms – these four Class members are Bartell Drugs Company, Drugs Unlimited Inc., QK Healthcare, and TopRx LLC.

9.      There are three Class members (Cochran Wholesale Pharmacy, HC Pharmacy Central Inc., and Tel Drug of PA LLC Joann Christens) who have not submitted claim forms and have not affirmatively stated that they will not do so.  None of the claim forms mailed to these three Class members (nor any other claim form mailed to any Class member) has been returned to Rust as undeliverable.  In addition, Rust made repeated efforts to contact these three Class members by phone and email, as follows:

  i.      ***Cochran Wholesale Pharmacy:***  Rust left two voicemails and sent two follow-up emails.

     ii.    ***HC Pharmacy Central Inc.:***  Rust left two voicemails and sent two follow-up emails.

    iii.    ***Tel Drug of PA LLC Joann Christens:***  Rust left two voicemails and sent two follow-up emails.

I understand that Class Counsel also attempted to contact, by phone and/or email, each of these Class members that did not submit claim forms to make them aware of the settlement and claim filing deadline.

    10.    Based on estimates prepared by Monument at the time claim forms were mailed to Class members in July 2020, the seven Class members that did not submit claim forms would have been allocated a combined total of approximately .006% of the Net Settlement Fund.

    11.    In addition to the 56 claim forms submitted by Class members, Rust received 3 claim forms from non-Class members who submitted valid claim forms based on documented assignments of rights from Class members, pursuant to the Court-approved Plan of Allocation (see ECF No. 919-2 at p.2 n.4, p.3).

    12.    Based on Rust's administration of the Settlement as required by the Plan of Allocation and Rust's evaluation of all received claim forms, Rust has determined that 59 Claimants are eligible for participation in the Net Settlement Fund ("Accepted Claims"), which includes the 56 Class members who submitted valid claims[1] and the 3 valid claim forms submitted by non-Class members based on documented assignments of rights from Class members.

    13.    The 59 Accepted Claims include (a) 41 valid claim forms that were timely submitted or postmarked on or before the August 8, 2020 deadline for claim form submission;

---

[1] 6 of the 56 Class members that submitted valid claims, submitted claims based both on their direct purchases as well as based on assignment from another Class member, as reflected in Exhibit B hereto.

4

(b) 9 valid claim forms submitted by Claimants who sought and received from Class Counsel, pursuant to paragraph 1.3 of the Plan of Allocation, 45-day extensions of the deadline for submission of claim forms, and who submitted their claim forms on or before the September 22, 2020 extended deadline for claim form submission (i.e., their claim forms were timely given the 45-day extensions these Claimants received); and (c) 9 claim forms submitted after the August 8, 2020 deadline for claim form submission by Claimants who did not receive an extension for the claim form submission deadline, but which are otherwise valid and have been accepted based on instruction from Class Counsel pursuant to paragraph 3.3 of the Plan of Allocation, which provides that Late Approved Claims may be accepted.

14.     A list of the 59 Claimants who submitted Accepted Claims is attached hereto as Exhibit B.[2]  Rust worked with Monument and Class Counsel to evaluate all data submitted by Claimants in connection with their claim forms, and Monument calculated the *pro rata* percentage share of the Net Settlement Fund to which each of the 59 Claimants who submitted Accepted Claims is entitled.  Monument calculated the Claimants' *pro rata* percentage shares based on the Court-approved Plan of Allocation and its review of the manufacturer sales data produced during the litigation and the data submitted by Claimants with their Claims.

15.     Three claims were rejected ("Rejected Claims").  These three claims were rejected because the Claimants are not Class members, did not submit any assignment of rights from a Class member, and did not submit any documentation of any qualifying purchases.  The three Rejected Claims are:

   a)  Catholic Health Systems, Inc.:  Class Action Recovery Service submitted a claim form on behalf of its client Catholic Health Systems, Inc., which claim form submission was deficient because it did not include any data or documentation

---

[2] Three of the 59 Claimants who submitted Accepted Claims have assigned their claims to another entity, and directed the Claims Administrator to pay their claims to their assignees.

showing Catholic Health Systems, Inc.'s purchases of brand Namenda IR, brand Namenda XR, or generic Namenda IR during the relevant time periods. On September 3, 2020, Rust emailed Class Action Recovery Service, which filed the claim on behalf of Catholic Health Systems, Inc. (attached as Exhibit C), stating that Catholic Health Systems, Inc.'s claim was insufficient and would be rejected unless it responded within 21 days of the date of the letter and provided documentation showing it was entitled to participate in the settlement.  21 days later, on September 24, 2020, Class Action Recovery Service requested more time to respond.  More than a week later, on October 2, 2020, having heard no further response from Catholic Health Systems, Inc. or Class Action Recovery Service, I sent another email stating that "Catholic Health Systems has failed to submit a complete claim form and all related documentation.  Catholic Health Systems' claim is therefore rejected."  (This email chain is attached as Exhibit D.)  The email also stated:  "This email shall serve as Catholic Health Systems' final rejection of its claim.  Catholic Health Systems may appeal this rejection to the Court in accordance with Sections 7.1 and 7.2 of the Court-approved Plan of Allocation, which is available here: https://bergermontague.com/wp-content/uploads/2020/01/5.-Proposed-Plan-of-Allocation-Namenda.pdf. Please note that section 7.2 of the Plan of Allocation states: 'Any such appeal by a Claimant must be submitted in writing to the Court, with copies to the Claims Administrator and Class Counsel, within 21 days of the Claims Administrator's final rejection notification to the Claimant.'"  To date, Rust has received no further communication from Class Action Recovery Service or Catholic Health Systems, Inc. regarding this claim.

b) <u>The Goodyear Tire and Rubber Co. ("Goodyear")</u>:  Goodyear filed a claim form which was deficient because it did not include any data or documentation showing that Goodyear purchased brand Namenda IR, brand Namenda XR, or generic Namenda IR directly during the relevant time periods or any documentation showing that Goodyear had an assignment of rights from a Class member covering any such purchases.  On September 4, 2020, Rust mailed and emailed Goodyear a letter (attached as Exhibit E) stating that Goodyear's claim was insufficient and would be denied unless it responded within 21 days of the date of the letter and provided documentation showing it was entitled to participate in the settlement.  Goodyear has not responded to this email or letter.  Rust also mailed and emailed Goodyear a letter dated November 23, 2020 (attached as Exhibit F) stating: "This letter shall serve as final rejection of your claim. You may appeal this rejection to the Court in accordance with Sections 7.1 and 7.2 of the Court-approved Plan of Allocation, which is available here: https://bergermontague.com/wp-content/uploads/2020/01/5.-Proposed-Plan-of-Allocation-Namenda.pdf.  Please note that section 7.2 of the Plan of Allocation states: 'Any such appeal by a Claimant must be submitted in writing to the Court, with copies to the Claims Administrator and Class Counsel, within 21 days of the Claims Administrator's final rejection notification to the Claimant.'"  To date, Rust has received no further communication from Goodyear regarding its claim.

