UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All Direct Purchaser Actions | Case No. 1:15-CV-07488-CM-JCF |

**MEMORANDUM IN SUPPORT OF DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR AN ORDER OF DISTRIBUTION**

In accordance with the Court's Opinion and Order Approving the Settlement (ECF No. 947) and the Court's Order Granting Final Judgment and Order of Dismissal Approving Direct Purchaser Class Settlement and Dismissing Direct Purchaser Class Claims (ECF No. 948), Direct Purchaser Class Plaintiffs ("Plaintiffs"), by undersigned counsel ("Class Counsel"), respectfully move for an order (i) approving the administrative determinations of the Court-approved claims administrator, Rust Consulting, Inc. ("Rust"), concerning the claims filed in this case; (ii) approving and authorizing the distribution of the "Net Settlement Fund," as defined in the Plan of Allocation (ECF No. 919-2), to Claimants whose Claim Forms have been approved by Rust or to the Claimants' assignees, in accordance with the Claimants' instructions; (iii) approving payments to Rust and to Monument Economics Group ("Monument"), the economic consultant retained by Class Counsel to assist Rust with the claims administration process,[1] for fees and expenses incurred or to be incurred in connection with the claims administration process; and (iv) finally barring any further or additional claims against the Net Settlement Fund. A

---

[1] Monument's president, Dr. Russell Lamb, was the expert economist for the Plaintiffs during the litigation.

proposed form of Order is attached hereto as Exhibit 2.

The basis for this Motion is as follows:

1. On May 27, 2020, the Court granted final approval of Plaintiffs' settlement with defendants Forest Laboratories, LLC, Forest Laboratories, Inc.,[2] Forest Laboratories Holdings Ltd., and Actavis plc (collectively, "Defendants"). Opinion and Order Approving the Settlement (ECF No. 947); Order Granting Final Judgment and Order of Dismissal Approving Direct Purchaser Class Settlement and Dismissing Direct Purchaser Class Claims (ECF No. 948) ("Final Approval Order").

2. Also on May 27, 2020, the Court approved the Plan of Allocation, which sets forth the procedures and methods to be used by Rust to allocate and distribute the Net Settlement Fund to Claimants who submit valid claims. Final Approval Order, at ¶ 9.

3. Pursuant to Paragraph 9 of the Final Approval Order, Rust and Class Counsel were authorized to begin the claims administration process in accordance with the Court-approved Plan of Allocation. *Id.* at ¶ 9.

4. In accordance with the Plan of Allocation, on July 9, 2020, after the 30-day appeal period expired regarding the Final Approval Order,[3] Rust mailed Claim Forms to each Class member. Declaration of Phil Mattoon of Rust Consulting, Inc. in Support of Direct Purchaser Class Plaintiffs' Motion for an Order of Distribution, at ¶ 4 ("Rust Decl.")

---

[2] On July 1, 2014, in a series of transactions, Forest Laboratories, Inc. became a limited liability company named Forest Laboratories, LLC. Subsequently on January 1, 2018, Forest Laboratories, LLC merged with and into Allergan Sales, LLC, a Delaware limited liability company. As a result of these corporate consolidations, Forest Laboratories, Inc. and Forest Laboratories, LLC are predecessors in interest to Allergan Sales, LLC.

[3] The Final Approval Order was entered on May 27, 2020 (ECF No. 948) and the appeal period expired 30 days later, on June 26, 2020. *See* Fed. R. App. Proc. 4(a)(1)(A) ("the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from").

(filed herewith as Exhibit 1). The claim forms were mailed to all 63 Class members via first-class U.S. mail on July 9, 2020, to the same addresses successfully used to mail the February 12, 2020 Notice of Settlement. *Id.* None of the claim forms was returned as undeliverable. *Id.* Blank claim forms (*i.e.*, claim forms without prepopulated purchase totals) were also posted at https://bergermontague.com/cases/namenda-direct-purchaser-antitrust-lawsuit and https://garwingerstein.com/settlements/namenda-direct-purchaser-litigation. *Id.* A copy of the blank claim form is attached as Exhibit A to the Rust Decl.

     5.     Each Class member's Claim Form included the following prepopulated figures, which were calculated by Monument using the sales data produced during the litigation by Defendants and the generic Namenda IR manufacturers: (i) each Class member's net brand Namenda IR unit purchases from June 1, 2012 through June 30, 2017, (ii) each Class member's net brand Namenda XR unit purchases from when brand Namenda XR launched on June 4, 2013 through June 30, 2017, (iii) each Class member's net generic Namenda IR unit purchases from July 11, 2015 through September 30, 2015, and (iv) each Class member's preliminary estimated weighted *pro rata* percentage of the Net Settlement Fund, based on a weighted calculation of each Class member's total qualifying purchases of brand and generic Namenda IR and brand Namenda XR ((i)-(iii) above) and the net total qualifying purchases of brand and generic Namenda IR and brand Namenda XR by all Class members. *Id.* at ¶ 5; *id.* at Ex. A, at p.3 ("Initial Estimate of Your Purchase Volumes and *Pro Rata* Share of the Net Settlement Fund" section of the claim form).

     6.     During the claims administration process, Rust (i) evaluated all submitted Claim Forms; (ii) followed up with Class members who had not submitted claim forms;[4]

---

[4] Class Counsel also followed up with Class members who had not submitted claim forms. Rust Decl. at ¶ 9.

(iii) with the help of Monument and Class Counsel, evaluated any accompanying data submitted therewith; and (iv) received from Monument the calculated *pro rata* share of the Net Settlement Fund due to each Claimant who submitted a valid and approved claim, in accordance with the Plan Allocation. *Id.* at ¶¶ 9, 12, 14.

