MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NAMENDA DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Actions | Case No. 1:15-CV-07488-CM-JCF |

### [PROPOSED] ORDER APPROVING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR AN ORDER OF DISTRIBUTION

AND NOW, upon consideration of Direct Purchaser Class Plaintiffs' Motion for an Order of Distribution dated February 5, 2021, the accompanying Memorandum in Support, the Declaration of Phil Mattoon of Rust Consulting, Inc. in Support of Direct Purchaser Class Plaintiffs' Motion for an Order of Distribution and exhibits thereto, and any other supporting papers or briefing made in connection therewith:

WHEREAS, the Court previously issued an Opinion and Order Approving the Settlement (ECF No. 947) and an Order Granting Final Judgment and Order of Dismissal Approving Direct Purchaser Class Settlement and Dismissing Direct Purchaser Class Claims (ECF No. 948) ("Final Approval Order"), approving the $750 million settlement between the Direct Purchaser Class Plaintiffs and Forest Laboratories, LLC, Actavis plc, Forest Laboratories, Inc.,[1] and Forest Laboratories Holdings Ltd. ("Settlement," filed at ECF No. 919-1) and approving the Plan of Allocation (filed at ECF No. 919-2) in this action;

WHEREAS, pursuant to the Court-approved of Plan of Allocation, Rust Consulting,

---

[1] On July 1, 2014, in a series of transactions, Forest Laboratories, Inc. became a limited liability company named Forest Laboratories, LLC. Subsequently on January 1, 2018, Forest Laboratories, LLC merged with and into Allergan Sales, LLC, a Delaware limited liability company. As a result of these corporate consolidations, Forest Laboratories, Inc. and Forest Laboratories, LLC are predecessors in interest to Allergan Sales, LLC.

Inc. ("Rust"), the Court-appointed claims administrator, was required to and did mail pre-populated Claim Forms to each Class member setting forth the calculation of each Class member's qualifying net purchases of brand Namenda IR, generic Namenda IR, and brand Namenda XR, and whereas none of the mailed Claim Forms was returned as undeliverable;

WHEREAS blank copies of the Claim Forms were posted at https://bergermontague.com/cases/namenda-direct-purchaser-antitrust-lawsuit and https://garwingerstein.com/settlements/namenda-direct-purchaser-litigation;

WHEREAS, Rust has received valid, accepted Claim Forms from 59 claimants who are eligible for participation in the Net Settlement Fund[2] (Class members or their assignees) and, with the assistance of Class Counsel's economic consultant Monument Economics Group ("Monument"), has calculated each of these 59 Claimants' net qualifying purchases of brand and generic Namenda IR and brand Namenda XR and determined the *pro rata* percentages of the Net Settlement Fund allocated to each such Claimant;

WHEREAS, Rust has incurred administration fees of $38,784.79 and anticipates incurring an additional $14,000 in fees and expenses for distributing the Net Settlement Fund and completing the administration of this Settlement;

WHEREAS, in addition to Rust's outstanding and anticipated fees, Class Counsel have incurred unpaid fees from Monument totaling $53,632.50 for work done calculating the figures used in the prepopulated Claim Forms mailed to each Class member, reviewing and analyzing data submitted by Claimants, and calculating the *pro rata* share of the Net Settlement Fund due to each Claimant that filed a valid Claim Form;

WHEREAS, as set forth in Paragraph 15 of the Final Approval Order, the Court has

---

[2] The "Net Settlement Fund" is the $750 million Settlement amount, net of Court-approved attorneys' fees, incentive awards for named Plaintiffs, and costs and expenses, including costs and expenses related to claims administration, plus interest.

retained jurisdiction over the Settlement and the Settlement Agreement, including the administration and consummation of the Settlement and over the Final Approver Order;

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1.  The administrative determinations of Rust concerning the claims submitted in this case as set forth Declaration of Phil Mattoon of Rust Consulting, Inc. in Support of Direct Purchaser Class Plaintiffs' Motion for an Order of Distribution ("Rust Decl.") are hereby APPROVED.

2.  Payment from the Net Settlement Fund in the amount of $52,784.79 to the claims administrator, Rust, for fees and expenses associated with the claims administration process is hereby APPROVED.

3.  Payment from the Net Settlement Fund in the amount of $53,632.50 to Monument for fees and expenses associated with the claims administration process is hereby APPROVED.

4.  The entire Net Settlement Fund, including all interest earned and less the payments of $52,784.79 to the claims administrator, Rust, and $53,632.50 for fees and expenses associated with the claims administration process, shall be distributed to the 59 Claimants whose claims have been accepted by Rust, who are listed in Exhibit B to the Rust Decl., or to the Claimant's designated assignee, in accordance with the Claimant's instructions. Rust shall distribute to each of the 59 Claimants whose claim has been accepted by Rust, who are listed in Exhibit B to the Rust Decl., or to the Claimant's designated assignee, in accordance with the Claimant's instructions, each Claimant's *pro rata* percentage share of the Net Settlement Fund, as computed by Monument, who assisted Rust in the claims administration.

5.  No additional Claim Forms, beyond the valid, accepted Claim Forms

previously received and accepted by Rust, shall be allowed.

6. Any further or additional claims against the Net Settlement Fund established for purposes of this settlement, beyond those 59 Claimants that filed approved, accepted claims that have already been received and accepted (described in ¶ 2 above and listed in Exhibit B to the Rust Decl.), are finally and forever barred, as are any further or additional claims against the Net Settlement Fund by those 59 Claimants that filed approved, accepted claims.

7. Plaintiffs, Class Counsel, Monument, Rust, and all persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed in this action, or who are otherwise involved in the administration or taxation of the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement Agreement, all Class members and Claimants, and their assignees, whether or not they are to receive payment from the Net Settlement Fund, are hereby barred from making any further claim against the Net Settlement Fund beyond the amount, if any, allocated to them during the claims administration process.

8. Class Counsel, Rust, and Monument are hereby authorized to discard (a) paper or hard copies of Claim Forms and related documents not less than one year after the distribution of the Net Settlement Fund to the 59 Claimants with accepted claims; and (b) electronic media or data not less than three years after the distribution of the Net Settlement Fund to the 59 Claimants with accepted claims.

9. The Court retains jurisdiction over any further application or matter which may arise in connection with the administration of this settlement.

SO ORDERED this 3 day of March, 2021

_____
The Honorable Colleen McMahon
Chief United States District Judge