c) <u>Yolanda Jackson</u>:  Ms. Jackson submitted a claim form which was deficient because it did not include any data or documentation showing that Ms. Jackson

purchased brand Namenda IR, brand Namenda XR, or generic Namenda IR directly during the relevant time periods or any documentation showing that Ms. Jackson had an assignment of rights from a Class member covering any such purchases.  On September 4, 2020, Rust mailed Ms. Jackson a letter (attached as Exhibit G) stating that Ms. Jackson's claim form was insufficient and would be denied unless she responded within 21 days of the date of the letter and provided documentation showing she was entitled to participate in the settlement.  Ms. Jackson has not responded to this letter.  Rust also mailed Ms. Jackson a letter dated November 23, 2020 (attached as Exhibit H) stating: "This letter shall serve as final rejection of your claim. You may appeal this rejection to the Court in accordance with Sections 7.1 and 7.2 of the Court-approved Plan of Allocation, which is available here: https://bergermontague.com/wp-content/uploads/2020/01/5.-Proposed-Plan-of-Allocation-Namenda.pdf.  Please note that section 7.2 of the Plan of Allocation states: 'Any such appeal by a Claimant must be submitted in writing to the Court, with copies to the Claims Administrator and Class Counsel, within 21 days of the Claims Administrator's final rejection notification to the Claimant.'"  To date, Rust has received no further communication from Ms. Jackson regarding her claim.

16.    With the Court's approval, the distribution amount for each of the 59 Claimants who submitted an Accepted Claim will be calculated by multiplying the amount to be distributed from the Net Settlement Fund, including all interest earned (after deducting any Court-approved expenses) by the percentage share for that Claimant.  With the Court's approval, Rust will cause checks or wires to be sent in the appropriate amounts to the 59 Claimants who submitted valid, Accepted Claims, or to their assignees, in accordance with the Claimants' instructions as to how the distributions shall be made.

17.    As of this date, Rust has incurred a total of $38,784.79 in unpaid professional fees and expenses for the administration of this Settlement and expects to incur an additional $14,000.00 to complete the distribution and complete the settlement administration.   To date, Rust has not been paid or reimbursed for incurred or expected fees and expenses.

18.    Class Counsel have received bills from Monument totaling $53,632.50 in unpaid professional fees and expenses incurred in connection with the administration of this Settlement, which expenses were incurred reviewing the data submissions made by Claimants and calculating Claimants' pro rata shares of the Net Settlement Funds.

19.     As of January 31, 2021, the Net Settlement Fund included $ $677,177,620.92.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.  Executed this 5th day of February, 2021 in Minneapolis, Minnesota.

_____
Phil Mattoon

# EXHIBIT A

NAMENDA DIRECT PURCHASER CLAIMS ADMINISTRATOR
C/O RUST CONSULTING – 6269
P.O. Box 44
Minneapolis, MN 55440-0044

## IMPORTANT LEGAL MATERIALS

FOR OFFICIAL USE ONLY

03

Page 1 of 6

☐ If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below:

Name: _____

Address: _____

City: _____

State: ___ ___   Zip Code: ___ ___ ___ ___ ___

### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
*In re Namenda Direct Purchaser Antitrust Litigation*
Civil Action No. 1:15-cv-07488-CM-RWL (S.D.N.Y.)

## PROOF OF CLAIM AND RELEASE

**Your claim must be postmarked by: August 8, 2020**                July 9, 2020

**Notice ID Number:**

### INTRODUCTION

On May 27, 2020, the Court in this Action approved a $750 million Settlement reached between the direct purchaser plaintiffs and defendants Forest Laboratories, LLC, Forest Laboratories, Inc.,[1] Forest Laboratories Holdings Ltd.; and Actavis plc (collectively, "Defendants"). The notice of class action Settlement dated February 12, 2020, which was previously mailed to you, summarizes both the litigation and terms of the Settlement. The purpose of this Proof of Claim Form and Release is to ensure that you are able to participate in the distribution of the Settlement funds from the Settlement, net of attorneys' fees, service awards to Class Representatives, and other costs awarded by the Court (the "Net Settlement Fund"). In order for the Claims Administrator to make the proper calculation of your *pro rata* share of the Net Settlement Fund, please either (a) verify the accuracy of the net purchase volumes listed in Part II.A of this Proof of Claim and Release Form that are derived from purchase data produced in this Action or (b) submit the data required in Part II.B of this Proof of Claim and Release Form.

### PART I: CLAIMANT IDENTIFICATION

Please provide this information. In addition, if purchases were made in a name other than the Claimant's name, for example if you are filing this Proof of Claim and Release Form based on an assignment, please include documentation of your right to assert a claim with respect to those claimed purchases.

Employer Tax Identification Number:

Correct the name or address of the Claimant below ONLY if different from above OR if there is no preprinted name and address above. Otherwise, leave blank.

Claimant's Name: _____

Street Address 1: _____

Street Address 2: _____

City: _____   State: ___ ___   Zip: ___ ___ ___ ___ ___

---

[1] On July 1, 2014, in a series of transactions, Forest Laboratories, Inc. became a limited liability company named Forest Laboratories, LLC. Subsequently, on January 1, 2018, Forest Laboratories, LLC was merged with and into Allergan Sales, LLC, a Delaware limited liability company. As a result of these corporate consolidations, Forest Laboratories, Inc. and Forest Laboratories, LLC are predecessors in interest to Allergan Sales, LLC.






Person overseeing the claims process for Claimant (who can be contacted if there are questions regarding this claim):

First Name: _____  MI: _____  Last Name: _____

Daytime Phone Number: ( __ __ __ ) __ __ __ - __ __ __   Email Address: _____

## PART II: CLASS MEMBER'S QUALIFYING PURCHASES OF NAMENDA IR, GENERIC NAMENDA IR, AND NAMENDA XR

A. The Claims Administrator, in conjunction with the direct purchaser plaintiffs' economic expert, has calculated each Class member's qualifying direct purchases of brand Namenda IR (immediate-release memantine hydrochloride), brand Namenda XR (extended-release memantine hydrochloride), and/or generic Namenda IR (generic immediate-release memantine hydrochloride) and, based upon that net purchase volume (i.e., purchases net of returns), has provided an initial estimate of each Class member's *pro rata* share of the Net Settlement Fund, based on the allocation methodology approved by the Court. The initial estimate is based upon Namenda IR, Namenda XR, and generic Namenda IR purchase data produced in this Action. If and when the Claims Administrator learns of assignments of rights to participate in this litigation, the *pro rata* calculations may change. In addition, your *pro rata* calculation may change as a result of the total number of claims received and/or other information submitted during the claims administration process.  To repeat, the initial estimate is subject to change.