7. Rust has determined that 59 Claimants submitted valid claims ("Accepted Claims") and are eligible for participation in the Net Settlement Fund. *Id.* at ¶ 12 & Ex. B. The 59 Accepted Claims include (a) 41 valid claim forms that were timely submitted or postmarked on or before the August 8, 2020 deadline for claim form submission; (b) 9 valid claim forms submitted by Claimants who sought and received from Class Counsel, pursuant to paragraph 1.3 of the Plan of Allocation, 45-day extensions of the deadline for submission of claim forms, and who submitted their claim forms on or before the September 22, 2020 extended deadline for claim form submission (i.e., their claim forms were timely given the 45-day extensions these Claimants received); and (c) 9 claim forms submitted after the August 8, 2020 deadline for claim form submission by Claimants who did not receive an extension for the claim form submission deadline, which are otherwise valid and have been accepted pursuant to paragraph 3.3 of the Plan of Allocation, which provides that Late Approved Claims may be accepted. *Id.* at ¶ 13. Three of these 59 Claimants have assigned their claims and directed the Claims Administrator to pay their claims to their assignees. *Id.* at ¶ 14 n.2.

8. The 59 Claimants who submitted Accepted Claims are listed in Exhibit B to the Rust Decl.

9. In addition, Rust received and rejected Claim Forms from three entities (Catholic Health Systems, Inc., The Goodyear Tire and Rubber Co., and Ms. Yolanda Jackson) that were not eligible to participate in the settlements because these three entities

are not Class members, did not provide Rust with valid assignments from Class members allowing them to participate in the Net Settlement Fund, and did not submit documentation of any qualifying purchases. *Id.* at ¶ 15. Rust notified these three entities that their claims were finally rejected, and further advised each of the three claimants that it could "appeal this rejection to the Court in accordance with Sections 7.1 and 7.2 of the Court-approved Plan of Allocation, which is available here: https://bergermontague.com/wp-content/uploads/2020/01/5.-Proposed-Plan-of-Allocation-Namenda.pdf" and that "section 7.2 of the Plan of Allocation states: 'Any such appeal by a Claimant must be submitted in writing to the Court, with copies to the Claims Administrator and Class Counsel, within 21 days of the Claims Administrator's final rejection notification to the Claimant." *Id.* More than 21 days (indeed, more than two months) has passed since these three claimants were notified that their claims were finally rejected and, to date, Rust has received no further communication from any of these three Claimants regarding the rejected claims. *Id.* None of these three claimants has filed an appeal with the Court.

10. Four Class members that have not submitted claim forms informed Rust or Class Counsel that they do not intend to file claim forms. *Id.* at ¶ 8. These four Class members are Bartell Drugs Company, Drugs Unlimited Inc., QK Healthcare, and TopRx LLC. *Id.*

11. Three other Class members (Cochran Wholesale Pharmacy, HC Pharmacy Central Inc., and Tel Drug of PA LLC Joann Christens) have not submitted claim forms and have not affirmatively stated that they will not do so. *Id.* at ¶ 9. None of the claim forms mailed to these three Class members has been returned to Rust as undeliverable. *Id.* As set forth in the Rust Decl., Rust made repeated efforts to contact these three Class members by phone and email. *Id.*

12. Based on estimates prepared by Monument at the time claim forms were mailed to Class members in July 2020, the 7 Class members that did not submit claim forms collectively would have been allocated approximately .006% of the Net Settlement Fund. *Id.* at ¶ 10.

13. The Net Settlement Fund included $677,177,620.92 as of January 31, 2021. *Id.* at ¶ 19.

14. Rust states that it has incurred $38,784.79 in unpaid professional fees and expenses for administering the claims in these settlements and anticipates incurring an additional $14,000 in fees and expenses for distributing the remaining Net Settlement Funds to those Claimants who filed the Accepted Claims and completing the administration of this Settlement. *Id.* at ¶ 17.

15. In addition, Monument incurred $53,632.50 in unpaid professional fees in connection with the claims administration process. *Id.* at ¶ 18.

Based upon the foregoing, Plaintiffs respectfully request that the Court (a) authorize Rust to distribute to the 59 Claimants who submitted valid, accepted Claim Forms (listed in Exhibit B to the Rust Decl.) their respective *pro rata* shares of the Net Settlement Fund; and (b) approve the payment of the amounts set forth above to Rust in the amount of $52,784.79, and to Monument in the amount of $53,632.50 for fees and expenses associated with the administration of the settlements. Plaintiffs also respectfully request that the Court finally and forever bar any further or additional claims against the Net Settlement Fund. A proposed order is submitted herewith.

Dated: February 5, 2021                                    Respectfully Submitted:

                                                           */s/ Bruce E. Gerstein*

David F. Sorensen                                          Bruce E. Gerstein
Ellen T. Noteware                                          Joseph Opper
Nicholas Urban                                             Kimberly M. Hennings
Berger Montague PC                                         Dan Litvin

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net
enoteware@bm.net
nurban@bm.net

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi, LLP
1617 John F Kennedy Blvd., Suite 1550
Philadelphia, PA 19103
Tel: (215) 277-5770
Fax: (215) 277-5771
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Russ Chorush
Heim Payne & Chorush, LLP
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
rchorush@hpcllp.com

Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com
dlitvin@garwingerstein.com

Susan Segura
David C. Raphael, Jr.
Erin R. Leger
Smith Segura Raphael & leger, LLP
221 Ansley Blvd.
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
ssegura@ssrllp.com
draphael@ssrllp.com
eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
Odom & Des Roches, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

*Counsel for the Direct Purchaser Class Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 5, 2021, I electronically filed the above by CM/ECF system.

                              Respectfully submitted,

                              /s/ *Bruce E. Gerstein*
                              Bruce E. Gerstein