Each Class member should verify the accuracy of the total net purchase volumes listed below. **If you agree that the total net purchase volumes computed for your company are accurate, you should sign the last page of this Proof of Claim and Release Form and mail it to the Claims Administrator postmarked no later than August 8, 2020.** If you verify the accuracy of the total net purchase volumes listed below, you will not be required to produce any purchase data as part of the claims administration process, but you will be waiving the right to challenge or appeal the Claims Administrator's determination regarding your *pro rata* distribution amount on the basis that the distribution amount would have been different had it been calculated using your own purchase records. **If you believe the total net purchase volumes listed for your company below are not accurate, you may submit purchase records, in electronic format as described in Part II.B below; any such data must be mailed to the Claims Administrator postmarked no later than August 8, 2020.**

**If you are filing a claim based on an assignment, you will have to submit documentation of your right to assert a claim with respect to those claimed purchases along with data showing the volume of purchases covered by your assignment.**

*<u>In order to have a valid claim, you must be a member of the certified Direct Purchaser Class or have an assignment of rights from a Direct Purchaser Class member allowing you to recover as an assignee of a Class member.  The certified Direct Purchaser Class (or "Class") is defined as follows:</u>*

> All persons or entities in the United States and its territories who purchased branded Namenda IR 5 or 10 mg tablets, and/or generic Namenda IR 5 or 10 mg tablets (including an authorized generic), and/or branded Namenda XR capsules, directly from Forest or its successors in interest, Actavis and Allergan, and/or from any generic manufacturer at any time during the period from June 2012 until September 30, 2015.

*<u>The following were excluded from the Class of direct purchasers: all Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.</u>*

*<u>The Court-approved Plan of Allocation provides, for claimants with valid claims, that each Claimant's allocated share of the Net Settlement Fund will be set in proportion to each Claimant's weighted combined total of (a) its net unit direct purchases of brand Namenda IR for the period June 1, 2012 through June 30, 2017, after deducting any returns; (b) its net unit direct purchases of brand Namenda XR for the period from when Namenda XR was launched on June 4, 2013 through June 30, 2017, after deducting any returns; and (c) its net unit direct purchases of generic Namenda IR (immediate release memantine hydrochloride) for the period when generic Namenda IR launched on July 11, 2015 through September 30, 2015, after deducting any returns, made directly from a generic Namenda IR manufacturer.  The relevant generic manufacturers of generic Namenda IR are Actavis, Amneal, Dr. Reddy's, Lupin, Mylan, and Sun.  Those who purchased only generic Namenda IR will receive comparatively less than those who purchased branded Namenda IR and/or XR, as alleged overcharge damages on units of generic Namenda IR alone were substantially lower than alleged overcharges on purchases of branded Namenda IR and XR.</u>*

*<u>Allocations to Claimants whose right to an allocation arises by virtue of an assignment(s) from a Class member(s) would be determined in this same fashion.  In these cases, the volumes of brand and generic purchases used to determine the allocation would be the volumes assigned to the Claimant by an otherwise eligible Class member(s) (and the assignor Class member's brand and generic purchase volumes would be reduced by the same amount).</u>*

*__Please note that related documents, including the Plan of Allocation and the Court's Order approving the Plan of Allocation, are available at__*  __https://bergermontague.com/cases/namenda-direct-purchaser-antitrust-lawsuit/__  __or__ __https://garwingerstein.com/settlements/namenda-direct-purchaser-litigation/__*.*  This summary of the Plan of Allocation is only a summary and is not meant to alter the terms of the Court-approved Plan of Allocation. Claimants should refer to the Plan of Allocation for further details of how the allocation will work.

---

**INITIAL ESTIMATE OF YOUR PURCHASE VOLUMES AND *PRO RATA* SHARE OF THE NET SETTLEMENT FUND**

According to the direct purchaser plaintiffs' economic expert's analysis of the data produced in this Action, Your net qualifying volumes of brand Namenda IR, brand Namenda XR, and/or generic Namenda IR purchases are as follows:

   Tablets of Brand Namenda IR (5 or 10 mg) purchased directly from Defendants from June 1, 2012 through June 30, 2017, after deducting any returns.

   Capsules of Brand Namenda XR (7, 14, 21, or 28 mg) purchased directly from Defendants from June 4, 2013 through June 30, 2017, after deducting any returns.

   Tablets of Generic Namenda IR (5 or 10 mg) purchased directly from any generic Namenda IR manufacturer from July 11, 2015 through September 30, 2015, after deducting any returns.

*Note that these estimates do not account for any assignments of rights you may have entered into.*

The National Drug Codes (NDCs) associated with the products and strengths at issue here are set forth in Exhibit A to this Proof of Claim and Release Form.

Based on the purchase volumes set forth above and the Court-approved Plan of Allocation, the initial estimate of your *pro rata* share of the Net Settlement Fund is:

**This estimate is subject to change** based upon several factors, including but not limited to: (1) the level of participation by Class members in the Settlement; (2) Claimants submitting additional documentation to support their total net purchase volume being different from that calculated by the Claims Administrator; and (3) submission of assignments of rights agreements that affect who can participate in the Settlement.

**If you accept and verify that the above figures for your net direct brand and generic Namenda purchases are correct, please check here:** ☐

---

B. To the extent that you do <u>not</u> elect to rely upon the calculation of net purchase volumes determined by the Claims Administrator set forth above in Part II.A, please identify all **direct** purchases of (a) brand Namenda IR tablets, 5 or 10 mg, from June 1, 2012 through June 30, 2017, after deducting any returns; (b) brand Namenda XR capsules, 7, 14, 21, or 28 mg, from June 4, 2013 through June 30, 2017, after deducting any returns; and (c) generic Namenda IR (immediate release memantine hydrochloride) tablets, 5 or 10 mg, from a generic manufacturer from July 11, 2015 through September 30, 2015, after deducting any returns, by providing the information below in electronic format.  Note that the relevant generic manufacturers are Actavis, Amneal, Dr. Reddy's, Lupin, Mylan and Sun.  The Claims Administrator may require additional information.

| Date of Purchase[2] | Supplier | NDC[3] | Transaction Type[4] | Purchase Volume (# of Tablets / Capsules) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**C. Assignments**.

Please check here if you are filing this claim based on an assignment: ☐

If you are submitting a claim pursuant to an assignment, please identify with particularity that assignment here. Please also attach documentation in support of such assignment, including the assignment agreement and data showing your qualifying purchases that are covered by any such assignment of: (a) brand Namenda IR 5 or 10 mg tablets from **June 1, 2012 through June 30, 2017**; (b) brand Namenda XR 7, 14, 21, or 28 mg capsules from **June 4, 2013 through June 30, 2017**; and/or (c) generic Namenda IR (immediate release memantine hydrochloride) 5 or 10 mg tablets from **July 11, 2015 through September 30, 2015**, after deducting any returns.  Please note that the Settlement Administrator may require additional information and documents for any claim made based on an assignment.  Also please note that your claim, including the documentation and data submitted therewith, may be shared with your assignor as part of the Claims Administration process.  By submitting a claim by virtue of an assignment, you are agreeing that such data and documentation may be shared with your assignor.

|  |
| --- |
|  |
|  |
|  |
|  |
|  |
|  |

## PART III: SUBMISSION TO JURISDICTION OF THE COURT

By signing below, you are agreeing to submit to the exclusive jurisdiction of the United States District Court for Southern District of New York with respect to any suit, action, proceeding or dispute arising out of or relating to *In re Namenda Direct Purchaser Antitrust Litigation*, Civil Action No. 1:15-cv-07488-CM-RWL (S.D.N.Y.) ("this Action"), claims administration in this Action, the claim you or any other entity is making as a Class member or assignee thereof in this Action, and/or the Release set forth below.

## PART IV: RELEASES

A. By signing below, you hereby confirm that you and your respective past, present, and future parents, subsidiaries, associates, affiliates, officers, directors, employees, insurers, general or limited partners, divisions, agents, attorneys, servants, trustees, joint ventures, heirs, executors, administrators, representatives (and the parents' subsidiaries' and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and their predecessors, successors, heirs, executors, administrators, and representatives (collectively, the "Releasors"), hereby release and forever discharge, and covenant not to sue, Defendants and their past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past, present, and future officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators and representatives of each of the foregoing (collectively, the "Releasees") from all manner of claims, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, under federal or state laws, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, in law or equity, that arise out of or relate, in whole or in part in any manner, to: (a) the subject matter of or acts, omissions, or other conduct alleged in the complaint in the Direct Purchaser Class Action, or any prior complaints or subsequent amended complaints filed in the Direct Purchaser Class Action; (b) the subject matter of pretrial proceedings in the Direct Purchaser Class Action; and/or (c) all claims concerning alleged delay or impairment in the marketing, sale, manufacture, pricing, or purchase of, or the enforcement of intellectual property related to, Namenda IR, Namenda XR, or their generic equivalents that could have been asserted in the Direct Purchaser Class Action, including but not limited to claims of reverse payments, product hop, and unlawful patent term extension of U.S. Patent No. 5,061,703, sham patent listings, and sham patent litigations prior to December 20, 2019 (collectively, this entire paragraph the "Released Claims").

This release is not intended to release anyone other than the Releasees, is not on behalf of anyone other than the Releasors, and does not affect the claims of the proposed endpayor class or any claims relating to indirect purchases of brand or generic Namenda IR or Namenda XR, nor is it intended to release any actual or potential claims described in Paragraph 13 of the Settlement Agreement (described in subsection C below).

---

[2] Please use standard date formats, such as MM/DD/YYYY.

[3] Please use standard 11-digit National Drug Code in the format NNNNN-NNNN-NN.

[4] Please use either invoice purchases or returns.

B. In addition, with respect to the claims that are the subject of paragraph 11 of the Settlement Agreement, by signing below you hereby confirm that you expressly waive, release and forever discharge any and all provisions, rights, and/or benefits conferred by § 1542 of the California Civil Code, which reads:

Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims that are the subject matter of paragraph 11 of the Settlement Agreement. Nonetheless, each Releasor hereby expressly waives and fully, finally and forever settles, and releases, any known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that is the subject matter of Paragraph 11 of the Settlement Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the Direct Purchaser Class also hereby expressly waives and fully, finally and forever settles, releases, and discharges any and all claims that are the subject matter of paragraph 11 of the Settlement Agreement that it may have against any Releasees under § 17200, et seq., of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction.

C. The intent of the Settlement Agreement is to effect a complete and total resolution of this Action to the extent of the claims of the Direct Purchaser Plaintiff Class that were or could have been asserted relating to the allegations in this Action, but is not intended to release any claims (1) arising in the ordinary course of business between Releasors and the Releasees arising under Article 2 of the Uniform Commercial Code (pertaining to sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury; or (2) other claims unrelated to Namenda IR, Namenda XR, or their generic equivalents.

| PART V: VERIFICATION/RELEASE |
| --- |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information provided by the undersigned is true and correct and that this proof of claim and release was

executed this _____, day of _____, 2020 in _____    _____
                       (Day)              (Month)                    (City)              (State, Country)

Sign your name here: _____

Type/Print your name here: _____

Type/ Print your company name here: _____

Capacity of person signing, e.g., President, Partner: _____

**RETURN YOUR COMPLETED PROOF OF CLAIM AND RELEASE AND RETURN TO:**

**In re Namenda Direct Purchaser Antitrust Litigation**
c/o Rust Consulting - 6269
P.O. Box 44
Minneapolis, MN 55440-0044

*Questions? Contact the Claims Administrator at (612) 359 - 2848.*

*Remember, your signed Proof of Claim and Release must be mailed and postmarked by August 8, 2020.*

**Exhibit A:  Relevant NDCs of Brand Namenda IR, Brand Namenda XR, and Generic Namenda IR**

| Brand Namenda IR (5 or 10 mg) NDCs during the relevant time period, June 1, 2012 through June 30, 2017 | Brand Namenda XR (7, 14, 21, or 28 mg) NDCs during the relevant time period, June 4, 2013 through June 30, 2017 | Generic Namenda IR (5 or 10 mg) NDCs during the relevant time period, July 11, 2015 through September 30, 2015 |
|---|---|---|
| 00456320014 | 00456340029 | 00378110391 |
| 00456320560 | 00456340733 | 00378110491 |
| 00456320563 | 00456341433 | 00591387044 |
| 00456321060 | 00456341463 | 00591387060 |
| 00456321063 | 00456341490 | 00591387544 |
| | 00456342133 | 00591387560 |
| | 00456342833 | 00591390087 |
| | 00456342863 | 42292000506 |
| | 00456342890 | 42292000606 |
| | | 47335032186 |
| | | 47335032213 |
| | | 47335032286 |
| | | 53746016930 |
| | | 53746017360 |
| | | 55111059660 |
| | | 55111059705 |
| | | 55111059760 |
| | | 68180022907 |
| | | 68180023007 |

# EXHIBIT B

| | Claimant |
|---|---|
| 1 | ALBERTSONS COMPANIES, INC. [1] |
| 2 | AMERICAN HEALTH PACKAGING |
| 3 | AMERISOURCEBERGEN CORP. |
| 4 | ANDA, INC |
| 5 | ASSOCIATED PHARMACIES, INC. |
| 6 | AUBURN PHARMACEUTICAL COMPANY |
| 7 | BELLCO DRUG CORP. |
| 8 | BI-LO HOLDING, LLC AND WINN-DIXIE STORES, INC. [1] |
| 9 | BLOODWORTH WHOLESALE DRUGS |
| 10 | BLUPAX PHARMACEUTICALS, LLC |
| 11 | BURLINGTON DRUG COMPANY, INC. |
| 12 | CAPITAL WHOLESALE DRUG CO |
| 13 | CARDINAL HEALTH |
| 14 | CVS PHARMACY, INC.  [1] |
| 15 | DAKOTA DRUG, INC. |
| 16 | DISCOUNT DRUG MART, INC. |
| 17 | DROGUERIA BETANCES LLC |
| 18 | AXISCARE HEALTH LOGISTICS, INC. f/k/a DROUGERIA CENTRAL INC |
| 19 | CESAR CASTILLO, LLC |
| 20 | EXPRESS SCRIPTS INC |
| 21 | FWK HOLDINGS, LLC |
| 22 | GENETCO INC. |
| 23 | GIANT EAGLE, INC. [2] |
| 24 | HANNAFORD BROS. CO. LLC |
| 25 | HD SMITH |
| 26 | HEB GROCERY COMPANY L.P. N/K/A H-E-B L.P. [1] |
| 27 | HEALTHSOURCE DISTRIBUTORS, LLC |
| 28 | HUMANA INC. |
| 29 | INDEPENDENT PHARMACY COOPERATIVE |
| 30 | KAISER FOUNDATION HEALTH PLAN, INC. |
| 31 | KERR DRUG INC |
| 32 | KEYSOURCE ACQUISITION |
| 33 | THE KROGER CO. [1] |
| 34 | LOUISIANA WHOLESALE DRUG CO INC |
| 35 | MAJOR PHARMACEUTICALS/RUGBY LABORATORIES |
| 36 | MASTERS PHARMACEUTICAL, INC. |
| 37 | MCKESSON CORPORATION |
| 38 | MEDCO HEALTH SOLUTIONS |
| 39 | MEIJER, INC. |
| 40 | MIAMI-LUKEN INC. |
| 41 | MORRIS & DICKSON CO., LLC |
| 42 | NORTH CAROLINA MUTUAL WHOLESALE DRUG COMPANY |

| 43 | OPTUMRX, INC. |
| 44 | PBA HEALTH |
| 45 | PEYTONS |
| 46 | PRESCRIPTION SUPPLY, INC. |
| 47 | PUBLIX SUPER MARKETS, INC. |
| 48 | QUEST PHARMACEUTICALS, INC. |
| 49 | RICHIE PHARMACAL |
| 50 | ROCHESTER DRUG CO-OPERATIVE, INC. |
| 51 | RX OUTREACH |
| 52 | SMITH DRUG COMPANY |
| 53 | SUPERVALU INC. [1] |
| 54 | THE HARVARD DRUG GROUP |
| 55 | VALLEY WHOLESALE |
| 56 | VALUE DRUG COMPANY |
| 57 | WALGREEN CO. [2] |
| 58 | WALMART |
| 59 | WEGMANS FOOD MARKETS, INC. [2] |

[1] These Claimants are Class members that submitted claims both based on their direct purchases and based on partial assignment(s) from other Class members covering covering brand Namenda IR, generic Namenda IR, and/or brand Namenda XR units resold to these Claimants.

[2] These Claimants are non-Class members that submitted claims based on partial assignment(s) from Class members covering brand Namenda IR, generic Namenda IR, and/or brand Namenda XR units resold to these Claimants.

# EXHIBIT C

**Mattoon, Phil**

| | |
|---|---|
| **From:** | Mattoon, Phil |
| **Sent:** | Thursday, September 3, 2020 8:49 AM |
| **To:** | 'Paul Waara' |
| **Cc:** | Lisa Hoskins |
| **Subject:** | RE: Namenda Direct Purchaser Settlement |

Paul and Lisa,

According to the sales data produced by the manufacturers of brand Namenda IR, brand Namenda XR, and generic Namenda IR, Catholic Health Systems did not purchase these drugs directly during the relevant time periods. However, to the extent that Catholic Health Systems believes it has data showing any such direct purchases, it must produce this data within 21 days, no later than September 24, 2020. Catholic Health Systems' claim will be rejected unless Catholic Health Systems submits a complete claim form and all related documentation and data by September 24, 2020.

Thank you,

**Philip Mattoon, Project Manager**
**Rust Consulting, an Exela Technologies Brand**
O: +1.612.359.2848
625 Marquette Avenue, Suite 900 | Minneapolis, MN 55402

Sign up to ensure you receive *Insights* from Rust Consulting and Kinsella Media.
www.RustConsulting.com | Rust Twitter | Rust LinkedIn

**From:** Paul Waara [mailto:pwaara@classactionrecoveryservice.com]
**Sent:** Tuesday, September 1, 2020 9:51 AM
**To:** Mattoon, Phil <pmattoon@rustconsulting.com>
**Cc:** Lisa Hoskins <lhoskins@classactionrecoveryservice.com>
**Subject:** RE: Namenda Direct Purchaser Settlement

EXTERNAL EMAIL: This email was sent to Rust Consulting from an external source. Please be vigilant when opening attachments, clicking links or sharing information.

Dear Phil,

I am following up for Lisa Hoskins in response to your e-mail below, and the claim filed on behalf of Catholic Health Systems in the Namenda Direct Settlement.

Catholic Health does believe that the drug was purchased directly, and they are corresponding with purchasing directors across their multiple hospitals to pull the required information. Many employees are still working remotely due to COVID-19. There would be no assignment of purchases.

In the meantime, please do not hesitate to reach out with any additional questions regarding this claim. Thank you for your assistance!

Best Regards,

Paul Waara
Senior Administration, Operations
Class Action Recovery Service
(716) 881-1515 (Amherst, NY Office)
(239) 771-8771 (Fort Myers, FL Office)

pwaara@classactionrecoveryservice.com

*CONFIDENTIALITY NOTICE*
*This e-mail and the attachments accompanying it may contain confidential information belonging to the sender which is privileged and confidential.  The information is intended only for delivery to the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail is strictly prohibited.  If you have received this e-mail in error, please immediately forward it back to the sender and delete it.*

**From:** Lisa Hoskins
**Sent:** Monday, August 31, 2020 3:49 PM
**To:** Paul Waara <pwaara@classactionrecoveryservice.com>
**Subject:** FW: Namenda Direct Purchaser Settlement

**From:** Mattoon, Phil <pmattoon@rustconsulting.com>
**Sent:** Monday, August 31, 2020 3:29 PM
**To:** Lisa Hoskins <lhoskins@classactionrecoveryservice.com>
**Subject:** Namenda Direct Purchaser Settlement

Lisa,

We have received the claim you submitted for Catholic Health Systems in the Namenda Direct Purchaser Settlement.  I understand that you will be submitting additional documentation for the claim.

Is this claim being filed because (a) Catholic Health Systems believes they purchased the brand Namenda IR, brand Namenda XR, or generic Namenda IR directly from a manufacturer or (b) has an assignment of rights from an entity that purchased directly from a manufacturer?

Thank you,

**Philip Mattoon, Project Manager**
**Rust Consulting, an Exela Technologies Brand**
O: +1.612.359.2848
625 Marquette Avenue, Suite 900 | Minneapolis, MN 55402

**Sign up to ensure you receive *Insights* from Rust Consulting and Kinsella Media.**
www.RustConsulting.com | Rust Twitter [twitter.com] | Rust LinkedIn [linkedin.com]

This message (including any attachments) may contain confidential or otherwise privileged information and is intended only for the individual(s) to which it is addressed. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secured or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message or that arise as a result of e-mail transmission. If verification is required please request a hard-copy version from the sender.

# EXHIBIT D

## Mattoon, Phil

| | |
|---|---|
| **From:** | Mattoon, Phil |
| **Sent:** | Friday, October 2, 2020 12:26 PM |
| **To:** | 'Lisa Hoskins' |
| **Cc:** | 'Paul Waara' |
| **Subject:** | RE: Namenda Direct Purchaser Settlement |

Lisa,

I have communicated with Class Counsel and we cannot agree to give Catholic Health System additional time to complete its claim form submission.

To review: Catholic Health Systems submitted its claim form late, on August 28, 2020, <u>after</u> the Court-approved deadline of August 8, 2020.  In addition, the claim form Catholic Health Systems submitted on August 28, 2020 was incomplete and deficient.  Catholic Health Systems did not produce data or documentation showing that it purchased brand or generic Namenda IR or brand Namenda XR directly from a manufacturer during the relevant time periods.

Section 3.2 of the Court-approved Plan of Allocation states:

> If a Claim Form is incomplete, the Claims Administrator shall communicate with the Claimant via First Class Mail, email, or telephone regarding the deficiency. Claimants will then have 21 days from the date they are contacted by the Claims Administrator regarding the deficiency to cure any such deficiency. If any Claimant fails to correct the deficiency within this time, the claim may be rejected, and the Claimant shall be notified by letter stating the reason for rejection. The Claims Administrator will then review the Claim Form to determine whether the Claim Form will be accepted or rejected and, if the Claim Form is rejected, the Claimant shall be notified by letter stating the reason for rejection. Any Claimant whose Claim Form is rejected may seek review by the Court via the appeals process described in Section 7.2 below.

On September 3, 2020, I emailed you that:  "According to the sales data produced by the manufacturers of brand Namenda IR, brand Namenda XR, and generic Namenda IR, Catholic Health Systems did not purchase these drugs directly during the relevant time periods."  I further advised, in accordance with Section 3.2 of the Plan of Allocation, that:  "to the extent that Catholic Health Systems believes it has data showing any such direct purchases, it must produce this data within 21 days, no later than September 24, 2020.  Catholic Health Systems' claim will be rejected unless Catholic Health Systems submits a complete claim form and all related documentation and data by September 24, 2020."

To date, Catholic Health Systems has failed to submit a complete claim form and all related documentation.  Catholic Health Systems' claim is therefore rejected.

This email shall serve as Catholic Health Systems' final rejection of its claim.  Catholic Health Systems may appeal this rejection to the Court in accordance with Sections 7.1 and 7.2 of the Court-approved Plan of Allocation, which is available here: <u>https://bergermontague.com/wp-content/uploads/2020/01/5.-Proposed-Plan-of-Allocation-Namenda.pdf</u>.  Please note that section 7.2 of the Plan of Allocation states:  "Any such appeal by a Claimant must be submitted in writing to the Court, with copies to the Claims Administrator and Class Counsel, within 21 days of the Claims Administrator's final rejection notification to the Claimant."

Regards,

**Philip Mattoon, Project Manager**
**Rust Consulting, an Exela Technologies Brand**
O: +1.612.359.2848
625 Marquette Avenue, Suite 900 | Minneapolis, MN 55402

**Sign up to ensure you receive *Insights* from Rust Consulting and Kinsella Media.**
www.RustConsulting.com | Rust Twitter | Rust LinkedIn

---

**From:** Lisa Hoskins [mailto:lhoskins@classactionrecoveryservice.com]
**Sent:** Thursday, September 24, 2020 1:56 PM
**To:** Mattoon, Phil
**Cc:** Paul Waara ; Lisa Hoskins
**Subject:** RE: Namenda Direct Purchaser Settlement

Hi Philip,

We understand the deadline is today and have been "pushing" our client to the end of their ropes, with most of the administrative staff working remotely in New York, one of the harder hit states with COVID, I fear I cannot get this information to you today. The Senior Buyer at Catholic Health is working on this and today said she is "pushing for data asap." Being in the industry for over 25 years, I know many times a client thinks it is direct and ends up indirect, however, Catholic Health is a Master client (we handle all their claims) and I feel I need to give them the benefit of the doubt in this case.

Would it help if I addressed Class Counsel or the Court for more time? Thank you for you time. Stay safe! Kind regards,
Lisa

*Lisa Hoskins*
*Chief Operating Officer*
*Class Action Recovery Service*
*Fort Myers, FL 33966*
*Amherst, NY 14226*

*CONFIDENTIALITY NOTICE*
*This e-mail and the attachments accompanying it may contain confidential information belonging to the sender which is privileged and confidential. The information is intended only for delivery to the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately forward it back to the sender and delete it.*

---

**From:** Mattoon, Phil
**Sent:** Thursday, September 03, 2020 9:49 AM
**To:** Paul Waara <pwaara@classactionrecoveryservice.com>
**Cc:** Lisa Hoskins <lhoskins@classactionrecoveryservice.com>
**Subject:** RE: Namenda Direct Purchaser Settlement

Paul and Lisa,

According to the sales data produced by the manufacturers of brand Namenda IR, brand Namenda XR, and generic Namenda IR, Catholic Health Systems did not purchase these drugs directly during the relevant time periods. However, to the extent that Catholic Health Systems believes it has data showing any such direct purchases, it must produce this data within 21 days, no later than September 24, 2020. Catholic Health Systems' claim will be rejected unless Catholic Health Systems submits a complete claim form and all related documentation and data by September 24, 2020.

Thank you,

**Philip Mattoon, Project Manager**
**Rust Consulting, an Exela Technologies Brand**

O: +1.612.359.2848
625 Marquette Avenue, Suite 900 | Minneapolis, MN 55402

**Sign up to ensure you receive *Insights* from Rust Consulting and Kinsella Media.**
www.RustConsulting.com | Rust Twitter [twitter.com] | Rust LinkedIn [linkedin.com]

---

**From:** Paul Waara [mailto:pwaara@classactionrecoveryservice.com]
**Sent:** Tuesday, September 1, 2020 9:51 AM
**To:** Mattoon, Phil <pmattoon@rustconsulting.com>
**Cc:** Lisa Hoskins <lhoskins@classactionrecoveryservice.com>
**Subject:** RE: Namenda Direct Purchaser Settlement

EXTERNAL EMAIL: This email was sent to Rust Consulting from an external source. Please be vigilant when opening attachments, clicking links or sharing information.

---

Dear Phil,

I am following up for Lisa Hoskins in response to your e-mail below, and the claim filed on behalf of Catholic Health Systems in the Namenda Direct Settlement.

Catholic Health does believe that the drug was purchased directly, and they are corresponding with purchasing directors across their multiple hospitals to pull the required information. Many employees are still working remotely due to COVID-19. There would be no assignment of purchases.

In the meantime, please do not hesitate to reach out with any additional questions regarding this claim. Thank you for your assistance!

Best Regards,

Paul Waara
Senior Administration, Operations
Class Action Recovery Service
(716) 881-1515 (Amherst, NY Office)
(239) 771-8771 (Fort Myers, FL Office)
pwaara@classactionrecoveryservice.com

*CONFIDENTIALITY NOTICE*
*This e-mail and the attachments accompanying it may contain confidential information belonging to the sender which is privileged and confidential.  The information is intended only for delivery to the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail is strictly prohibited.  If you have received this e-mail in error, please immediately forward it back to the sender and delete it.*

---

**From:** Lisa Hoskins
**Sent:** Monday, August 31, 2020 3:49 PM
**To:** Paul Waara <pwaara@classactionrecoveryservice.com>
**Subject:** FW: Namenda Direct Purchaser Settlement

---

**From:** Mattoon, Phil <pmattoon@rustconsulting.com>
**Sent:** Monday, August 31, 2020 3:29 PM

**To:** Lisa Hoskins <lhoskins@classactionrecoveryservice.com>
**Subject:** Namenda Direct Purchaser Settlement

Lisa,

We have received the claim you submitted for Catholic Health Systems in the Namenda Direct Purchaser Settlement.  I understand that you will be submitting additional documentation for the claim.

Is this claim being filed because (a) Catholic Health Systems believes they purchased the brand Namenda IR, brand Namenda XR, or generic Namenda IR directly from a manufacturer or (b) has an assignment of rights from an entity that purchased directly from a manufacturer?

Thank you,

**Philip Mattoon, Project Manager**
**Rust Consulting, an Exela Technologies Brand**
O: +1.612.359.2848
625 Marquette Avenue, Suite 900 | Minneapolis, MN 55402

**Sign up to ensure you receive *Insights* from Rust Consulting and Kinsella Media.**
www.RustConsulting.com | Rust Twitter [twitter.com] | Rust LinkedIn [linkedin.com]

This message (including any attachments) may contain confidential or otherwise privileged information and is intended only for the individual(s) to which it is addressed. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secured or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message or that arise as a result of e-mail transmission. If verification is required please request a hard-copy version from the sender.
This message (including any attachments) may contain confidential or otherwise privileged information and is intended only for the individual(s) to which it is addressed. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secured or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message or that arise as a result of e-mail transmission. If verification is required please request a hard-copy version from the sender.

# EXHIBIT E

NAMENDA DIRECT PURCHASER CLAIMS ADMINISTRATOR
C/O RUST CONSULTING – 6269
PO BOX 44
MINNEAPOLIS MN 55440-0044

**IMPORTANT LEGAL MATERIALS**

|| ||||| || ||||| ||||| |||| || – UAD – 1
\* 0 0 0 0 0 0 0 7 3 4 \*

THE GOODYEAR TIRE AND RUBBER CO
200 INNOVATION WAY
ATTN PAULA CHRIST
AKRON OH 44316

September 4, 2020

<u>RESPONSE DEADLINE: SEPTEMBER 25, 2020</u>

**NOTICE OF INSUFFICIENT CLAIM *** CLAIM NO. 0000000043**

Dear Claimant:

We have received the Claim Form that you submitted in the *In re Namenda Direct Purchaser Antitrust Litigation*, Case No. 15-cv-7488 (S.D.N.Y.). However, we consider your Claim to be insufficient as it does not contain any evidence or data showing that you purchased brand Namenda IR, brand Namenda XR, or generic Namenda IR during the class period directly from defendants or from a generic Namenda IR manufacturer. In addition, it does not appear from the sales data produced in this litigation that you purchased any brand Namenda IR, brand Namenda XR, or generic Namenda IR directly from defendants or from a generic Namenda IR manufacturer during the class period. Therefore, it does not appear that you are eligible to participate in the settlement.

**If you wish to update your claim with documentation of <u>direct</u> purchases or with an assignment of rights showing that you are entitled to recover for damages incurred on such direct purchases, you must do so in writing within 21 days of the date of this letter.** Please include a copy of this letter with any response.

***Your claim will be <u>denied</u> if you fail to respond within 21 days of the date of this letter.***

Please contact the Settlement Administrator at 1-612-359-2848 with any questions regarding this letter or your claim.

Sincerely,

Settlement Administrator

# EXHIBIT F

NAMENDA DIRECT PURCHASER CLAIMS ADMINISTRATOR
C/O RUST CONSULTING – 6269
PO BOX 44
MINNEAPOLIS MN 55440-0044

**IMPORTANT LEGAL MATERIALS**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ – UAD - 1
* 0 0 0 0 0 0 7 3 4 *

THE GOODYEAR TIRE AND RUBBER CO
200 INNOVATION WAY
ATTN PAULA CHRIST
AKRON OH 44316

November 23, 2020

GOODYEAR TIRE AND RUBBER CO,

On September 4, 2020 and then again on September 8, 2020, we sent The Goodyear Tire & Rubber Company ("Goodyear") a letter informing Goodyear that its claim in In re Namenda Direct Purchaser Antitrust Litigation, Case No. 15-cv-7488 (S.D.N.Y.) is deficient (copy of the prior correspondence attached).  We informed Goodyear that its claim would be denied if it failed to respond within 21 days to update your claim and provide the required documentation showing that you are entitled to recover as part of the settlement reached in In re Namenda Direct Purchaser Antitrust Litigation, Case No. 15-cv-7488 (S.D.N.Y.).  More than 21 days have passed and we have not received any response from Goodyear.

This letter shall serve as final rejection of your claim.  You may appeal this rejection to the Court in accordance with Sections 7.1 and 7.2 of the Court-approved Plan of Allocation, which is available here: https://bergermontague.com/wp-content/uploads/2020/01/5.-Proposed-Plan-of-Allocation-Namenda.pdf.  Please note that section 7.2 of the Plan of Allocation states:  "Any such appeal by a Claimant must be submitted in writing to the Court, with copies to the Claims Administrator and Class Counsel, within 21 days of the Claims Administrator's final rejection notification to the Claimant."

Sincerely,

Settlement Administrator

**From:**        Mattoon, Phil <pmattoon@rustconsulting.com>
**Sent:**        Tuesday, September 8, 2020 10:34 AM
**To:**            'paula_christ@goodyear.com'
**Subject:**      Namenda Direct Purchasers Settlement
**Attachments:**   6269_Namenda_DEF_Goodyear.pdf

Paula,

We have received the Claim Form that you submitted in the *In re Namenda Direct Purchaser Antitrust Litigation*, Case No. 15-cv-7488 (S.D.N.Y.). However, we consider your Claim to be insufficient as it does not contain any evidence or data showing that you purchased brand Namenda IR, brand Namenda XR, or generic Namenda IR during the class period directly from defendants or from a generic Namenda IR manufacturer. In addition, it does not appear from the sales data produced in this litigation that you purchased any brand Namenda IR, brand Namenda XR, or generic Namenda IR directly from defendants or from a generic Namenda IR manufacturer during the class period. Therefore, it does not appear that you are eligible to participate in the settlement.

**If you wish to update your claim with documentation of <u>direct</u> purchases or with an assignment of rights showing that you are entitled to recover for damages incurred on such direct purchases, you must do so in writing within 21 days of the date of this letter.** Please include a copy of this letter with any response.

Please contact the Settlement Administrator at 1-612-359-2848 with any questions regarding this letter or your claim.

Sincerely,


**Philip Mattoon, Project Manager**
**Rust Consulting, an Exela Technologies Brand**
O: +1.612.359.2848
625 Marquette Avenue, Suite 900 | Minneapolis, MN 55402

**Sign up to ensure you receive *Insights* from Rust Consulting and Kinsella Media.**
www.RustConsulting.com | Rust Twitter | Rust LinkedIn

NAMENDA DIRECT PURCHASER CLAIMS ADMINISTRATOR
C/O RUST CONSULTING – 6269
PO BOX 44
MINNEAPOLIS MN 55440-0044

## IMPORTANT LEGAL MATERIALS

|||||||||||||||| – UAD - 1
\* 0 0 0 0 0 0 0 7 3 4 \*

THE GOODYEAR TIRE AND RUBBER CO
200 INNOVATION WAY
ATTN PAULA CHRIST
AKRON OH 44316

September 4, 2020

<u>RESPONSE DEADLINE: SEPTEMBER 25, 2020</u>

**NOTICE OF INSUFFICIENT CLAIM \*\*\* CLAIM NO. 0000000043**

Dear Claimant:

We have received the Claim Form that you submitted in the *In re Namenda Direct Purchaser Antitrust Litigation*, Case No. 15-cv-7488 (S.D.N.Y.). However, we consider your Claim to be insufficient as it does not contain any evidence or data showing that you purchased brand Namenda IR, brand Namenda XR, or generic Namenda IR during the class period directly from defendants or from a generic Namenda IR manufacturer. In addition, it does not appear from the sales data produced in this litigation that you purchased any brand Namenda IR, brand Namenda XR, or generic Namenda IR directly from defendants or from a generic Namenda IR manufacturer during the class period. Therefore, it does not appear that you are eligible to participate in the settlement.

**If you wish to update your claim with documentation of <u>direct</u> purchases or with an assignment of rights showing that you are entitled to recover for damages incurred on such direct purchases, you must do so in writing within 21 days of the date of this letter.** Please include a copy of this letter with any response.

***Your claim will be <u>denied</u> if you fail to respond within 21 days of the date of this letter.***

Please contact the Settlement Administrator at 1-612-359-2848 with any questions regarding this letter or your claim.

Sincerely,

Settlement Administrator

# EXHIBIT G

NAMENDA DIRECT PURCHASER CLAIMS ADMINISTRATOR
C/O RUST CONSULTING – 6269
PO BOX 44
MINNEAPOLIS MN 55440-0044

**IMPORTANT LEGAL MATERIALS**

|||||||||||||||||||||||| – UAD - 2
* 0 0 0 0 0 0 0 8 5 7 *

YOLANDA A JACKSON
1920 HILLHURST AVE #108S
LOS ANGELES CA 90027

September 4, 2020

<u>RESPONSE DEADLINE: SEPTEMBER 25, 2020</u>

**NOTICE OF INSUFFICIENT CLAIM *** CLAIM NO. 0000000059**

Dear Claimant:

We have received the Claim Form that you submitted in the *In re Namenda Direct Purchaser Antitrust Litigation*, Case No. 15-cv-7488 (S.D.N.Y.). However, we consider your Claim to be insufficient as it does not contain any evidence or data showing that you purchased brand Namenda IR, brand Namenda XR, or generic Namenda IR during the class period directly from defendants or from a generic Namenda IR manufacturer. In addition, it does not appear from the sales data produced in this litigation that you purchased any brand Namenda IR, brand Namenda XR, or generic Namenda IR directly from defendants or from a generic Namenda IR manufacturer during the class period. Therefore, it does not appear that you are eligible to participate in the settlement.

**If you wish to update your claim with documentation of <u>direct</u> purchases or with an assignment of rights showing that you are entitled to recover for damages incurred on such direct purchases, you must do so in writing within 21 days of the date of this letter.** Please include a copy of this letter with any response.

***Your claim will be <u>denied</u> if you fail to respond within 21 days of the date of this letter.***

Please contact the Settlement Administrator at 1-612-359-2848 with any questions regarding this letter or your claim.

Sincerely,

Settlement Administrator

# EXHIBIT H

NAMENDA DIRECT PURCHASER CLAIMS ADMINISTRATOR
C/O RUST CONSULTING – 6269
PO BOX 44
MINNEAPOLIS MN 55440-0044

**IMPORTANT LEGAL MATERIALS**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ – UAD - 2
* 0 0 0 0 0 0 0 8 5 7 *

YOLANDA A JACKSON
1920 HILLHURST AVE #108S
LOS ANGELES CA 90027

November 23, 2020

Yolanda Jackson,

On September 4, 2020, we sent you a letter informing you that your claim in In re Namenda Direct Purchaser Antitrust Litigation, Case No. 15-cv-7488 (S.D.N.Y.) is deficient (copy attached).  We informed you that your claim would be denied if you failed to respond within 21 days of September 4, 2020 (i.e., by September 25, 2020) to update your claim and provide the required documentation showing that you are entitled to recover as part of the settlement reached in In re Namenda Direct Purchaser Antitrust Litigation, Case No. 15-cv-7488 (S.D.N.Y.).  More than 21 days have passed and we have not received any response from you.

This letter shall serve as final rejection of your claim.  You may appeal this rejection to the Court in accordance with Sections 7.1 and 7.2 of the Court-approved Plan of Allocation, which is available here: https://bergermontague.com/wp-content/uploads/2020/01/5.-Proposed-Plan-of-Allocation-Namenda.pdf.  Please note that section 7.2 of the Plan of Allocation states:  "Any such appeal by a Claimant must be submitted in writing to the Court, with copies to the Claims Administrator and Class Counsel, within 21 days of the Claims Administrator's final rejection notification to the Claimant."

Sincerely,

Settlement Administrator

NAMENDA DIRECT PURCHASER CLAIMS ADMINISTRATOR
C/O RUST CONSULTING – 6269
PO BOX 44
MINNEAPOLIS MN 55440-0044

## IMPORTANT LEGAL MATERIALS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ – UAD – 2
\* 0 0 0 0 0 0 0 8 5 7 \*

YOLANDA A JACKSON
1920 HILLHURST AVE #108S
LOS ANGELES CA 90027

September 4, 2020

**<u>RESPONSE DEADLINE: SEPTEMBER 25, 2020</u>**

**NOTICE OF INSUFFICIENT CLAIM \*\*\* CLAIM NO. 0000000059**

Dear Claimant:

We have received the Claim Form that you submitted in the *In re Namenda Direct Purchaser Antitrust Litigation*, Case No. 15-cv-7488 (S.D.N.Y.). However, we consider your Claim to be insufficient as it does not contain any evidence or data showing that you purchased brand Namenda IR, brand Namenda XR, or generic Namenda IR during the class period directly from defendants or from a generic Namenda IR manufacturer. In addition, it does not appear from the sales data produced in this litigation that you purchased any brand Namenda IR, brand Namenda XR, or generic Namenda IR directly from defendants or from a generic Namenda IR manufacturer during the class period. Therefore, it does not appear that you are eligible to participate in the settlement.

**If you wish to update your claim with documentation of <u>direct</u> purchases or with an assignment of rights showing that you are entitled to recover for damages incurred on such direct purchases, you must do so in writing within 21 days of the date of this letter.** Please include a copy of this letter with any response.

***Your claim will be <u>denied</u> if you fail to respond within 21 days of the date of this letter.***

Please contact the Settlement Administrator at 1-612-359-2848 with any questions regarding this letter or your claim.

Sincerely,

Settlement Administrator